```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

VIACOM INTERNATIONAL INC., COMEDY
PARTNERS, COUNTRY MUSIC TELEVISION,
INC., PARAMOUNT PICTURES CORP., and
BLACK ENTERTAINMENT TELEVISION LLC,

       Plaintiffs,                      07 civ. 2103

          v.                            OPINION AND ORDER

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE INC.,

       Defendants.

------------------------------------x
```

In this action brought under the Copyright Act of 1976, 17 U.S.C. § 101 et seq., plaintiffs move pursuant to Fed. R. Civ. P. 15(a) for leave to amend the complaint to assert a claim for punitive damages.[1] In its present form, the complaint seeks statutory damages under Section 504(c) of the Copyright Act, 17 U.S.C. § 504(c), or in the alternative, actual damages plus profits under Section 504(b). According to plaintiffs, their proposed "amended complaint makes clear that if Plaintiffs elect to recover actual damages and profits rather than statutory damages, Plaintiffs may also claim punitive damages for Defendants'

---

[1] Plaintiffs also seek leave to amend the complaint to assert a distribution claim for violation of the Copyright Act and to add a jury demand, but defendants do not object to those proposed amendments.

conduct." (Pls.' Mem. 3.) Defendants oppose the motion, arguing that as a matter of law punitive damages are not available in copyright infringement actions, and that the motion should be denied as futile. See Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003)(Although Fed. R. Civ. P. 15(a) provides that leave to amend should be freely given when justice so requires, "it is well established that leave to amend a complaint need not be granted when amendment would be futile.").

Section 504 of the Copyright Act states:

> **(a) In General.**—Except as otherwise provided by this title, an infringer of copyright is liable for either—
>
> **(1)** the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or
>
> **(2)** statutory damages, as provided by subsection (c).

Section 504(c) states that a copyright owner may "recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just", and that in "a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its

discretion may increase the award of statutory damages to a sum of not more than $150,000." Statutory damages constitute an "'extraordinary'" remedy, H.R. Rep. 94-1476, at 158 (1976).

The Copyright Act makes no provision for punitive damages, and the Supreme Court has long held that the "protection given to copyrights is wholly statutory" and the "remedies for infringement 'are only those prescribed by Congress.'" Sony Corp. of America v. Universal City Studios, Inc., 464 U.S. 417, 431 (1984)(quoting and citing cases).

The Second Circuit has stated that "punitive damages are not available under the Copyright Act of 1976", regardless of whether a plaintiff is seeking statutory damages or the alternative of actual damages plus profits. Oboler v. Goldin, 714 F.2d 211, 213 (2d Cir. 1983), cited with approval in On Davis v. The Gap, Inc., 246 F.3d 152, 172 (2001); see also NIMMER ON COPYRIGHT § 14.02[C][2] (2007)("The cases are clear that exemplary or punitive damages should not be awarded in a statutory copyright infringement action.").

Plaintiffs cite this Court's decision in Blanch v. Koons, 329 F. Supp. 2d 568 (S.D.N.Y. 2004), complaint dismissed on summary judgment, 396 F. Supp. 2d 476

- 3 -

(S.D.N.Y. 2005), aff'd, 467 F.3d 244 (2d Cir. 2006), for the proposition that punitive damages may be available as a remedy for copyright infringement.  There, photographer Andrea Blanch, owner of the copyright on her photograph "Silk Sandals by Gucci", sued the well-known artist Jeff Koons for using a portion of the photograph in his painting "Niagara", in violation of the Copyright Act.  Koons was identified as an "artist who regularly engages in plagiarism and unauthorized copying" (Blanch Compl. ¶ 5) and had "enjoyed great commercial success" from artwork using the artistic property of others (id. ¶ 6), in a method and "practice of stealing" which the Court of Appeals had characterized as (id. ¶ 1) copying

> . . . so deliberate as to suggest that defendants resolved so long as they were significant players in the art business, and the copies they produced bettered the price of the copied work by a thousand to one, their piracy of a less well-known artist's work would escape being sullied by an accusation of plagiarism.

Id. ¶ 1, quoting Rogers v. Koons, 960 F.2d 301, 303 (2d Cir. 1992).

Despite that facial showing of willful infringement, Blanch could not recover statutory damages for willful infringement because she had not registered her photograph before the infringement occurred.  To promote the speedy registration of works, the Copyright Act requires that, to

- 4 -

obtain statutory damages, the work must have been registered before the infringement (or within three months of its first publication).  Section 412 provides (except in circumstances not applicable here) that

> no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> **(1)** any infringement of copyright in an unpublished work commenced before the effective date of its registration;  or
>
> **(2)** any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Nor could Blanch recover actual damages, for she had not sustained any actual damages.  Thus, the Copyright Act seemed to give Blanch no remedy of either actual or statutory damages for what appeared to be blatantly willful infringement.

Although recognizing that "Conventional authority holds that punitive damages are unavailable in copyright infringement actions", Blanch, 329 F. Supp. 2d at 569 (citing Oboler), I gave Blanch the opportunity to argue, on the facts, that such an apparently anomalous result was not required by the law, cf. TVT Records v. The Island Def Jam Music Group, 262 F. Supp. 2d 185 (S.D.N.Y. 2003), and

granted Blanch "leave to amend the complaint so that plaintiff has a chance to prove malice and raise squarely the question whether punitive damages are available to her." Blanch, 329 F. Supp. 2d at 570.

If it ever was, that decision is no longer good law. Recent decisions have rejected its holding. See Calio v. Sofa Express, Inc., 368 F. Supp. 2d 1290, 1291 (M.D.Fla. 2005)(Blanch and TVT are "not controlling and are contrary to prevailing case law."); Nicholls v. Tufenkian Import/Export Ventures, Inc., No. 04 Civ. 2110 (WHP) (S.D.N.Y. Sept. 13, 2004)(Pauley, J.), Hr'g Tr. at 5 ("Blanch is contrary to existing precedent, and therefore I decline to adopt it."); see also Caffey v. Cook, 409 F. Supp. 2d 484, 510 (S.D.N.Y. 2006)(Holwell, J.) (rejecting request for punitive damages because, even if Blanch and TVT might permit such relief, plaintiff failed to prove willfulness). The leading treatise on copyright law recently described the TVT decision, on which Blanch rests, as a "rogue decision" which "should not be followed in light of the profusion of contrary cases." NIMMER § 14.02[C][2].

It would be especially inappropriate to extend the tentative accommodation tendered in Blanch to this case, where plaintiffs have the full array of remedies (including

statutory willfulness damages) available to them, as they claim to have timely registered the infringed works in suit, and most of the infringed works expected to be identified through discovery (Pls.' Reply 5).

It is time to extinguish the <u>ignis fatuus</u> held out by <u>Blanch</u>. Common-law punitive damages cannot be recovered under the Copyright Act.

Plaintiffs' motion for leave to amend the complaint to assert a punitive damages claim is denied.

So ordered.

`

Dated: March 7, 2008
       New York, New York

                                        *Louis L. Stanton*
                                        ———————————————
                                        Louis L. Stanton
                                        U.S.D.J.