UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIACOM INTERNATIONAL INC.,
COMEDY PARTNERS,
COUNTRY MUSIC TELEVISION, INC.,
PARAMOUNT PICTURES CORPORATION,
And BLACK ENTERTAINMENT
TELEVISION LLC,

             Plaintiffs,

             v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE INC.

             Defendants.

ECF Case

No. 1:07-cv-02103 (LLS) (FM)

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

---

Viacom's lawsuit challenges the protections of the Digital Millennium Copyright Act ("DMCA") that Congress enacted a decade ago to encourage the development of services like YouTube.  Congress recognized that such services could not and would not exist if they faced liability for copyright infringement based on materials users uploaded to their services.  It chose to immunize these services from copyright liability provided they are properly responsive to notices of alleged infringement from content owners.

Looking at the online world today, there is no question that Congress made the correct policy choice.  Legitimate services like YouTube provide the world with free and authorized access to extraordinary libraries of information that would not be available without the DMCA -- information created by users who have every right to share it.   YouTube fulfills Congress's vision for the DMCA.  YouTube also fulfills its end of the DMCA bargain, and indeed goes far beyond its legal obligations in assisting content owners to protect their works.  By seeking to make carriers and hosting providers liable for internet communications, Viacom's complaint

threatens the way hundreds of millions of people legitimately exchange information, news, entertainment, and political and artistic expression.

Defendants YouTube, Inc., YouTube, LLC and Google Inc. (collectively, "Defendants"), by their undersigned attorneys, hereby answer Plaintiffs' Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television LLC (all collectively, "Plaintiffs") First Amended Complaint For Declaratory and Injunctive Relief and Damages and Demand for Jury Trial (the "First Amended Complaint") as follows:

**INTRODUCTION**

1.      Defendants admit that the internet has had a significant impact on the way in which Americans inform and entertain themselves.   Defendants are without information sufficient to form a belief as to the remaining allegations of paragraph 1 of the First Amended Complaint, in part because such allegations are not simple, concise and direct averments as required by Federal Rule of Civil Procedure 8(d), and on that basis Defendants deny such allegations.

2.      Defendants deny the allegations of paragraph 2 of the First Amended Complaint.

3.      Defendants admit that the website located at www.youtube.com is a forum for users to share their own original "user generated" video content.  Defendants are without sufficient knowledge or information to confirm that Dow Jones reported the information averred in paragraph 3 of the First Amended Complaint, and therefore deny it.  Defendants deny the remaining allegations in paragraph 3 of the First Amended Complaint.

4.      Defendants deny the allegations of paragraph 4 of the First Amended Complaint.

5.      Defendants deny the allegations of paragraph 5 of the First Amended Complaint.

6.      Defendants deny the allegations of paragraph 6 of the First Amended Complaint.

7.      Defendants deny the allegations of paragraph 7 of the First Amended Complaint.

8.      Defendants deny the allegations of paragraph 8 of the First Amended Complaint.

9.      Defendants admit that Google purchased YouTube, Inc. for $1.65 billion.

Defendants deny the remaining allegations of paragraph 9 of the First Amended Complaint.

10.     Defendants admit that Plaintiffs seek a declaration of willful infringement, a

permanent injunction and damages, but deny that Plaintiffs are entitled to any such relief.

Defendants deny the remaining allegations of paragraph 10 of the First Amended Complaint.

## JURISDICTION AND VENUE

11.     Defendants admit that the First Amended Complaint purports to state a claim for

damages, declaratory relief and injunctive relief for copyright infringement, but deny that

Plaintiffs are entitled to any such relief and otherwise deny the allegations of paragraph 11 of the

First Amended Complaint.

12.     Defendants admit that this Court has original subject matter jurisdiction over this

matter.

13.     Defendants admit this Court has personal jurisdiction over them for purposes of

this action.  Defendants admit that Google maintains an office and employs personnel in New

York and this District, and is thus physically present in the state.  Defendants are without

sufficient knowledge or information to form a belief as to the truth of the allegations that

Plaintiffs Viacom International Inc. and Comedy Partners have their principal places of business

in New York and in this District, and therefore deny them.  Defendants deny the remaining

allegations of paragraph 13 of the First Amended Complaint.

