USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/20/09

Memorandum Endorsement
07 civ 2103 (LLS)

Viacom Int'l Inc. et al. v. Youtube Inc. et al., 07 Civ. 2103 (LLS) and The Football Assoc'n Premier League Ltd. et al. v. Youtube Inc., 07 Civ. 3582 (LLS)

Treating Ms. Lucas-Morrow's letter dated January 20, 2009 as a *pro se* motion under Fed. R. Civ. P. 19 to join both herself and the United States Department of Justice ("DOJ") as necessary and indispensable parties in these related actions alleging violations of the Copyright Act of 1976 on the YouTube website, the motion is denied.

Ms. Lucas-Morrow claims that, as a child of the author of one of the musical compositions listed in the Viacom complaint, she is entitled by the principle of per stirpes to a share of the composition's earnings, which have not been paid her by ASCAP, the association which issued a public performance license on the composition to plaintiff Viacom. She further claims that public performance license is fraudulent and invalid because it identifies other descendants of that author, rather than her, as the successors entitled to receive royalties, and asserts that the DOJ is presently investigating the validity of that public performance license and another one which ASCAP issued to plaintiff CAL IV Entertainment LLC.

Ms. Lucas-Morrow's prior *pro se* motion to intervene in the Viacom action under Fed. R. Civ. P. 24 was denied by this Court's Order dated June 4, 2007, and her *pro se* motion for reconsideration of that decision was denied by this Court's Order dated June 28, 2007.

The issues Ms. Lucas-Morrow seeks to raise are outside the scope of these actions, which are about whether defendants' business activities and operations of the Youtube website violated the Copyright Act, "rather than the underlying validity of specific copyrights or licenses or ownership of the individual works" in suit (June 28, 2007 Order Denying Reconsideration at p. 1). The absence of Ms. Lucas-Morrow and the DOJ is no obstacle to the provision of complete relief among the present parties to these cases, nor is there a substantial risk that it will leave any existing party subject to double, multiple, or otherwise inconsistent obligations.

Ms. Lucas-Morrow's *pro se* application for leave to move to join herself and the DOJ as parties in these cases is denied.

So ordered.

Dated: February 19, 2009
New York, New York

_____
Louis L. Stanton
U.S.D.J.