


November 25, 2009

# JENNER&BLOCK

Jenner & Block LLP    Chicago
919 Third Avenue    Los Angeles
37th Floor    New York
New York, NY 10022-3908    Washington, DC
Tel 212 891-1600
www.jenner.com

Susan J. Kohlmann
Tel 212 891-1690
Fax 212 909-0821
skohlmann@jenner.com

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United
States Courthouse
500 Pearl Street, Room 2250
New York, NY 10007

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 12/21/09
Louis L. Stanton
U.S.D.J.

12/22/09

Re: *Viacom International Inc., et al. v. YouTube, Inc. et al.*, No 07 CV 2103 (LLS)

Dear Judge Stanton:

    Plaintiffs Viacom International Inc. et al. ("Viacom") write in response to Defendants' November 20, 2009, letter to this Court, in which Defendants request a conference to address Viacom's withdrawal of roughly 250 "accused clips" from its prior responses to Defendants' discovery requests for identification of works in suit.

    It is difficult to perceive the nature of Defendants' complaint. Their letter does not explain why they are writing to the Court or what relief they are seeking. As set forth below, Viacom has adhered to the Court's prescribed procedure imposing a deadline for adding infringing clips to the case. Viacom's subsequent withdrawal of a de minimis number of clips has the effect of narrowing, not expanding, the case, so there is no conceivable prejudice to Defendants or requirement to amend the pleadings. Defendants' accusation that Viacom made false representations to the Court is also baseless, indeed irresponsible. And Defendants' request for a generalized ruling in limine is plainly premature and unsupported.

    The background is this. In response to document requests and interrogatories from Defendants, and in accordance with the procedure established by this Court, Viacom provided lists to Defendants on a rolling basis during discovery that identified video clips on YouTube that infringed Viacom's copyrights. Viacom completed this process on March 9, 2009, having identified 63,500 infringing YouTube clips to Defendants. Subsequently, on October 15, Viacom notified Defendants that it was withdrawing approximately 250 clips – 0.39% of the total – that Viacom had previously listed in its rolling identifications. Viacom did not add any clips to its lists after March 9.

    Viacom has proceeded as directed by the Court. In March 2008, the parties could not reach agreement on the deadline for responding to Defendants' discovery requests for identifying infringing clips, and Defendants moved to compel discovery on this issue. (See Exhibit A, at 7-15). Ruling on that discovery motion, the Court imposed a deadline requiring identification of all additional clips by 90 days before the close of discovery. The Court explained:

**Attachments Designated Highly Confidential**

> All claims of infringement of the works in suit must be identified in time to be explored by the defendants before trial. And in practical terms, that probably means 90 days before the close of discovery. <u>I don't think you or I should expect additions to be made to the list thereafter.</u> The case ultimately must be tried on a closed universe of claims. So we'll close the list 90 days before discovery and not expect later <u>additions</u> . . . .

Exhibit B, at 3:12-19 (emphasis added). The Court's order makes clear that it imposed a deadline for <u>adding</u> clips to the case so that there would be time to take discovery if needed on new claims of infringement. Consistent with that ruling, Viacom completed its identification of infringements in March 2009 – months before the 90-day deadline ordered by the Court. Also consistent with that ruling, Viacom has not sought to add any clips to its list of infringements since March 2009 – much less since the expiration of the 90-day deadline.

Unlike adding clips after the deadline, withdrawing a small number of clips cannot prejudice Defendants in any way. Further, there is no merit to Defendants' contention that Viacom's withdrawal of a small number of clips requires an amendment of the pleadings. That argument, too, is foreclosed by the Court's June 2008 Order. In the motion to compel leading up to that Order, Defendants insisted that Plaintiffs had to amend their complaints each time they identified new infringing clips in discovery. (See Exhibit A, at 7-15). In response, Viacom pointed out that rolling identifications of infringing clips in discovery would put Defendants on notice of the details of the claims against them, and that formal interim amendments to the complaint would serve no purpose, given that Defendants would be receiving that information in the course of discovery. (See Exhibit C, at 15-18; Exhibit D, at 3). When the Court addressed this issue, it rejected any requirement of interim amendments to the complaint:

> I'm not sure of the need for <u>formalistic amendments to the complaint</u> as claims are added to the list. From my standpoint, <u>a final list attached to the joint pretrial order might do equally as well</u>, but there may be reasons clear to counsel why amendments to the complaint are better.

