

**ORIGINAL**

# SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069
WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-5-10

sbaskin@shearman.com
212-848-4974

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 3/5/10
Louis L. St[anton]
U.S.D[.J.]

March 1, 2010

By Hand

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street, Room 2250
New York, NY 10007

2010

Re: <u>Viacom Int'l Inc., et. al. v. YouTube Inc., et. al.</u>, No. 07 Civ. 2103 (LLS)

Viacom International, Inc. et al v. Youtube, Inc. et al     Doc. 174

Dear Judge Stanton:

    Immediately upon the close of discovery, Viacom advised the Court of its intention to promptly move for summary judgment and the Court instructed the parties to agree upon a scheduling stipulation for the filing of summary judgment motions. Viacom and Google/YouTube have submitted a proposed scheduling order and page limitation proposal. (The parties to the class action are submitting a separate stipulation governing that action). Viacom and Google remain in disagreement on one important issue that respectfully requires the assistance of the Court: the timetable and procedure for unsealing materials and documents that are part of the summary judgment motions and are not appropriately kept confidential. The key sticking point is that Viacom believes the law requires the motion papers to be unsealed promptly after filing, with allowance for a reasonable 14-day period for the parties to identify the small number of truly sensitive facts and justify the continued sealing of those particulars, whereas Defendants want the filings to remain completely under seal, regardless of whether they include such sensitive material, for many months until <u>all</u> briefing on the motions is completed.

    Viacom cannot stipulate to Defendants' position because it is contrary to the clear requirements in this Circuit governing unsealing and public access to summary judgment papers filed with the Court (which are so-called judicial documents) as set forth in <u>Lugosch v. Pyramid</u>

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | MUNICH
NEW YORK | PARIS | ROME | SAN FRANCISCO | SÃO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). The decision speaks with unmistakable clarity and does not require extensive discussion: "documents submitted to a court in support of or in opposition to a motion for summary judgment are judicial documents to which a <u>presumption of immediate public access</u> attaches under both the common law and the First Amendment," so that "[e]ach passing day may constitute a separate and cognizable infringement of the First Amendment." Id. at 126-127 (emphasis added). The sole exception:

> "[D]ocuments may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Broad and general findings by the trial court, however, are not sufficient to justify closure." Id. at 120 (citation omitted).

Viacom's proposal for unsealing tracks these requirements and the principles of transparency and public access. We propose that parties shall file their summary judgment briefs and exhibits with the Court in accordance with the agreed upon scheduling order. We propose that for an interim period of 14 days after filing of each brief, the filed materials shall remain under seal. During that 14-day waiting period, each party (and third parties) can claim confidentiality and object to unsealing of particularized material by providing a narrowly tailored justification in accordance with Second Circuit requirements. The seal otherwise shall be automatically lifted as to all other documents or parts of documents at the close of 14 days, and the summary judgment filings shall be placed in the public record with redactions only of specific material for which a party (or third party) has moved for continued sealing. The particularized documents or portions of documents for which the parties have requested continued sealing will remain under seal until Your Honor rules and authorizes or refuses disclosure. The seal, however, again will be automatically lifted as to all other materials once the 14-day period has expired.

While defendants' proposal as articulated to us has taken a number of different forms, the gist of their approach is to stretch out unsealing and public access to judicial filings for several more months, that is, until at least June, when the parties' final reply briefs will be filed under the proposed scheduling order. Defendants have proposed either that briefs should be timely filed but public access denied for months until reply briefs are due or that the Court should change its settled rules for this case only and have parties delay filing of any briefs until final reply briefs are ready. We believe these proposals violate both the letter and the spirit of Lugosch's requirement of prompt public access. There is no sound reason for Defendants to engage in these procedural acrobats to achieve delay. The filing of opening briefs in March will mark the start of the fourth year of this case, so that not only has public access been long delayed but by definition almost all relevant documents have become stale over time.

