

☐ ORIGINAL

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 3/5/10
Louis L. Stanton
U.S.D.J

# MAYER•BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrown.com

March 3, 2010

The Honorable Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2250
New York, NY 10007

Andrew H. Schapiro
Direct Tel (212) 506-2672
Direct Fax (212) 849-5973
aschapiro@mayerbrown.com

Re: *Viacom Int'l Inc. v. YouTube, Inc.*, 07-cv-2103

Dear Judge Stanton:

    On behalf of Defendants ("YouTube"), we submit this letter in response to Viacom's March 1, 2010 letter proposing a timetable and procedure for unsealing materials and documents related to the upcoming motions for summary judgment. The dispute between the parties is one of practicality, not principle. YouTube agrees that materials genuinely relevant to the parties' briefs (and whose public disclosure is not outweighed by other considerations) should and will become public. The only questions are when and by what process.

    Viacom's proposal would be a logistical nightmare for the parties, third parties, and the Court. It would require the parties to engage in *three* separate meet-and-confer sessions, one after each of the three rounds of briefing. At each of those meet and confers, not only would the parties have to discuss and agree upon confidentiality designations, but significant third-party participation would also be required, given the volume of confidential third-party discovery that has been produced in this case—in reliance on the Protective Order that Viacom now wants to abandon. Given the length of the briefs, the multitude of exhibits, the large number of parties, and the hotly contested nature of this litigation, that process will be time-consuming and it is likely that judicial intervention will be required. All of this would have to proceed while the parties are in the midst of briefing the merits of the issues in this case. In short, what Viacom proposes would entail a considerable diversion of resources for the parties and an unnecessary burden on the Court. That approach makes no sense. *See Lugosch v. Pyramid Co. of Ondonaga*, 435 F.3d 110, 120 (2d Cir. 2006) (emphasizing the importance of weighing "judicial efficiency" in determining whether and when to unseal confidential materials).

    YouTube has proposed a far more orderly and streamlined process. We believe that the parties' discussion about unsealing materials (and the Court's resolution of disputes likely to arise from that discussion) should take place at one time, with the benefit of all of the briefs and all the evidence at issue. Accordingly, we have proposed that the process outlined by Viacom commence promptly once the summary judgment briefs are fully submitted, rather than piecemeal after each individual brief is filed. That will allow the parties to devote their attention to the merits of this case during the briefing period, rather than to a protracted series of disputes over confidentiality. While it will spare the parties and the Court a good deal of burden,

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia).

YouTube's proposal will have at most a modest impact on when the material at issue becomes public: Viacom's multi-step process would begin March 19; our streamlined approach would start on June 4.

Despite Viacom's claims, our proposal is entirely consistent with *Lugosch*. That case did not hold that documents attached to a summary judgment brief become "judicial documents" the moment that the opening brief is filed. The Court merely held that that documents attached to the *collective set* of summary judgment briefs are judicial documents even before the court decides the motion. The question that separates the parties here—whether it makes sense to wait for the summary judgment briefing process to be completed before unsealing materials—was not raised or addressed in *Lugosch*.

Further, the posture here is different from *Lugosch* in several ways that undermine Viacom's absolutist position: (1) the materials at issue there were confidential materials belonging to the litigant who had put them before the court in seeking summary judgment; and (2) the party seeking unsealing was a third-party newspaper organization that would not otherwise have had access to those materials and that had not negotiated or signed the relevant protective order. In contrast, Viacom seeks to make public YouTube's confidential documents that Viacom itself chooses to include in its own summary judgment papers. Viacom does not need to unseal those materials to have access to them or use them, and its bid to unseal everything now is in tension with its decision to enter into a carefully negotiated protective order that was intended to remain in force throughout the summary judgment stage. *See* Protective Order ¶¶ 3, 21 (stating that the Protective Order remains in effect until commencement of trial).[1]

YouTube's proposal to resolve at one time the confidentiality issues associated with the summary judgment briefs in this case is efficient, reasonable, and consistent with the law. We respectfully ask the Court to adopt it.

Respectfully submitted,

Andrew H. Schapiro

cc: All counsel in this action and the *Premier League* action

---

[1] Viacom's lament that it has "been hamstrung" in its ability to broadly divulge YouTube's Highly Confidential material is simply a product of the Protective Order, which Viacom negotiated and enthusiastically embraced—and which of course imposes the same limitations on YouTube. *Cf. AT&T Corp. v. Sprint*, 407 F.3d 560, 562 (2d Cir. 2005) ("Once a court orders a protective order and the parties rely on that order, it cannot be modified absent a showing of improvidence in the grant of the order or some extraordinary circumstance or compelling need.") (internal quotation marks omitted). Further, unlike the interveners in *Lugosch*, Viacom has at best a marginal First Amendment interest at stake. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("[J]udicial limitations on a party's ability to disseminate information discovered in advance of trial implicates the First Amendment rights of the restricted party to a far lesser extent than would restraints on dissemination of information in a different context.").