UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIACOM INTERNATIONAL INC.,<br>COMEDY PARTNERS,<br>COUNTRY MUSIC TELEVISION, INC.,<br>PARAMOUNT PICTURES<br>CORPORATION,<br>and BLACK ENTERTAINMENT<br>TELEVISION LLC,<br><br>                      Plaintiffs,<br>       v.<br><br>YOUTUBE, INC., YOUTUBE, LLC, and<br>GOOGLE INC.,<br>                      Defendants. | Case No. 1:07-CV-02103-LLS<br>(Related Case No. 1:07-CV-03582-LLS)<br>ECF Case |

**VIACOM'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AND INAPPLICABILITY OF THE DIGITAL MILLENNIUM COPYRIGHT ACT SAFE HARBOR DEFENSE**

**PLEASE TAKE NOTICE** that upon the Declarations of William M. Hohengarten and Warren Solow, and the exhibits attached thereto, Viacom's Statement of Undisputed Facts, and the accompanying Memorandum of Law in Support of Viacom's Motion for Partial Summary Judgment on Liability and Inapplicability of the Digital Millennium Copyright Act Safe Harbor Defense, the plaintiffs in the above captioned action (collectively "Viacom"), will move this Court for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting Viacom's Motion for Partial Summary Judgment on Liability and Inapplicability of the Digital Millennium Copyright Act Safe Harbor Defense and for such other relief as the Court deems proper.

The materials referenced above are being filed under seal pending this Court's ruling on unsealing, which the parties have addressed in letters to the Court.

1

As described in the Memorandum of Law, Defendants are liable for the intentional infringement of thousands of Viacom's copyrighted works under *Metro-Goldwyn-Mayer Studios Inc. v. Grokster Ltd.*, 545 U.S. 913 (2005), for the vicarious infringement of those works, and for the direct infringement of those works. The principles establishing Defendants' culpability under *Grokster*, vicarious liability, and direct infringement also demonstrate why Defendants are not protected by the limited defense created by the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(a)-(d), because: (1) Defendants had "actual knowledge" and were "aware of facts and circumstances from which infringing activity [was] apparent," but failed to "act[] expeditiously" to stop it; (2) Defendants "receive[d] a financial benefit directly attributable to the infringing activity" and "had the right and ability to control such activity;" and (3) Defendants' infringement does not result solely from providing "storage at the direction of a user" or any other Internet function specified in section 512.

Dated: March 5, 2010

By: _____/s/_____

Stuart J. Baskin (No. SB-9936)
John Gueli (No. JG-8427)
Kirsten Nelson Cunha (No. KN-0283)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

By: _____/s/_____

Paul M. Smith (No. PS-2362)
William M. Hohengarten (No. WH-5233)
Scott B. Wilkens (*pro hac vice*)
Matthew S. Hellman (*pro hac vice* pending)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Susan J. Kohlmann (No. SK-1855)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1690
Facsimile: (212) 891-1699