

SHEARMAN & STERLING LLP

599 LEXINGTON AVENUE | NEW YORK | NY | 10022-6069
WWW.SHEARMAN.COM | T +1.212.848.4000 | F +1.212.848.7179

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-5-10

sbaskin@shearman.com
212-848-4974

To The Clerk of The Court:
Please docket and place
this document in the public file.

LLS 3/5/10
Louis L. Stanton
U.S.D.J.

March 3, 2010

Via Hand Delivery

The Honorable Louis L. Stanton
United States District Court
for the Southern District of New York
Daniel Patrick Moynihan United States Court House
500 Pearl Street, Room 2250
New York, New York 10007

MAR - 3 2010

Re:   Viacom Int'l Inc., et al. v. YouTube, Inc., et al., Case No. 07 Civ. 21003 (LLS)

Dear Judge Stanton:

With the parties' summary judgment motions and opening briefs due this Friday, March 5, only a quick reply to Mr. Schapiro's letter on unsealing the judicial record is necessary. Notably, he takes no issue that Viacom's proposal adequately protects each party's truly confidential material while fostering the transparency of the judicial process. Nor does he dispute, as I read his letter, that the number of truly confidential documents will be "miniscule," Viacom's March 1 letter, at 3, and that the 14-day waiting period proposed by us would be more than sufficient to address legitimate issues of confidentiality. True, he states that the parties may have to work hard. But with each party represented by two large law firms, that hardly seems an excuse for forsaking "the importance of immediate access" as required by Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 126 (2d Cir. 2006), or its statement that "each passing day may constitute a separate and cognizable infringement of the First Amendment," id. at 126-127. Lugosch is not distinguishable.

Instead, Mr. Schapiro offers a "logistical" argument. He claims that one gigantic "meet and confer" process after three months is better than three small ones, the latter described, with lawyer's hyperbole, as a "nightmare." On its face, this too hardly seems the basis for sacrificing constitutional principles, but as to this "nightmare," let me say only this. Mr. Schapiro and I can meet and confer and, if we both act in good faith, as I know we will, the whole process in truth

ABU DHABI | BEIJING | BRUSSELS | DÜSSELDORF | FRANKFURT | HONG KONG | LONDON | MENLO PARK | MILAN | MUNICH
NEW YORK | PARIS | ROME | SAN FRANCISCO | SAO PAULO | SHANGHAI | SINGAPORE | TOKYO | TORONTO | WASHINGTON, DC

NYDOCS04/518157.1

The Honorable Louis L. Stanton
Page 2

should be over in about an hour. Indeed, the time spent writing and proofreading our three letters no doubt will exceed the time that will be necessary to confer in good faith. And both sides will have every incentive to behave in good faith and take reasonable positions since, under Lugosch, every "narrowly tailored" exception to public access and transparency must be justified to and approved by this Court, id. at 120.

The confidentiality principles to be applied are not difficult. If Mr. Schapiro advises me that some evidence set forth in our motion discloses a trade secret like source code or publicizes some current contract or business plan that will place his client at a competitive, commercial disadvantage, we will readily agree that continued sealing of that material is appropriate.[1] But if previously sealed materials only serve to call into question a client's intentional conduct and behavior, or conflicts with a company's desired self-image or public relations posturing, those materials obviously would not be entitled to confidential protection.

Finally, Mr. Schapiro twice suggests that Viacom has a lesser interest in transparency and unsealing because we are not a "third-party newspaper organization." We leave it to your Honor to decide whether to put the media on notice and invite them into the discussion. We are quite confident what their position will be as to the propriety of an additional three-month delay in the release of non-confidential judicial documents filed with the Court --- especially so in light of Lugosch's requirement of "immediate access" and its mandate that the Court of Appeals specially issued "forthwith."[2] Id. at 126-127.

Respectfully submitted,

Stuart J. Baskin

cc: Counsel of Record (via email)

/dmm

---

[1] In reality, the number of documents in our summary judgment motion that could legitimately be withheld as confidential is trivial, if any.

[2] Mr. Schapiro briefly contends that the parties' protective order locks up everything until trial, but then even he concedes that the protective order cannot be applied in that way. In any event, as set forth in our March 1 letter on page 4, the Second Circuit has expressly rejected Mr. Schapiro's argument that the parties' protective order can justify delay in the public release of judicial documents, Lugosch, 435 F.3d at 125-126, a point not answered in Mr. Schapiro's letter.