# SCHAPIRO DECLARATION EXHIBITS CONTINUED

# Schapiro Exhibit 82

**From:** Brian Bradford
**Sent:** Friday, June 08, 2007 6:12 PM
**To:** Gary Taylor
**Cc:** Daniel Hill; carey ott
**Subject:** FW: carey/ you tube
Hi Gary:

I haven't received a response from you yet. I can get you the appropriate promotional use licenses once I have all of the information I need.

BB

---

From: Brian Bradford
Sent: Monday, June 04, 2007 10:03 AM
To: 'Gary Taylor'
Cc: Daniel Hill; carey ott
Subject: RE: carey/ you tube

Gary:

We understand the promotional value that these uses can afford Carey and his career, and we are willing to grant certain promotional licenses for the YouTube platform. However, our license agreements must be specific to each use. In this case, the URL of each video posting needs to be listed in the license agreement.

What I need you to do is re-post the videos and send me the URL's that go with each song. I also need you to specify the videos that you and/or Carey put together and control.

IMPORTANT: **We can only issue licenses to you for videos that you and/or Carey put together and control.** We cannot issue a license to you for the Grey's Anatomy clips or any third party "collage" or "montage" uses. You should also be aware that those uses not only infringe on our copyrights, they also infringe on the copyrights to the video clips that the production company for Grey's Anatomy owns. As you can see, this becomes a multi-layered issue.

Please note that the business model that YouTube operates under enables users to post unauthorized copyrighted content, which in turn drives tremendous ad revenue for YouTube. The vast majority of copyright holders don't see a dime of this ad revenue. It is very important to Cal IV that we protect our copyrights...and that especially includes protecting the copyrights created by Carey Ott.

 Regards,

**BRIAN K. BRADFORD** | Director, Administration
Cal IV Entertainment, LLC | 808 19th Avenue South, Nashville, TN 37203

Confidential

Tel: 615.321.2700 | Fax: 615.321.3222 | eMail: brian.bradford@cal4.com
Visit us on the web: www.cal4.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

---

From: Gary Taylor [mailto:gary_taylor@shaw.ca]
Sent: Sunday, June 03, 2007 11:31 AM
To: Brian Bradford
Cc: carey ott
Subject: Re: carey/ you tube

Hi Brian!

Could you please issue the license for "DAYLIGHT" as quick as immediately. Also is it not possible to issue a blanket license for promotional uses only. "AM I JUST ONE" is part of a Grey's Anatomy collage. We didn't put it together but we love it for marketing and now that is gone also. So issue a license on that song also. "LUCID DREAM", "I WOULDN'T DO THAT TO YOU." and "MOTHER MADAM."

Because of this action without our knowledge it has inhibited our ability to book gigs etc. besides which it is down right embarrassing when people go to access our links etc. and it's just a message that Cal 4 is not allowing the usage. So Brian if you could react to this as requested we totally appreciate. I may have a couple of other titles in another email coming forthwith. Thank You! gt

P.S. what about other video sites like google etc. Hopefully no more surprises. gt

On 17-May-07, at 10:35 AM, Brian Bradford wrote:

Gary:

In order to address each specific video use, I need a list of each song that is used and the URL they were linked to on YouTube. It is possible that they may require you to resubmit the videos. I would assume that they have deleted them from their server.

In order to cover all of our bases, I will need to issue a gratis promotional use license for the videos; therefore I need specific song and use information to put the licenses together. Also, if there are multiple uses of a particular song (i.e. Am I Just One used as a music video and then used as a live concert video) I would need to issue separate gratis licenses for each.

The only question I have is who should I issue the licenses to? Dualtone? Carey?

<image001.jpg>
Regards,


**BRIAN K. BRADFORD** | Director, Administration
Cal IV Entertainment, LLC | 808 19th Avenue South, Nashville, TN 37203
Tel: 615.321.2700 | Fax: 615.321.3222 | eMail: brian.bradford@cal4.com
Visit us on the web: www.cal4.com

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. If you are not the intended recipient you are notified that disclosing, copying, distributing or taking any action in reliance on the contents of this information is strictly prohibited.

From: Gary Taylor [mailto:gary_taylor@shaw.ca]
Sent: Thursday, May 17, 2007 12:26 PM
To: Daniel Hill
Cc: Scott Robinson (Scott Robinson); Paul Roper 23; Brian Bradford; Billy Lynn; Dan Herrington; carey ott
Subject: Re: carey/ you tube

Big Thanks Daniel and I understand how things can get convoluted. It sure would be great to get them to pay royalties. I agree 100% with your drive to make them pay. It's a runaway train but it does serve the purpose as a promotional vehicle for up and comers. Could you let me know when it would be back up. Cheers! GT


On 17-May-07, at 9:38 AM, Daniel Hill wrote:


Hey Gary,

Sorry for the problem. This is one of the truly promotional uses that got caught up in our fight against YouTube's flagrant policy to infringe on our protected property. We'll get it back up asap.

Thanks,
Daniel

---

From: Dan Herrington [mailto:danh@dualtone.com]
Sent: Thursday, May 17, 2007 11:29 AM
To: 'Gary Taylor'
Cc: 'Scott Robinson (Scott Robinson)'; paulroper@dualtone.com; Daniel Hill
Subject: FW: carey/ you tube

Gary, please get with brian at cal 4 regarding gratis licenses for the youtube videos. We're all good.

---

From: Daniel Hill [mailto:Daniel.Hill@cal4.com]
Sent: Thursday, May 17, 2007 11:25 AM
To: Dan Herrington
Cc: Scott Robinson (Scott Robinson); paulroper@dualtone.com; Brian Bradford; Billy Lynn
Subject: RE: carey/ you tube

Yes, this is part of the YouTube situation. We will need to issue a gratis use for the specific promotional instances for Carey, and get those permitted videos back up. Please send the links and any other info to Carey's videos that need to be on YouTube and we will notify them.

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.467 / Virus Database: 269.7.1/807 - Release Date: 5/16/2007 6:05 PM

No virus found in this outgoing message.
Checked by AVG Free Edition.
Version: 7.5.467 / Virus Database: 269.7.1/807 - Release Date: 5/16/2007 6:05 PM

Confidential

Confidential

# Schapiro Exhibit 83

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FÉDÉRATION FRANÇAISE DE TENNIS, THE MUSIC FORCE LLC, and SIN-DROME RECORDS, LTD. on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>YOUTUBE, INC., YOUTUBE, LLC and GOOGLE, INC.,<br><br>        Defendants. | Case No. 07 Civ. 3582 (LLS)<br><br>**STAGE THREE MUSIC (US), INC.'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO STAGE THREE MUSIC (US), INC.** |

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Named Plaintiff Stage Three Music (US), Inc.'s ("Stage Three") hereby responds and objects to the Requests for Admission (the "Requests") propounded by Defendants YouTube, Inc., YouTube LLC and Google, Inc. ("YouTube" or "Defendants").

