# SCHAPIRO DECLARATION EXHIBITS CONTINUED

**Schapiro Exhibit 179**

| | )|
|---|---|
| VIACOM INTERNATIONAL INC., | ) |
| COMEDY PARTNERS, | ) |
| COUNTRY MUSIC TELEVISION, INC., | ) |
| PARAMOUNT PICTURES | ) Case No. 1:07-CV-2103-LLS |
| COPRORATION, | ) (Related Case No. 1:07-cv-03582 (LLS)) |
| and BLACK ENTERTAINMENT | ) |
| TELEVISION LLC, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| YOUTUBE, INC., YOUTUBE, LLC, and | ) |
| GOOGLE INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO YOUTUBE'S THIRD SET OF INTERROGATORIES TO VIACOM INTERNATIONAL, INC. ET AL.

Plaintiffs Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television, LLC, by their attorneys Jenner & Block LLP and Shearman & Sterling LLP, hereby object to and respond to YouTube's Third Set of Interrogatories to Viacom International, Inc. (Defendants' Third Set of Interrogatories) as follows:

### GENERAL OBJECTIONS

Plaintiffs make the following objections to specific Interrogatories by, among other things, incorporating by reference the following general objections ("General Objections"):

1. Plaintiffs object to the Third Set of Interrogatories in their entirety as exceeding the scope permissible under Local Rule 33.3(b), which states that interrogatories other than those seeking names of witnesses with relevant knowledge or information only if ordered by the court or if interrogatories are "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants' interrogatory requests are unduly burdensome and duplicative of their document requests.

2. Plaintiffs object to the Third Set of Interrogatories in their entirety as exceeding, with subparts, the limit of twenty-five Interrogatories under the Court's Scheduling Order entered on August 9, 2007. Plaintiffs have already identified over 60,000 video clips that infringe its copyrights. Interrogatories 14, 15, 16, 17, 18, 19, 20, and 21 purport to request specific information about each of those thousands of infringing clips on a clip-by-clip basis; Interrogatory 25 seeks detailed information about each of Defendants' 213 Requests for Admission. Defendants' interrogatories thus impermissibly exceed the twenty-five interrogatory limit.

3. Plaintiffs object to Defendants' definition of "Viacom," which includes entities listed in Paragraph 3 of the Definitions. Paragraph 3 makes up a voluminous, globe-spanning listing of Plaintiffs' partners, affiliates, and subsidiaries. Defendants' inclusion of these entities is vexatious and improper. Plaintiffs further object to Defendants' definition of "Viacom" to the extent that it includes Plaintiffs' outside counsel, because searching for responsive information in the possession of Plaintiffs' outside counsel would be unduly burdensome.

Plaintiffs further object to Defendants' inclusion of Viacom's "agents," "representatives," "any other person acting or purporting to act on [Viacom's] behalf," or

"any other person otherwise subject to its control" in their definition of Viacom because those terms and/or phrases are overbroad and vague.

4. Plaintiffs object to Defendants' Third Set of Interrogatories to the extent that they seek to impose on Plaintiffs obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

5. Plaintiffs object to Defendants' Third Set of Interrogatories to the extent that they seek information or request documents that are known to Defendants, are a matter of public record, or otherwise publicly available.

6. In objecting to Defendants' Third Set of Interrogatories, Plaintiffs do not in any way waive or intend to waive but, rather, intend to preserve and are preserving:

    a. all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceedings;

    b. the right to object to the use of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceedings;

    c. the right to elicit appropriate evidence, beyond the responses themselves, regarding the subjects referred to in or in response to any request;

    d. the right to preserve the confidential or proprietary nature of any information or document, or the subject matter thereof, by mutual agreement or otherwise, as a condition of production; *and*

    e. the right at any time to correct, supplement, or clarify any of the objections.

7. Plaintiffs' objections to Defendants' Third Set of Interrogatories shall not constitute an admission of any statement or conclusion implied in any of Defendants' Interrogatories.

**RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES**

Subject to and without waiving any of the foregoing General Objections, which apply to each Interrogatory as if set forth fully below, Plaintiffs make the following specific responses and objections:

**INTERROGATORY NO. 11:**

**For each instance in which You contend that Viacom requested access to use a YouTube Copyright Protection Service, but was denied such access, identify the Viacom entity that requested access, the date of the request, the name(s) of the specific YouTube Copyright Protection Service for which access was requested, and the production number (Bates number) of each document reflecting or evidencing the request and denial.**

**Response and Objections to Interrogatory No. 11:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory exceeds the scope permissible under Local Rule 33.3(b) because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Plaintiffs also object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

4

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory because it seeks information produced in discovery. Such information is already equally and fully accessible to Defendants — indeed, Defendants should know when they denied Viacom access to YouTube Copyright Protection Services without having to ask Viacom — and it is unduly burdensome to require Plaintiffs to review documents and information to identify particular information for Defendants.

Subject to and without waiver of these general and specific objections, Plaintiffs provide the following examples of instances where Defendants denied Viacom access to YouTube Copyright Protection Services. Although these examples are not necessarily an exhaustive list of every instance in which Viacom requested but was denied access to a YouTube Copyright Protection Service, they illustrate the point.

On February 2, 2007, Viacom General Counsel Michael D. Fricklas sent a letter to David Drummond and Kent Walker requesting that Defendants take a number of measures to prevent rampant copyright infringement on the site and specifically stated that Viacom was "interested in working with [Defendants]" as Defendants began to use Audible Magic. (VIA01475465–VIA01475476.) On February 16, 2007, Mr. Walker refused on behalf of Defendants to allow the use of Audible Magic to protect Viacom's copyrights (VIA01974134–VIA01974136).

In addition, Dean Garfield testified that YouTube generally refused to provide its copyright protection services to companies without partnership agreements: "[I]t became clear that Google/YouTube was willing to filter for those who had a licensing

relationship with Google/YouTube and not for those who did not." (D. Garfield Tr. Nov. 2, 2009 at 55:10-13.)

**INTERROGATORY NO. 12:**

**Describe each policy adopted by a Viacom UGC Site addressing termination of the accounts of users who are "repeat infringers" (as that phrase is used in 17 U.S.C. § 512(i)), identifying in the description the Viacom UGC Site that adopted the policy, the dates during which the policy was in effect, and the number of users terminated pursuant to the policy.**

Response and Objections to Interrogatory No. 12:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory exceeds the scope permissible under Local Rule 33.3(b) because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Plaintiffs also object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. In addition, Plaintiffs object that this Interrogatory because it seeks information contained in documents produced in discovery. Such information is already equally and fully accessible to Defendants, and it is unduly burdensome to require Plaintiffs to review the documents to identify particular information for Defendants.

Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: Plaintiffs have produced numerous Terms of Use documents in discovery. *See* Attachment A, Documents Responsive to Interrogatory 12. Those documents contain information responsive to this Interrogatory.

# INTERROGATORY NO. 13:

If You still contend, as alleged, that "YouTube prevents copyright owners from finding on the YouTube site all of the infringing works from which YouTube profits," identify each fact, each document, and each portion of a witness' testimony that supports this contention.

## Response and Objections to Interrogatory No. 13:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action,

numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 14:**

**If You assert a claim of copyright infringement for any Accused Clip, that you contend does not arise "by reason of the storage at the direction of a user" (as that phrase is used in 17 U.S.C. § 512(c)), identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 14:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 15:**

**For each Accused Clip, if You contend that, before YouTube received a DMCA Takedown Notice for the Accused Clip, YouTube had "actual knowledge" (as that phrase is used in 17 U.S.C. § 512(c)(1)) that the Accused Clip infringed Your copyright or that YouTube was "aware of facts or circumstances from which infringing activity [was] apparent" as (as that phrase is used in 17 U.S.C. § 512(c)(1)), identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**