# SCHAPIRO DECLARATION EXHIBITS CONTINUED

### Response and Objections to Interrogatory No. 15:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention,

and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 16:**

**For each Accused Clip, if You contend that YouTube failed to act "expeditiously to remove, or disable access to," (as that phrase is used in 17 U.S.C. § 512(c)(1)) the Accused Clip after receiving actual knowledge or becoming aware of facts or circumstances from which it was apparent that the Accused Clip infringed a Work In Suit, or after receiving a DMCA Takedown Notice relating to the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

Response and Objections to Interrogatory No. 16:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 17:**

**For each Accused Clip, if You contend that YouTube received a "financial benefit directly attributable to" (as that phrase is used in 17 U.S.C. § 512(c)(1)(B)) the Accused Clip, identify separately for each such Accused Clip the amount of the financial benefit, and each fact, each document, and each portion of a witness' testimony that supports this contention.**

Response and Objections to Interrogatory No. 17:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory

that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 18:**

For each Accused Clip, if You contend that YouTube had "the right and ability to control" (as that phrase is used in 17 U.S.C. § 512(c)(1)(B)) the allegedly

infringing activity with respect to that Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.

**Response and Objections to Interrogatory No. 18:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver

of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 19:**

**For each Accused Clip, if You contend that the Accused Clip was uploaded to the YouTube website by a user who had no authorization, right, or license to do so, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 19:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 20:**

**For each Accused Clip, if You still contend, as alleged, that YouTube "enable[d], induce[d], facilitate[d], and materially contribute[d] to each act of infringement by YouTube users" with respect to the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 20:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory

that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 21:**

**For each Accused Clip, if You still contend, as alleged, that YouTube's actions were "willful, intentional, and purposeful, in disregard of and indifferent to**

[Your] rights" with respect to infringing activity associated with the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.

**Response and Objections to Interrogatory No. 21:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver

of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 22:**

**If you still contend, as alleged, that You have incurred actual damages directly caused by YouTube, identify the specific total amount of actual damages that You have incurred, describe in detail the legal theory upon which You would seek to recover these actual damages and each calculation You used to calculate these actual damages, and identify each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 22:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. Further, Plaintiffs object that the determination, specification, and quantification of actual damages are matters properly subject to expert analysis and discovery in this case. This Interrogatory is thus premature and inconsistent with the Scheduling Order governing this case in that it seeks information that is properly subject to disclosure only when expert reports are exchanged. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine.

Subject to and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have incurred significant actual damages due to Defendants' unauthorized infringement, including, without limitation, lost licensing revenues payable by Defendants and lost advertising, syndication, and other distribution revenues payable by third parties.

**INTERROGATORY NO. 23:**

**Identify each Work In Suit uploaded in whole or in part to the YouTube website by Viacom or with Viacom's authorization and the date of each such authorized upload.**

**Response and Objections to Interrogatory No. 23:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, Plaintiffs object to Defendants' definition of "Works in Suit" as encompassing "all works ... as to which [Plaintiffs] have asserted claims of copyright infringement, at any time, in this action" and as encompassing portions of works as to which Plaintiffs have not asserted claims of copyright infringement in this action. This definition is facially overbroad and purports to cover content that is irrelevant to this copyright infringement action. Plaintiffs accordingly shall construe "Works in Suit" to encompass solely those clips listed on the Amended Production of Works in Suit produced to Defendants on October 15, 2009. Subject to that definition and subject to and without waiver of these general and specific objections, Plaintiffs respond as follows:

Plaintiffs uploaded none of the Works in Suit, and Plaintiffs authorized the upload of none of the Works in Suit.

**INTERROGATORY NO. 24:**

**Identify each Work In Suit that Viacom has provided as a reference file to any third party for purposes of creating a digital fingerprint of the work to identify copies of the work on the Internet, the third parties to whom each reference file was provided, and the dates on which it was provided to those third parties.**

Response and Objections to Interrogatory No. 24:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, Plaintiffs object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. Plaintiffs also object that this Interrogatory is unduly burdensome insofar as it seeks information from time periods for which such records are not reasonably available to Plaintiffs. Plaintiffs further object to this interrogatory insofar as it calls for Plaintiffs to identify works supplied to Auditude and to YouTube as reference files for fingerprinting purposes. Defendants have already sought and obtained such records from Auditude in this litigation, and information concerning works Plaintiffs have supplied to YouTube is equally in Defendants' own possession. Plaintiffs further object to Defendants' definition of "Works in Suit" as encompassing "all works ... as to which [Plaintiffs] have asserted claims of copyright infringement, at any time, in this action" and as encompassing portions of works as to which Plaintiffs have not asserted claims of copyright

infringement in this action. This definition is facially overbroad and purports to cover content that is irrelevant to this copyright infringement action. Plaintiffs accordingly shall construe "Works in Suit" to encompass solely those clips listed on the Amended Production of Works in Suit produced to Defendants on October 15, 2009. Subject to that definition and subject to and without waiver of these general and specific objections, and based upon information available to Plaintiffs, Plaintiffs respond as follows:

Plaintiffs' current records of works Plaintiffs have provided to Audible Magic, Auditude, BayTSP, and YouTube for purposes of creating a digital fingerprint of the work to identify copies of the work on the Internet, and the dates on which they were provided to Audible Magic, Auditude, BayTSP, and YouTube, are reflected within the document attached hereto as Attachment B. The document attached hereto as Attachment C also lists the same information for additional works provided to Audible Magic and Auditude as DVDs and not reflected in Attachment B. Plaintiffs object that it would be unduly burdensome to require Plaintiffs to search these exhibits for the "Works in Suit," as such information is equally available to Defendants from the documents. The document attached hereto as Attachment D lists additional Works in Suit that Plaintiff Paramount supplied, as DVDs, to BayTSP on December 29, 2006 and to Audible Magic on May 8, 2007.

In addition to the works listed on the aforementioned exhibits, Plaintiffs have also directly generated fingerprints of their works and supplied those fingerprints to Vobile, YouTube, BayTSP, and Audible Magic for purposes of identifying copies of those works on the Internet. Plaintiffs have also provided Auditude and Audible Magic with MRSS feeds directing them to content available on Plaintiffs' websites so that Auditude and

Audible Magic can generate fingerprints thereof. Plaintiffs are not providing information concerning such in-house fingerprinting, or such MRSS feeds, in response to this Interrogatory, as the Interrogatory requests identification only of instances in which Plaintiffs have provided a "Work In Suit . . . as a reference file" and not identification of instances in which Plaintiffs have used alternative means for providing third-party vendors with fingerprints of Plaintiffs' works.

**INTERROGATORY NO. 25:**

**If any of Your responses to a request for admission in this action is not an unqualified admission, identify the request for admission and each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 25:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' responses to Defendants' requests for admission, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the

litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of Plaintiffs' responses to Defendants' 213 Requests for Admission and thereby effectively seeks hundreds of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support Plaintiffs' responses to Defendants' 213 Requests for Admission, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

Respectfully submitted,

January 8, 2010

*Susan J. Kohlmann* /JCC
Susan J. Kohlmann (SK-1855)
**JENNER & BLOCK LLP**
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

William M. Hohengarten (WH-5233)
Michael B. DeSanctis (MD-5737)
Scott B. Wilkens (pro hac vice)
**JENNER & BLOCK LLP**
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Stuart J. Baskin (SB-9936)
Stephen Fishbein (SF-3410)
John Gueli (JG-8427)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179