ANDREW H. SCHAPIRO
A. JOHN P. MANCINI
MATTHEW D. INGBER
BRIAN M. WILLEN
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

DAVID H. KRAMER
MAURA L. REES
MICHAEL H. RUBIN
BART E. VOLKMER
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants YouTube, Inc., YouTube, LLC and Google Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED and BOURNE CO., et al., on Behalf of themselves and all others similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, INC., YOUTUBE, LLC and GOOGLE INC.,<br><br>Defendants. | 07 Civ. 3582 (LLS)<br>(related case no. 07 Civ. 2103 (LLS), the "*Viacom* Action")<br><br>**DEFENDANTS' "HIGHLY CONFIDENTIAL" AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules, defendants YouTube, Inc., YouTube, LLC and Google Inc. (collectively, "YouTube") by its attorneys, hereby responds and objects to Plaintiffs' First Set of Interrogatories as follows:

**DEFINITION**

All definitions and rules of instructions set forth in Federal Rules of Civil Procedure 26 and 34, and the Uniform Definitions set forth in Local Civil Rules 26.3(c) and (d) shall apply herein, as well as the following additional definition:

1. "Plaintiffs" means, collectively all plaintiffs in this action and in the *Viacom* Action.

**GENERAL OBJECTIONS**

A. YouTube objects to each interrogatory, definition, and instruction contained in the Interrogatories to the extent that any interrogatory, definition, or instruction purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules for the Southern District of New York.

B. YouTube objects to each interrogatory to the extent that it is duplicative of Plaintiffs' document requests.

C. YouTube's response to any interrogatory is not an admission or acknowledgement that such interrogatory calls for information that is relevant to the subject matter of this action, and it is without prejudice to YouTube's right to contend at trial or in any other or subsequent proceeding in this action that such response is inadmissible, irrelevant, and/or not the proper basis for discovery.

D. YouTube objects to each interrogatory to the extent that it seeks information that neither is relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

E. YouTube objects to each interrogatory, definition, and instruction contained in the Interrogatories to the extent that any interrogatory, definition, or instruction contains inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this litigation.

F. YouTube objects to each interrogatory to the extent that it calls for the production of material protected from discovery by the attorney-client or attorney work-product privileges, or any other applicable evidentiary privilege. YouTube does not waive, and does not intend to waive, its attorney-client or work-product privileges in its response to these Interrogatories. To the extent that any privileged information is provided inadvertently, YouTube reserves (i) its privileges with respect to such information; (ii) its right to object to the use of such information; and (iii) its right to object to the admissibility of such information.

G. YouTube objects to each interrogatory to the extent that it calls for the production of information in the possession, custody, or control of persons or entities other than YouTube. YouTube has produced and will produce only documents and information in its possession, custody, or control.

H. YouTube objects to each interrogatory to the extent that it seeks cumulative or duplicative information.

I. YouTube objects to each interrogatory to the extent that it is overbroad, unduly burdensome, vague, ambiguous, or oppressive.

J. YouTube reserves the right to rely, at the time of trial or in other proceedings in this action, upon evidence in addition to that provided in the responses to the Interrogatories

regardless of whether, *inter alia*, any evidence is newly discovered or is currently in existence. YouTube is continuing its investigation, and the information provided is true and correct to YouTube's best knowledge at this particular time, but it is subject to correction and modification as new facts are discovered. To the extent that YouTube does discover additional information responsive to the Interrogatories, discovers that any response herein is incorrect, or discovers information that would make any of the responses herein incorrect, YouTube will supplement or amend those responses pursuant to Rules 26(e) and 33.

K. YouTube further objects to each interrogatory to the extent that is exceeds the permissible scope of discovery under Local Rule 33.3(b) (as interpreted by Plaintiffs in their responses to YouTube's interrogatories) in that it is not a "more practical method of obtaining the information sought than a request for production or a deposition," and that it seeks information other than (i) names of witnesses with knowledge of information relevant to the subject matter of the action, (ii) the computation of each category of damage alleged, and (iii) the existence, custodian, location and general description of relevant documents.

L. YouTube objects to all of the interrogatories on the ground that they seek information that: (i) is equally known and/or accessible to Plaintiffs; (ii) may not exist; or (iii) is not retrievable.

