ANDREW H. SCHAPIRO
A. JOHN P. MANCINI
MATTHEW D. INGBER
BRIAN M. WILLEN
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

DAVID H. KRAMER
MAURA L. REES
MICHAEL H. RUBIN
BART E. VOLKMER
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants YouTube, Inc.,
YouTube, LLC and Google Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
THE FOOTBALL ASSOCIATION PREMIER  :
LEAGUE LIMITED and BOURNE CO., et al., on :
Behalf of themselves and all others similarly  :  07 Civ. 3582 (LLS)
Situated,  :  (related case no. 07 Civ. 2103 (LLS))
 :
Plaintiffs,  :
 :
v.  :  **DEFENDANTS' "HIGHLY
 :  CONFIDENTIAL" RESPONSES
 :  AND OBJECTIONS TO
YOUTUBE, INC., YOUTUBE, LLC and  :  PLAINTIFFS' SECOND SET
GOOGLE INC.,  :  OF INTERROGATORIES**
 :
Defendants.  :
 :
-----------------------------------------------------------x

**\*\* HIGHLY CONFIDENTIAL \*\***

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rules 26.3 and 33.3 of the Local Civil Rules, defendants YouTube, Inc., YouTube, LLC and Google Inc. (collectively, "YouTube") by its attorneys, hereby responds and objects to Plaintiffs' Second Set of Interrogatories as follows:

## DEFINITION

All definitions and rules of instructions set forth in Federal Rules of Civil Procedure 26 and 34, and the Uniform Definitions set forth in Local Civil Rules 26.3(c) and (d) shall apply herein, as well as the following additional definition:

1. "Plaintiffs" means, collectively all plaintiffs in this action and in the *Viacom* Action.

## GENERAL OBJECTIONS

A. YouTube objects to each interrogatory, definition, and instruction contained in the Interrogatories to the extent that any interrogatory, definition, or instruction purports to impose obligations greater than those imposed by the Federal Rules of Civil Procedure and/or any applicable Local Rules for the Southern District of New York.

B. YouTube objects to each interrogatory to the extent that it is duplicative of Plaintiffs' document requests.

C. YouTube's response to any interrogatory is not an admission or acknowledgement that such interrogatory calls for information that is relevant to the subject matter of this action, and it is without prejudice to YouTube's right to contend at trial or in any other or subsequent proceeding in this action that such response is inadmissible, irrelevant, and/or not the proper basis for discovery.

\*\* HIGHLY CONFIDENTIAL \*\*

D.  YouTube objects to each interrogatory to the extent that it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence.

E.  YouTube objects to each interrogatory, definition, and instruction contained in the Interrogatories to the extent that any interrogatory, definition, or instruction contains inaccurate, incomplete, or misleading descriptions of facts, persons, or events underlying this litigation.

F.  YouTube objects to each interrogatory to the extent that it calls for the production of material protected from discovery by the attorney-client or attorney work-product privileges, or any other applicable evidentiary privilege. YouTube does not waive, and does not intend to waive, its attorney-client or work-product privileges in its response to these Interrogatories. To the extent that any privileged information is provided inadvertently, YouTube reserves (i) its privileges with respect to such information; (ii) its right to object to the use of such information; and (iii) its right to object to the admissibility of such information.

G.  YouTube objects to each interrogatory to the extent that it calls for the production of information in the possession, custody, or control of persons or entities other than YouTube. YouTube has produced and will produce only documents and information in its possession, custody, or control.

H.  YouTube objects to each interrogatory to the extent that it seeks cumulative or duplicative information.

I.  YouTube objects to each interrogatory to the extent that it is overbroad, unduly burdensome, vague, ambiguous, or oppressive.

J.  YouTube reserves the right to rely, at the time of trial or in other proceedings in this action, upon evidence in addition to that provided in the responses to the Interrogatories

** HIGHLY CONFIDENTIAL **

regardless of whether, *inter alia*, any evidence is newly discovered or is currently in existence. YouTube is continuing its investigation, and the information provided is true and correct to YouTube's best knowledge at this particular time, but it is subject to correction and modification as new facts are discovered. To the extent that YouTube does discover additional information responsive to the Interrogatories, discovers that any response herein is incorrect, or discovers information that would make any of the responses herein incorrect, YouTube will supplement or amend those responses pursuant to Rules 26(e) and 33.

