UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

VIACOM INTERNATIONAL, INC., COMEDY )
PARTNERS, COUNTRY MUSIC            )
TELEVISION, INC., PARAMOUNT        )
PICTURES CORPORATION, and BLACK    )
ENTERTAINMENT TELEVISION, LLC,     )
                                   )
            Plaintiffs,            )
                                   )
vs.                                ) NO. 07-CV-2203
                                   )
YOUTUBE, INC., YOUTUBE, LLC,       )
and GOOGLE, INC.,                  )
                                   )
            Defendants.            )
_____)
                                   )
THE FOOTBALL ASSOCIATION PREMIER   )
LEAGUE LIMITED, BOURNE CO., et al.,)
on behalf of themselves and all    )
others similarly situated,         )
                                   )
            Plaintiffs,            )
vs.                                ) NO. 07-CV-3582
                                   )
YOUTUBE, INC., YOUTUBE, LLC, and   )
GOOGLE, INC.,                      )
                                   )
            Defendants.            )
_____)

VIDEOTAPED DEPOSITION OF ERIC SCHMIDT
SAN FRANCISCO, CALIFORNIA
WEDNESDAY, MAY 6, 2009

JOB NO. 16802

0611427e-a8ec-4699-84bb-0365a16d42d4

1                    MAY 6, 2009

2                      9:14 a.m.

3

4        VIDEOTAPED DEPOSITION OF ERIC SCHMIDT,

5        held at the offices of WILSON, SONSINI,

6        GOODRICH & ROSATI, 601 California Avenue,

7        Palo Alto, California, pursuant to notice,

8        before ANDREA M. IGNACIO HOWARD, CLR, CCRR, RPR,

9        CSR License No. 9830.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

0611427e-a8ec-4699-84bb-0365a16d42d4

```
1       A P P E A R A N C E S:

2

3          FOR THE PLAINTIFFS VIACOM INTERNATIONAL, INC.:

4               JENNER & BLOCK, LLP

5               By:  SUSAN J. KOHLMANN, Esq.

6               1099 New York Avenue, NW, Suite 900

7               Washington, D.C. 20001

8               (202) 639-6000  skohlmann@jenner.com

9

10         FOR THE LEAD PLAINTIFFS AND PROSPECTIVE CLASS:

11              PROSKAUER ROSE, LLP

12              By:  TANYA L. FORSHEIT, Esq.

13              2049 Century Park East, Suite 3200

14              Los Angeles, California 90067-3206

15              (310) 284-4508  sforsheit@proskauer.com

16

17        FOR THE PLAINTIFFS VIACOM INTERNATIONAL INC.:

18              SHEARMAN & STERLING, LLP

19              By:  STUART J. BASKIN, Esq.

20                   SEAN T. STRAUSS, Esq. (San Francisco)

21              599 Lexington Avenue

22              New York, New York 10022-6069

23              (212) 848-4000  stuart.baskin@shearman.com

24

25
```

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 4

1                        SCHMIDT, ERIC

2        A P P E A R A N C E S   (Continued.)

3

4          FOR THE DEFENDANTS YOUTUBE, INC., YOUTUBE, LLC and

5          GOOGLE, INC.:

6               MAYER BROWN, LLP

7               By:  JOHN MANCINI, Esq.

8                    DAVID H. MCGILL, Esq.

9               1675 Broadway

10              New York, New York 10019-5820

11              (212) 506-2279   jmancini@mayerbrownrowe.com

12

13         ALSO PRESENT:

14              GOOGLE

15              By:  KENT WALKER, Esq.

16                   CATHERINE LACAVERA, Esq.

17              1600 Amphitheater Parkway

18              Mountain View, California 94043

19              (650) 214-4879

20

21              KEN REESER, Videographer.

22

23                        ---oOo---

24

25

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 5

| | | |
|---|---|---|
| | 1 | SCHMIDT, ERIC |
| | 2 | PALO ALTO, CALIFORNIA |
| | 3 | WEDNESDAY, MAY 6, 2009, 9:14 A.M. |
| | 4 | |
| | 5 | |
| 09:14:24 | 6 | THE VIDEOGRAPHER:  Good morning. |
| 09:14:25 | 7 | Today's videotaped deposition of Eric Schmidt |
| 09:14:28 | 8 | is taken on May 6th, 2009, at 601 California Avenue, |
| 09:14:36 | 9 | Palo Alto, California. |
| 09:14:38 | 10 | In the matter of Viacom International, |
| 09:14:38 | 11 | et al., vs. YouTube, Incorporated, et al., and The |
| 09:14:38 | 12 | Football Association Premier League Limited, et al., |
| 09:14:38 | 13 | vs. YouTube, Incorporated. |
| 09:14:49 | 14 | Case Nos. 07-CV-2203 and 07-CV-3582.  In the |
| 09:15:01 | 15 | U.S. District Court for the Southern District of |
| 09:15:03 | 16 | New York. |
| 09:15:04 | 17 | My name is Ken Reeser.  I represent David |
| 09:15:07 | 18 | Feldman Worldwide, located at 600 Anton Boulevard, |
| 09:15:13 | 19 | Suite 1100, Costa Mesa, California. |
| 09:15:15 | 20 | We are now commencing at 9:14 a.m. |
| 09:15:17 | 21 | Will all present please identify themselves, |
| 09:15:21 | 22 | beginning with the witness. |
| 09:15:22 | 23 | THE WITNESS:  Eric Schmidt. |
| 09:15:24 | 24 | MR. MANCINI:  John Mancini, Mayer Brown, for |
| 09:15:26 | 25 | defendants Google and YouTube. |

