Edward Hernstadt
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
Tel: 212-809-2501
Fax: 212-214-0307
ed@heatlaw.com
www.heatlaw.com

Attorney for *Amici Curiae*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-16-10

-----------------------------------------------------------x
VIACOM INTERNATIONAL INC.,
COMEDY PARTNERS,
COUNTRY MUSIC TELEVISION, INC.,
PARAMOUNT PICTURES CORPORATION, and
BLACK ENTERTAINMENT TELEVISION LLC,
Plaintiffs,

v.

YOUTUBE INC., YOUTUBE LLC,
and GOOGLE INC.,
Defendants.
-----------------------------------------------------------x
THE FOOTBALL ASSOCIATION PREMIER
LEAGUE LIMITED, et al., on
behalf of themselves and all
others similarly situated,
Plaintiffs

v.

YOUTUBE INC., YOUTUBE LLC,
and GOOGLE INC.,
Defendants.
-----------------------------------------------------------x

07 Civ. 2103 (LLS)

Granted. So Ordered.
Louis L. Stanton
4/16/10

07 Civ. 3582 (LLS)

NOTICE OF MOTION AND MOTION OF NONPARTIES AMERICAN LIBRARY
ASSOCIATION, ASSOCIATION OF COLLEGE AND RESEARCH LIBRARIES,
ASSOCIATION OF RESEARCH LIBRARIES, CENTER FOR DEMOCRACY AND
TECHNOLOGY, COMPUTER AND COMMUNICATIONS INDUSTRY ASSOCIATION,
ELECTRONIC FRONTIER FOUNDATION, HOME RECORDING RIGHTS COALITION,
INTERNET ARCHIVE, NETCOALITION, AND PUBLIC KNOWLEDGE
TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS

TO ALL PARTIES AND COUNSEL OF RECORD:

Nonparties the American Library Association (ALA), Association Of College And Research Libraries (ACRL), Association Of Research Libraries (ARL), Center For Democracy And Technology (CDT), Computer And Communications Industry Association (CCIA), Electronic Frontier Foundation (EFF), Home Recording Rights Coalition (HRRC), Internet Archive, NetCoalition, and Public Knowledge (collectively, "*Amici*") hereby move for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Defendants' pending motion for partial summary judgment, filed on March 5, 2010 (Docket No. 177). Defendants have consented to the filing of this brief.[1] Plaintiffs do not consent to its filing.

*Amici* represent diverse constituencies, including Internet users, nonprofits, libraries, small entrepreneurs, and information technology companies. They are united, however, in their interest in a balanced copyright system that protects legitimate innovators and online free speech from the chilling effects of unnecessary legal uncertainty. The "safe harbors" for online service providers enacted in the Digital Millennium Copyright Act of 1998 (DMCA) are a crucial part of that balanced copyright system, setting out "rules of the road" for online intermediaries. Without a vibrant marketplace of intermediaries, Internet users would not have the array of platforms for free expression that are revolutionizing commerce, creativity, and culture. Accordingly, *Amici* believe that the resolution of the pending cross-motions for summary judgment will likely be an important precedent regarding proper application of the DMCA safe harbors and may have important implications for the public interest more generally.

As discussed further in the attached brief, *Amici* urge the Court to reject Plaintiffs' cramped and misguided view of the statutory provisions at issue. Were Plaintiffs' views to be

---

[1] Defendant Google Inc. is a member of CCIA and NetCoalition, but did not participate in authoring this brief or make any monetary contribution to fund its preparation.

endorsed by this (or any other) Court, the profusion of online services that have benefited the public (as well as future ventures) would be imperiled by the threat of multi-billion dollar statutory damages awards like the ones Plaintiffs seek here. This is precisely the result that Congress meant to avoid when enacting the DMCA's safe harbor provisions. Nor, contrary to Plaintiffs' intimations, is a radical reinterpretation of Section 512 necessary to protect the interests of copyright owners. The availability of the statutory safe harbors has left ample room for voluntary cooperation between content owners and service providers.