14.     Defendants admit that venue is proper in this District.

**PLAINTIFFS AND PLAINTIFFS' BUSINESSES**

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 of the First Amended Complaint, and therefore deny them.

16.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the First Amended Complaint, and therefore deny them.

17.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of the First Amended Complaint, and therefore deny them.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 of the First Amended Complaint, and therefore deny them.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the First Amended Complaint, and therefore deny them.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the First Amended Complaint, and therefore deny them.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 of the First Amended Complaint, and therefore deny them.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 of the First Amended Complaint, and therefore deny them.

23.     Defendants deny the allegations in paragraph 23 of the First Amended Complaint.

## DEFENDANTS

24.     Defendants deny the allegations of paragraph 24 of the First Amended Complaint.

25.     Defendants admit that YouTube, LLC is a Delaware limited liability company with its principal place of business in San Bruno, California.  Defendants otherwise deny the allegations of Paragraph 25.

26.     Defendants admit that YouTube, LLC is a wholly-owned subsidiary of Google Inc. ("Google"), and that Google is a Delaware corporation with it principal place of business in Mountain View, California.  Defendants further admit that Google has a place of business in the State of New York, in this judicial district, and that Google acquired YouTube, Inc. for $1.65 billion in a transaction announced on October 9, 2006 and closed on November 13, 2006. Defendants deny any remaining allegations of Paragraph 26.

27.     Defendants admit that YouTube, LLC and Google today operate an online service called "YouTube" which can be accessed at the website www.youtube.com, and that the service is popular.  Defendants deny the remaining allegations in paragraph 27 of the First Amended Complaint.

28.     Defendants admit that Google's press release announcing that it had closed its acquisition of YouTube quoted Chad Hurley, CEO and Co-Founder of YouTube, as saying, "The community will remain the most important part of YouTube and we are staying on the same course we set out nearly one year ago."  Defendants admit that Google's website includes a capability for users to search for video clips and receive search results that include links to clips

on YouTube.  Defendants deny the remaining allegations in paragraph 28 of the First Amended

Complaint.

<strong><u>NATURE OF THE ACTION</u></strong>

29.    Paragraph 29 of the First Amended Complaint states legal conclusions as to which

no responsive pleading is required.  To the extent a response is required, Defendants deny the

allegations of paragraph 29 of the First Amended Complaint.

30.    Defendants admit that paragraph 30 of the First Amended Complaint quotes small

excerpts from a YouTube, Inc. Press Release dated December 15, 2005.  Defendants admit that

YouTube encourages users to upload video clips to the service that the users have the right to

upload, and that clips uploaded to the service are typically available for viewing free of charge

by members of the public who have internet access.  Defendants deny the remaining allegations

in paragraph 30 of the First Amended Complaint.

31.    Defendants admit that when a user uploads a video to the YouTube service, the

video is copied into a software format, stored on YouTube's computers, and made available for

viewing through the YouTube service.  Defendants admit that users of the YouTube service can

search for videos stored on the service by entering a search query, and that they will receive a list

of thumbnails – single frame images of video clips stored on the service – identified in response

to that search query.  Defendants admit that the purpose of these thumbnails is to help users find

what they are searching for.  Defendants deny the remaining allegations of paragraph 31 of the

First Amended Complaint.

32.    Defendants deny the allegations of paragraph 32 of the First Amended Complaint.

33.    Defendants deny the allegations of paragraph 33 of the First Amended Complaint.

34.    Defendants admit that a YouTube user can send another person an email message

containing a link to a video clip stored on the YouTube service, and that if the recipient of the

-6-

email message clicks on the link the recipient will be able to view the video clip on the YouTube

service.  Defendants deny the remaining allegations of paragraph 34 of the First Amended

Complaint.