Exhibit B, at 5:8-13 (emphasis added). Consistent with that ruling, there is no need to make "formalistic amendments to the complaint as claims are added to" – or subtracted from – "the list." Rather, as indicated by the Court, "a final list attached to the joint pretrial order" is the best way of dealing with this issue, particularly because discovery might reveal grounds for <u>removing</u> clips from the list to narrow the issues pretrial.

Indeed, Defendants' current letter to the Court suggests that their objective all along in demanding interim amendments to the Complaint has been to set a trap for Plaintiffs in the event any error was made in listing infringing clips – something that was inevitable given the vast scope of Defendants' infringement. Recall that Viacom has identified more than <u>63,000</u> infringing clips in response to Defendants' discovery requests. As we will show when we move for summary judgment, Defendants' massive infringement was intentional. Given the massive

**Attachments Designated Highly Confidential**

scope of their infringement, Defendants can hardly be heard to complain that in responding to discovery requests, Viacom included roughly 250 clips (0.39% of the total) that it later withdrew.

This is just part of the normal process of the scope of claims being narrowed in the course of discovery leading up to the pretrial order. Defendants cannot explain how this might have prejudiced them in any way. And the law is clear that formalistic objections based on pleadings must be rejected where there is no prejudice – which Defendants have not shown and cannot show. *E.g.*, *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 569 (2d Cir. 2000) ("Under Fed. R. Civ. P. 15(b), a district court may consider claims outside those raised in the pleadings so long as doing so does not cause prejudice," and to show prejudice "a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case").

Nor is there any basis for Defendants' reckless accusation that Viacom has made misrepresentations to the Court. Defendants point to statements that Viacom is not suing for infringement based on clips that Viacom uploaded or authorized for upload to YouTube. Viacom stands by those statements. It is suing for unauthorized uploads. Precisely for that reason, and consistent with its representations, Viacom has withdrawn a relative handful of clips (roughly 100 of the 250 at issue here) that Viacom or its authorized agents uploaded to YouTube – typically with YouTube's knowledge and encouragement. Again, it is impossible to discern why Defendants are complaining about that slight narrowing of the issues for trial. Further, as Viacom will show when it moves for summary judgment, the minute proportion of clips from its works on YouTube that were authorized – compared to more than 63,000 unauthorized clips – provides no excuse or defense for Defendants' massive and intentional infringement.

Nor is there any basis at this stage for Defendants' demand for a blank check to use the withdrawal of a handful of clips as evidence in the case. Here again, in its June 2008 Order the Court already rejected a request for just such a generalized ruling on this exact issue as premature and lacking context:

> At this time I'm not making any ruling in limine with respect to the freedom of defendants to comment on the withdrawals by plaintiffs of particular works in suit. The more I think of that issue, the more I think it would not serve its best function given as a whole. Individual circumstances might justify comments, and individual circumstances might make comments unfair. And I'm not making any ruling on it in limine.

Exhibit B, at 4:15-22. Viacom agrees that any decision on this issue would be premature at this time. In particular, Viacom's motion for summary judgment will provide much-needed context for this issue by demonstrating that Defendants' infringement was intentional, and that Defendants had the right and ability to control that infringement and distinguish the enormous number of infringing clips that they intentionally allowed on their site from the minute number of authorized clips. After the Court has reviewed Viacom's summary judgment filings, we respectfully submit that it will agree that Defendants' attempt to present evidence at trial about Viacom's withdrawal of a handful of clips in the course of discovery would be misleading and

prejudicial. In all events, any ruling on that issue should wait until after motions for summary judgment, when the pretrial order and motions in limine will be ripe.

Sincerely,

*Susan J. Kohlmann*/ss

Susan J. Kohlmann

cc: All counsel in this action and the *Premier League* action

**Attachments Designated Highly Confidential**