Viacom, of course, recognizes that some information within documents legitimately may warrant confidential treatment even though filed with the Court. Examples in this case might include actual source code or current contracts that contain competitively sensitive terms. That is why Viacom proposed the 14-day waiting period prior to unsealing. But the number of

materials in this case that would legitimately be held back as confidential is in truth miniscule and the 14-day period, if anything, is vastly over-generous: the task of identifying and designating the small universe of legitimately confidential documents that will be filed with summary judgment papers, in our view, actually could be accomplished in a far briefer period (such as 48-72 hours). Fourteen days should more than suffice.

There will be no irrelevant material in our forthcoming motion. It is true that the evidentiary record we will place before the Court will be broad and rich, but also entirely relevant to the important issues that the Court must decide. Our motion and accompanying judicial documents focus principally on the following five topics: (1) YouTube's pre-acquisition intent, policies and practices: The attitudes and intent of YouTube's founders, Board of Directors and original employees regarding copyright issues; their recognition and quantification of the extent of piracy on the site; the extent to which illegal clips served as a draw to build up YouTube's user base; and the policy and practices (or lack thereof) that YouTube adopted in addressing copyright issues; (2) Google's intent, policies and practices: The understanding and recognition by Google's executives and Board as to the extent of piracy on YouTube when Google acquired it and Google's modifications (or perpetuation of) YouTube's copyright practices thereafter; (3) Issues regarding valuation and the financial benefit realized by defendants: The extent to which advertising revenue and YouTube's $1.8 billion valuation paid by Google were attributable to a vast YouTube user base lured and created by displaying illegal clips; (4) Right and ability to control issues: YouTube's and Google's willingness (or unwillingness) to cooperate with content owners and their willingness (or unwillingness) to use readily available technologies to help clean the YouTube site of pirated clips; (5) Storage and direct liability issues: The extent to which YouTube engaged in infringing activities and practices beyond the storage and display of uploaded clips.

The defendants may not want this material in the public domain and openly discussed. But each of these topic areas is relevant and indeed core to the summary judgment decision – going to issues of Grokster intent and liability, secondary and direct infringement, and whether the defendants can satisfy all the requirements of the Digital Millennium Copyright Act's safe harbor defense.

Defendants have also contended that summary judgment filings should remain under seal for months on end because such treatment is mandated by the Second Amended Stipulated Pre-Trial Protective Order ("Protective Order") in this case. That is also incorrect and directly contrary to Second Circuit law. The Protective Order expressly contemplates that documents produced pursuant to it are subject to unsealing and public access in connection with pre-trial Court proceedings, unless the producing party justifies sealing with particularity. Protective Order ¶ 8. The Protective Order also provides that any party may seek alteration of the protection given any document(s) at any time. Id. ¶ 23. Thus, there is no basis for any contention that the Protective Order somehow guaranteed that all material produced by the parties would remain under seal until trial, in contradiction of the common law and First Amendment right of access to such documents when they are filed with the Court in support of

or opposition to a motion for summary judgment. Here again, the Second Circuit in Lugosch expressly rejected Defendants' position, holding that an umbrella pretrial protective order cannot alter the common law right of access to summary judgment filings, and that reliance on a protective order to bar public access is plainly unreasonable where, as here, the protective order itself makes clear that the confidentiality protection for any document may be contested. Lugosch, 435 F.3d at 125-26.

Due to the long discovery period during which the record has remained under seal, the public domain has been filled with speculation and false information regarding the facts and issues of this case. Within the entertainment, technology and academic worlds, there understandably exists a strong pent-up interest in learning the actual facts regarding YouTube's copyright policies and practices and the appropriate legal rules governing that conduct. Lugosch makes clear that the public has that right. And Viacom has been hamstrung in meaningfully communicating with its core constituencies, its senior executives, directors, employees, and investors, about this important litigation since its inception. With the imminent filing of summary judgment motions, the time has come for transparency and public access.

We respectfully request that the Court "so order" Viacom's proposal for promptly unsealing the judicial record as it is placed before the Court.


Respectfully Submitted,


Stuart J. Baskin


cc:     All counsel in the *Viacom* action and in the *Premier League* Action