## **GENERAL OBJECTIONS**

The following general objections and statements ("General Objections") apply to each of the particular Requests propounded by Defendants and are hereby incorporated within each response set forth below. All of the responses set forth below are subject to and do not waive the General Objections:

1.    Stage Three objects to the Requests on the ground that Stage Three is still in the process of gathering and analyzing information relevant to these Requests. Stage Three has not completed its review and analysis of all discovery obtained by the parties in this and the related *Viacom* action. Additionally, defendants and non-parties have produced more than 1.5 million pages of documents since October 13, 2009. Stage Three has not yet examined each document produced by defendants or otherwise in this action for the purpose of determining which individual allegations of the Second Amended Class Action Complaint ("Complaint") it might support, nor has Stage Three completed depositions that may more fully reveal facts and information relevant to these Requests. As discovery is not yet closed, including deposition and expert discovery, and the production of remaining data and/or documents, Stage Three's responses to these Requests are preliminary and tentative subject to completion of discovery and following an adequate opportunity to review and analyze all discovery in this action.

2.    In responding to these Requests, Stage Three does not concede the relevance, materiality or admissibility of any of the admissions or responses sought herein. Stage Three's responses are made subject to and without waiving any objections as to relevancy, materiality, admissibility, vagueness, ambiguity, competency or privilege.

3.    Stage Three does not waive any of its rights to object on any ground to the use of its responses herein.

4.      Stage Three objects to the Requests to the extent that they set forth compound, conjunctive or disjunctive statements.

5.      Stage Three objects to each request, instruction or definition to the extent that they seek to impose obligations beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Southern District of New York ("Civil Local Rules"), or the applicable standing orders and orders of this Court.

6.      Stage Three objects to each request, instruction or definition to the extent that it would require the disclosure of information that is outside the scope of information relevant to this case or that is otherwise improper.

7.      Stage Three objects to each request, instruction or definition to the extent that it would require the disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

8.      Stage Three objects to each request, instruction or definition to the extent that it would require the disclosure of information generated or compiled by or at the direction of Stage Three's counsel.

9.      Stage Three objects to each request, instruction or definition to the extent that it would require the compilation or review of information otherwise within Defendants' possession, custody or control or more easily accessible to Defendants.

10.     Stage Three objects to each request, instruction or definition to the extent that they are vague, ambiguous, overly broad or unduly burdensome.

11. Stage Three objects to each request, instruction or definition to the extent that they purport to require separate responses for each "Accused Clip" as compound and unduly burdensome.

12. Stage Three objects to each request to the extent that they fail to specify an applicable time period and are thereby vague, ambiguous and overbroad.

13. Stage Three objects to each request as premature to the extent that it calls for expert opinion.

14. Stage Three objects to each request to the extent that it calls for a legal conclusion.

15. Stage Three objects to each request, instruction or definition to the extent that they purport to require Stage Three to respond to Defendants' characterizations of legal contentions or call for the application of law to fact to the extent such request seeks disclosure of privileged information.

16. Stage Three objects to the definitions of "Stage Three", "Stage Three's", "you" and "your" as overly broad and unduly burdensome, and further objects to the extent it seeks to impose obligations broader than those specified by Federal Rules of Civil Procedure 26, and Civil Local Rule 26.3(c)(5). Stage Three further objects on the grounds that the definition includes an unknown and unknowable number of "present and former agents, employees, representatives, accountants, investigators, attorneys," "person[s] acting or purporting to act on its behalf", and "other person[s] otherwise subject to its control, which controls it, or is under common control with them." Moreover, this definition includes "affiliates," "divisions," and "units" without any explanation of those terms' meaning. Stage Three further objects to the extent these definitions call for privileged information and to the extent they seek information

outside of Plaintiffs' possession, custody or control. In responding to the Interrogatories, Plaintiffs will construe the terms "Stage Three", "Stage Three's", "you" and "your" to mean Named Plaintiff Stage Three.

17.     Stage Three objects to the definitions of "Work(s) In Suit" and "Accused Clip(s)" as compound, vague and ambiguous. Stage Three further objects to the extent these definitions call for privileged information. Stage Three further objects to the definitions of "Work(s) In Suit" and "Accused Clip(s)" to the extent such definitions attempt to limit the number or identity of infringed works or instances of infringement for which Stage Three seeks recovery. As set forth at paragraph 74 of the Second Amended Complaint, the infringed works specified by Stage Three in this litigation are "representative of Protected Works that are and have been infringed by Defendants and/or YouTube's users." Similarly, the infringements identified in Exhibit A to the Complaint and within the Complaint are representative and not an exhaustive list of the ongoing and massive infringement by Defendants. Stage Three reserves all rights to identify additional infringements and infringed works.

18.     Stage Three objects to the definition of "substantially DMCA-compliant takedown notice" as vague and ambiguous as it requires a qualitative judgment and lacks common or ready definition.

19.     Where Stage Three indicates a lack of information or knowledge sufficient to admit or deny a specific request, this lack of information or knowledge follows a reasonable inquiry by Stage Three, and the information known or readily obtainable by Stage Three is insufficient to enable the party to admit or deny.

20.     Stage Three reserves the right to supplement or amend these responses. These responses should not be construed as, and do not constitute, a waiver of Stage Three's right to prove additional facts at summary judgment or trial or any other rights.

21.     These general objections are continuing and are incorporated by reference in Stage Three's answers to each of the Requests set forth below. Any objection or lack of objection to any portion of these Requests is not an admission. Stage Three reserves the right to amend, supplement, modify, or correct these responses and objections as appropriate.

## STAGE THREE'S RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that at all relevant times YouTube was a "service provider" as that term is used in 17 U.S.C. § 512(k)(1)(B).

## RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "at all relevant times." Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three admits that the YouTube website in part, provides or operates facilities for, among other things, "online services or network access" as those terms are used in 17 U.S.C. § 512(k)(1)(B), and otherwise denies the request.