M. The foregoing general objections shall be considered as made, to the extent applicable, in response to each of the interrogatories, as if the objections were fully set forth in each response.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1 (SET 1):**

Identify each Video Clip that was both (i) removed from the YouTube Website on the grounds, in whole or in part, that it infringed copyright or was uploaded without the

authorization of the owner of content, or on the grounds, in whole or in part, that it was suspected to have infringed copyright or was uploaded without the authorization of the owner of content; and (ii) removed prior to or without the receipt of a Take Down Complaint concerning the presence of the Video Clip at a particular URL.

**RESPONSE TO INTERROGATORY NO. 1 (SET 1):**

YouTube objects to this interrogatory as unduly burdensome. There are many millions of clips, out of the tens of millions that have been uploaded to the YouTube service, that have been removed from the YouTube service over the years. These removals have been effected utilizing numerous different processes, and have involved a host of different people making individualized determinations in particularized circumstances. YouTube has no means to identify all of the clips removed under the specific conditions Plaintiffs have identified for YouTube, much less to collect the various categories of additional information sought, to the extent it even exists, for all of them. The request is oppressive.

YouTube further objects to the interrogatory on the grounds that it is overbroad because of the sheer volume of clips for which information is sought, the demand for multiple categories of detailed information for each of those millions of clips, and the fact that the overwhelming majority of removed clips are not those that Plaintiffs have identified as being at issue in this case. The interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' interrogatory is also vague and ambiguous, particularly in light of the multiple defined terms (and subparts within the defined terms) that it incorporates. The interrogatory is also impermissibly compound, relying on multi-part definitions and conjunctions to pose interrogatory upon interrogatory in this request.

Subject to, and without waiving the foregoing or its General Objections, YouTube responds:

In an effort to assist copyright holders in protecting their content online, (1) YouTube removed or restricted access to material on the YouTube service at least in part based on considerations of copyright, notably without regard to whether or not such material actually contained content that was authorized by a putative copyright holder to have been present on the service; and (2) removed or restricted access to such material without regard to YouTube's receipt of (i) a notice sent to YouTube under Section 512(c)(3) of the Digital Millennium Copyright Act, or (ii) other communication from a putative copyright holder contending that content at the particular URL for the material infringed its copyright. Discovery that YouTube has already provided reveals considerable evidence of such activity, although in many cases the evidence of removal or restricted access does not necessarily reference specific material by URL. As a result, and given the massive burden involved, YouTube cannot practicably identify the "Video Clips" that were ultimately removed or restricted in a given instance that might be responsive to this interrogatory.

Further, as noted in YouTube's objections, given the frequency with which YouTube has effected these removals or restrictions on behalf of content owners and the nature of the data in YouTube's possession regarding this practice, it is impossible to compile a complete list of the clips satisfying these conditions, let alone the additional detail that Plaintiffs' demand for those clips, assuming such information even exists. Nevertheless, the data contains a non-exhaustive list of URLs for more than thirteen million video clips (being produced concurrently herewith as at Bates No. GOO-ROGDATA 001) that, to the best of its current knowledge, (1) YouTube removed or restricted access to on the YouTube service at least in part based on considerations of

copyright, notably without regard to whether such clips actually contained content that was not authorized by a putative copyright holder to have been present on the service; and (2) removed or restricted access to such clips without regard to YouTube's receipt of (i) a notice sent to YouTube under Section 512(c)(3) of the Digital Millennium Copyright Action, or (ii) other communication from a putative copyright holder contending that content at the particular URL for the clip infringed its copyright. The CD also contains the dates on which those clips were removed or restricted, where available. Despite the parties' agreement to limit fact discovery to January 1, 2008 in all but agreed-upon cases, YouTube has voluntarily determined to produce this information current as of June 5, 2009.

**INTERROGATORY NO. 2 (SET 1):**

Identify each Video Clip that has ever been flagged (*i.e.*, marked) by users of the YouTube Website as infringing or otherwise violating copyright laws using the Flag as Inappropriate Feature on the YouTube Website (including all versions of that feature that have ever appeared on the YouTube Website), and state whether or not the Video Clip was removed by You in response to the flag.

**RESPONSE TO INTERROGATORY NO. 2 (SET 1):**

YouTube objects to this interrogatory as vague and ambiguous for multiple reasons, including the defined terms that it incorporates (such as the term "Flag as Inappropriate Feature" which is defined in multiple ways and includes reference to a non-functional URL), and its failure to define the term "user." The interrogatory also includes statements that lack foundation and contain embedded legal conclusions. In particular, YouTube does not know how a user would know whether a clip on the service is "infringing or otherwise violating copyright laws," and does not agree that a hypothetical user would be in a position to make such a representation.