K. YouTube further objects to each interrogatory to the extent that is exceeds the permissible scope of discovery under Local Rule 33.3(b) (as interpreted by Plaintiffs in their responses to YouTube's interrogatories) in that it is not a "more practical method of obtaining the information sought than a request for production or a deposition."

L. YouTube objects to all of the interrogatories on the ground that they seek information that: (i) is equally known and/or accessible to Plaintiffs; (ii) may not exist; or (iii) is not retrievable.

M. The foregoing general objections shall be considered as made, to the extent applicable, in response to each of the interrogatories, as if the objections were fully set forth in each response.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

YouTube objects to the Definitions and Instructions set forth in Plaintiffs' Second Set of Interrogatories as follows:

N. YouTube objects to the definition of "Defendant," Defendants," "You," or "Your," and "YouTube" to the extent such definition is overbroad and purports to include individuals and entities over whom YouTube does not exercise control, such as third parties and former employees, or from whom the collection of information responsive to these

4

interrogatories would be unduly burdensome and costly. YouTube further objects to this definition to the extent it purports to require YouTube to produce information from YouTube's in-house and outside legal counsel that is protected by the attorney-client privilege or that would be harassing and unduly burdensome to collect and produce.

O.  YouTube objects to the definition of "Advertisement" and "Advertisements" because it is vague and ambiguous, including with respect to it its use of the terms "any advertisement or other marketing material," "present on the YouTube Website," "video overlay advertisements," "rich text format advertisements," "any other form of display advertisements," "download links to itunes, amazon.com, or any other retailer," and "any other marketing material on the YouTube website in any form whatsoever." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

P.  YouTube objects to the definition of "Advertiser" because it is vague and ambiguous, including with respect to its use of the terms "product, service, event or any other thing" and "being promoted or marketed." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

Q.  YouTube objects to the definition of "YouTube Website" because it is vague and ambiguous, including with respect to its use of the terms "any version of that website," "at any time," and "in any geographic location." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

R.  YouTube objects to Exhibit A to the Plaintiffs' Second Set of Interrogatories on the ground that the terms contained therein are overbroad, vague, and ambiguous. YouTube also objects to Exhibit A on the ground that it is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube

5

** HIGHLY CONFIDENTIAL **

interrogatories would be unduly burdensome and costly. YouTube further objects to this definition to the extent it purports to require YouTube to produce information from YouTube's in-house and outside legal counsel that is protected by the attorney-client privilege or that would be harassing and unduly burdensome to collect and produce.

O.  YouTube objects to the definition of "Advertisement" and "Advertisements" because it is vague and ambiguous, including with respect to it its use of the terms "any advertisement or other marketing material," "present on the YouTube Website," "video overlay advertisements," "rich text format advertisements," "any other form of display advertisements," "download links to itunes, amazon.com, or any other retailer," and "any other marketing material on the YouTube website in any form whatsoever." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

P.  YouTube objects to the definition of "Advertiser" because it is vague and ambiguous, including with respect to its use of the terms "product, service, event or any other thing" and "being promoted or marketed." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

Q.  YouTube objects to the definition of "YouTube Website" because it is vague and ambiguous, including with respect to its use of the terms "any version of that website," "at any time," and "in any geographic location." YouTube further objects to this definition to the extent it would render the interrogatories overbroad and unduly burdensome.

R.  YouTube objects to Exhibit A to the Plaintiffs' Second Set of Interrogatories on the ground that the terms contained therein are overbroad, vague, and ambiguous. YouTube also objects to Exhibit A on the ground that it is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube

further objects to the Exhibit A on the ground that it was included for a harassing, vexatious and oppressive purpose.

S. YouTube objects to the instruction that purports to require YouTube to "detail what you did to attempt to secure the unknown additional information" because it is vague and ambiguous and because such an instruction exceeds the scope of the obligations of a responding party as set forth in Federal Rule of Civil Procedure 33.

T. YouTube objects to the instruction that purports to require YouTube to respond to the interrogatories with information dating from "April 15, 2005 through the present" to the extent such an instruction renders the interrogatories unduly burdensome or harassing. YouTube further objects to this instruction to the extent it violates the parties' agreement as to the time period applicable to responses to discovery requests in this litigation.

## RESPONSES AND OBJECTIONS

Subject to and without waiving any of the foregoing General Objections and Objections to Definitions and Instructions, which apply to each interrogatory as if set forth fully below, YouTube makes the following specific responses and objections:

## INTERROGATORY NO. 1 (SET 2):

For each YouTube video identified by Plaintiffs as an alleged infringement of a work-in-suit, state whether or not an Advertisement appeared on any watch page for that YouTube video (whether viewed in the U.S. or elsewhere), and identify the type of Advertisement and the Advertiser.