0611427e-a8ec-4699-84bb-0365a16d42d4

|          |    |                                          |
|----------|----|------------------------------------------|
|          | 1  | SCHMIDT, ERIC |
| 09:15:29 | 2  | MR. MCGILL:  David McGill, also from Mayer |
| 09:15:32 | 3  | Brown, for the defendants. |
| 09:15:33 | 4  | MR. WALKER:  Kent Walker, Google. |
| 09:15:35 | 5  | MS. LACAVERA:  Catherine Lacavera, Google. |
| 09:15:40 | 6  | MR. BASKIN:  Stuart Baskin, Shearman & |
| 09:15:42 | 7  | Sterling, for Viacom. |
| 09:15:42 | 8  | MR. STRAUSS:  Sean Strauss, Shearman & |
| 09:15:43 | 9  | Sterling, for Viacom. |
| 09:15:43 | 10 | MS. KOHLMANN:  Susan Kohlmann, Jenner & |
| 09:15:45 | 11 | Block, for Viacom. |
| 09:15:48 | 12 | MS. FORSHEIT:  Tanya Forsheit, Proskauer |
| 09:15:53 | 13 | Rose, for The Premier League and The Class. |
| 09:15:53 | 14 | THE VIDEOGRAPHER:  Thank you. |
| 09:15:54 | 15 | Would the court reporter please swear in the |
| 09:15:56 | 16 | witness. |
| 09:15:56 | 17 | ERIC SCHMIDT, |
| 09:15:56 | 18 | having been sworn as a witness testified as follows: |
| 09:15:56 | 19 | |
| 09:16:07 | 20 | EXAMINATION BY MR. BASKIN |
| 09:16:07 | 21 | MR. BASKIN:  Good morning, sir. |
| 09:16:13 | 22 | Q   Did you have the opportunity to prepare for |
| 09:16:15 | 23 | this deposition? |
| 09:16:16 | 24 | A   I did. |
| 09:16:17 | 25 | Q   And how long did you prepare for the |

|          |    |                                                 |
|----------|----|-------------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                   |
| 09:16:18 | 2  | deposition?                                     |
| 09:16:21 | 3  | A    Yesterday, a few hours.                    |
| 09:16:23 | 4  | Q    Now, I assume you have e-mail service on your |
| 09:16:31 | 5  | computer at Google?                             |
| 09:16:32 | 6  | A    I do.                                       |
| 09:16:33 | 7  | Q    How many computers do you have, by the way? |
| 09:16:36 | 8  | I'm impressed with all the computers in the room.  How |
| 09:16:39 | 9  | many computers do you have?                     |
| 09:16:40 | 10 | A    Me personally, probably 30.               |
| 09:16:41 | 11 | Q    And over the course of these 30 computers, do |
| 09:16:47 | 12 | you frequently e-mail during the course of the day? |
| 09:16:49 | 13 | A    I do.                                       |
| 09:16:52 | 14 | Q    Did you participate in gathering documents |
| 09:16:56 | 15 | for -- or your e-mails in connection with this  |
| 09:16:59 | 16 | litigation?                                      |
| 09:17:01 | 17 | MR. MANCINI:  Objection to form.                |
| 09:17:03 | 18 | MR. BASKIN:  Q.  Did you play any role in       |
| 09:17:04 | 19 | collecting your e-mails or other documents for this |
| 09:17:06 | 20 | litigation?                                      |
| 09:17:07 | 21 | MR. MANCINI:  Objection to form.                |
| 09:17:08 | 22 | THE WITNESS:  I -- yes.                         |
| 09:17:10 | 23 | MR. BASKIN:  Q.  What did you do, sir?          |
| 09:17:17 | 24 | A    I was given what I believe is a protective |
| 09:17:21 | 25 | order, is what it's called, and I followed that. |

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 8

```
                    1                    SCHMIDT, ERIC
09:17:25            2          Q    And did you make the selection yourself as to
09:17:29            3      what is produceable in this litigation?
09:17:31            4                MR. MANCINI:  Objection to form.
09:17:32            5                THE WITNESS:  No.
09:17:37            6                MR. BASKIN:  Q.  You made it in conjunction
09:17:38            7      with somebody else?
09:17:41            8                MR. MANCINI:  Objection to form.
09:17:42            9                THE WITNESS:  Yes.
09:17:42           10                MR. BASKIN:  Okay.
09:17:43           11          Q    And with whom did you make the decision as to
09:17:47           12      what is produceable in this litigation?
09:17:50           13                MR. MANCINI:  Objection to form.
09:17:52           14                THE WITNESS:  I'm not sure I understand the
09:17:54           15      question very well, because you're using a precise
09:17:57           16      word, which is jointly producing something.
09:18:00           17                MR. BASKIN:  Okay.  Well let me -- let me --
09:18:02           18      let me show you what -- let's mark as Schmidt
09:18:07           19      Exhibit 1.
09:18:07           20                (Document marked Schmidt Exhibit 1
09:18:10           21                 for identification.)
09:18:10           22                MR. BASKIN:  I'll pass these out to the gang.
09:18:21           23                MR. MANCINI:  The court reporter will hand it
09:18:22           24      to you.
09:18:23           25                MR. BASKIN:  And let me hand you Schmidt
```