Because an erroneous interpretation of the DMCA safe harbors could chill legitimate innovation to the detriment of free speech, consumers, the technology sector, and the public interest, *Amici* seek leave to file the attached *amicus curiae* brief in order to focus on the legislative history illustrating Congress' intent in enacting the DMCA safe harbors, as well as an evaluation of the impact the law has had in practice, in hopes that this information will assist the Court in addressing this case.

Although *amicus* briefs are unusual at the district court level, they are certainly not unprecedented. *Amici* have participated in a number of leading district court cases that address the proper scope of copyright law as applied to new technologies, including before this Court. *See, e.g., Arista Records LLC v. Lime Wire LLC*, No. 06-CV-5936 GEL (S.D.N.Y. Sept. 30, 2008) (accepting amicus brief on behalf of EFF and other *amici curiae*); *Elektra Enter. Group v. Barker*, 551 F.Supp.2d 234, 237 (S.D.N.Y. 2008) (noting *amicus* briefs by EFF and CCIA). *Amici* have also participated as *amicus curiae* in numerous appellate cases addressing the proper understanding of the DMCA and copyright law more generally. *See, e.g., Vernor v. Autodesk, Inc.*, No. 09-35969 (9th Cir. filed Feb. 11, 2010) (accepting brief by *amici curiae* EFF, ALA, ACRL, ARL, and PK); *Perfect 10, Inc. v. Google, Inc.*, No. 06-55406 (9th Cir. filed July 20,

2006) (accepting brief by *amicus curiae* EFF and library associations); *Costar Group, Inc. v. Loopnet Inc.*, No. 03-1911 (3d Cir. filed Dec. 31, 2003) (accepting brief by *amicus curiae* CCIA).

Although Plaintiffs have refused to consent to the filing of an amicus brief by *Amici*, several of them have filed *amicus* briefs of their own in copyright cases, either in their own name or through industry associations. *See, e.g., Cartoon Network LP v. CSC Holdings, Inc.*, No. 07-1480 (2d Cir. filed July 11, 2007) (*amicus* brief by Class Plaintiff Nat'l Music Publishers Ass'n); *Costar Group, Inc. v. Loopnet Inc.*, No. 03-1911 (3d Cir. filed Oct. 23, 2003) (*amicus* brief by Plaintiff Paramount Pictures Corp.); *Elektra Enter. Group v. Barker*, 551 F.Supp.2d 234, 237 (S.D.N.Y. 2008) (noting *amicus* brief by Motion Picture Ass'n of America (MPAA)). In fact, Plaintiff Viacom sought to file an *amicus* brief before the district court in a case related to this one: *Tur v. YouTube*, an action originally filed in the Central District of California by a plaintiff who has now become a Class Plaintiff in this suit. *See Tur v. YouTube*, No. 06-CV-4436 FMC (C.D. Cal. lodged May 4, 2007[2]).

A description of each of the *Amici* follows:

The Association of Research Libraries (ARL) is a nonprofit organization of 123 research libraries in North America, including university, public, governmental, and national libraries. The American Library Association (ALA) is a nonprofit professional organization of more than 67,000 librarians, library trustees, and other friends of libraries dedicated to providing and improving library services and promoting the public interest in a free and open information

---

[2] The court in that case ultimately refused to accept the brief, jointly submitted by Viacom and NBC Universal Inc., noting that "the brief is not offered in the proponents' capacity as "Friend of the Court," but is rather an effort by parties engaged in similar litigation against Defendant, to intervene in this case for their own benefit." *Tur v. YouTube*, No. 06-CV-4436 FMC (C.D. Cal. order filed May 8, 2007). The brief was then resubmitted under the name of NBC Universal, Inc. and accepted by the court.

society. The Association of College and Research Libraries (ACRL), the largest division of the ALA, is a professional association of academic and research librarians and other interested individuals. Collectively, these three library associations represent over 139,000 libraries in the United States increasingly being called upon to serve the needs of their patrons in the digital age. As a result, the associations share a strong interest in the balanced application of copyright law to new digital dissemination technologies.