35.    Defendants deny the allegations of paragraph 35 of the First Amended Complaint.

36.    Defendants deny the allegations of paragraph 36 of the First Amended Complaint.

37.    Defendants deny the allegations of paragraph 37 of the First Amended Complaint.

38.    Defendants deny the allegations of paragraph 38 of the First Amended Complaint.

39.    Defendants admit that YouTube users must agree to Terms of Use prior to posting

video clips to YouTube's service.  Defendants admit that the Terms of Use contain certain

content-based restrictions on the types of videos users may upload and store on the service, and

that YouTube reserves the right to remove from the service material uploaded in violation of

YouTube's Terms of Use.  Defendants admit that paragraph 39 quotes an excerpt from

YouTube's Terms of Use.  Defendants deny the remaining allegations in paragraph 39 of the

First Amended Complaint.

40.    Defendants admit that YouTube has sent letters to third parties in which it

accused them of enabling users to make unauthorized use of the YouTube service.   Defendants

deny the remaining allegations of paragraph 40 of the First Amended Complaint.

41.    Defendants admit that the YouTube service provides copyright protection tools

that help copyright owners find clips that users have uploaded that the copyright holders may

contend infringe their copyrights.  Defendants further admit that these tools can prevent the

reloading of copies of the same video clip after it has been removed from YouTube's service

following notice of alleged infringement from a copyright holder.  Defendants deny the

remaining allegations of paragraph 41 of the First Amended Complaint.

42.     Defendants deny the allegations of paragraph 42 of the First Amended Complaint.

43.     Defendants deny the allegations of paragraph 43 of the First Amended Complaint.

44.     Defendants admit that the YouTube service enables users to limit the audience of persons able to see video clips they upload to the service.  Defendants admit that following Google's acquisition of the YouTube service, the user search function on the service now identifies no more than 1,000 video clips for any given search by a user.  Defendants deny the remaining allegations of paragraph 44 of the First Amended Complaint.

45.     Defendants deny the allegations of paragraph 45 of the First Amended Complaint.

46.     Defendants deny the allegations of paragraph 46 of the First Amended Complaint.

47.     Defendants deny the allegations of paragraph 47 of the First Amended Complaint.

## ANSWER TO CLAIMS FOR RELIEF

### COUNT I

48.     Defendants incorporate by reference their responses to paragraphs 1-47 as if set forth herein.

49.     Defendants deny the allegations of paragraph 49 of the First Amended Complaint.

50.     Defendants deny the allegations of paragraph 50 of the First Amended Complaint.

51.     Defendants deny the allegations of paragraph 51 of the First Amended Complaint.

52.     Defendants deny the allegations of paragraph 52 of the First Amended Complaint.

53.     Defendants deny the allegations of paragraph 53 of the First Amended Complaint.

### COUNT II

54.     Defendants incorporate by reference their responses to paragraphs 1-53 as if set forth herein.

55.     Defendants deny the allegations of paragraph 55 of the First Amended Complaint.

56.     Defendants deny the allegations of paragraph 56 of the First Amended Complaint.

57.     Defendants deny the allegations of paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations of paragraph 58 of the First Amended Complaint.