## REQUEST FOR ADMISSION NO. 2:

Admit that at all relevant times, YouTube stored material "at the direction of a user" as that phrase is used in 17 U.S.C. § 512(c)(1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Stage Three objects to this Request as vague and overbroad, including with respect to the terms "at all relevant times" and "material," which are undefined terms. Stage Three further objects to this Request to the extent it calls for a legal conclusion. YouTube is a media entertainment enterprise that engages in an array of directly and secondarily infringing activities that are neither storage nor at the direction of a user, such as, without limitation, transforming, copying and distributing material without the direction of a user. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the material you allege to infringe your copyrights in this case was stored on the youtube.com service "at the direction of a user" as that phrase is used in 17 U.S.C. § 512(c)(1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Stage Three objects to this Request for Admission as vague and overbroad, including with respect to the term "material," which is an undefined term. Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 4:**

Admit that all of your copyright infringement claims in this action allege infringement of copyrights "by reason of the storage at the direction of a user" of material that resides on a system or network controlled or operated by or for YouTube, as set forth in 17 U.S.C. § 512(c)(1).

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Stage Three objects to this Request for Admission as vague and overbroad, including with respect to the term "material," which is an undefined term. Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at all relevant times, YouTube had "designated an agent to receive notifications of claimed infringement" as set forth in 17 U.S.C. § 512(c)(2).

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "at all relevant times." Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that on every occasion that you sent YouTube a DMCA takedown notice relating to an accused clip, YouTube responded "expeditiously," as that phrase is used in 17 U.S.C. § 512(c)(1)(A)(iii), to remove or disable access to the material claimed to be infringing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "material". Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that on every occasion that you sent YouTube a DMCA takedown notice relating

to an accused clip, YouTube responded within seventy-two business hours to remove or disable access to the material claimed to be infringing.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "material." Subject to and without waiving the foregoing objections, Stage Three denies this Request.

## REQUEST FOR ADMISSION NO. 8:

Admit that for all of the accused clips, prior to receiving a DMCA takedown notice from you identifying those specific clips, YouTube did not have "actual knowledge" that the material was infringing, as described in 17 U.S.C. § 512(c)(1)(A)(i).

## RESPONSE TO REQUEST FOR ADMISSION NO. 8:

Stage Three objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

## REQUEST FOR ADMISSION NO. 9:

Admit that on no occasion did YouTube fail to expeditiously remove or disable access to an accused clip to the extent YouTube became aware of facts or circumstances from which infringing activity was apparent, as described in 17 U.S.C. § 512(c)(1)(A)(ii).

## RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Stage Three objects to this Request as compound. Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

## REQUEST FOR ADMISSION NO. 10:

Admit that YouTube lacked the right and ability to control the infringing activity alleged

by you in this case, as described in 17 U.S.C. § 512(c)(l)(B).

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Stage Three objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YouTube did not receive a financial benefit directly attributable to the infringing activity alleged by you in this case, as described in 17 U.S.C. § 512(c)(1)(B).

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Stage Three objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 12:**

Admit that at all relevant times, access to and use of the youtube.com service was provided to users by YouTube free and without charge.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Stage Three objects to the request as compound. Stage Three further objects to the terms "at all relevant times", "access" and "use" as vague and ambiguous. For example, "use" of and "access" to the youtube.com website includes various activities, such as advertising. Subject to and without waiving the foregoing objections, Stage Three denies that "use" of the youtube.com website was provided free and without charge.

**REQUEST FOR ADMISSION NO. 13:**

Admit that at all relevant times YouTube had adopted and reasonably implemented, and informed its subscribers and account holders of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of YouTube who were repeat

infringers, as described in 17 U.S.C. § 512(i)(1)(A).

## RESPONSE TO REQUEST FOR ADMISSION NO. 13:

Stage Three objects to this Request as vague and ambiguous, including the terms "at all relevant times", "reasonably implemented" and "appropriate circumstances". Stage Three further objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

## REQUEST FOR ADMISSION NO. 14:

Admit that at no time relevant to this lawsuit have there been any "standard technical measures" in existence as that term is defined in 17 U.S.C. §§ 512(i)(1)(B) and 512(i)(2).

## RESPONSE TO REQUEST FOR ADMISSION NO. 14:

Stage Three objects to this Request as vague and ambiguous, including the term "in existence". Stage Three further objects to this Request to the extent it calls for a legal conclusion. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

## REQUEST FOR ADMISSION NO. 15:

Admit that you do not claim in this case that YouTube failed to comply with 17 U.S.C. §§ 512(i)(1)(B) (*i.e.*, YouTube accommodates and not interfere with "standard technical measures" to the extent any exist).

## RESPONSE TO REQUEST FOR ADMISSION NO. 15:

Stage Three objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

852135.4

## REQUEST FOR ADMISSION NO. 16:

Admit that you have issued licenses that grant the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 16:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three denies that language granting rights in a license can be read in isolation, and states that it must be read in light of other terms and restrictions in that license. Stage Three admits that it has granted a limited number of licenses that grant certain rights, subject to various limitations, including without limitation, limitations on duration, territory, and use of musical compositions only in connection with particular video footage and in some cases, limitations to particular websites; among such licenses, there are an even smaller number that have granted licensees the right to use certain musical compositions on YouTube in combination with certain specified footage and in exchange for the payment of a license fee, subject to such additional restrictions, such as duration, territory and other restrictions of the type described above.

## REQUEST FOR ADMISSION NO. 17:

Admit that you have issued licenses for works-in-suit that grant the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three denies that language granting rights in a license can be read in isolation, and states that it must be read in light of other terms and restrictions in that license. Stage Three admits that it has granted a limited number of licenses that grant certain rights, subject to various limitations, including without limitation, limitations on duration, territory, and use of musical compositions only in connection with particular video footage and in some cases, limitations to particular websites; among such licenses, there are an even smaller number that have granted licensees the right to use certain musical compositions on YouTube in combination with certain specified footage and in exchange for the payment of a license fee, subject to such additional restrictions, such as duration, territory and other restrictions of the type described above. Stage Three admits that there are some licenses that have granted the licensee the right to exploit a work-in-suit in certain specific and identifiable contexts on certain specified websites, including youtube.com, subject to the various restrictions identified above. See also Stage Three's responses to Requests nos. 21-58.