YouTube also objects to the request as overbroad to the extent it calls for information regarding clips that are not among those that Plaintiffs have identified as being at issue in this case, and unduly burdensome to the extent it calls for information regarding "all versions" of the "Flag as Inappropriate Feature" on the service. YouTube objects to the phrase "in response to the flag" as being vague and unduly burdensome. YouTube's records do not always reflect the reasons why any particular video was removed, and even when they do, the stated reasons are often not exclusive. YouTube's response to this interrogatory does not imply that videos no longer active on the service were disabled "in response" to any user-flagging protocol. The interrogatory is also impermissibly compound.

Subject to, and without waiving the foregoing or its General Objections, YouTube responds:

Users of the YouTube service do not, by virtue of using the "Flag as Inappropriate Feature," identify specific clips as raising copyright considerations. Rather, a user who utilizes the functionality, and then selects "infringes my rights" and "infringes my copyright" from subsequent drop down menus, is directed to a page that explains in detail the process under the Digital Millennium Copyright Act ("DMCA") for submitting removal requests to YouTube and that provides a convenient online form for the easy submission of such requests.

To the extent Plaintiffs seek information regarding a functionality that allowed ordinary users to identify for further review by YouTube specific clips as potentially implicating copyright considerations, such a functionality was operative on the service for a brief period in the fall of 2005. The functionality was discontinued when YouTube concluded that users were not in a position to correctly distinguish between authorized and potentially unauthorized material on the YouTube service, and in light of concerns that users would use the functionality

as a means of censorship, to seek removal of content that they found undesirable, regardless of whether it was authorized to be on the service. During the period in which the functionality was operative, YouTube has records showing that users applied it to at least 53 videos on the service as shown on Exhibit A.

**INTERROGATORY NO. 3 (SET 1):**

For each removed Video Clip identified in Your response to Interrogatories Nos. 1 and 2, state (i) whether, subsequent to the removal, You received any communications from any person claiming that the Video Clip was not a copyright violation and/or was authorized to be uploaded to YouTube, and describe those communications with specificity (including by identifying the individuals who purported to send the communication and who received them); and if so (ii) whether You subsequently restored the Video Clip to the YouTube Website and Your reasons for doing so or not doing so.

**RESPONSE TO INTERROGATORY NO. 3 (SET 1):**

Because this interrogatory builds upon the Interrogatory Nos. 1 and 2, it suffers from the same defects and is objectionable on the same grounds as they are. YouTube incorporates and restates those objections here in full.

This interrogatory is further objectionable as unduly burdensome given the millions of videos identified in response to Interrogatory No. 1. As noted, these removals and restrictions have been effected utilizing numerous different processes, and have involved a host of different people making individualized determinations in particularized circumstances. Likewise, to the extent videos have been restored on the service, they have been restored by many different people making individualized determinations in particular circumstances. YouTube has no means to identify the clips removed or restricted under the specific conditions Plaintiffs have

identified, much less to determine whether each of the millions of clips was restored on the service under the specific conditions specified by Plaintiffs, or to supply all of the additional information for any such video meeting all these conditions, to the extent such information even exists for them all. The request is oppressive.

YouTube further objects to the interrogatory on the grounds that it is overbroad because of the sheer volume of clips for which information is sought, the demand for multiple categories of detailed information for each of those millions of clips, and the fact that the overwhelming majority of removed clips are not those that Plaintiffs have identified as being at issue in this case. The interrogatory seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiffs' interrogatory is also vague and ambiguous, particularly in light of the multiple defined terms (and subparts within the defined terms) that it incorporates. The interrogatory is also impermissibly compound, relying on multi-part definitions and conjunctions to pose interrogatory upon interrogatory in this request.

Subject to, and without waiving the foregoing or its General Objections, YouTube responds:

Of the more than thirteen million video clips identified in response to Interrogatory Nos. 1 and 2, slightly less than four percent are currently active in some form on the service, as of the date the data was compiled, but their status may have changed since. Other clips may once have been restored and subsequently removed, but YouTube has no readily available means to determine that number or the identity of such videos. Still others may once have been restricted, but are no longer subject to those restrictions. Again, YouTube has no readily available means to assess that phenomenon.