## RESPONSE TO INTERROGATORY NO. 1 (SET 2):

YouTube objects to this interrogatory to the extent it seeks information that is not within its possession, custody, and control and cannot be ascertained from its business records. YouTube objects to this interrogatory because, to the extent this interrogatory seeks information

6

** HIGHLY CONFIDENTIAL **

within YouTube's possession, custody, or control, the information sought is not readily accessible to YouTube without excessive burden and cost. YouTube objects to this interrogatory as overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. YouTube objects to this interrogatory to the extent it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube objects to this interrogatory because it is compound and the number of its distinct subparts exceeds 25. YouTube objects to this interrogatory because it is vague and ambiguous, including in its use of the terms "Advertisement," "appeared," "type of Advertisement," and "Advertiser."

Subject to the foregoing objections and YouTube's general objections, YouTube responds that advertisements did not appear on watch pages associated with user-uploaded video clips until many months after the YouTube service first began, and ceased to appear on or about January 1, 2007. To the extent that user-uploaded video clips alleged as infringements by Plaintiffs ("clips-in-suit") were not present on the YouTube service during a time period during which such advertisements were shown, it is YouTube's belief that no advertisements appeared on watch pages for those video clips.

During its history, YouTube has used third-party online advertising services and remnant advertising networks that might be or have been the exclusive repository of the information sought by this interrogatory. To the extent that YouTube or Google have in their possession information about whether advertisements appeared on watch pages for clips-in-suit, the type of such advertisements, and the identity of the advertiser associated with such advertisements, YouTube is still in the process of analyzing that data and will provide a supplemental response reflecting the results of that process, if and as warranted.

7

** HIGHLY CONFIDENTIAL **

## INTERROGATORY NO. 2 (SET 2):

For any Advertisement identified in response to Interrogatory No. 1 above, state whether or not the Advertisement was targeted to any particular kind or kinds of content, and state how it was so targeted.

## RESPONSE TO INTERROGATORY NO. 2 (SET 2):

YouTube objects to this interrogatory to the extent it seeks information that is not within its possession, custody, and control and cannot be ascertained from its business records. YouTube objects to this interrogatory because, to the extent this interrogatory seeks information within YouTube's possession, custody, or control, the information sought is not readily accessible to YouTube without excessive burden and cost. YouTube objects to this interrogatory as overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. YouTube objects to this interrogatory because it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube objects to this interrogatory because it is vague and ambiguous, including in its use of the terms and phrases "targeted," "kind or kinds of content," and "how it was so targeted."

Subject to the foregoing objections and YouTube's general objections, YouTube responds that advertisements on the YouTube service are targeted exclusively based on text-based elements, and thus are not targeted based on the actual content of videos present on the service.

## INTERROGATORY NO. 3 (SET 2):

State whether any Advertisements have ever been targeted to any of the search terms (or any part thereof, including the use of any of these search terms as part of a larger search phrase,

** HIGHLY CONFIDENTIAL **

and including any misspellings of these search terms) used on the search tool on the YouTube website that are listed in Exhibit A to these interrogatories, and identify the type of Advertisement and the Advertiser.

**RESPONSE TO INTERROGATORY NO. 3 (SET 2):**

YouTube objects to this interrogatory to the extent it seeks information that is not within its possession, custody, and control and cannot be ascertained from its business records. YouTube objects to this interrogatory because, to the extent this interrogatory seeks information within YouTube's possession, custody, or control, the information sought is not readily accessible to YouTube without excessive burden and cost. YouTube objects to this interrogatory as overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. YouTube objects to this interrogatory because it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube objects to this interrogatory because it is compound and the number of its distinct subparts exceeds 25. YouTube objects to this interrogatory because it is vexatious and harassing. YouTube objects to this interrogatory because it is vague and ambiguous, including in its use of the terms "targeted to any of the search terms," "misspellings," "used on the search tool," "type of Advertisement," and "Advertiser."

**INTERROGATORY NO. 4 (SET 2):**

For each YouTube video identified by Plaintiffs as an alleged infringement of a work-in-suit, state whether that video has ever been promoted or featured by YouTube anywhere on the YouTube website, including but not limited to being promoted or featured on the Featured Videos, Most Popular, Promoted Videos, Videos Being Watched Now, Spotlight, Recommended

** HIGHLY CONFIDENTIAL **

or Recommended for You features on the YouTube website, and if so, state which feature and when it was featured.