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 17

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                            |
| 09:28:36 | 2  | related to this case but none that are related to this   |
| 09:28:40 | 3  | case?                                                    |
| 09:28:40 | 4  | MR. MANCINI:  Objection; lacks foundation.               |
| 09:28:42 | 5  | THE WITNESS:  Some people have permanent data            |
| 09:28:51 | 6  | stores of all communications for their whole lives.      |
| 09:28:55 | 7  | Other people over time either delete or lose some of     |
| 09:29:01 | 8  | that e-mail.                                             |
| 09:29:03 | 9  | It has been my practice for 30 years to not              |
| 09:29:05 | 10 | retain my e-mails unless asked specifically.             |
| 09:29:11 | 11 | There are other people who would have copies             |
| 09:29:13 | 12 | of e-mails that I had sent, for example, in 2005, that   |
| 09:29:20 | 13 | you might find an e-mail that I sent to them that        |
| 09:29:23 | 14 | would not be in my copy but might be in their copy.      |
| 09:29:27 | 15 | MR. BASKIN:  Q.  Now, do I understand that it            |
| 09:29:34 | 16 | has been your practice for -- strike that.               |
| 09:29:37 | 17 | For 30 years, for how long have you preserved            |
| 09:29:43 | 18 | your e-mails before they are deleted?                    |
| 09:29:47 | 19 | MR. MANCINI:  Objection to form; objection to            |
| 09:29:49 | 20 | the characterization of the testimony.                   |
| 09:29:50 | 21 | THE WITNESS:  That's not what I said, so...              |
| 09:29:53 | 22 | MR. BASKIN:  Okay.                                        |
| 09:29:53 | 23 | Q   I thought you told me if not -- I'm not              |
| 09:29:56 | 24 | fencing with you.  I just want to know the answer.       |
| 09:29:56 | 25 | You said that --                                         |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 18

```
                    1                    SCHMIDT, ERIC
09:29:58            2         A    Yeah.
09:29:58            3         Q    -- I thought you said that for 30 years it's
09:30:01            4    been your practice not to preserve or to delete
09:30:05            5    e-mails?
09:30:05            6         MR. MANCINI:  Objection to form; objection to
09:30:07            7    the characterization of the testimony.
09:30:09            8         MR. BASKIN:  Q.  Is that accurate?
09:30:10            9         A    Again, I'll answer the question previously
09:30:14           10    asked, which was it has been my practice to not keep
09:30:16           11    my e-mails.
09:30:17           12         Q    And is this on some sort of automatic system
09:30:20           13    where they are deleted in the ordinary course over
09:30:24           14    some ordinary period of time?
09:30:25           15         MR. MANCINI:  Objection to form; objection,
09:30:26           16    lacks foundation.
09:30:27           17         THE WITNESS:  Depending on the e-mail system
09:30:29           18    and the company and so forth, the answer would vary.
09:30:32           19         MR. BASKIN:  Okay.
09:30:32           20         Q    Well, let's take Google in 2005.  What was
09:30:41           21    your practice then as to the length of time in which
09:30:44           22    you preserved your e-mails before they were deleted?
09:30:47           23         MR. MANCINI:  Objection to form.
09:30:48           24         THE WITNESS:  It was my practice to delete or
09:30:52           25    otherwise cause the e-mails that I had read to go away
```

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022   (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 19

|  |  |  |
|--|--|--|
| | 1 | SCHMIDT, ERIC |
| 09:30:56 | 2 | as quickly as possible. |
| 09:30:57 | 3 | MR. BASKIN:  Q.  Within days? |
| 09:31:01 | 4 | A   Yes. |
| 09:31:01 | 5 | Q   And I assume that practice carried over to |
| 09:31:11 | 6 | 2006 and 2007 and 2008? |
| 09:31:13 | 7 | MR. MANCINI:  Objection; lacks foundation. |
| 09:31:14 | 8 | THE WITNESS:  In -- again, without the |
| 09:31:21 | 9 | specific dates, in principle, yes. |
| 09:31:24 | 10 | MR. BASKIN:  Q.  Now, when the lawsuit was |
| 09:31:28 | 11 | filed in February 2007, did anyone instruct you that |
| 09:31:36 | 12 | you should preserve your e-mails relevant to the |
| 09:31:41 | 13 | litigation? |
| 09:31:44 | 14 | Excuse me.  As of -- excuse me.  As of the |
| 09:31:47 | 15 | filing of this complaint, which is March of 2007, did |
| 09:31:50 | 16 | anyone instruct you to preserve your e-mails that |
| 09:31:53 | 17 | might be relevant to this litigation? |
| 09:31:54 | 18 | MR. MANCINI:  Objection to the extent it |
| 09:31:55 | 19 | calls for a privileged communication. |
| 09:31:58 | 20 | THE WITNESS:  I want to be careful not to |
| 09:32:04 | 21 | discuss a legal conversation that I had. |
| 09:32:08 | 22 | You used a precise month.  A -- a clear -- a |
| 09:32:14 | 23 | clear and precise answer would be that I did change my |
| 09:32:16 | 24 | practice after this lawsuit was filed and I was |
| 09:32:20 | 25 | notified. |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 65