The Center for Democracy & Technology (CDT) is a nonprofit public interest group that seeks to promote free expression, privacy, individual liberty, and technological innovation on the open, decentralized Internet. CDT advocates balanced copyright policies that provide appropriate protections to creators without curtailing the openness and innovation that have been vital to realizing the democratizing potential of new digital media.

The Computer & Communications Industry Association (CCIA) is an international, nonprofit trade association dedicated to open markets, open systems, and open networks. CCIA members participate in the information and communications technology industries, ranging from small entrepreneurial firms to the largest in the business. CCIA members employ nearly one million people and generate annual revenues exceeding $200 billion. A complete list of CCIA's members is available online at <http://www.ccianet.org/members.html>.

The Electronic Frontier Foundation (EFF) is a nonprofit civil liberties organization that has worked for over 20 years to protect consumer interests, innovation, and free expression in the digital world. EFF and its more than 14,000 dues-paying members have a strong interest in assisting the courts and policy-makers in striking the appropriate balance between copyright law and the public interest.

5

The Home Recording Rights Coalition (HRRC), an unincorporated association, is a leading advocacy group for consumers' rights to use home electronics products for private, non-commercial purposes. The members of HRRC include consumers, retailers, manufacturers and professional servicers of consumer electronics products. The HRRC was founded in 1981, in response to the Ninth Circuit's ruling in *Sony Corp. of America v. Universal City Studios*, later overturned by the Supreme Court, that distribution of consumer video recorders constituted contributory copyright infringement.

The Internet Archive is a 501(c)(3) non-profit founded in 1996 to build an Internet library. Its purposes include offering permanent access for researchers, historians, scholars, people with disabilities, and the general public to historical collections that exist in digital format. The Internet Archive's collections include digital audio, video, software and texts contributed by individuals, including more than 200,000 digital audio recordings and 60,000 live concert recordings. Accordingly, the Archive has a direct interest in the proper application of copyright law to Internet intermediaries.

NetCoalition is an industry association that serves as the public policy voice for some of the world's most innovative Internet companies on legislative and administrative proposals affecting the online realm. NetCoalition's members include Amazon.com, Bloomberg LP, eBay, IAC, Google, Wikipedia, and Yahoo!.

Public Knowledge is a non-profit public interest 501(c)(3) corporation, working to defend citizens' rights in the emerging digital culture. Its primary mission is to promote innovation, protect the legal rights of all users of copyrighted works, and ensure that any copyright legislation remains balanced and does not slow technology innovation, unduly burden free speech, shrink the public domain, or prevent fair use.

For the foregoing reasons and based on the documents submitted herewith, *Amici* respectfully requests that the Court grant the motion for leave to file the accompanying *amicus curiae* brief.

Dated: April 12, 2010                                          By: /s/   Edward Hernstadt

                                                        Edward Hernstadt
                                                        HERNSTADT ATLAS LLP
                                                        11 Broadway, Suite 615
                                                        New York, New York 10004
                                                        Tel: 212-809-2501
                                                        Fax: 212-214-0307
                                                        ed@heatlaw.com
                                                        www.heatlaw.com



Case 1:07-cv-02103-LLS   Document 245   Filed 04/16/10   Page 8 of 8
Case 1:07-cv-02103-LLS   Document 237   Filed 04/12/2010   Page 8 of 8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 12, 2010, a copy of each of the following documents was served upon the Plaintiffs and Defendants:

1. Notice of Motion and Motion for Leave to File *Amicus Curiae* Brief
2. Declaration of Fred von Lohmann in Support of Motion for Leave to File *Amicus Curiae* Brief
3. Proposed Order
4. *Amicus Curiae* Brief of the American Library Association (ALA), Association Of College And Research Libraries (ACRL), Association Of Research Libraries (ARL), Center For Democracy And Technology (CDT), Computer And Communications Industry Association (CCIA), Electronic Frontier Foundation (EFF), Home Recording Rights Coalition (HRRC), Internet Archive, NetCoalition, and Public Knowledge in Support of Defendants
5. Rule 7.1 Corporate Disclosure Statement

Service was accomplished via the Court's ECF system. Lead counsel for the parties will also receive a courtesy copy via electronic mail.

/s/ Edward Hernstadt