59.     Defendants deny the allegations of paragraph 59 of the First Amended Complaint.

## COUNT III

60.     Defendants incorporate by reference their responses to paragraphs 1-59 as if set forth herein.

61.     Defendants deny the allegations of paragraph 61 of the First Amended Complaint.

62.     Defendants deny the allegations of paragraph 62 of the First Amended Complaint.

63.     Defendants deny the allegations of paragraph 63 of the First Amended Complaint.

64.     Defendants deny the allegations of paragraph 64 of the First Amended Complaint.

65.     Defendants deny the allegations of paragraph 65 of the First Amended Complaint.

## COUNT IV

66.     Defendants incorporate by reference their responses to paragraphs 1-65 as if set forth herein.

67.     Defendants deny the allegations of paragraph 67 of the First Amended Complaint.

68.     Defendants deny the allegations of paragraph 68 of the First Amended Complaint.

69.     Defendants deny the allegations of paragraph 69 of the First Amended Complaint.

70.     Defendants deny the allegations of paragraph 70 of the First Amended Complaint.

71.     Defendants deny the allegations of paragraph 71 of the First Amended Complaint.

72.     Defendants deny the allegations of paragraph 72 of the First Amended Complaint.

73.     Defendants deny the allegations of paragraph 73 of the First Amended Complaint.

## COUNT V

74.     Defendants incorporate by reference their responses to paragraphs 1-73 as if set forth herein.

75.     Defendants deny the allegations of paragraph 75 of the First Amended Complaint.

76.     Defendants deny the allegations of paragraph 76 of the First Amended Complaint.

77.     Defendants deny the allegations of paragraph 77 of the First Amended Complaint.

78.     Defendants deny the allegations of paragraph 78 of the First Amended Complaint.

79.     Defendants deny the allegations of paragraph 79 of the First Amended Complaint.

80.     Defendants deny the allegations of paragraph 80 of the First Amended Complaint.

81.     Defendants deny the allegations of paragraph 81 of the First Amended Complaint.

82.     Defendants deny the allegations of paragraph 82 of the First Amended Complaint.

## COUNT VI

83.     Defendants incorporate by reference their responses to paragraphs 1-82 as if set forth herein.

84.     Defendants deny the allegations of paragraph 84 of the First Amended Complaint.

85.     Defendants deny the allegations of paragraph 85 of the First Amended Complaint.

86.     Defendants deny the allegations of paragraph 86 of the First Amended Complaint.

87.     Defendants deny the allegations of paragraph 87 of the First Amended Complaint.

88.     Defendants deny the allegations of paragraph 88 of the First Amended Complaint.

89.     Defendants deny the allegations of paragraph 89 of the First Amended Complaint.

90.     Defendants deny the allegations of paragraph 90 of the First Amended Complaint.

91.     Defendants deny the allegations of paragraph 91 of the First Amended Complaint.

## DEFENSES

## FIRST DEFENSE (DMCA SAFE HARBORS)

Plaintiffs' claims are barred in whole or in part because Defendants are protected by one or more of the DMCA Safe Harbors in 17 U.S.C. § 512.

## SECOND DEFENSE (LICENSE)

Plaintiffs' claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Plaintiffs.

## THIRD DEFENSE (FAIR USE)

Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

## FOURTH DEFENSE (FAILURE TO MITIGATE)

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages, if any.

## FIFTH DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiffs' allegations fail to state a claim for copyright infringement of any work not listed on Exhibit A of the First Amended Complaint.

## SIXTH DEFENSE (INNOCENT INTENT)

Plaintiffs' damages, if any, are limited by Defendants' innocent intent.

## SEVENTH DEFENSE (COPYRIGHT MISUSE)

Plaintiffs' claims are barred in whole or in part by the doctrine of copyright misuse.

## EIGHTH DEFENSE (ESTOPPEL)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## NINTH DEFENSE (WAIVER)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## TENTH DEFENSE (UNCLEAN HANDS)

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE (LACHES)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

**TWELFTH DEFENSE (SUBSTANTIAL NON-INFRINGING USE)**

Plaintiffs' claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendants submit Plaintiffs bear the burden of proving the doctrine's inapplicability.

**RELIEF REQUESTED**

WHEREFORE, Defendants respectfully request the following relief:

1.     A judgment in favor of Defendants denying Plaintiffs all relief requested in their First Amended Complaint in this action and dismissing Plaintiffs' First Amended Complaint with prejudice;

2.     That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3.     That the Court award Defendants such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.

Date:  May 23, 2008                              Respectfully submitted,

                                                 s/
                                                 _____
                                                 Richard Ben-Veniste
                                                 Andrew H. Schapiro
                                                 A. John P. Mancini
                                                 Matthew D. Ingber
                                                 MAYER BROWN LLP
                                                 1675 Broadway
                                                 New York, NY 10019
                                                 (212) 506-2500

                                                 David H. Kramer*
                                                 Maura L. Rees*
                                                 Michael H. Rubin*
                                                 Bart E. Volkmer*
                                                 WILSON SONSINI GOODRICH & ROSATI

PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300


(\*admitted *pro hac vice*)

*Attorneys for Defendants YouTube, Inc.,
YouTube, LLC and Google Inc.*