**REQUEST FOR ADMISSION NO. 18:**

Admit that you have issued licenses for works-in-suit after November 7, 2007, that grant

the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three denies that language granting rights in a license can be read in isolation, and states that it must be read in light of other terms and restrictions in that license. Stage Three admits that it has granted a limited number of licenses that grant certain rights, subject to various limitations, including without limitation, limitations on duration, territory, and use of musical compositions only in connection with particular video footage and in some cases, limitations to particular websites; among such licenses, there are an even smaller number that have granted licensees the right to use certain musical compositions on YouTube in combination with certain specified footage and in exchange for the payment of a license fee, subject to such additional restrictions, such as duration, territory and other restrictions of the type described above. Stage Three admits that there are some licenses that have granted the licensee the right to exploit a work-in-suit in certain specific and identifiable contexts on certain specified websites, including youtube.com subject to the various restrictions identified above, since November 7, 2007. See also Stage Three's responses to Requests nos. 21-58.

**REQUEST FOR ADMISSION NO. 19:**

Admit that you have issued licenses for works-in-suit after November 26, 2008, that grant the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three denies that language granting rights in a license can be read in isolation, and states that it must be read in light of other terms and restrictions in that license. Stage Three admits that it has granted a limited number of licenses that grant certain rights, subject to various limitations, including without limitation, limitations on duration, territory, and use of musical compositions only in connection with particular video footage and in some cases, limitations to particular websites; among such licenses, there are an even smaller number that have granted licensees the right to use certain musical compositions on YouTube in combination with certain specified footage and in exchange for the payment of a license fee, subject to such additional restrictions, such as duration, territory and other restrictions of the type described above. Stage Three admits that there have been some licenses that have granted the licensee the right to exploit a work-in-suit in certain specific and identifiable contexts on certain specified websites, including youtube.com subject to the various restrictions identified above, since November 26, 2008. See also Stage

Three's responses to Requests nos. 21-58.

## REQUEST FOR ADMISSION NO. 20:

Admit that on no occasion did you inform YouTube of the presence of any authorized videos on the YouTube.com site.

## RESPONSE TO REQUEST FOR ADMISSION NO. 20:

Stage Three objects to this Request on the ground that it is vague and ambiguous, including the terms "inform" and "any authorized videos." Stage Three further objects to this Request on the grounds that it seeks information that is neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent it implies that Stage Three has an obligation to inform YouTube of the presence of "any authorized videos" on the YouTube website and further denies this Request to the extent it implies that YouTube is not on active or constructive notice whether it is authorized to exploit the videos on its own website, and further denies this Request to the extent it implies that YouTube does not have access to information furnished by Stage Three that would allow YouTube to determine if the presence of videos containing Stage Three content are authorized. As a business practice, it is ordinarily incumbent upon the party exploiting content, i.e. YouTube, to seek and obtain appropriate license as well as information concerning the owner and/or administrator of which it is exploiting. Such information is readily and publicly available including through public databases identifying Stage Three as the administrator of and/or owner of the works in suit and other Stage Three content.

## REQUEST FOR ADMISSION NO. 21:

Admit that the license agreement produced at ST00000801-03 grants the licensee the

right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 21:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license, which limits the use to one year.

## REQUEST FOR ADMISSION NO. 22:

Admit that the license agreement produced at ST00000391-94 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 22:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such

852135.4

as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license, which limits the use to two years. Additionally, the license limits internet rights to streaming of Television and/or radio commercials.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the license agreement produced at ST00099175-77 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 30 seconds of the composition, in context of the advertisement only, for a term of 15 weeks.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the license agreement produced at ST00102531-33 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the above-referenced license grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the above-referenced license, the use is limited to 1:15 of the composition used in-context only and limited to the United States. Additionally, the license prohibited the Licensee from using the work in any device or on any website for which the viewer is invited to manipulate the image and/or audio Motion Picture Trailer material in a non-linear progression.

**REQUEST FOR ADMISSION NO. 25:**

Admit that the license agreement produced at ST00102537-39 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous,

including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license, which limits the use to 45 seconds of the composition used in context only.

## REQUEST FOR ADMISSION NO. 26:

Admit that the license agreement produced at ST00098806-08 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 26:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license, which limits the use to no more than 45 seconds of the composition used in synchronization with the film. Additionally, the license prohibited the Licensee from using the work in any device or on any website for which the viewer is invited to manipulate the image and/or audio Motion Picture Trailer material in a non-linear progression.

**REQUEST FOR ADMISSION NO. 27:**

Admit that the license agreement produced at ST00102527-29 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three admits that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 30 or 60 seconds of the composition, in synchronism or timed relation with the described advertisement, used in context, and limited to a term of one month

only. Additionally, the license limited internet rights to streaming only.

## REQUEST FOR ADMISSION NO. 28:

Admit that the license agreement produced at ST00098675-77 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 28:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the duration of the use, which in this case is a 2:00 portion of the work.

## REQUEST FOR ADMISSION NO. 29:

Admit that the license agreement produced at ST00102461-63 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 29:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is

no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, only 2:00 of the composition in context with the program may be used.

## REQUEST FOR ADMISSION NO. 30:

Admit that the license agreement produced at ST00098659-61 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 30:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by

852135.4

the licensee. In the case of the license produced at the Bates numbers above, the use is limited to in-context use of a 6-second portion of the composition.

**REQUEST FOR ADMISSION NO. 31:**

Admit that the license agreement produced at ST00104331-34 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, limited portions of the compositions may be used in context only for eight consecutive months. Additionally, the license limited internet rights to streaming only.

**REQUEST FOR ADMISSION NO. 32:**

Admit that the license agreement produced at ST00102547-49 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to no more than 59 seconds of the composition used in context with the program.

**REQUEST FOR ADMISSION NO. 33:**

Admit that the license agreement produced at ST00102476-78 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the

852135.4

ground that any rights extended to a licensee of Stage Three content do not extend to parties such

as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such

license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's

content on the Internet subject to the express terms of the agreement, including the fee paid by

the licensee and use of the composition in context with the program only.

**REQUEST FOR ADMISSION NO. 34:**

Admit that the license agreement produced at ST00099209-11 grants the licensee the

right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous,

including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects

to this Request on the grounds that the requested matter is not relevant to this case, because there

is no evidence that Defendants or the uploader of any infringing clip has represented that they

have a license to post Stage Three content on YouTube. Stage Three further objects on the

ground that any rights extended to a licensee of Stage Three content do not extend to parties such

as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such

license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's

content on the Internet subject to the express terms of the agreement, including the fee paid by

the licensee and the term of the license. In the case of the license produced at the Bates numbers

above, the use is limited to 1:30 of the composition used in context with media trailers only.