Moreover, YouTube does not generally track the reasons why a particular video clip may have been restored or why restrictions on a given video may have been lifted on the YouTube service, other than in circumstances in which it receives a formal counter-notification under the DMCA.

YouTube has provided in discovery evidence of instances in which YouTube was notified or otherwise learned of information indicating that videos that were removed or restricted on the service based upon copyright considerations should not have been removed or should not have been subject to the restrictions. That evidence, however, does not necessarily reference the specific material involved, or allow YouTube to determine whether the material involved was within the universe of clips that YouTube identified in response to Interrogatory Nos. 1 and 2.

Dated: 1/11/10
New York, NY

Andrew H. Schapiro
A. John P. Mancini
Matthew D. Ingber
Brian M. Willen
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

David H. Kramer
Maura L. Rees
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants YouTube, Inc., YouTube, LLC and Google Inc.*

**VERIFICATION**

I, Micah Schaffer, have read the foregoing Amended Responses and Objections to Plaintiffs' First Set of Interrogatories. I am informed and believe that the answers therein are true and correct to the best of my knowledge, information and belief, based on information currently available to me, and on that ground verify them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 10, 2010

Micah Schaffer

# Exhibit A

| VIDEO ID | DATE |
|---|---|
| XaEZx4GM5nE | 2005-09-12 |
| XaEZx4GM5nE | 2005-09-12 |
| 7zFXq7umHEk | 2005-09-12 |
| 7CXUV3FXGSs | 2005-09-12 |
| zr853v_bxkU | 2005-09-13 |
| s0SSA2JDpTo | 2005-09-13 |
| s0SSA2JDpTo | 2005-09-13 |
| dDzbdF6-Cmw | 2005-09-14 |
| 5SNiRZ5KOGA | 2005-09-16 |
| YDzyC1RjrGc | 2005-09-17 |
| 7CXUV3FXGSs | 2005-09-18 |
| CtYnfo-1Qz4 | 2005-09-18 |
| o4rvYUJ80Vw | 2005-09-19 |
| h67STeyQHhk | 2005-09-19 |
| DxS1ny1ZZKQ | 2005-09-19 |
| FVA84sHIdQQ | 2005-09-19 |
| oaZ4blN_Xhs | 2005-09-20 |
| 4D2lBd2t48M | 2005-09-20 |
| 3d2OapilW14 | 2005-09-20 |
| 7XtJZ9YKqwo | 2005-09-20 |
| CJ42gp-1Tzy | 2005-09-21 |
| aim4MCDJDOo | 2005-09-21 |
| ds-Ogq0Izno | 2005-09-21 |
| IZ28MDgku2E | 2005-09-21 |
| _OI_OB5Nqkk | 2005-09-23 |
| 08tgta8dEBk | 2005-09-23 |
| mUKJN5w6bsM | 2005-09-23 |
| nkrWriI649c | 2005-09-23 |
| kIiH84ZomMc | 2005-09-23 |
| zrHkvQ3qMmA | 2005-09-24 |
| apDu_3WiKwo | 2005-09-24 |
| IxKCFsR_h-o | 2005-09-24 |
| PqcZ8_QzT_Q | 2005-09-24 |
| UHYZhbsDZhc | 2005-09-24 |
| 1aEJoEDs7s0 | 2005-09-24 |
| Z3CXQ3ZZMGU | 2005-09-25 |
| 4G70Y9wWX2k | 2005-09-25 |
| Bet6HRAfAtk | 2005-09-25 |
| LUfZjZn7prs | 2005-09-25 |
| 5Fflpe2P7A8 | 2005-09-25 |
| MzS02ecGtCQ | 2005-09-26 |

| VIDEO ID | DATE |
|---|---|
| L9erhKqFK9U | 2005-09-26 |
| nvlg8ysQv5I | 2005-09-26 |
| vWaW1YPZrgk | 2005-09-26 |
| j9ZZ-co6G6c | 2005-09-26 |
| uekHuFSZucE | 2005-09-26 |
| wwW0_ADwCwQ | 2005-09-26 |
| mGo2KOHDPUM | 2005-09-26 |
| 0xL6FCtBfOU | 2005-09-27 |
| UEBOItnl6OY | 2005-09-27 |
| 0_WS2O5lOqs | 2005-09-27 |
| 0nbgoyzTBWc | 2005-09-27 |
| zTwq5XyE-Ls | 2005-09-28 |