**RESPONSE TO INTERROGATORY NO. 4 (SET 2):**

YouTube objects to this interrogatory to the extent it seeks information that is not readily accessible to YouTube without excessive burden and cost. YouTube objects to this interrogatory as overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. YouTube objects to this interrogatory because it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube objects to this interrogatory because it is compound and the number of its distinct subparts exceeds 25. YouTube objects to this interrogatory because it is vague and ambiguous, including in its use of the terms "promoted," "featured," and "when it was featured."

Notwithstanding and without waiving any of the foregoing objections or its General Objections, YouTube responds that, based on the information reasonably available to YouTube, the only videos identified by Plaintiffs as an alleged infringement of a work-in-suit that have ever been promoted or featured by YouTube are the following:

| Video ID | Feature | Date Featured |
|---|---|---|
| YYeJEFa-xCA | YouTube homepage | On or about Sep. 19, 2006 |
| HPB9tq7f_1k | YouTube homepage | On or about Feb. 17, 2007 |

**INTERROGATORY NO. 5 (SET 2):**

Identify the categories of information Defendants have prompted or required YouTube users to provide when they upload a video to the YouTube website (such as title, tags,

10

\*\* **HIGHLY CONFIDENTIAL** \*\*

description, category, etc.), and describe how those categories of information, including but not limited to whether those categories have been prompted or required, have changed over time.

**RESPONSE TO INTERROGATORY NO. 5 (SET 2):**

YouTube objects to this interrogatory to the extent it seeks information that is not readily accessible to YouTube without excessive burden and cost. YouTube objects to this interrogatory as overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. YouTube objects to this interrogatory because it seeks information that is neither relevant to the claims or defenses in this action nor reasonably calculated to lead to the discovery of admissible evidence. YouTube objects to this interrogatory because it is compound and the number of its distinct subparts exceeds 25. YouTube objects to this interrogatory because it is vague and ambiguous, including in its use of the terms "YouTube users," "categories of information," "prompted or required YouTube users to provide," "whether those categories have been prompted or required," and "changed over time."

Notwithstanding and without waiving any of the foregoing objections or its General Objections, YouTube responds that, based on the information reasonably available to it at present, in addition to the information YouTube collects from its users upon registration and at various other times and places during their use of the YouTube service, YouTube has collected the following unverified information from general registered users upon the upload of videos beginning approximately on the dates indicated:

| *Information Collected From Users When Uploading a Video* | *Approximate Date Collection Began* |
|---|---|
| provide keywords | 2005 |
| provide title | 2005 |
| provide description | 2005 |
| option to select 1-3 video categories (e.g., "autos," "how-to," etc.) | 2005 |
| option to set video as private | 2005 |

11

**\*\* HIGHLY CONFIDENTIAL \*\***

| Information Collected From Users When Uploading a Video | Approximate Date Collection Began |
| --- | --- |
| define a list of contacts to share with if private video | 2005 |
| option to select 1-3 categories changed to just 1 category | 2006 (approx. June) |
| option to specify video language | 2007 (approx. August) |
| option to specify location video recorded using Google Maps | 2007 (approx. June) |
| option to specify date on which video was recorded | 2007 (approx. June) |
| option to disallow comments or moderate comments | 2007 (approx. June) |
| option to disallow ratings | 2007 (approx. June) |
| option to disallow or moderate responses | 2007 (approx. June) |
| option to disallow embedding | 2007 (approx. June) |
| option to disallow viewing on mobile phones | 2007 (approx. October) |
| option to disallow comment ratings | 2007 (approx. November) |

YouTube is not currently aware of further changes that were made to the categories of information collected by YouTube from general registered users at the time of video upload through June 2008.

Dated: 1/11/2010
New York, NY

Andrew H. Schapiro
A. John P. Mancini
Matthew D. Ingber
Brian M. Willen
MAYER BROWN LLP
1675 Broadway
New York, New York 10019
(212) 506-2500

David H. Kramer
Maura L. Rees
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants YouTube, Inc., YouTube, LLC and Google Inc.*

** HIGHLY CONFIDENTIAL **

# VERIFICATION

I, Jake McGuire, have read the foregoing Responses and Objections to Plaintiffs' Second Set of Interrogatories. I am informed and believe that the answers therein are true and correct to the best of my knowledge, information and belief, based on information currently available to me, and on that ground verify them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: January 8, 2010

_____
Jake McGuire