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                          |
| 10:26:34 | 2  | MR. BASKIN:  Q.  And do you recall whether             |
| 10:26:36 | 3  | Mr. Drummond's various numbers were reduced to writing |
| 10:26:42 | 4  | for the board or were they only communicated orally?   |
| 10:26:44 | 5  | MR. MANCINI:  Objection to form; objection to          |
| 10:26:46 | 6  | the characterization of the testimony.                 |
| 10:26:46 | 7  | THE WITNESS:  I have no recollection of how            |
| 10:26:48 | 8  | they were communicated, but certainly verbally at a    |
| 10:26:53 | 9  | minimum.                                               |
| 10:26:54 | 10 | MR. BASKIN:  Q.  Now, you are aware, I                 |
| 10:26:56 | 11 | assume, that the acquisition agreement contains an     |
| 10:27:03 | 12 | indemnification provision relating to copyright        |
| 10:27:06 | 13 | lawsuits?                                              |
| 10:27:06 | 14 | MR. MANCINI:  Objection; lacks foundation.             |
| 10:27:08 | 15 | THE WITNESS:  I am aware of what I'm going to          |
| 10:27:14 | 16 | call a holdback.  I don't know the details of exactly  |
| 10:27:19 | 17 | the terms of the holdback, but it is my understanding  |
| 10:27:22 | 18 | that it includes areas of copyright.                   |
| 10:27:25 | 19 | MR. BASKIN:  Q.  And was that discussed by             |
| 10:27:29 | 20 | the board in and around October 9, 2006?               |
| 10:27:32 | 21 | A   Yes.                                               |
| 10:27:32 | 22 | MR. MANCINI:  Objection to form.                       |
| 10:27:33 | 23 | THE WITNESS:  Yes.                                     |
| 10:27:33 | 24 | MR. BASKIN:  Q.  And do you remember that              |
| 10:27:34 | 25 | discussion, sir?                                       |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022   (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 66

1              SCHMIDT, ERIC

10:27:35    2              MR. MANCINI:  Objection to form.

10:27:36    3              THE WITNESS:  No.

10:27:39    4              MR. BASKIN:  Q.  Was it a factor in your

10:27:45    5      mind, in recommending the transaction, that there was

10:27:47    6      a holdback provision to protect Google in the event of

10:27:52    7      copyright infringement lawsuits?

10:27:53    8              MR. MANCINI:  Objection to form; and

10:27:54    9      objection to the extent it seeks communications from

10:27:58   10      counsel, to which I instruct the witness not to

10:28:00   11      answer.

10:28:00   12              THE WITNESS:  It is common for us to have a

10:28:02   13      holdback, and this holdback was -- sorry.  Let me say

10:28:10   14      it more concretely.

10:28:11   15              It is -- when we do -- we do loss of

10:28:15   16      acquisitions, it is common to have a holdback for

10:28:17   17      legal issues, surprises and what have you.

10:28:23   18              My judgment was this holdback was sort of in

10:28:26   19      the ballpark, and that's the level of conversation

10:28:28   20      that I recall.

10:28:29   21              MR. BASKIN:  Q.  Now, give me one second,

10:28:50   22      sir.  I want to collect my thoughts, because we may be

10:28:52   23      able to jump ahead a little bit.

10:28:55   24          A   Sure.

10:29:02   25              THE WITNESS:  May I give this back to you?

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 74

```
              1                        SCHMIDT, ERIC
10:38:05      2              MR. MCGILL:  I'm fine.  Thank you.
10:38:06      3              MR. BASKIN:  Q.  Most importantly, would you
10:38:06      4     like one, sir?
10:38:09      5         A   I'm fine.
10:38:09      6         Q   You okay?  Okay.
10:38:09      7         A   Thank you.
10:38:14      8         Q   Prior to Google's purchase of YouTube, did
10:38:19      9     you ever hear a Google executive complain that YouTube
10:38:26     10     was competing unfairly because of the way it dealt
10:38:30     11     with copyrighted material on its site?
10:38:33     12              MR. MANCINI:  Objection; lacks foundation;
10:38:35     13     and objection to the form to the extent it seeks a
10:38:37     14     legal conclusion.
10:38:38     15              THE WITNESS:  I'm trying to think.
10:38:50     16              I don't recall.  I mean, I may -- someone may
10:38:55     17     have said something, but it would have been in general
10:38:59     18     terms.  It wouldn't have been with the specificity of
10:39:02     19     your question.
10:39:03     20              MR. BASKIN:  Q.  Well, did you ever hear any
10:39:08     21     Google executives criticize YouTube because of the way
10:39:11     22     it dealt with copyright issues --
10:39:15     23              MR. MANCINI:  Same objections.
10:39:16     24              MR. BASKIN:  Q.  -- prior to your acquisition
10:39:17     25     of it?
```

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022   (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 75

|          |    |                                              |
|----------|----|----------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                |
| 10:39:17 | 2  | MR. MANCINI:  Same objections.               |
| 10:39:19 | 3  | THE WITNESS:  Again, I recall complaints     |
| 10:39:27 | 4  | about YouTube having different policies, but not |
| 10:39:31 | 5  | specific in the way you asked your question. |
| 10:39:36 | 6  | MR. BASKIN:  Q.  Well, did you ever read an  |
| 10:39:39 | 7  | internal Google document in which a Google executive |
| 10:39:44 | 8  | criticized YouTube because of the way it dealt with |
| 10:39:47 | 9  | copyright issues?                            |
| 10:39:47 | 10 | MR. MANCINI:  Objection; lacks foundation;   |
| 10:39:50 | 11 | calls for a legal conclusion; and objection to form. |
| 10:39:52 | 12 | THE WITNESS:  I may have.  I don't -- I don't |
| 10:39:55 | 13 | recall specifics.                            |
| 10:39:56 | 14 | MR. BASKIN:  Q.  Do you remember being told  |
| 10:40:12 | 15 | by a senior Google executive that a large part of |
| 10:40:20 | 16 | YouTube's traffic is from pirated content?   |
| 10:40:24 | 17 | MR. MANCINI:  Objection; lacks foundation;   |
| 10:40:26 | 18 | objection to form.                           |
| 10:40:29 | 19 | THE WITNESS:  No specific recollection, no.  |
| 10:40:34 | 20 | MR. BASKIN:  Let me hand you what we will    |
| 10:40:36 | 21 | mark as Schmidt 7.  It was Drummond 17, I believe, and |
| 10:40:47 | 22 | Eun -- is that the way you pronounce it, E-U-N, Eun, |
| 10:40:50 | 23 | Eun 12?                                       |
| 10:40:51 | 24 | THE WITNESS:  Eun.                           |
| 10:40:51 | 25 | ///                                          |