Additionally, the license prohibited the Licensee from using the work in any device or on any

website for which the viewer is invited to manipulate the image and/or audio Motion Picture

Trailer material in a non-linear progression.

## REQUEST FOR ADMISSION NO. 35:

Admit that the license agreement produced at ST00102431-33 grants the licensee the

right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 35:

Stage Three objects to this Request on the grounds that it is vague and ambiguous,

including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects

to this Request on the grounds that the requested matter is not relevant to this case, because there

is no evidence that Defendants or the uploader of any infringing clip has represented that they

have a license to post Stage Three content on YouTube. Stage Three further objects on the

ground that any rights extended to a licensee of Stage Three content do not extend to parties such

as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such

license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's

content on the Internet subject to the express terms of the agreement, including the fee paid by

the licensee and the term of the license. In the case of the license produced at the Bates numbers

above, the use is limited to no more than 30 seconds of the composition used in the United States

only and limited to a term of one week.

## REQUEST FOR ADMISSION NO. 36:

Admit that the license agreement produced at ST00099147-50 grants the licensee the

right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to no more than 31 seconds of the composition used in context with the film or in a specially made music video. Additionally, the license prohibited the Licensee from using the Composition in any device which does not embody the Picture substantially, as generally released or for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression.

**REQUEST FOR ADMISSION NO. 37:**

Admit that the license agreement produced at ST00099102-04 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects

to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 2:58 of the composition used in context with the program, and limited to a term of one year only.

## REQUEST FOR ADMISSION NO. 38:

Admit that the license agreement produced at ST00099099-101 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 38:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 1:30 of the composition used in context with the advertisement.

**REQUEST FOR ADMISSION NO. 39:**

Admit that the license agreement produced at ST00099089-92 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to up to 57 seconds of the composition used in context with the program. Additionally, the license prohibited the Licensee from using the Composition in any device or on any website for which the viewer is invited to manipulate the image and/or audio Motion Picture material in a non-linear progression.

**REQUEST FOR ADMISSION NO. 40:**

Admit that the license agreement produced at ST00099020-23 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 59 seconds of the composition used in context with the program. Additionally, the license excludes out-of-context and/or non-sequential/non-linear uses.

**REQUEST FOR ADMISSION NO. 41:**

Admit that the license agreement produced at ST00099009-11 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects

to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 1:30 of the composition used in context with the program, and limited to a term of five years only. Additionally, the license grants a streaming only internet right.

**REQUEST FOR ADMISSION NO. 42:**

Admit that the license agreement produced at ST00098621-23 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the

852135.4

license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 2:30 of the composition used in context with the film. Additionally, the license prohibited the Licensee from using the Composition in any device or on any website for which the viewer is invited to manipulate the image and/or audio Motion Picture material in a non-linear progression and provided further that no such website shall invite the end user to alter or manipulate the Composition or the time-relation image synchronization of the Composition in and as part of the Motion Picture.

## REQUEST FOR ADMISSION NO. 43:

Admit that the license agreement produced at ST00098559-62 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 43:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by

852135.4

the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 30 seconds of the composition in context with the advertisement and limited to a term of six months only. Additionally, the license grants a streaming only internet right.

## REQUEST FOR ADMISSION NO. 44:

Admit that the license agreement produced at ST00098521-24 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 44:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to 1:31 of the composition used in context with the program. Additionally, the license excludes out-of-context and/or non-sequential/non-linear uses.

## REQUEST FOR ADMISSION NO. 45:

Admit that the license agreement produced at ST00001074-77 grants the licensee the

right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 28 seconds of the composition used in context with the film. Additionally, the license prohibited the Licensee from using the work in any device or on any website which does not embody the Motion Picture Trailer substantially as generally released or for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression, and provided further that no such website shall permit alteration of the Motion Picture Trailer.

**REQUEST FOR ADMISSION NO. 46:**

Admit that the license agreement produced at ST00001047-49 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous,

including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than three seconds of the composition used in context with the program, is limited to a term of ten years and allows streaming only internet rights. Additionally, the license prohibited the Licensee from using the Composition in any device for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression, and provided further that no such website shall invite the end user to alter or manipulate the Composition or the time-relation image synchronization of the Composition in and as part of the Program.

**REQUEST FOR ADMISSION NO. 47:**

Admit that the license agreement produced at ST00000952-54 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there

is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 30 seconds of the composition used in context with the advertisement, and limited to the United States, and for a term of six months only. Additionally, the license restricts internet rights to streaming only on United States based websites.

## REQUEST FOR ADMISSION NO. 48:

Admit that the license agreement produced at ST00000823-26 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 48:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to no more than 1:19 of the composition used in context with the film. Additionally, the license prohibited the Licensee from using the Composition in any device which does not embody the Picture substantially as generally released or for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression.

**REQUEST FOR ADMISSION NO. 49:**

Admit that the license agreement produced at ST00000747-50 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to 35 seconds of the composition used in context with the program. Additionally, the license grants

a streaming only internet right.

## REQUEST FOR ADMISSION NO. 50:

Admit that the license agreement produced at ST00000421-24 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 50:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. In the case of the license produced at the Bates numbers above, the use is limited to 60 seconds of the composition used in context with the media trailer only. Additionally, the license prohibited the Licensee from using the Composition in any device or on any website for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression, and provided further that no such website shall invite the end user to alter or manipulate the Composition or the time-relation image synchronization of the Composition in and as part of the Motion Picture Trailer.

**REQUEST FOR ADMISSION NO. 51:**

Admit that the license agreement produced at ST00000323-26 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee. Additionally, the license prohibited the Licensee from using the Composition in any device or on any website for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression, and provided further that no such website shall invite the end user to alter or manipulate the Composition or the time-relation image synchronization of the Composition in and as part of the Motion Picture and Trailer.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the license agreement produced at ST00000049-52 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the limitation of the use to no more than 40 seconds of the composition. Additionally, the license prohibited the Licensee from using the Composition in any device or on any website for which the viewer is invited to manipulate the image and/or audio program material in a non-linear progression, and provided further that no such website shall invite the end user to alter or manipulate the Composition or the time-relation image synchronization of the Composition in and as part of the Motion Picture.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the license agreement produced at ST00102489-91 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects

to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to no more than 1:31 of the composition in context with the program for streaming only digital downloads of the entire episode (linear only) for a term of one year.