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 76

|  |  |  |
|---|---|---|
|  | 1 | SCHMIDT, ERIC |
| 10:40:51 | 2 | (Document marked Schmidt Exhibit 7 |
| 10:40:51 | 3 | for identification.) |
| 10:40:51 | 4 | MR. BASKIN:  Q.  Who is Mr. Eun, Mr. Schmidt? |
| 10:40:52 | 5 | A   I assume you're referring to David Eun at UM? |
| 10:40:58 | 6 | Q   Correct. |
| 10:41:02 | 7 | Who is he? |
| 10:41:03 | 8 | A   An executive that we hired from Time Warner |
| 10:41:05 | 9 | who was doing media -- media partnerships.  He -- he |
| 10:41:13 | 10 | became Jennifer Feikin's boss. |
| 10:41:17 | 11 | Q   Was he, in the pecking order of things, |
| 10:41:19 | 12 | basically the senior executive dealing with |
| 10:41:23 | 13 | partnerships with content providers? |
| 10:41:25 | 14 | MR. MANCINI:  Objection to form. |
| 10:41:26 | 15 | THE WITNESS:  As I recall in the org chart, |
| 10:41:31 | 16 | he did content or media partnerships reporting, I |
| 10:41:38 | 17 | think, to Omid Kordestani, who was responsible for |
| 10:41:41 | 18 | overall partnerships. |
| 10:41:43 | 19 | MR. BASKIN:  Okay.  Fair enough. |
| 10:41:44 | 20 | Q   Now, let me hand -- hand you Exhibit 7. |
| 10:42:06 | 21 | A   Okay. |
| 10:42:12 | 22 | Q   And Mister -- |
| 10:42:13 | 23 | A   What would -- what would you like me to focus |
| 10:42:16 | 24 | on? |
| 10:42:16 | 25 | Q   Well, first, would it be fair to say that you |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 77

|          |    |                                                    |
|----------|----|----------------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                      |
| 10:42:24 | 2  | sent this e-mail and the chain that follows it --  |
| 10:42:30 | 3  | strike that.                                       |
| 10:42:30 | 4  | Is it fair to say the Eric Schmidt from whom       |
| 10:42:34 | 5  | this e-mail was sent is you?                       |
| 10:42:35 | 6  | A   That is correct.                               |
| 10:42:36 | 7  | Q   And Mr. Kordestani, the cc, is the gentleman   |
| 10:42:40 | 8  | you referred to a few seconds ago as Mr. Eun's direct |
| 10:42:45 | 9  | report; correct?                                   |
| 10:42:46 | 10 | A   That is correct.                               |
| 10:42:46 | 11 | Q   And going down to Mr. Eun's e-mail, that       |
| 10:42:55 | 12 | e-mail was sent to you in and around May 12th, 2006; |
| 10:42:59 | 13 | right, sir?                                        |
| 10:43:00 | 14 | A   Yes.                                           |
| 10:43:00 | 15 | Q   And that e-mail was sent to you prior to       |
| 10:43:02 | 16 | something called the Video GPS; correct?           |
| 10:43:08 | 17 | A   That's correct.                                |
| 10:43:08 | 18 | Q   And am I correct that GPS is a -- basically,   |
| 10:43:16 | 19 | a quarterly review of product lines within Google that |
| 10:43:16 | 20 | you --                                             |
| 10:43:23 | 21 | A   No.                                            |
| 10:43:23 | 22 | MR. MANCINI:  Objection; lacks foundation.         |
| 10:43:24 | 23 | THE WITNESS:  No.                                  |
| 10:43:24 | 24 | MR. BASKIN:  Q.  What was the Video GPS then?      |
| 10:43:27 | 25 | A   Well, GPS stands for Google product strategy,  |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 78