## REQUEST FOR ADMISSION NO. 54:

Admit that the license agreement produced at ST00102544-46 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 54:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the

license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license produced at the Bates numbers above, the use is limited to 1:11 of the composition in context with the program for streaming only digital downloads of the entire episode (linear only) for a term of one year.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the license agreement discussed in the email chain produced at ST00097906-11 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license discussed at the Bates numbers above, the use is limited to 2:00 in context.

**REQUEST FOR ADMISSION NO. 56:**

Admit that the license agreement discussed in the email chain produced at ST00003889-95 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Stage Three denies this Request; no license was issued for the use discussed in the email chain produced at the Bates numbers above.

**REQUEST FOR ADMISSION NO. 57:**

Admit that the license agreement discussed in the email chain produced at ST00081262-83 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they

have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license discussed at the Bates numbers above, the use is limited to 20 seconds of the composition in context with the advertisement for a term of one year, and internet use is limited to streaming only on the named websites, which do not include YouTube. Additionally, the license excludes all interactive and/or non-linear forms of exploitation.

## REQUEST FOR ADMISSION NO. 58:

Admit that the license agreement discussed in the email chain produced at ST00096555-59 grants the licensee the right to exhibit and distribute the work on websites, including YouTube.com.

## RESPONSE TO REQUEST FOR ADMISSION NO. 58:

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the terms "exhibit", "distribute", "the work" and "on websites". Stage Three objects to this Request on the grounds that the requested matter is not relevant to this case, because there is no evidence that Defendants or the uploader of any infringing clip has represented that they have a license to post Stage Three content on YouTube. Stage Three further objects on the ground that any rights extended to a licensee of Stage Three content do not extend to parties such as unauthorized uploaders of content or YouTube, neither of whom derive any rights under such

license. Subject to and without waiving the foregoing objections, Stage Three states that the license produced at the Bates numbers above grants certain rights to exploit Stage Three's content on the Internet subject to the express terms of the agreement, including the fee paid by the licensee and the term of the license. In the case of the license discussed at the Bates numbers above, the use is limited to 20 seconds of the composition in context with the advertisement for a term of one year, and internet use is limited to streaming only on the named websites, which do not include YouTube. Additionally, the license excludes all interactive and/or non-linear forms of exploitation.

## REQUEST FOR ADMISSION NO. 59:

Admit that you never informed YouTube of the existence of the license agreements set forth in Requests 21-58.

## RESPONSE TO REQUEST FOR ADMISSION NO. 59:

Stage Three objects to this Request on the grounds that the requested matter is outside the scope of information relevant to this case. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent it implies that Stage Three has any obligation to inform YouTube of the existence of these license agreements. As a business practice, it is ordinarily incumbent upon the party exploiting content, i.e. YouTube, to seek and obtain appropriate license as well as information concerning the owner and/or administrator of which it is exploiting. Such information is readily and publicly available including through public databases identifying Stage Three as the administrator of and/or owner of the works in suit and other Stage Three content. Stage Three further denies this Request for the reasons set forth in Requests nos. 21-58.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the presence on the youtube.com website of videos embodying the works in suit can have the effect of increasing consumer demand for those works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the phrases "can have the effect" and "consumer demand." Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this request on the ground that it seeks Stage Three's opinion regarding an incomplete hypothetical question, not the admission or denial of a fact. Subject to and without waiving the foregoing objections, Stage Three denies that the presence of videos on Youtube.com has the effect of increasing consumer demand, including, without limitation, when the works are being made available for free on youtube.com and are a substitution of the products sold or licensed by Stage Three to third parties for a fee and/or otherwise damage Stage Three's business.

**REQUEST FOR ADMISSION NO. 61:**

Individually for each accused clip, admit that you did not send a DMCA takedown notice to YouTube within one week of becoming aware of that clip's presence on YouTube.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "becoming aware." Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further

CONFIDENTIAL

objects to this request on the ground that it misconstrues the parties' respective obligations under applicable law. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent that many DMCA takedown notices were sent to YouTube within one week of Stage Three discovering the infringing content. Stage Three states that, because of the huge volume of infringements of its works on the YouTube website, it notified YouTube in a manner compliant with the DMCA as expeditiously as possible after determining that each YouTube video that it claims as infringing in the Complaints in this action infringed its content.

**REQUEST FOR ADMISSION NO. 62:**

Individually for each accused clip, admit that you did not send a DMCA takedown notice to YouTube within one month of becoming aware of that clip's presence on YouTube.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "becoming aware." Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this request on the ground that it misconstrues the parties' respective obligations under applicable law. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent that many DMCA takedown notices were sent to YouTube within one month of Stage Three discovering the infringing content. Stage Three states that, because of the huge volume of infringements of its works on the YouTube website, it notified YouTube in a manner compliant with the DMCA

-48-

as expeditiously as possible after determining that each YouTube video that it claims as infringing in the Complaints in this action infringed its content.

**REQUEST FOR ADMISSION NO. 63:**

Individually for each accused clip, admit that you did not send a DMCA takedown notice to YouTube within two months of becoming aware of that clip's presence on YouTube.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the term "becoming aware." Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this request on the ground that it misconstrues the parties' respective obligations under applicable law. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent that many DMCA takedown notices were sent to YouTube within two months of Stage Three discovering the infringing content. Stage Three states that, because of the huge volume of infringements of its works on the YouTube website, it notified YouTube in a manner compliant with the DMCA as expeditiously as possible after determining that each YouTube video that it claims as infringing in the Complaints in this action infringed its content.

**REQUEST FOR ADMISSION NO. 64:**

Individually for each accused clip, admit that you did not consult with your sub-publishers to ensure that the clip was unauthorized to appear on the YouTube.com site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Stage Three objects to this request on the grounds that it is vague and ambiguous, including the terms "consult" and "ensure". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent it implies that Stage Three is obligated to consult with its sub-publishers to establish that each accused clip was unauthorized to appear on the YouTube website, and admits that in certain cases it did not contact its sub-publisher prior to requesting that YouTube take down an infringing clip, because in those cases Stage Three's sub-publishers either do not have authority under the express terms of the agreements between them and Stage Three to post content to youtube.com or to authorize third parties to upload clips containing Stage Three content on youtube.com, a website that is available worldwide, or the sub-publisher is required to seek permission from Stage Three before issuing a license to grant the right to exploit Stage Three content on the internet.