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | SCHMIDT, ERIC                                        |
| 10:43:30 | 2  | and it's a series of meetings that occur on typically |
| 10:43:35 | 3  | Tuesdays on a rotating basis.  And Video GPS would   |
| 10:43:39 | 4  | have been a review of the video -- Google Video      |
| 10:43:43 | 5  | product of some kind.                                |
| 10:43:47 | 6  |        And I would read this as -- I read -- I read  |
| 10:43:52 | 7  | this e-mail as he's briefing me ahead of the meeting. |
| 10:44:00 | 8  |    Q   And I take it you did in fact attend the      |
| 10:44:05 | 9  | Video GPS, to your recollection?                     |
| 10:44:06 | 10 |    A   I normally attend them.                       |
| 10:44:08 | 11 |    Q   And in addition to you, would the executive   |
| 10:44:11 | 12 | management committee of the company attend GPS       |
| 10:44:16 | 13 | meetings?                                            |
| 10:44:16 | 14 |        MR. MANCINI:  Objection; lacks foundation.    |
| 10:44:18 | 15 |        THE WITNESS:  Approximately half of the       |
| 10:44:19 | 16 | executives -- senior executives do, yes.             |
| 10:44:21 | 17 |        MR. BASKIN:  Q.  So would Mr. Kordestani have |
| 10:44:23 | 18 | attended in the ordinary course?                     |
| 10:44:25 | 19 |    A   Normally not.                                 |
| 10:44:27 | 20 |    Q   Since this fell within his jurisdiction, is   |
| 10:44:30 | 21 | it likely he attended?                               |
| 10:44:31 | 22 |        MR. MANCINI:  Objection to form.              |
| 10:44:34 | 23 |        THE WITNESS:  He would have to tell you, but  |
| 10:44:37 | 24 | it's again un -- I would be speculating to know -- to |
| 10:44:39 | 25 | know that.  Again, normally Omid is not in the       |

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 79

|            |    |                                                        |
|------------|----|--------------------------------------------------------|
|            | 1  | SCHMIDT, ERIC                                          |
| 10:44:42   | 2  | meetings.  Normally I am in the meetings.              |
| 10:44:43   | 3  | MR. BASKIN:  Q.  What about Mr. Brin?                  |
| 10:44:46   | 4  | MR. MANCINI:  Objection; lacks foundation.            |
| 10:44:48   | 5  | THE WITNESS:  Some percentage of the time.            |
| 10:44:51   | 6  | MR. BASKIN:  Q.  Do you recall if Mr. Brin            |
| 10:44:53   | 7  | attended --                                            |
| 10:44:54   | 8  | A   I do --                                             |
| 10:44:54   | 9  | Q   -- the Video GPS?                                   |
| 10:44:56   | 10 | A   -- I do not.  I do not.                             |
| 10:44:57   | 11 | Q   And what about Mr. Page?                            |
| 10:45:02   | 12 | A   Again, no recollection.                             |
| 10:45:03   | 13 | Q   In the ordinary course, does he tend to           |
| 10:45:08   | 14 | attend Video GPS meetings?                             |
| 10:45:09   | 15 | MR. MANCINI:  Objection to form.                      |
| 10:45:13   | 16 | THE WITNESS:  Larry more than Sergey.  But           |
| 10:45:17   | 17 | their meetings -- the GPS's are built around me, so   |
| 10:45:20   | 18 | the normal course of business, I'm there and the      |
| 10:45:23   | 19 | others may or may not be there.                        |
| 10:45:26   | 20 | MR. BASKIN:  Okay.                                     |
| 10:45:28   | 21 | Q   Now, you said -- I think you said that you        |
| 10:45:30   | 22 | read Mr. Eun's -- am I pronouncing that right, by the |
| 10:45:35   | 23 | way?                                                   |
| 10:45:36   | 24 | A   That's correct.                                    |
| 10:45:37   | 25 | Q   So it's E-U-N.                                     |

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 80

1                    SCHMIDT, ERIC

10:45:38    2          You read Mr. Eun's e-mail as preparatory to

10:45:42    3    the Video GPS; correct?

10:45:45    4       A    That is correct.

10:45:46    5       Q    Now, he tells you that -- strike that.

10:46:00    6          Do you read this e-mail as focusing on the

10:46:03    7    issue of how to beat YouTube?

10:46:05    8          MR. MANCINI:  Objection to the

10:46:06    9    characterization of the document.

10:46:07   10          THE WITNESS:  Well, I haven't read the whole

10:46:12   11    e-mail, but it starts by saying, "We are preparing in

10:46:18   12    preparation for the GPS how we beat YouTube in the

10:46:23   13    short term and how we win over time."

10:46:25   14          So that would be consistent with your

10:46:25   15    assertion.

10:46:27   16          MR. BASKIN:  Q.  And do you recall that one

10:46:28   17    of the topics being discussed as a way of beating

10:46:32   18    YouTube was whether Google Video should relax

10:46:36   19    enforcement of our copyright policies in an effort to

10:46:41   20    stimulate traffic growth?

10:46:43   21          MR. MANCINI:  Objection to the

10:46:43   22    characterization of the document.

10:46:45   23          THE WITNESS:  You would have to point me to a

10:46:47   24    paragraph or a sentence here.

10:46:49   25          MR. BASKIN:  Q.  Well, first, do you -- do

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 81

|          |    | SCHMIDT, ERIC |
|----------|----|---------------|
| 10:46:51 | 2  | you recall this e-mail? |

10:46:51    1                         SCHMIDT, ERIC

10:46:51    2    you recall this e-mail?

10:46:52    3        A   I do not.

10:46:52    4        Q   Have you seen this e-mail prior to today, to

10:46:55    5    the best of your recollection?

10:46:57    6        A   I think --

10:46:58    7             MR. MANCINI:  Objection.

10:46:58    8             THE WITNESS:  Go ahead.

10:46:59    9             MR. MANCINI:  Objection to the extent it

10:47:01   10    seeks communications with counsel.

10:47:02   11             MR. BASKIN:  Okay.  Fair enough.