**REQUEST FOR ADMISSION NO. 65:**

Individually for each accused clip, admit that you did not consult with the co-owner(s) of the work-in-suit to ensure that the clip was unauthorized appear on the YouTube.com site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Stage Three objects to this request on the grounds that it is vague and ambiguous, including the terms "consult", "ensure" and "co-owner". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Stage Three further objects to this Request on the ground that it calls for the disclosure

852135.4

of information protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving any of the foregoing objections, Stage Three denies this Request to the extent it implies that Stage Three is obligated to consult with a co-owner (if any) to ensure that each accused clip was unauthorized to be on the YouTube website, and admits that, with respect to each accused clip, it either has the right to take legal action without consulting with a co-owner (if any), or it obtained approval from a co-owner (if any) to take legal action against Defendants.

**REQUEST FOR ADMISSION NO. 66:**

Individually for each accused clip, admit that you did not consult with the writer (i.e. a writer signed by Stage Three) of the work-in-suit to ensure that the clip was authorized to appear on the YouTube.com.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Stage Three objects to this request on the grounds that it is vague and ambiguous, including the terms "consult", "ensure" and "writer". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Subject to and without waiving the foregoing objections, Stage Three denies this Request to the extent it implies that Stage Three is obligated to consult with the "writer" to ensure that each accused clip was unauthorized to be on the YouTube website, and admits that, with respect to each accused clip, Stage Three has no obligation to consult with the "writer" of the work prior to taking action against Defendants for infringements of Stage Three's works.

**REQUEST FOR ADMISSION NO. 67:**

Individually for each accused clip, admit that you did not consult with any of your licensees to ensure that the clip was not authorized to appear on the YouTube.com site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

Stage Three objects to this Request on the grounds that it is vague and ambiguous, including the word "consult" and "ensure". Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. Subject to and without waiving the foregoing objections, Stage Three denies that, with respect to each accused clip, any of the infringing clips involved licensed materials within the scope of the license.

**REQUEST FOR ADMISSION NO. 68:**

Admit that some of your works-in-suit are co-owned by third parties.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Stage Three objects to this Request to the extent it implies that Stage Three is obligated to consult with a co-owner (if any) to ensure that each accused clip was unauthorized to be on the YouTube website, and states that, with respect to each accused clip, it either has the right to take legal action without consulting with a co-owner (if any), or it obtained approval from a co-owner (if any) to take legal action against Defendants. Subject to and without waiving the foregoing objections, Stage Three states that three works in suit are co-owned by third parties.

**REQUEST FOR ADMISSION NO. 69:**

Admit that for the works-in-suit co-owned by third parties, the co-owners are not required to consult with you or seek your permission before licensing the work.

**RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 70:**

Admit that you have not signed up to use YouTube's Content Verification Program.

852135.4

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Stage Three objects on the grounds that it is vague and ambiguous and that YouTube has used several euphemisms to refer to a number of "tools" that it offers to content owners. Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. To the extent that the Content Verification Program "tool" is an electronic substitute for a DMCA takedown notice, Stage admits that it has not used this "tool", and otherwise denies the Request.

**REQUEST FOR ADMISSION NO. 71:**

Admit that you have not signed up to use YouTube's Content ID tool.

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Stage Three objects on the grounds that it is vague and ambiguous and that YouTube has used several euphemisms to refer to a number of "tools" that it offers to content owners. Stage Three further objects to this Request on the ground that it calls for the disclosure of information protected by the attorney-client privilege and/or the work-product doctrine. Stage Three further objects to this Request on the ground that the requested matter is outside the scope of information relevant to this case. To the extent that Content ID is a tool that refers to digital fingerprinting technology, Stage Three states that Defendants have not made their digital fingerprinting technology readily available to Plaintiffs on reasonable terms.

**REQUEST FOR ADMISSION NO. 72:**

Admit that your writers (i.e. writers signed by Stage Three) have posted videos on YouTube.

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Stage Three objects to this Request as vague, overbroad and burdensome. To the extent that this Request seeks information about Stage Three writers' personal use of YouTube, Stage Three objects to this Request as seeking information outside of Stage Three's possession or control, and is invasive to the writers' privacy. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 73:**

Admit that you retracted DMCA takedown notices sent to YouTube for one or more of your works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISS0ION NO. 74:**

Admit that on no occasion prior to November 7, 2007 did you inform YouTube of the presence and location of any video on the YouTube.com site that allegedly infringed your copyrights.

**RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

Stage Three objects to this Request on the ground that it requires the compilation or review of information otherwise within Defendants' possession, custody or control and more easily accessible to Defendants. Subject to and without waiving the foregoing objections, Stage Three denies this Request.

**REQUEST FOR ADMISSION NO. 75:**

Admit that on no occasion prior to November 7, 2007 did you inform YouTube of the presence of any accused clip on the YouTube.com site.

**RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

Stage Three objects to this Request on the ground that it requires the compilation or review of information otherwise within Defendants' possession, custody or control and more easily accessible to Defendants. Subject to and without waiving the foregoing objections, Stage Three denies this Request, and states that a copy of the Amended Complaint, listing video clips on the YouTube website that infringed Stage Three's works, was submitted to YouTube's

counsel on October 8, 2007, and that the Amended Complaint, containing the same list of video

clips, was filed with the Court on November 7, 2007.

Dated: January 11, 2010

Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, New York 10013-1413
Phone:     (212) 355-9500
Facsimile: (212) 355-9592

By: _____
    Annika K. Martin

# Schapiro Exhibit 84

**From:** Mary Ann Slim
**Sent:** Friday, August 17, 2007 10:37 AM
**To:** ian neil
**Subject:** RE: "Rock & Roll Queen" (Morgan/Cooper/Morgan) - "RocknRolla" film Approval

I just lifted the Rights from your request! Of course you may have In-Context Trailer usage.

Please don't forget to ask Mark for directions to gig for our road trip together next week!

xx

Mary Ann Slim
Head of Film, TV & Media
Stage Three Music Ltd
13A Hillgate Street
London W8 7SP
Tel: 020 7792 6060
Fax: 020 7792 6061

---

**From:** ian neil [mailto:ianneil1@mac.com]
**Sent:** 17 August 2007 09:25
**To:** Mary Ann Slim
**Subject:** Re: "Rock & Roll Queen" (Morgan/Cooper/Morgan) - "RocknRolla" film Approval
**Importance:** High

i'll need in context trailer use here....