10:47:03   12        Q   Now, so let's go to the e-mail, sir, at the

10:47:05   13    bottom.  You see it says -- the paragraph that reads

10:47:11   14    as follows, let me point it out to you, "there is a

10:47:17   15    chance of pursuing short-term goals with such

10:47:21   16    zealousness that we develop blind spots that could

10:47:25   17    hurt us later.  For example, there was heated debate

10:47:31   18    about whether we should relax enforcement of our

10:47:34   19    copyright policies in an effort to stimulate traffic

10:47:38   20    growth, despite the inevitable damage it would cause

10:47:43   21    to relationships with content owners."

10:47:48   22             Do you see that, sir?

10:47:50   23        A   I do see that paragraph.

10:47:51   24        Q   Do you remember reading that paragraph in and

10:47:53   25    around May 2006?

DAVID FELDMAN WORLDWIDE, INC.

805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 82

1          SCHMIDT, ERIC

10:47:55     2          MR. MANCINI:  Objection; lacks foundation.

10:47:56     3          THE WITNESS:  As I indicated, I do not recall

10:47:58     4    the e-mail.

10:47:58     5          MR. BASKIN:  Q.  Do you recall being party to

10:48:00     6    a discussion as to whether Google Video should relax

10:48:04     7    its copyright policies --

10:48:05     8          MR. MANCINI:  Objection to the extent it

10:48:06     9    seeks a leading conclusion.

10:48:06    10          MR. BASKIN:  Excuse me.  Excuse me.  Let me

10:48:08    11    finish.  Then you may register your objection.

10:48:11    12      Q   Do you recall whether -- strike that.

10:48:17    13          Do you recall being involved in discussions

10:48:20    14    in and around May 2006 on the topic of whether Google

10:48:29    15    Video should relax enforcement of its copyright

10:48:31    16    policies in an effort to stimulate traffic growth?

10:48:34    17          MR. MANCINI:  Objection to form; and

10:48:35    18    objection to the extent it seeks communications with

10:48:37    19    counsel, to which I instruct the witness not to

10:48:39    20    answer.

10:48:39    21          THE WITNESS:  I only have a vague

10:48:43    22    recollection of their -- as I testified previously, I

10:48:48    23    have only a vague recollection of us talking about the

10:48:51    24    difference between their policies, "their" being

10:48:55    25    YouTube's and ours.

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 83

1                          SCHMIDT, ERIC

10:48:57    2            MR. BASKIN:  Q.  So you do not have a

10:48:58    3    recollection of being party to a discussion about

10:49:01    4    whether Google Video should relax its policies to

10:49:03    5    comport with YouTube's?

10:49:05    6            MR. MANCINI:  Same objections.

10:49:07    7            THE WITNESS:  And again, I have no specific

10:49:08    8    recollection in that area.

10:49:11    9            MR. BASKIN:  Q.  Now, in the next paragraph,

10:49:16    10   Mr. Eun says, "I think we should beat YouTube - and

10:49:25    11   all competitors - but not at all costs.  A large part

10:49:31    12   of their traffic is from pirated content."

10:49:34    13           Do you see that, sir?

10:49:35    14       A   I see that.

10:49:36    15       Q   Does -- do you recall reading that sentence

10:49:38    16   in and around May of 2006?

10:49:39    17           MR. MANCINI:  Objection; lacks foundation.

10:49:40    18           THE WITNESS:  As I previously said, I don't

10:49:43    19   recall this e-mail and, therefore, I don't recall this

10:49:44    20   sentence.

10:49:45    21           MR. BASKIN:  Q.  Do you recall a conversation

10:49:46    22   with Mr. Eun on the topic that a large part of

10:49:54    23   YouTube's traffic is from pirated content?

10:49:57    24           MR. MANCINI:  Objection to form; lacks

10:49:59    25   foundation.

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 155

1                          SCHMIDT, ERIC

12:39:01    2    companies to protect the -- their content on the

12:39:06    3    YouTube website?

12:39:07    4          MR. MANCINI:  Objection; lacks foundation;

12:39:08    5    and objection to form.

12:39:09    6          THE WITNESS:  Okay.  There were a lot of

12:39:12    7    negatives in that question.

12:39:13    8          MR. BASKIN:  Yeah.  It was a lousy question.

12:39:15    9          THE WITNESS:  Yeah.

12:39:16   10          MR. BASKIN:  Let me withdraw it.  That was a

12:39:16   11    real bad question.  Let me try again.

12:39:18   12          MR. MANCINI:  Good idea.

12:39:20   13          MR. BASKIN:  Q.  Did you ever reach the

12:39:22   14    conclusion, in your own mind, sir, that Google simply

12:39:29   15    couldn't afford the license fee necessary to make

12:39:35   16    Audible Magic technology available to content owners

12:39:39   17    who wanted it in the end of 2006 and the early parts

12:39:46   18    of 2007, irrespective of whether they entered into a

12:39:50   19    license agreement with YouTube?

12:39:51   20          MR. MANCINI:  Objection; lacks foundation;

12:39:53   21    objection to form; and objection to the extent it's

12:39:56   22    seeking mental impressions.

12:39:57   23          THE WITNESS:  I -- I have no recollection in

12:39:59   24    this area.

12:40:15   25          MR. BASKIN:  Q.  Let me ask you this:  Based

Page 156

1                    SCHMIDT, ERIC

12:40:37   2    on your -- strike that.

12:40:44   3       Q    In 2006, can you tell us, for the record, the

12:41:00   4    name of even one large media company that was given

12:41:09   5    access to available fingerprint technologies on

12:41:15   6    YouTube in the absence of a revenue-sharing agreement?

12:41:19   7            MR. MANCINI:  Objection to form.