Ian Neil
Music Supervision
The Blue Building | 8-10 Basing St | London | W11 1ET
Tel: +44 20 7229 1229
Mob: +44 7832 241160
http://www.imdb.com/name/nm1250117/
http://www.hot-house-music.com/
http://www.myspace.com/ianneilmusic

**CONTROL in cinemas Oct 5th**
http://www.controlthemovie.com/
**ST.TRINIAN'S in cinemas 21st Dec**
http://www.sttriniansmovie.com/

On 16 Aug 2007, at 16:28, Mary Ann Slim wrote:

Subject To Contract

Hi Ian

I approve the attached request to use "Rock & Roll Queen" in the Guy Ritchie film, "RocknRolla" as per the terms and fees below which are subject to the standard Terms and Conditions of our Licence :

| SONG TITLE: | "ROCK & ROLL QUEEN" |
|---|---|
| COMPOSERS: | MORGAN/COOPER/MORGAN |
| STAGE THREE MUSIC %: | 100% Stage Three Music |
| FILM TITLE: | "ROCKNROLLA" |
| SYNOPSIS: | Definition: "A man who derives his living off the streets by using his wits and raw drive." The film is a social commentary on London becoming the leading global city both culturally and financially. The impact of the new class of Russian billionaires and how the old crime lords are being left behind by the new international breed. Within the changing city we follow the journey of three young men, who are trying to keep their heads above rising water in a city that was once familiar. The rules have changed, the drugs, the tricks, the crime, the slime, the |

| | |
|---|---|
| | characters, and the shenanigans of the new world. Welcome to the world of the ROCKNROLLA. |
| **DIRECTOR:** | Guy Ritchie |
| **PRODUCER:** | Steve Clark-Hall |
| **MUSIC SUPERVISOR:** | Ian Neil |
| **SCENE DESCRIPTION:** | As per the attached script pages from Scene 73 – Scene 85 with The Subways performing live in the Nightclub. The scenes cut between the live performance in the Nightclub; Roman & Mickey in the Nightclub office and Johnny Story, Pete & Bouncer outside the Nightclub – the later two have been filmed separately. |
| **FEATURED/BACKGROUND:** | FEATURED LIVE PERFORMANCE |
| **TERRITORY:** | World |
| **TERM:** | Perpetuity |
| **RIGHTS:** | Theatrical and non-theatrical exhibition, analogue and digital radio, all forms of broadcasting to any platform (including terrestrial, cable and satellite television and whether analogue or digital, "free" or "pay" (by any means) and whether "standard" or "non-standard" television and any other fixed or portable device capable of receiving broadcast signals), by means of the internet or similar by way of both downloading and streaming and by means of videocassettes, videodiscs, DVDs and other physical formats now or hereafter designed for home use by the consumer, and to distribute such formats by sale or otherwise in each country of the Territory. Licence as per our Standard Terms and Conditions. |
| **MUSIC DURATION:** | Up to TWO (2) MINUTES ONLY |

| | |
|---|---|
| **FEES:** | ██████████████████████ |
| **MISCELLANEOUS:** | 1.  The Subways will have the right to use the footage shot at the gig at Bournemouth Fire Station on Wednesday 22nd August 2007 on the internet via their own website, MySpace, YouTube etc. as well as the final scene from the film once the film has been released.<br>2.  Stage Three Music will have the right to use footage shot at the gig at Bournemouth Fire Station on Wednesday 22nd August 2007 on their website, www.stagethreemusic.com, as well as the final scene from the film once the film has been released – streamed only non-downloadable.<br>3.  Ten (10) tickets to the UK premiere and party of the film will be supplied to Stage Three Music.<br>4.   Three (3) copies of the film will be provided to Stage Three Music once the film is released on DVD.<br>All the above points will form a material part of the agreement. |
| **END TITLE CREDIT:** | **"Rock And Roll Queen"**<br>**Written by Billy Lunn, Charlotte Cooper & Joshua Morgan**<br>**Published by Stage Three Music Ltd** |
| **LICENSEE:** | **TBC** |
| **WHICH RECORDING:**<br>**Original or re-recording** | Either filmed live recording or original Master by The Subways |
| **RELEASE DATE:** | **TBC** |

I look forward to seeing you next week at the gig and let me know if you need anything else in the meantime.

Best wishes,

Mary Ann  x

Mary Ann Slim
Head of Film, TV & Media
Stage Three Music Ltd
13A Hillgate Street
London W8 7SP
Tel:  020 7792 6060
Fax: 020 7792 6061

---

**From:** ianneil [mailto:ian@ianneil.demon.co.uk]
**Sent:** 03 August 2007 13:03
**To:** Mary Ann Slim
**Cc:** Mark Mostyn; Skaritchie@aol.com; Steve Clark-Hall
**Subject:** Re: The Subways - Bournemouth filming

Dear Mary Ann,

So here's the lowdown for the shoot.

They will come with 4 cameras = 8 people, 3 sound, 4 production and few others
so maximum 20 people. Mark will come down and recce the venue next week
and sort out parking etc with the owners. Please can you let him have a contact
at the venue for him to liaise.

We will need to film 'rock n roll queen' twice at the sound check and ideally the lighting
should be used to reflect the live performance later that night ,as we will use footage from
both
shoots. They will need to wear the same clothes on the sound check as they do for the
performance.
We would also like some crowd noise if at all possible so we can use in the dub on the
scenes
that come from the sound check. The audience will be given disclaimers at the venue
in case anyone does not want to be filmed (unlikely) and will be advised where the
cameras
won't be filming.

I hereby check with Steve and Lauren if any of the spare footage can be used for the bands
promotional
tools such as my space. The plan is to just film rock n roll queen and not the whole gig, but
if the band
and management wanted the whole gig filmed then Steve will look into the logistics of
this. It
would be costly for the film co. to shoot the whole gig, so we would have to come to some

arrangement.

At the moment the plan is to use the live audio from the gig in the final mix, in which case we would
would like to know if Warners will control the live performance or if the band do. In terms



I hope this covers everything for now. Meantime please see the official request form and please proceed
to get the sign off on the fee for publishing and I'll await your response re live recording ownership.

Thnx for everything and look forward hearing back from you and seeing you down there. Obviously
once we hear back we will then let the label know all the info.

<GR RocknRolla Synopsis.doc>
<RocknRolla Deal Memo from Ian Neil 03.08.07.rtf>
<Script pages for RocknRolla.pdf>