12:41:21   8            THE WITNESS:  I'm sorry.  In 2006, I -- I

12:41:27   9    don't know.

12:41:28   10           MR. BASKIN:  Q.  And what about 2007?  Can

12:41:32   11   you give me the name of one media company that was

12:41:37   12   given access to available fingerprint technologies in

12:41:45   13   the absence of a revenue deal?

12:41:46   14           MR. MANCINI:  I just want to object --

12:41:48   15   continuing objection that the witness has indicated

12:41:49   16   his lack of recollection in this area.

12:41:52   17           THE WITNESS:  Yeah.  I just -- I don't know

12:41:54   18   the details, so I don't recall.

12:41:55   19           MR. BASKIN:  Q.  You don't recall the name of

12:41:57   20   one company, right, sir?

12:41:59   21           MR. MANCINI:  Same objection.

12:42:01   22           THE WITNESS:  Yeah.

12:42:04   23           MR. BASKIN:  Q.  Correct?

12:42:04   24      A    That is correct.

12:42:05   25      Q    Now, I just want to do five more minutes and

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

Page 173

1                          SCHMIDT, ERIC

13:47:46    2        Q    Are you familiar that there's a segment of

13:47:49    3    the YouTube website that displays so-called private

13:47:53    4    videos?

13:47:55    5             MR. MANCINI:   Objection to form.

13:47:56    6             THE WITNESS:   I've heard the term, but I

13:47:58    7    don't know what "private videos" means.

13:48:00    8             MR. BASKIN:   Q.   So you have no idea how the

13:48:02    9    private videos sector of the website operates?

13:48:07   10        A    No.

13:48:09   11        Q    Okay.   Would you know, as you sit here today,

13:48:20   12    whether a content company is capable of searching the

13:48:31   13    private sector of the website to ascertain whether any

13:48:36   14    of its copyrighted materials are contained in the

13:48:39   15    private sector of the website and to try to take it

13:48:41   16    down?

13:48:41   17             MR. MANCINI:   Objection; the witness has

13:48:43   18    testified to his lack of knowledge in this area.

13:48:46   19             THE WITNESS:   I don't know what private part

13:48:48   20    of the website is.

13:48:49   21             MR. BASKIN:   Okay.   Fair enough.

13:48:50   22        Q    Now, in 2006 and early 2007, am I correct

13:48:59   23    that Viacom and Google were in a negotiation to try to

13:49:03   24    achieve a revenue-sharing deal between the companies?

13:49:07   25             MR. MANCINI:   Objection to the

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 174

```
                    1                  SCHMIDT, ERIC
13:49:07            2    characterization.
13:49:08            3              THE WITNESS:  We were attempting to do a
13:49:12            4    business deal, so yes.
13:49:13            5              MR. BASKIN:  Q.  And -- and that negotiation
13:49:15            6    went on for several months; did it not?
13:49:19            7         A   Yes, that's correct.
13:49:19            8         Q   And you were personally involved in the
13:49:22            9    negotiations to some degree; weren't you?
13:49:25           10         A   That's correct.
13:49:25           11         Q   And from time to time, you and Mr. Dauman,
13:49:28           12    the Viacom -- your counterpart at Viacom, would be in
13:49:31           13    communication either by -- either orally or by e-mail;
13:49:34           14    is that correct?
13:49:35           15         A   Well, and in person, yes.
13:49:37           16         Q   And in person as well?
13:49:39           17         A   Yes, absolutely.
13:49:39           18         Q   In fact, you visited the Viacom premises at
13:49:42           19    one point to participate, in part, in the
13:49:44           20    negotiations; didn't you?
13:49:49           21         A   I participated, I believe, twice with meeting
13:49:52           22    with Philippe in his office to discuss the business,
13:49:56           23    potential business deal.
13:49:57           24         Q   And at the same time, you were also
13:50:01           25    negotiating with some of the other -- the chief
```

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4

Page 175

1              SCHMIDT, ERIC

13:50:04    2     executives of other media companies; weren't you?

13:50:07    3         A    Yes.

13:50:10    4         Q    Now -- and I guess we already discussed as

13:50:14    5     part of the business review you were getting periodic

13:50:18    6     reports of the status of negotiations with the big

13:50:20    7     media companies; correct?

13:50:23    8              MR. MANCINI:  Objection to the

13:50:23    9     characterization of the prior testimony.

13:50:25   10              THE WITNESS:  That is correct.

13:50:34   11              MR. BASKIN:  Q.  Now, so the jury can

13:50:43   12     understand what a revenue deal like this is, am I

13:50:45   13     right that, as structured, these transactions provided

13:50:54   14     that the media companies' property, videos, would be

13:51:02   15     displayed on YouTube alongside advertisement?

13:51:05   16              MR. MANCINI:  Objection; lacks foundation;

13:51:07   17     objection to form; and objection to the presence of a

13:51:10   18     nonexistent jury.

13:51:12   19              THE WITNESS:  As a general statement about

13:51:13   20     the business deals, the copyright owner would enter

13:51:22   21     into a license agreement with Google where Google

13:51:27   22     would show the videos or music or what have you and

13:51:32   23     would be compensated on a per-play basis based on some

13:51:37   24     form of advertising product either then in existence

13:51:42   25     or one hoped for in the future.

DAVID FELDMAN WORLDWIDE, INC.
805 Third Avenue, New York, New York 10022  (212)705-8585

0611427e-a8ec-4699-84bb-0365a16d42d4