LARRY PAGE - HIGHLY CONFIDENTIAL

Page 1

HIGHLY CONFIDENTIAL
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK


VIACOM INTERNATIONAL, INC., COMEDY )
PARTNERS, COUNTRY MUSIC.              )
TELEVISION, INC., PARAMOUNT           )
PICTURES CORPORATION, and BLACK       )
ENTERTAINMENT TELEVISION, LLC,        )
                                      )
            Plaintiffs,               )
                                      )
vs.                                   ) NO. 07-CV-2103
                                      )
YOUTUBE, INC., YOUTUBE, LLC,          )
and GOOGLE, INC.,                     )
                                      )
            Defendants.               )
_____ )
                                      )
THE FOOTBALL ASSOCIATION PREMIER      )
LEAGUE LIMITED, BOURNE CO., et al.,   )
on behalf of themselves and all       )
others similarly situated,            )
                                      )
            Plaintiffs,               )
vs.                                   ) NO. 07-CV-3582
                                      )
YOUTUBE, INC., YOUTUBE, LLC, and      )
GOOGLE, INC.,                         )
                                      )
            Defendants.               )
_____ )

VIDEOTAPED DEPOSITION OF LARRY PAGE
PALO ALTO, CALIFORNIA
THURSDAY, OCTOBER 1, 2009

JOB NO. 17750

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123    (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

## LARRY PAGE - HIGHLY CONFIDENTIAL

1                    OCTOBER 1, 2009

2                      12:23 p.m.

3

4          VIDEOTAPED DEPOSITION OF LARRY PAGE,

5          WILSON, SONSINI, GOODRICH & ROSATI, LLP,

6          601 Page Mill Road, Palo Alto, California

7          pursuant to notice, and before me,

8          ANDREA M. IGNACIO HOWARD, CLR, RPR, CRR, CSR

9          License No. 9830.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 3

1       A P P E A R A N C E S:

2

3       FOR THE PLAINTIFFS VIACOM INTERNATIONAL, INC.:

4           SHEARMAN & STERLING LLP

5           By:  STUART BASKIN, Esq.

6               SEAN T. STRAUSS, Esq.

7           599 Lexington Avenue

8           New York, New York 10022

9           (212) 848-4000   stuart.baskin@shearman.com

10

11      FOR THE LEAD PLAINTIFFS AND PROSPECTIVE CLASS:

12          PROSKAUER ROSE LLP

13          By:  BERT H. DEIXLER, Esq.

14          2049 Century Park East, Suite 3200

15          Los Angeles, California 90067-3206

16          (310) 284-5663   bdeixler@proskauer.com

17

18      FOR THE DEFENDANTS YOUTUBE, INC., YOUTUBE, LLC and

19      GOOGLE, INC.:

20          MAYER BROWN, LLP

21          By:   JOHN MANCINI, Esq.

22              DAVID H. MCGILL, Esq.

23          1675 Broadway

24          New York, New York 10019-5820

25          (212) 506-2312   jmancini@mayerbrown.com

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 4

1        A P P E A R A N C E S    (Continued.)

2

3

4        ALSO PRESENT:   Timothy L. Alger, Deputy General

5                        Counsel, Google Inc.

6

7                        Catherine Lacavera, Senior

8                        Litigation Counsel, Google Inc.

9

10                       Armando Carrasco, Videographer.

11

12                       ---oOo---

13

14

15

16

17

18

19

20

21

22

23

24

25

a4869a54-831a-469e-8188-29b2aa8a3e2f

## LARRY PAGE - HIGHLY CONFIDENTIAL

Page 5

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|  | 2 | PALO ALTO, CALIFORNIA |
|  | 3 | THURSDAY, OCTOBER 1, 2009 |
|  | 4 | 12:23 P.M. |
|  | 5 |  |
| 12:27:25 | 6 | THE VIDEOGRAPHER:  Today's videotaped |
| 12:27:26 | 7 | deposition of Larry Page is taken on October 1st, |
| 12:27:30 | 8 | 2009, at Wilson, Sonsini, Goodrich & Rosati, |
| 12:27:35 | 9 | 601 South California Avenue, Palo Alto, California. |
| 12:27:37 | 10 | In the matter of Viacom International versus YouTube, |
| 12:27:42 | 11 | Inc., and The Football Association.  Case No. |
| 12:27:47 | 12 | 07-CV-3582 and 2103, in the court of the Southern |
| 12:27:51 | 13 | District of New York. |
| 12:27:52 | 14 | My name is Armando Carrasco.  I represent |
| 12:27:55 | 15 | David Feldman Worldwide, located at 600 Anton |
| 12:27:59 | 16 | Boulevard, Suite 1100, Costa Mesa, California. |
| 12:28:02 | 17 | We are now commencing at 12:23 p.m. |
| 12:28:05 | 18 | Will all present please identify themselves, |
| 12:28:08 | 19 | beginning with the witness. |
| 12:28:09 | 20 | THE WITNESS:  Larry Page from Google. |
| 12:28:12 | 21 | MR. MANCINI:  John Mancini, Mayer Brown LLP |
| 12:28:16 | 22 | for defendants YouTube and Google. |
| 12:28:20 | 23 | MR. ALGER:  Timothy Alger from Google, Inc. |
| 12:28:24 | 24 | MR. MCGILL:  David McGill, Mayer Brown, also |
| 12:28:25 | 25 | for defendants. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

                                              Page 6

                    1              PAGE, L. - HIGHLY CONFIDENTIAL
12:28:25            2              MS. LACAVERA:  Catherine Lacavera, Google,
12:28:26            3    Inc.
12:28:26            4              MR. BASKIN:  Stuart Baskin of Shearman &
12:28:28            5    Sterling for Viacom.
12:28:29            6              MR. STRAUSS:  Sean Strauss of Shearman &
12:28:33            7    Sterling.
12:28:33            8              MR. DEIXLER:  Bert Deixler of Proskauer &
12:28:37            9    Rose on behalf of the Class Plaintiffs.
12:28:37           10              THE VIDEOGRAPHER:  Thank you.
12:28:37           11              Will -- will the court reporter please swear
12:28:39           12    in the witness.
12:28:39           13                        LARRY PAGE,
12:28:39           14              having been sworn as a witness,
12:28:39           15                 testified as follows:
12:28:39           16
12:28:53           17              MR. BASKIN:  You ready?
12:28:55           18              THE VIDEOGRAPHER:  Yes.
12:28:56           19              We're on the record.
12:28:56           20                 EXAMINATION BY MR. BASKIN
12:28:56           21              MR. BASKIN:  Okay.
12:28:57           22         Q    Good afternoon, Mr. Page.
12:28:59           23         A    Good afternoon.
12:29:00           24         Q    What is your --
12:29:02           25              MR. MANCINI:  Stu, may I, just before we

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 7

|  |  |  |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:29:03 | 2 | begin, just to put on the record, we want to mark the |
| 12:29:06 | 3 | entirety of this transcript "Highly Confidential." |
| 12:29:09 | 4 | As we've agreed, the videotape that's being |
| 12:29:12 | 5 | taken will be kept in -- by one copy only by Viacom |
| 12:29:17 | 6 | counsel under lock and key, and this deposition is |
| 12:29:19 | 7 | obviously pursuant to the Court's April 2nd, 2009, |
| 12:29:22 | 8 | order. |
| 12:29:22 | 9 | And I do want to note for the record the |
| 12:29:26 | 10 | fault, which seems to lie with the court reporting |
| 12:29:31 | 11 | service, that we're starting an hour late. |
| 12:29:34 | 12 | MR. BASKIN: Let's go off the record again |
| 12:29:36 | 13 | for the -- with respect to this sequestering of the -- |
| 12:29:39 | 14 | of the transcript -- |
| 12:29:39 | 15 | MR. MANCINI: Sure. |
| 12:29:40 | 16 | MR. BASKIN: -- off the tape. Let's just go |
| 12:29:40 | 17 | off the record for a second. I don't think we should |
| 12:29:40 | 18 | do it on the record. |
| 12:29:42 | 19 | THE VIDEOGRAPHER: We're now going off the |
| 12:29:42 | 20 | record. |
| 12:29:43 | 21 | The time is 12:25 p.m. |
| 12:29:48 | 22 | (Discussion off the record.) |
| 12:30:04 | 23 | THE VIDEOGRAPHER: We're now back on the |
| 12:30:49 | 24 | record. |
| 12:30:49 | 25 | The time is 12:26 p.m. |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 8

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:30:52 | 2 | MR. BASKIN:  Just to reformat the arrangement |
| 12:30:54 | 3 | and to clarify it, the agreement is that with respect |
| 12:30:59 | 4 | to the videotape, that each of the law firms rep -- on |
| 12:31:04 | 5 | the plaintiffs' side, with respect to both cases, will |
| 12:31:08 | 6 | maintain one copy of the recording, and we will |
| 12:31:11 | 7 | maintain it in a secure place under lock. |
| 12:31:16 | 8 | MR. MANCINI:  Agree with the clarification. |
| 12:31:21 | 9 | Okay. |
| 12:31:21 | 10 | MR. BASKIN:  Q.  And with that, good |
| 12:31:23 | 11 | afternoon, again, Mr. Page. |
| 12:31:25 | 12 | A    Good afternoon. |
| 12:31:26 | 13 | Q    Have you had -- did you prepare for this |
| 12:31:29 | 14 | deposition? |
| 12:31:32 | 15 | A    I had a conversation with my attorneys here. |
| 12:31:35 | 16 | Q    And how long did the conversation with your |
| 12:31:38 | 17 | attorneys last? |
| 12:31:41 | 18 | A    Couple of hours. |
| 12:31:42 | 19 | Q    And by your attorneys, who was in attendance |
| 12:31:46 | 20 | during the course of this conversation? |
| 12:31:48 | 21 | A    I think the same group that's assembled here. |
| 12:31:52 | 22 | Q    The -- okay.  That's sufficient for these |
| 12:31:57 | 23 | purposes. |
| 12:31:57 | 24 | Now, you met with the attorneys -- your |
| 12:31:59 | 25 | attorneys for two hours? |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 9

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 12:32:01 | 2  | A    I said a few hours.                               |
| 12:32:02 | 3  | Q    A few hours.                                      |
| 12:32:03 | 4  | You met with them over the course of just one          |
| 12:32:06 | 5  | day?                                                   |
| 12:32:10 | 6  | A    Met with them yesterday, and we were waiting      |
| 12:32:12 | 7  | for the proceedings to get started here.               |
| 12:32:15 | 8  | Q    And during the course of your meeting with        |
| 12:32:18 | 9  | them, they showed you documents, I take it?            |
| 12:32:21 | 10 | A    We examined a number of documents.                |
| 12:32:25 | 11 | Q    And approximately how many documents were you     |
| 12:32:27 | 12 | shown in the course of your preparation, Mr. Page?     |
| 12:32:36 | 13 | A    I mean, I don't recall exactly, but I would       |
| 12:32:39 | 14 | guess it's hard for me to estimate, but I would say    |
| 12:32:48 | 15 | under ten.  Something in that range.                   |
| 12:32:50 | 16 | Q    And apart from the ten documents or the under     |
| 12:32:56 | 17 | ten documents you were shown, you've been shown non    |
| 12:32:59 | 18 | other -- no other documents in connection with your    |
| 12:33:01 | 19 | preparation today for this deposition?                 |
| 12:33:05 | 20 | MR. MANCINI:  Objection; asked and answered.           |
| 12:33:07 | 21 | THE WITNESS:  Yeah, I mean, I think I                   |
| 12:33:09 | 22 | described what -- what we did.                          |
| 12:33:12 | 23 | MR. BASKIN:  Q.  Now, did any of those ten             |
| 12:33:13 | 24 | documents, since there are so few of them, did any of  |
| 12:33:16 | 25 | them refresh your recollection regarding some aspect   |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212) 705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 10

|  |  |
|---|---|
|  | 1 |

1    PAGE, L. - HIGHLY CONFIDENTIAL

12:33:20    2    of your testimony?

12:33:24    3    A    Sorry.  I haven't given any testimony yet;

12:33:28    4    no?

12:33:29    5    Q    That's fair enough.

12:33:30    6         Did any of the ten documents refresh your

12:33:32    7    recollection regarding events concerning the

12:33:36    8    relationship between Google and YouTube?

12:33:42    9    A    I guess maybe you can rephrase the question.

12:33:44    10        We looked at a number of documents.  I don't

12:33:50    11   know.  We read through them.

12:33:53    12   Q    The question was, did any of those that you

12:33:55    13   read through refresh your recollection regarding what

12:34:01    14   happened back in 2006, 2007, 2008 in the relationship

12:34:07    15   between YouTube and Google?

12:34:11    16   A    I guess I'm still confused about the

12:34:13    17   question, because I don't have a photographic memory

12:34:15    18   for every document produced by, you know, a huge

12:34:18    19   number of employees at Google.  So I'm sure any

12:34:20    20   document I looked at I didn't photographically

12:34:26    21   remember it.

12:34:29    22   Q    Okay.  Now, what is your current title at

12:34:34    23   Google?

12:34:35    24   A    I'm president of products and cofounder.

12:34:38    25   Q    And would I be correct in believing that you

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 11

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:34:42 | 2 | and Eric Schmidt and Sergey Brin are the three most |
| 12:34:47 | 3 | senior executives of Google? |
| 12:34:51 | 4 | A    Yes. |
| 12:34:52 | 5 | Q    Now, am I also correct that a larger group of |
| 12:34:58 | 6 | senior executives hold regular meetings to discuss |
| 12:35:07 | 7 | strategy and business issues? |
| 12:35:09 | 8 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:35:11 | 9 | THE WITNESS:  We have various meetings, no, |
| 12:35:16 | 10 | in a large company. |
| 12:35:18 | 11 | MR. BASKIN:  Q.  Is there a formal body of -- |
| 12:35:20 | 12 | that has a name of senior executives? |
| 12:35:25 | 13 | A    Sorry.  Which senior executives? |
| 12:35:29 | 14 | Q    Well, you and Mr. Brin and Mr. Schmidt, and |
| 12:35:32 | 15 | maybe seven or eight others.  Is there a formal body |
| 12:35:37 | 16 | of executives that meet? |
| 12:35:41 | 17 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:35:45 | 18 | THE WITNESS:  There's been various groups |
| 12:35:47 | 19 | over time. |
| 12:35:49 | 20 | MR. BASKIN:  Q.  So, as I recall, there was a |
| 12:35:53 | 21 | name change in -- in connection with -- with some |
| 12:35:57 | 22 | group of senior executives. |
| 12:35:59 | 23 | I'm just trying to determine that, because it |
| 12:36:01 | 24 | will make our questions easier.  We can talk -- |
| 12:36:05 | 25 | isn't -- there was a group of senior executives, |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 12

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:36:07 | 2 | including the three of you and several senior vice |
| 12:36:10 | 3 | presidents, that meet with some regularity; isn't that |
| 12:36:12 | 4 | true? |
| 12:36:13 | 5 | A    Yes. |
| 12:36:13 | 6 | Q    And what is the name of that group? |
| 12:36:16 | 7 | A    Currently, the name of that group is the OC. |
| 12:36:20 | 8 | Q    And OC stands for what? |
| 12:36:24 | 9 | A    I'm not exactly sure. |
| 12:36:25 | 10 | Q    And prior -- and the OC had a name |
| 12:36:28 | 11 | previously -- a different name previously; did it not? |
| 12:36:32 | 12 | A    Well, it was a different group before that. |
| 12:36:34 | 13 | Q    But I take it that you have always been a |
| 12:36:39 | 14 | member of this group of senior executives; isn't that |
| 12:36:42 | 15 | true? |
| 12:36:43 | 16 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:36:44 | 17 | THE WITNESS:  Yeah, I guess, which group do |
| 12:36:47 | 18 | you mean? |
| 12:36:47 | 19 | MR. BASKIN:  Q.  Well, both the OC and the |
| 12:36:50 | 20 | predecessor to the OC.  You were the members of both; |
| 12:36:53 | 21 | were you not? |
| 12:36:56 | 22 | A    Like I already said, I think the groups were |
| 12:36:59 | 23 | different.  I think that's why the name was changed. |
| 12:37:01 | 24 | Q    I understand the groups were different, but |
| 12:37:04 | 25 | my question is, were you a member of both groups? |

LARRY PAGE - HIGHLY CONFIDENTIAL

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:37:07 | 2 | A    Well, sorry, I didn't refer to the previous |
| 12:37:10 | 3 | group. |
| 12:37:10 | 4 | Q    Mr. Page, the group prior to the name change |
| 12:37:17 | 5 | to OC, were you a member of that group? |
| 12:37:19 | 6 | A    Well, I'm still -- you're not naming the |
| 12:37:22 | 7 | group, so. |
| 12:37:23 | 8 | Q    Do you remember the name of the group? |
| 12:37:25 | 9 | A    I remember there was a group that was |
| 12:37:27 | 10 | previous to that group called EMG, yes. |
| 12:37:33 | 11 | Q    EMG; what did that stand for? |
| 12:37:35 | 12 | A    I don't know.  We usually use the acronym. |
| 12:37:38 | 13 | Q    And were you a member of the EMG as well? |
| 12:37:41 | 14 | A    Yes. |
| 12:37:41 | 15 | Q    Now, the EMG and the OC, how frequently do |
| 12:37:44 | 16 | they meet? |
| 12:37:48 | 17 | MR. MANCINI:  So, Stu, I've given you a |
| 12:37:52 | 18 | little bit of latitude here, but I think you recall |
| 12:37:54 | 19 | Judge Stanton specifically himself called out that |
| 12:37:58 | 20 | questions should not be put to this witness about |
| 12:38:01 | 21 | biography, jobs he held, responsibilities then and |
| 12:38:05 | 22 | now, all sorts of things, according to the judge, it |
| 12:38:09 | 23 | be prepared by an affidavit by the executive and |
| 12:38:12 | 24 | others. |
| 12:38:12 | 25 | MR. BASKIN:  That's fair enough. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 14

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:38:13 | 2 | MR. MANCINI:  So I just want to move this |
| 12:38:14 | 3 | along, if we could. |
| 12:38:16 | 4 | MR. BASKIN:  Q.  I take it there are regular |
| 12:38:17 | 5 | scheduled meetings of both the EMG and the OC; is that |
| 12:38:20 | 6 | correct? |
| 12:38:21 | 7 | A   Yes. |
| 12:38:22 | 8 | Q   And did they occur weekly? |
| 12:38:25 | 9 | A   Typically. |
| 12:38:26 | 10 | Q   Now, so as not to have to keep you here |
| 12:38:36 | 11 | longer than necessary, I'd like to begin with some |
| 12:38:43 | 12 | areas where I suspect you have no personal knowledge |
| 12:38:46 | 13 | to offer the jury. |
| 12:38:48 | 14 | So, first, have you ever read any of the |
| 12:38:51 | 15 | e-mails that were written by Chad Hurley, Steve Chen, |
| 12:38:58 | 16 | or Jawed Karim, prior to YouTube's acquisition by |
| 12:39:02 | 17 | Google? |
| 12:39:02 | 18 | MR. MANCINI:  Objection; lacks foundation, |
| 12:39:03 | 19 | and objection to the reference to a jury. |
| 12:39:08 | 20 | THE WITNESS:  I mean, I probably get, you |
| 12:39:09 | 21 | know, thousands of e-mails per day or some huge |
| 12:39:13 | 22 | number.  It's pretty hard for me to answer a general |
| 12:39:15 | 23 | question about an e-mail that I might have received. |
| 12:39:17 | 24 | MR. BASKIN:  Q.  Well, prior to the |
| 12:39:18 | 25 | acquisition of YouTube by Google, were you receiving |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 15

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:39:23 | 2 | e-mails from Mr. Hurley? |
| 12:39:26 | 3 | A   I already answered the question. |
| 12:39:29 | 4 | Q   Were you receiving e-mails from Mr. Hurley, |
| 12:39:31 | 5 | Mr. Page? |
| 12:39:32 | 6 | A   I'd have no way of knowing the answer to |
| 12:39:34 | 7 | that. |
| 12:39:35 | 8 | Q   And prior to the acquisition of Google -- of |
| 12:39:40 | 9 | YouTube by Google, were you receiving e-mails from |
| 12:39:42 | 10 | Mr. Chen? |
| 12:39:44 | 11 | MR. MANCINI:  Objection; asked and answered. |
| 12:39:45 | 12 | THE WITNESS:  Same, same question.  Like I |
| 12:39:48 | 13 | said, it's very difficult, you know, if you're |
| 12:39:50 | 14 | receiving large amounts of e-mail, you asking me |
| 12:39:53 | 15 | whether I remember receiving an e-mail many years ago |
| 12:39:56 | 16 | is -- it's not something I'm gonna remember. |
| 12:40:00 | 17 | MR. BASKIN:  Q.  Do you recall ever receiving |
| 12:40:02 | 18 | e-mails written by Mr. Karim prior to the acquisition |
| 12:40:05 | 19 | of YouTube by Google? |
| 12:40:06 | 20 | MR. MANCINI:  Objection; asked and answered. |
| 12:40:09 | 21 | THE WITNESS:  Sorry.  Mr. Karim is? |
| 12:40:19 | 22 | MR. BASKIN:  Q.  You recall receiving any |
| 12:40:21 | 23 | e-mails from Mr. Karim? |
| 12:40:23 | 24 | MR. MANCINI:  I just want to note, I think |
| 12:40:26 | 25 | the witness's question back to counsel was indicating |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 16

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:40:29 | 2 | a lack of famil- -- familiarity with the individual. |
| 12:40:33 | 3 | MR. BASKIN:  Q.  You don't know who Jawed |
| 12:40:35 | 4 | Karim is? |
| 12:40:35 | 5 | A   The name does not seem familiar, no. |
| 12:40:40 | 6 | Q   Do you recall, prior to the acquisition of |
| 12:40:43 | 7 | Google -- of YouTube by Google, ever reading any |
| 12:40:48 | 8 | e-mails by any of those three gentlemen discussing |
| 12:40:54 | 9 | YouTube's copyright compliance procedures? |
| 12:40:57 | 10 | MR. MANCINI:  Objection; asked and answered; |
| 12:41:01 | 11 | lacks foundation. |
| 12:41:02 | 12 | THE WITNESS:  Yeah, I agree.  I feel like |
| 12:41:04 | 13 | you're asking me the same question again. |
| 12:41:05 | 14 | MR. BASKIN:  Q.  Answer the question, |
| 12:41:07 | 15 | Mr. Page. |
| 12:41:08 | 16 | A   I don't recall. |
| 12:41:11 | 17 | Q   As you sit here today, do you have any |
| 12:41:13 | 18 | personal knowledge, sir, of YouTube's practices, prior |
| 12:41:19 | 19 | to the acquisition by Google, regarding screening of |
| 12:41:23 | 20 | videos by human review? |
| 12:41:25 | 21 | MR. MANCINI:  Objection; lacks foundation; |
| 12:41:27 | 22 | vague and ambiguous. |
| 12:41:28 | 23 | THE WITNESS:  Don't recall. |
| 12:41:32 | 24 | MR. BASKIN:  Q.  Do you have any personal |
| 12:41:35 | 25 | knowledge, sir, of YouTube's practices regarding |

LARRY PAGE - HIGHLY CONFIDENTIAL

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:41:38 | 2 | filtering videos using search terms? |
| 12:41:41 | 3 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:41:43 | 4 | THE WITNESS:  Again, I don't recall. |
| 12:41:45 | 5 | MR. BASKIN:  Q.  Do you have any personal |
| 12:41:46 | 6 | knowledge, sir, of YouTube's practices regarding using |
| 12:41:52 | 7 | metadata to conduct searches for copyright violated |
| 12:41:55 | 8 | mat- -- for copyright materials? |
| 12:41:57 | 9 | MR. MANCINI:  Objection; vague and ambiguous, |
| 12:41:58 | 10 | and calls for a legal conclusion. |
| 12:42:04 | 11 | THE WITNESS:  Yeah, I guess I'm a bit |
| 12:42:05 | 12 | confused about the question. |
| 12:42:07 | 13 | Do you want to restate the question? |
| 12:42:08 | 14 | MR. BASKIN:  Q.  Do you have any knowledge |
| 12:42:10 | 15 | regarding YouTube's practices in using metadata to |
| 12:42:16 | 16 | conduct searches for copyright materials? |
| 12:42:19 | 17 | MR. MANCINI:  Same objections. |
| 12:42:21 | 18 | THE WITNESS:  Yeah, I guess I don't really |
| 12:42:23 | 19 | understand the question. |
| 12:42:24 | 20 | MR. BASKIN:  Q.  Do you have any personal |
| 12:42:26 | 21 | knowledge regarding YouTube's practices in using |
| 12:42:32 | 22 | fingerprint technologies in copyright compliance? |
| 12:42:39 | 23 | MR. MANCINI:  Objection; vague and ambiguous; |
| 12:42:40 | 24 | calls for a legal conclusion. |
| 12:42:42 | 25 | THE WITNESS:  Yeah, and also I'm confused |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 18

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:42:47 | 2 | about the definition of "YouTube." |
| 12:42:49 | 3 | So you're asking previously about YouTube |
| 12:42:52 | 4 | before the acquisition? |
| 12:42:53 | 5 | MR. BASKIN:  Correct. |
| 12:42:54 | 6 | THE WITNESS:  YouTube is acquired by Google, |
| 12:42:55 | 7 | so you're asking about Google's practices or YouTube's |
| 12:42:59 | 8 | practices? |
| 12:43:00 | 9 | MR. BASKIN:  How about YouTube's practices, |
| 12:43:02 | 10 | prior to the acquisition. |
| 12:43:02 | 11 | THE WITNESS:  You didn't state that part, so. |
| 12:43:05 | 12 | MR. BASKIN:  Sorry? |
| 12:43:05 | 13 | THE WITNESS:  You didn't state prior to the |
| 12:43:07 | 14 | acquisition in the question. |
| 12:43:08 | 15 | MR. BASKING:  Okay.  We'll do this the hard |
| 12:43:09 | 16 | way, sir. |
| 12:43:10 | 17 | Q    Prior to the acquisition of YouTube by |
| 12:43:12 | 18 | Google, were you familiar with YouTube's practices |
| 12:43:14 | 19 | regarding using fingerprint technologies? |
| 12:43:16 | 20 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:43:18 | 21 | THE WITNESS:  Again, I don't recall. |
| 12:43:19 | 22 | MR. BASKIN:  Q.  Prior to the acquisition of |
| 12:43:21 | 23 | YouTube by Google, do you recall if you had any |
| 12:43:25 | 24 | personal knowledge of YouTube's copyright compliance |
| 12:43:27 | 25 | practices? |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 19

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 12:43:28 | 2 | MR. MANCINI:  Objection; vague and ambiguous; |
| 12:43:29 | 3 | calls for a legal conclusion. |
| 12:43:31 | 4 | THE WITNESS:  Can you restate that again? |
| 12:43:38 | 5 | MR. BASKIN:  Sure. |
| 12:43:39 | 6 | Q    Prior to the acquisition of YouTube by |
| 12:43:41 | 7 | Google, do you have any personal knowledge to impart |
| 12:43:45 | 8 | to the jury regarding YouTube's copyright compliance |
| 12:43:48 | 9 | practices? |
| 12:43:49 | 10 | MR. MANCINI:  Same objection, and objection |
| 12:43:50 | 11 | to the characterization of a "jury." |
| 12:43:53 | 12 | THE WITNESS:  I don't recall. |
| 12:43:54 | 13 | MR. BASKIN:  Q.  Prior to the acquisition of |
| 12:43:57 | 14 | YouTube by Google, did you ever discuss YouTube's |
| 12:44:01 | 15 | copyright compliance practices with anyone? |
| 12:44:05 | 16 | MR. MANCINI:  Objection; calls for a legal |
| 12:44:06 | 17 | conclusion. |
| 12:44:07 | 18 | THE WITNESS:  I don't recall. |
| 12:44:10 | 19 | MR. BASKIN:  Prior to the acquisition of |
| 12:44:13 | 20 | YouTube by Google, did you personally discuss whether |
| 12:44:18 | 21 | Google should be indemnified by YouTube or its |
| 12:44:22 | 22 | founders for copyright liability? |
| 12:44:24 | 23 | MR. MANCINI:  Okay. |
| 12:44:25 | 24 | Objection; vague and ambiguous, and to the |
| 12:44:27 | 25 | extent it seeks communications from counsel, instruct |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 20

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:44:31 | 2 | the client, not the witness, not to respond on the |
| 12:44:33 | 3 | basis of an attorney-client privilege. |
| 12:44:36 | 4 | MR. BASKIN:  Q.  Prior to the acquisition, |
| 12:44:37 | 5 | did you personally discuss whether Google should be |
| 12:44:40 | 6 | indemnified by YouTube for copyright liability? |
| 12:44:43 | 7 | MR. MANCINI:  So same objection and same |
| 12:44:45 | 8 | instruction. |
| 12:44:45 | 9 | If you had any such coun- -- communications |
| 12:44:47 | 10 | with counsel, you should not discuss them. |
| 12:44:50 | 11 | THE WITNESS:  I don't recall. |
| 12:44:51 | 12 | MR. BASKIN:  Q.  Do you recall whether there |
| 12:44:57 | 13 | is, in fact, a copyright liability indemnification in |
| 12:45:01 | 14 | the -- in the merger agreement between YouTube and |
| 12:45:03 | 15 | Google? |
| 12:45:03 | 16 | MR. MANCINI:  Objection; lacks foundation. |
| 12:45:08 | 17 | THE WITNESS:  I don't recall. |
| 12:45:11 | 18 | MR. BASKIN:  Q.  Prior to the acquisition of |
| 12:45:16 | 19 | YouTube by Google, did you ever personally discuss |
| 12:45:23 | 20 | with anyone the percentage of views on YouTube that |
| 12:45:28 | 21 | were attributable to premium content? |
| 12:45:31 | 22 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:45:33 | 23 | THE WITNESS:  Would you like to define |
| 12:45:36 | 24 | "premium content"? |
| 12:45:38 | 25 | MR. BASKIN:  Yes. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 21

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:45:38 | 2 | Copyrighted content made by professionals. |
| 12:45:41 | 3 | MR. MANCINI:  Objection; vague and ambiguous; |
| 12:45:42 | 4 | calls for a legal conclusion. |
| 12:45:43 | 5 | THE WITNESS:  Why don't you restate that. |
| 12:45:53 | 6 | MR. BASKIN:  Q.  Prior to the acquisition of |
| 12:45:55 | 7 | YouTube by Google, did you ever discuss with anyone |
| 12:45:59 | 8 | the percentage of views on YouTube that are |
| 12:46:04 | 9 | attributable to premium content? |
| 12:46:07 | 10 | MR. MANCINI:  Same objections. |
| 12:46:08 | 11 | THE WITNESS:  I don't recall. |
| 12:46:10 | 12 | MR. BASKIN:  Q.  Did you participate -- |
| 12:46:18 | 13 | strike that. |
| 12:46:18 | 14 | Leading up to the acquisition of YouTube by |
| 12:46:21 | 15 | Google, did you personally participate in the due |
| 12:46:25 | 16 | diligence examination of YouTube conducted by Google |
| 12:46:29 | 17 | employees and investment advisors? |
| 12:46:33 | 18 | MR. MANCINI:  Objection; lacks foundation; |
| 12:46:35 | 19 | vague and ambiguous. |
| 12:46:35 | 20 | THE WITNESS:  I don't recall. |
| 12:46:46 | 21 | MR. BASKIN:  Q.  Do you recall if you ever |
| 12:46:51 | 22 | interviewed anyone at YouTube regarding the practices |
| 12:46:54 | 23 | prior to the acquisition by Google? |
| 12:46:55 | 24 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:46:57 | 25 | THE WITNESS:  Sorry.  What do you mean by |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 22

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                          |
| 12:47:00 | 2  | their "practices"?                                     |
| 12:47:01 | 3  | MR. BASKIN:  Q.  Do you recall ever                    |
| 12:47:04 | 4  | interviewing or speaking with anyone at YouTube        |
| 12:47:08 | 5  | regarding their copyright compliance practices prior   |
| 12:47:11 | 6  | to the acquisition of YouTube by Google?               |
| 12:47:14 | 7  | MR. MANCINI:  Objection; vague and ambiguous;          |
| 12:47:15 | 8  | calls for a legal conclusion.                          |
| 12:47:17 | 9  | THE WITNESS:  I don't recall that.                     |
| 12:47:20 | 10 | MR. BASKIN:  Q.  Do you recall ever talking            |
| 12:47:23 | 11 | to Mr. Hurley regarding YouTube's business practices   |
| 12:47:26 | 12 | prior to the acquisition of YouTube by Google?         |
| 12:47:30 | 13 | MR. MANCINI:  Objection; vague and ambiguous;          |
| 12:47:33 | 14 | asked and answered.                                    |
| 12:47:34 | 15 | THE WITNESS:  This is a very specific                  |
| 12:47:38 | 16 | question, so I can't recall.                           |
| 12:47:39 | 17 | MR. BASKIN:  Q.  Do you ever recall speaking           |
| 12:47:41 | 18 | to Mr. Chen prior to the acquisition of YouTube by     |
| 12:47:47 | 19 | Google regarding YouTube's business practices?         |
| 12:47:49 | 20 | MR. MANCINI:  Objection; vague and ambiguous;          |
| 12:47:51 | 21 | asked and answered.                                    |
| 12:47:52 | 22 | THE WITNESS:  Yeah, same, same answer.                 |
| 12:47:58 | 23 | MR. BASKIN:  Q.  Which is?                             |
| 12:48:00 | 24 | A   I don't recall about -- specifically about         |
| 12:48:02 | 25 | business practices.                                    |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 23

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 12:48:07 | 2 | Q   Did you personally review any of the due |
| 12:48:12 | 3 | diligence memoranda or reports prepared by Google's |
| 12:48:18 | 4 | due diligence team? |
| 12:48:19 | 5 | MR. MANCINI:  Objection; vague and ambiguous; |
| 12:48:22 | 6 | lacks foundation. |
| 12:48:22 | 7 | THE WITNESS:  I don't recall any specific due |
| 12:48:30 | 8 | diligence. |
| 12:48:30 | 9 | MR. BASKIN:  Q.  Did you -- am I correct that |
| 12:48:40 | 10 | you did not attend the board meeting on October 9th |
| 12:48:44 | 11 | when the Google board approved the acquisition of |
| 12:48:46 | 12 | YouTube? |
| 12:48:47 | 13 | MR. MANCINI:  Objection; lacks foundation. |
| 12:48:48 | 14 | THE WITNESS:  Do you want to ask me if I |
| 12:48:54 | 15 | attended the October 9th board meeting? |
| 12:48:56 | 16 | MR. BASKIN:  Q.  Did you attend the board |
| 12:49:00 | 17 | meeting on October 9th when the Google board approved |
| 12:49:02 | 18 | the acquisition of YouTube? |
| 12:49:04 | 19 | MR. MANCINI:  Same objections. |
| 12:49:05 | 20 | THE WITNESS:  I don't recall that meeting or |
| 12:49:08 | 21 | whether I was present or not. |
| 12:49:09 | 22 | MR. BASKIN:  Q.  Do you recall whether you |
| 12:49:13 | 23 | reviewed the materials submitted to the board prior to |
| 12:49:21 | 24 | its acquisition -- prior to Google's acquisition of |
| 12:49:25 | 25 | YouTube -- strike that. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 24

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 12:49:26 | 2  | Do you recall reviewing the materials               |
| 12:49:28 | 3  | submitted to the Google board prior to the vote by  |
| 12:49:33 | 4  | Google's board whether to acquire YouTube?          |
| 12:49:36 | 5  | MR. MANCINI:  Objection; assumes facts; vague       |
| 12:49:38 | 6  | and ambiguous.                                      |
| 12:49:38 | 7  | THE WITNESS:  Yeah, I don't recall those            |
| 12:49:40 | 8  | facts, so would you like to rephrase your question? |
| 12:49:44 | 9  | MR. BASKIN:  Q.  Do you recall whether you          |
| 12:49:47 | 10 | reviewed the board book and board materials submitted |
| 12:49:53 | 11 | to the Google board prior to its vote to acquire    |
| 12:49:56 | 12 | YouTube?                                             |
| 12:49:57 | 13 | MR. MANCINI:  Same objections.                      |
| 12:49:59 | 14 | THE WITNESS:  So do you want to rephrase your       |
| 12:50:07 | 15 | question?  It sounded like the same question nearly. |
| 12:50:11 | 16 | MR. BASKIN:  Q.  Answer the question,               |
| 12:50:12 | 17 | Mr. Page.                                            |
| 12:50:14 | 18 | A    Would you like to restate it, please, then?    |
| 12:50:16 | 19 | Q    Do you not understand the question?            |
| 12:50:18 | 20 | MR. MANCINI:  I think that's what the witness       |
| 12:50:20 | 21 | is saying, Mr. Baskin.                              |
| 12:50:21 | 22 | MR. BASKIN:  Q.  Mr. Page, did you review the       |
| 12:50:23 | 23 | board material presented to the Google board prior to |
| 12:50:25 | 24 | its vote to purchase YouTube?                       |
| 12:50:28 | 25 | MR. MANCINI:  Objection; assumes facts; vague       |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:50:30 | 2 | and ambiguous. |
| 12:50:30 | 3 | THE WITNESS:  Yeah, I don't recall the |
| 12:50:32 | 4 | premise of your question. |
| 12:50:38 | 5 | MR. BASKIN:  Q.  Did you review the materials |
| 12:50:42 | 6 | submitted to the Google board on October 9th? |
| 12:50:43 | 7 | MR. MANCINI:  Same objections. |
| 12:50:46 | 8 | THE WITNESS:  Did I review -- the question -- |
| 12:50:49 | 9 | the materials presented to the board on October 9th; |
| 12:50:52 | 10 | that's the question? |
| 12:50:52 | 11 | I don't recall. |
| 12:50:53 | 12 | MR. BASKIN:  Can I have this? |
| 12:51:05 | 13 | Q    You were a member of the Google board on or |
| 12:51:06 | 14 | around October 9th, 2006; were you not, sir? |
| 12:51:10 | 15 | A    Yes. |
| 12:51:10 | 16 | Q    And is it your practice to review board |
| 12:51:12 | 17 | materials submitted to the -- the board? |
| 12:51:17 | 18 | A    Sometimes yes, sometimes no. |
| 12:51:18 | 19 | Q    And when the Google board is about to |
| 12:51:21 | 20 | undertake an important decision, do you generally |
| 12:51:24 | 21 | review the materials submitted to the board? |
| 12:51:29 | 22 | A    Like I said already, sometimes yes, sometimes |
| 12:51:31 | 23 | no. |
| 12:51:31 | 24 | Q    Did you consider the acquisition of YouTube |
| 12:51:33 | 25 | by Google to be an important decision, Mr. Page? |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 26

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:51:41 | 2 | A    It was a significant acquisition. |
| 12:51:43 | 3 | Q    Did you -- is it your practice to review the |
| 12:51:46 | 4 | materials submitted to the Google board in draft? |
| 12:51:50 | 5 | MR. MANCINI:  Objection; assumes facts. |
| 12:51:53 | 6 | THE WITNESS:  Sorry.  Can you make that a |
| 12:51:56 | 7 | little more specific? |
| 12:51:57 | 8 | MR. BASKIN:  Q.  When materials are being |
| 12:51:59 | 9 | prepared for the Google board, before they are |
| 12:52:03 | 10 | submitted -- before they are submitted to the Google |
| 12:52:05 | 11 | board in final, do you review the drafts? |
| 12:52:08 | 12 | MR. MANCINI:  Are you asking him, Mr. Baskin, |
| 12:52:12 | 13 | as a general practice matter, because I do think |
| 12:52:14 | 14 | that's going beyond what Judge Stanton permitted? |
| 12:52:15 | 15 | MR. BASKIN:  Q.  Do you review them in draft, |
| 12:52:20 | 16 | the materials submitted to the Google board? |
| 12:52:23 | 17 | MR. MANCINI:  Same objection. |
| 12:52:29 | 18 | Are you asking as a general practice?  Is |
| 12:52:32 | 19 | that the question?  Because that's going beyond the |
| 12:52:33 | 20 | Judge's order. |
| 12:52:34 | 21 | MR. BASKIN:  John, this will go a lot faster |
| 12:52:38 | 22 | to answer -- I'm going to go to the judge to get more |
| 12:52:41 | 23 | time the way he's behaving, so -- so you should go |
| 12:52:44 | 24 | ahead. |
| 12:52:44 | 25 | Q    Is it your normal practice to review in draft |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 27

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:52:47 | 2 | documents that go to the Google board? |
| 12:52:50 | 3 | MR. MANCINI:  Same objections. |
| 12:52:54 | 4 | You can answer. |
| 12:52:54 | 5 | THE WITNESS:  Not typically. |
| 12:52:56 | 6 | MR. BASKIN:  Q.  And in the case of the board |
| 12:52:59 | 7 | book submitted to the board in and around October 9th, |
| 12:53:04 | 8 | do you recall if you reviewed that book and draft, |
| 12:53:08 | 9 | sir? |
| 12:53:08 | 10 | MR. MANCINI:  Objection; assumes facts; vague |
| 12:53:12 | 11 | and ambiguous. |
| 12:53:12 | 12 | THE WITNESS:  I don't recall. |
| 12:53:14 | 13 | MR. BASKIN:  Let me hand you what we will |
| 12:53:19 | 14 | mark as page one. |
| 12:53:34 | 15 | (Document marked Page Exhibit 1 |
| 12:53:55 | 16 | for identification.) |
| 12:53:55 | 17 | MR. MANCINI:  Counsel, while this witness is |
| 12:53:57 | 18 | reviewing this document, I do want to note my |
| 12:53:59 | 19 | continuing objection and just remind you of what Judge |
| 12:54:03 | 20 | Stanton said specifically on the conference held on |
| 12:54:08 | 21 | April 2nd, 2009. |
| 12:54:09 | 22 | Proceed immediately, this is now directed to |
| 12:54:11 | 23 | the plaintiff to what is necessary and only attainable |
| 12:54:14 | 24 | from this witness. |
| 12:54:15 | 25 | I've given you a lot of latitude this |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 28

|       |    |                                                        |
|-------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:54:17 | 2  | morning. |
| 12:54:17 | 3  | This document is evidence by itself, has been |
| 12:54:19 | 4  | asked of two prior witnesses, including David |
| 12:54:22 | 5  | Drummond.  So I'm hoping that you're gonna follow what |
| 12:54:26 | 6  | the judge had asked and ask Mr. Page, one of the most |
| 12:54:30 | 7  | senior executives at Google, what you can only get |
| 12:54:32 | 8  | from him. |
| 12:54:32 | 9  | MR. BASKIN:  Q.  Mr. Page, have you seen |
| 12:54:34 | 10 | Exhibit 1 prior to today, sir? |
| 12:54:43 | 11 | A    Let me -- let me take a chance to look at it. |
| 12:55:31 | 12 | I don't recall seeing it around the time of |
| 12:55:33 | 13 | the acquisition. |
| 12:55:35 | 14 | MR. BASKIN:  Q.  When do you -- do you recall |
| 12:55:37 | 15 | seeing it at any time? |
| 12:55:41 | 16 | MR. MANCINI:  Objection to the extent it |
| 12:55:43 | 17 | seeks communications with counsel.  I instruct the |
| 12:55:50 | 18 | witness not to answer. |
| 12:55:51 | 19 | THE WITNESS:  I won't answer that. |
| 12:55:52 | 20 | MR. BASKIN:  Q.  Your only recollection |
| 12:55:54 | 21 | seeing this document is when it was shown to you by |
| 12:55:56 | 22 | counsel? |
| 12:55:57 | 23 | MR. MANCINI:  That's impermissible, |
| 12:55:59 | 24 | Counselor, and you know it. |
| 12:55:59 | 25 | MR. BASKIN:  It's not. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 12:56:00 | 2 | MR. MANCINI:  You're assuming a fact I've |
| 12:56:02 | 3 | instructed him not to answer to and then asking him to |
| 12:56:05 | 4 | answer that question. |
| 12:56:05 | 5 | MR. BASKIN:  Q.  The -- has anyone -- as you |
| 12:56:09 | 6 | sit here today, sir, do you have any reason to |
| 12:56:12 | 7 | question the accuracy of any information communicated |
| 12:56:16 | 8 | to the Google board in Exhibit 1? |
| 12:56:22 | 9 | MR. MANCINI:  Objection; assumes facts to |
| 12:56:24 | 10 | which the witness testified he has no knowledge or |
| 12:56:27 | 11 | recollection. |
| 12:56:28 | 12 | THE WITNESS:  Well, this is, you know, like a |
| 12:56:30 | 13 | 20-page document or something.  Would you like me to |
| 12:56:32 | 14 | take the time to read all of it?  I've looked at it |
| 12:56:34 | 15 | for about a minute. |
| 12:56:35 | 16 | MR. BASKIN:  Okay. |
| 12:56:36 | 17 | Q  Why don't we turn, for example, to page 12 of |
| 12:56:57 | 18 | the document. |
| 12:57:25 | 19 | You have page 12 in front of you? |
| 12:57:27 | 20 | A  Yes. |
| 12:57:27 | 21 | Q  Do you recognize page 12, sir? |
| 12:57:31 | 22 | MR. MANCINI:  Objection; asked and answered. |
| 12:57:32 | 23 | THE WITNESS:  You're asking do I recall the |
| 12:57:34 | 24 | document?  I don't recall the document. |
| 12:57:35 | 25 | MR. BASKIN:  Q.  On page 12, you'll see that |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 30

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 12:57:40 | 2  | First Boston -- strike that.                           |
| 12:57:43 | 3  | You were aware who was Google's financial              |
| 12:57:46 | 4  | advisor in connection with the acquisition of YouTube? |
| 12:57:49 | 5  | A    I don't recall.                                   |
| 12:57:51 | 6  | Q    You don't recall if it was First Boston?          |
| 12:57:54 | 7  | A    No.                                               |
| 12:57:54 | 8  | Q    You will -- you will note that in -- on           |
| 12:57:56 | 9  | page 12 of Exhibit 1, the financial advisor for Google |
| 12:58:04 | 10 | placed a base case valuation of YouTube at             |
| 12:58:09 | 11 | $2.7 billion; do you see that, Mr. Page?               |
| 12:58:13 | 12 | MR. MANCINI:  Objection to the                         |
| 12:58:14 | 13 | characterization of the document.  The document speaks |
| 12:58:15 | 14 | for itself.                                            |
| 12:58:17 | 15 | THE WITNESS:  I'm confused.  It also says              |
| 12:58:19 | 16 | Credit Suisse, not First Boston.                       |
| 12:58:24 | 17 | MR. BASKIN:  Q.  Do you have a recollection            |
| 12:58:25 | 18 | Credit Suisse was your financial advisor?              |
| 12:58:29 | 19 | A    No, I don't recall.                               |
| 12:58:29 | 20 | Q    Now, do you see, sir, on page 12 that Credit      |
| 12:58:33 | 21 | Suisse valued a base case valuation of YouTube at      |
| 12:58:38 | 22 | $2.7 billion?                                          |
| 12:58:39 | 23 | MR. MANCINI:  Objection to the                         |
| 12:58:40 | 24 | characterization of the document; the document speaks  |
| 12:58:42 | 25 | for itself.                                            |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 31

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:58:45 | 2 | THE WITNESS:  Yeah, I guess what -- I mean, |
| 12:58:46 | 3 | it's hard for me to take this one slide out of |
| 12:58:49 | 4 | context. |
| 12:58:50 | 5 | MR. BASKIN:  Q.  In October 2006, did you |
| 12:58:56 | 6 | believe that Google was paying a fair price for |
| 12:58:58 | 7 | YouTube? |
| 12:59:03 | 8 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:59:06 | 9 | THE WITNESS:  Are you referring to our |
| 12:59:07 | 10 | acquisition price? |
| 12:59:08 | 11 | MR. BASKIN:  Yes. |
| 12:59:13 | 12 | THE WITNESS:  So your question is?  Why -- |
| 12:59:16 | 13 | why don't you state the question again. |
| 12:59:17 | 14 | MR. BASKIN:  Q.  In October 2006, do you |
| 12:59:21 | 15 | believe that Google was paying a fair price for |
| 12:59:23 | 16 | YouTube? |
| 12:59:24 | 17 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:59:25 | 18 | THE WITNESS:  Yeah, I'm not sure how to |
| 12:59:28 | 19 | define "fair" in the question. |
| 12:59:30 | 20 | MR. BASKIN:  Q.  Did you believe that Google |
| 12:59:31 | 21 | was overpaying for YouTube? |
| 12:59:34 | 22 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:59:36 | 23 | THE WITNESS:  I don't recall my, you know, |
| 12:59:40 | 24 | exact train of thought around the price. |
| 12:59:42 | 25 | MR. BASKIN:  Q.  Did you believe that |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 32

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 12:59:43 | 2 | Google -- that YouTube was worth $1.65 billion? |
| 12:59:49 | 3 | MR. MANCINI:  Objection; vague and ambiguous. |
| 12:59:50 | 4 | THE WITNESS:  Like I said, I -- I don't |
| 12:59:56 | 5 | recall my exact thinking around the price of YouTube. |
| 12:59:59 | 6 | MR. BASKIN:  Q.  Did anyone tell you at the |
| 13:00:02 | 7 | time that he or she thought that YouTube was not worth |
| 13:00:06 | 8 | $1.65 billion? |
| 13:00:14 | 9 | A   I don't recall what was said around the |
| 13:00:16 | 10 | price. |
| 13:00:18 | 11 | Q   Do you recall if anyone told the senior |
| 13:00:22 | 12 | management of Google that YouTube was not worth |
| 13:00:27 | 13 | $1.65 billion? |
| 13:00:31 | 14 | MR. MANCINI:  Objection; assumes facts; vague |
| 13:00:33 | 15 | and ambiguous. |
| 13:00:33 | 16 | THE WITNESS:  Yeah, I actually don't recall |
| 13:00:37 | 17 | the discussion around price. |
| 13:00:39 | 18 | MR. BASKIN:  Q.  Do you know, sir, whether |
| 13:00:47 | 19 | any of the carrying value of YouTube has been written |
| 13:00:54 | 20 | down on Google's books? |
| 13:00:56 | 21 | MR. MANCINI:  Objection; lacks foundation; |
| 13:00:58 | 22 | vague and ambiguous. |
| 13:01:00 | 23 | THE WITNESS:  Not sure what you mean by |
| 13:01:02 | 24 | "carrying value." |
| 13:01:03 | 25 | MR. BASKIN:  Q.  Do you know whether any of |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 33

1          PAGE, L. - HIGHLY CONFIDENTIAL

13:01:05    2    the acquisition price paid by Google has been written

13:01:10    3    down on Google's books in connection with the YouTube

13:01:16    4    acquisition?

13:01:17    5          MR. MANCINI:  Same objections.

13:01:17    6          And, Counsel, we've gone so far beyond what

13:01:20    7    is this client's knowledge.  Again, contrary to what

13:01:22    8    the Court has said, so I'm hopeful we'll move on

13:01:25    9    quickly.

13:01:26    10          THE WITNESS:  I mean, I have a lot of

13:01:28    11    accountants and people like that.  I'm not aware of

13:01:31    12    the specifics of that.

13:01:32    13          MR. BASKIN:  Q.  Do you know whether -- do

13:01:34    14    you have any idea of what the carrying value of

13:01:38    15    YouTube is on Google's books today?

13:01:40    16          MR. MANCINI:  Same objections, and same

13:01:41    17    reminder to counsel about the Court's order with

13:01:44    18    respect to this witness.

13:01:45    19          THE WITNESS:  Same answer.

13:01:45    20          MR. BASKIN:  Q.  You know or don't know,

13:01:48    21    Mr. Page?

13:01:49    22      A    I already stated that I am not aware.

13:01:52    23      Q    Now, prior to October 2006, Google had its

13:02:00    24    own competing video site called Google Video; did it

13:02:04    25    not?

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 34

|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:02:06 | 2 | MR. MANCINI:  Objection; vague and ambiguous. |
| 13:02:07 | 3 | THE WITNESS:  I'm not sure about the |
| 13:02:15 | 4 | definition of "competing," and we actually still have |
| 13:02:20 | 5 | such a thing. |
| 13:02:21 | 6 | MR. BASKIN:  Q.  Prior to October 2006, |
| 13:02:23 | 7 | Google had a video site called Google Video; did it |
| 13:02:30 | 8 | not? |
| 13:02:31 | 9 | A    That's correct. |
| 13:02:31 | 10 | Q    And did you have personal knowledge at that |
| 13:02:34 | 11 | time of the copyright compliance practices followed by |
| 13:02:37 | 12 | Google Video in 2006? |
| 13:02:38 | 13 | MR. MANCINI:  Objection; vague and ambiguous; |
| 13:02:39 | 14 | calls for a legal conclusion, and to the extent that, |
| 13:02:45 | 15 | if the witness has any knowledge to this issue, that |
| 13:02:47 | 16 | comes from a communication with counsel, I instruct |
| 13:02:50 | 17 | the witness not to answer. |
| 13:02:51 | 18 | THE WITNESS:  Yeah, I don't recall. |
| 13:02:53 | 19 | MR. BASKIN:  Q.  Was Google Video, Mr. Page, |
| 13:02:55 | 20 | actively screening for copyright materials prior to |
| 13:02:59 | 21 | upload in 2006? |
| 13:03:01 | 22 | MR. MANCINI:  Objection; vague and ambiguous. |
| 13:03:02 | 23 | THE WITNESS:  I don't recall. |
| 13:03:06 | 24 | MR. BASKIN:  Q.  Was Google Video using human |
| 13:03:08 | 25 | review, Mr. Page, to screen for copyright violation |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 35

```
                 1              PAGE, L. - HIGHLY CONFIDENTIAL
13:03:12         2    materials in 2006?
13:03:13         3              MR. MANCINI:  Objection; calls for a legal
13:03:14         4    conclusion.
13:03:15         5              THE WITNESS:  I don't recall.
13:03:17         6              MR. BASKIN:  Q.  Was Google Video searching
13:03:20         7    by search terms on its site to seek out copyright
13:03:25         8    violated materials?
13:03:26         9              MR. MANCINI:  Objection; calls for a legal
13:03:28        10    conclusion.
13:03:28        11              THE WITNESS:  I don't recall.
13:03:29        12              MR. BASKIN:  Let me show you what we will
13:03:40        13    mark as -- this one -- Page Exhibit 2.
13:04:00        14              (Document marked Page Exhibit 2
13:04:17        15               for identification.)
13:04:17        16              MR. BASKIN:  Q.  Were you -- the term, sir --
13:04:37        17              MR. MANCINI:  So I -- Mr. Baskin, once again,
13:04:40        18    this document doesn't even list Mr. Page as a
13:04:44        19    recipient.  It's been --
13:04:45        20              MR. BASKIN:  Well, that's what I'm about to
13:04:46        21    ask him, sir.
13:04:47        22              MR. MANCINI:  Okay.
13:04:48        23              MR. BASKIN:  Q.  Does the name
13:04:53        24    Harappa-BD@Google.com, does that mean anything to you,
13:04:54        25    Mr. Page?
```

LARRY PAGE - HIGHLY CONFIDENTIAL

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 13:04:57 | 2 | A    It looks like an e-mail address of a group. |
| 13:05:00 | 3 | Q    And you were a member of that group; were you |
| 13:05:02 | 4 | not? |
| 13:05:03 | 5 | A    I don't recall. |
| 13:05:04 | 6 | Q    Do you recall being advised in and around |
| 13:05:08 | 7 | December of 2005 that Google Video was sweeping videos |
| 13:05:13 | 8 | to take out any copyright violations on videos that |
| 13:05:17 | 9 | are less than two minutes long?  Do you recall being |
| 13:05:21 | 10 | told that, sir? |
| 13:05:21 | 11 | MR. MANCINI:  So objection to the |
| 13:05:23 | 12 | characterization of the document, and again objection |
| 13:05:25 | 13 | to the fact that a document by its marking here was |
| 13:05:29 | 14 | shown, at least to Mr. Drummond, is going beyond this |
| 13:05:32 | 15 | witness's unique knowledge, which is what this Court |
| 13:05:35 | 16 | permitted for this testimony. |
| 13:05:36 | 17 | MR. BASKIN:  Q.  Mr. Page, were you aware |
| 13:05:37 | 18 | that Google Video was sweeping videos for copyright |
| 13:05:40 | 19 | violations, videos that were less than two minutes |
| 13:05:45 | 20 | long? |
| 13:05:46 | 21 | MR. MANCINI:  Objection to the |
| 13:05:46 | 22 | characterization of the document, and objection to the |
| 13:05:49 | 23 | extent it seeks a legal conclusion. |
| 13:05:50 | 24 | THE WITNESS:  I don't recall. |
| 13:05:54 | 25 | Can I -- can I just state, too, this is |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 37

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:05:56 | 2 | probably a -- Harappa-bd is probably for business |
| 13:06:02 | 3 | development.  It seems very unlikely I would be on |
| 13:06:05 | 4 | such a list. |
| 13:06:07 | 5 | MR. BASKIN:  Okay. |
| 13:06:12 | 6 | Q   After the acquisition of YouTube by Google, |
| 13:06:20 | 7 | did Google senior management make a decision not to |
| 13:06:26 | 8 | deploy screening at YouTube? |
| 13:06:31 | 9 | MR. MANCINI:  Objection; lacks foundation; |
| 13:06:33 | 10 | vague and ambiguous. |
| 13:06:34 | 11 | THE WITNESS:  I don't recall. |
| 13:06:35 | 12 | MR. BASKIN:  Q.  After the acquisition by |
| 13:06:39 | 13 | YouTube -- of YouTube by Google, did Google's senior |
| 13:06:44 | 14 | management ratify a decision not to deploy screening |
| 13:06:48 | 15 | practices at YouTube? |
| 13:06:49 | 16 | MR. MANCINI:  Objection; asked and answered; |
| 13:06:51 | 17 | lacks foundation; vague and ambiguous. |
| 13:06:53 | 18 | THE WITNESS:  I don't recall. |
| 13:06:54 | 19 | MR. BASKIN:  Q.  After the acquisition of |
| 13:06:55 | 20 | YouTube by Google, did Google's senior management |
| 13:07:00 | 21 | determine to cease using practices to ferret out |
| 13:07:09 | 22 | copyright violations at YouTube that were being used |
| 13:07:11 | 23 | at Google Video? |
| 13:07:12 | 24 | MR. MANCINI:  Objection; lacks foundation; |
| 13:07:14 | 25 | vague and ambiguous; calls for a legal conclusion. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

|         |    |                                                      |
|---------|----|------------------------------------------------------|
|         | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 13:07:17 | 2  | THE WITNESS:  Yeah, I don't recall.                 |
| 13:07:18 | 3  | MR. BASKIN:  Q.  After the acquisition by           |
| 13:07:20 | 4  | YouTube of Goo- -- of YouTube by Google, did Google's |
| 13:07:25 | 5  | senior management ratify a decision not to utilize  |
| 13:07:30 | 6  | practices followed by Google Video to weed out      |
| 13:07:35 | 7  | copyright violations at the newly acquired YouTube? |
| 13:07:38 | 8  | MR. MANCINI:  Objection; lacks foundation;          |
| 13:07:40 | 9  | vague and ambiguous; calls for a legal conclusion;  |
| 13:07:42 | 10 | asked and answered.                                 |
| 13:07:42 | 11 | THE WITNESS:  I don't recall.                       |
| 13:07:44 | 12 | MR. BASKIN:  Q.  Were you party to any such         |
| 13:07:47 | 13 | discussion, Mr. Page, to cease using practices that |
| 13:07:53 | 14 | Google Video previously had been using to prevent   |
| 13:07:56 | 15 | copyright violations?                               |
| 13:07:57 | 16 | MR. MANCINI:  Same exact objections.                |
| 13:07:59 | 17 | THE WITNESS:  Could you restate the question?       |
| 13:08:02 | 18 | MR. BASKIN:  Q.  Do you recall being a party        |
| 13:08:04 | 19 | to any discussion whereby senior management determined |
| 13:08:14 | 20 | to cease using practices at YouTube to ferret out   |
| 13:08:23 | 21 | copyright violations which previously were being used |
| 13:08:26 | 22 | at Google Video?                                    |
| 13:08:27 | 23 | MR. MANCINI:  Same objections.                      |
| 13:08:27 | 24 | And with all due respect, Mr. Baskin, it's          |
| 13:08:29 | 25 | the exact same question characterized three different |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 39

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:08:30 | 2 | ways. |
| 13:08:31 | 3 | THE WITNESS:  Yeah, I don't recall. |
| 13:08:32 | 4 | MR. BASKIN:  Q.  Would such a decision have |
| 13:08:35 | 5 | required the approval of senior management? |
| 13:08:37 | 6 | MR. MANCINI:  Objection; lacks foundation; |
| 13:08:39 | 7 | vague and ambiguous. |
| 13:08:39 | 8 | THE WITNESS:  I guess I would be speculating |
| 13:08:41 | 9 | if I answered that question. |
| 13:08:42 | 10 | MR. BASKIN:  Q.  Well, in the ordinary course |
| 13:08:44 | 11 | of how the senior management works, you're one of the |
| 13:08:46 | 12 | three most senior people in the business; right, sir? |
| 13:08:50 | 13 | A   Yes. |
| 13:08:50 | 14 | Q   Would a decision to cease using copyright |
| 13:08:55 | 15 | compliance techniques at YouTube that previously were |
| 13:08:59 | 16 | being used at Google Video, would such a decision have |
| 13:09:04 | 17 | required the approval of you, Mr. Brin, and |
| 13:09:09 | 18 | Mr. Schmidt? |
| 13:09:10 | 19 | MR. MANCINI:  Objection; lacks foundation; |
| 13:09:13 | 20 | vague and ambiguous. |
| 13:09:15 | 21 | THE WITNESS:  Yeah, I guess you have a whole |
| 13:09:18 | 22 | bunch of assumptions in your question. |
| 13:09:19 | 23 | MR. MANCINI:  Mr. Baskin, I think we can save |
| 13:09:22 | 24 | ourselves a whole lot of time if you can just ask this |
| 13:09:24 | 25 | question, whether or not this witness was involved in |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

|         |    |                                                      |
|---------|----|------------------------------------------------------|
|         | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                        |
| 13:09:26 | 2 | operational decisions.  I think that would be a fair |
| 13:09:29 | 3 | way to go forward.                                   |
| 13:09:30 | 4 | MR. BASKIN:  Q.  Mr. Page, would the decision        |
| 13:09:32 | 5 | to cease using practices at YouTube that previously  |
| 13:09:38 | 6 | were used at Google Video, would such a decision have |
| 13:09:41 | 7 | required your approval --                            |
| 13:09:42 | 8 | MR. MANCINI:  Objection.                             |
| 13:09:43 | 9 | MR. BASKIN:  Q.  -- in the ordinary course?         |
| 13:09:45 | 10 | MR. MANCINI:  Objection; lacks foundation;          |
| 13:09:46 | 11 | vague and ambiguous.                                 |
| 13:09:48 | 12 | THE WITNESS:  Same answer.  I don't recall.         |
| 13:09:50 | 13 | MR. BASKIN:  Q.  Now, does -- by the way, I         |
| 13:10:08 | 14 | was invited to ask you a question.  So let me ask you |
| 13:10:10 | 15 | that question:  Are you involved in the operation    |
| 13:10:12 | 16 | decisions at Google?                                 |
| 13:10:13 | 17 | MR. MANCINI:  Objection; I think your               |
| 13:10:15 | 18 | question is to Google Video -- excuse me -- YouTube. |
| 13:10:20 | 19 | Excuse me.  YouTube.                                 |
| 13:10:20 | 20 | MR. BASKIN:  Q.  Are you involved, sir, in          |
| 13:10:22 | 21 | operational issues at Google?                       |
| 13:10:26 | 22 | A   Hard to define what "operational issues" are,   |
| 13:10:30 | 23 | but I'm one of the most senior executives.           |
| 13:10:32 | 24 | Q   And, in fact, are you the most senior exec --   |
| 13:10:36 | 25 | your title says you are president of products; is that |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 41

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:10:41 | 2 | correct? |
| 13:10:41 | 3 | A    That's correct. |
| 13:10:41 | 4 | Q    Does that mean that -- well, strike that. |
| 13:10:44 | 5 | Why don't you explain to us what you -- what |
| 13:10:47 | 6 | you understand your ambit to be then; what is your job |
| 13:10:51 | 7 | at Google? |
| 13:10:52 | 8 | MR. MANCINI:  So, Counselor, we're completely |
| 13:10:55 | 9 | wasting time.  The job description and |
| 13:10:57 | 10 | responsibilities that he holds is exactly what Judge |
| 13:11:00 | 11 | Stanton called out as the things you should not be |
| 13:11:04 | 12 | wasting this witness's time on. |
| 13:11:04 | 13 | MR. BASKIN:  I thought you told me to ask |
| 13:11:06 | 14 | him. |
| 13:11:06 | 15 | MR. MANCINI:  You asked -- you asked -- |
| 13:11:07 | 16 | MR. BASKIN:  That's fine.  I'll withdraw the |
| 13:11:09 | 17 | question. |
| 13:11:09 | 18 | MR. MANCINI:  Okay. |
| 13:11:10 | 19 | MR. BASKIN:  Q.  Mr. Page, in May 2006 -- |
| 13:11:12 | 20 | strike that. |
| 13:11:13 | 21 | Do the initials GPS or -- mean anything to |
| 13:11:19 | 22 | you? |
| 13:11:21 | 23 | A    Yes. |
| 13:11:21 | 24 | Q    What are they? |
| 13:11:22 | 25 | A    In the context of Google? |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 42

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:11:24 | 2 | Q    Yes. |
| 13:11:26 | 3 | A    They're a set of meetings that we hold. |
| 13:11:29 | 4 | Q    And they are basically meetings in which the |
| 13:11:33 | 5 | senior management of the company reviews various |
| 13:11:36 | 6 | products; is that correct? |
| 13:11:40 | 7 | A    They're a set of meetings with a wide variety |
| 13:11:43 | 8 | of topics. |
| 13:11:45 | 9 | Q    And at each such GPS meeting, is a particular |
| 13:11:49 | 10 | product reviewed or highlighted? |
| 13:11:58 | 11 | A    I don't know that I'm a particular expert on |
| 13:12:00 | 12 | the top -- on the subject of the GPS meetings.  Like I |
| 13:12:04 | 13 | said, it's a general meeting.  Pretty much, you know, |
| 13:12:09 | 14 | I mentioned whatever people want to talk about.  Not |
| 13:12:12 | 15 | particularly well-defined. |
| 13:12:14 | 16 | Q    In the spring of 2006, was a GPS meeting held |
| 13:12:20 | 17 | and the topic of that meeting being Google Video? |
| 13:12:24 | 18 | MR. MANCINI:  Objection; assumes facts; vague |
| 13:12:27 | 19 | and ambiguous. |
| 13:12:27 | 20 | THE WITNESS:  I mean, I've -- you know, |
| 13:12:31 | 21 | probably go to 100 meetings a week or something here. |
| 13:12:35 | 22 | Maybe not that meeting, but some significant number. |
| 13:12:38 | 23 | I don't recall a particular meeting in October of |
| 13:12:40 | 24 | 2006. |
| 13:12:40 | 25 | MR. BASKIN:  Q.  Do you recall attending a |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 43

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 13:12:42 | 2 | GPS meeting where the topic was Google Video? |
| 13:12:45 | 3 | MR. MANCINI:  Same objections; asked and |
| 13:12:47 | 4 | answered. |
| 13:12:47 | 5 | THE WITNESS:  I don't recall. |
| 13:12:50 | 6 | MR. BASKIN:  Q.  Who is David E-U-N?  How |
| 13:13:08 | 7 | would you pronounce that, sir? |
| 13:13:09 | 8 | A   I'm not sure I have the proper pronunciation. |
| 13:13:13 | 9 | David Eun. |
| 13:13:16 | 10 | Q   Who is he? |
| 13:13:18 | 11 | A   He's an employee of Google.  He works in some |
| 13:13:24 | 12 | sort of business-related area. |
| 13:13:26 | 13 | Q   And in 2006, was he a senior executive of |
| 13:13:33 | 14 | Google Video? |
| 13:13:38 | 15 | MR. MANCINI:  Objection; lacks foundation; |
| 13:13:39 | 16 | vague and ambiguous. |
| 13:13:40 | 17 | THE WITNESS:  Yeah, I'm not sure how to |
| 13:13:41 | 18 | define "senior executive." |
| 13:13:43 | 19 | MR. BASKIN:  Q.  In 2006, was he an executive |
| 13:13:47 | 20 | of -- working within Google Video, sir? |
| 13:13:50 | 21 | A   I don't know that much about what David's |
| 13:13:52 | 22 | title was or whatever. |
| 13:13:56 | 23 | Q   Let me show you an exhibit which we will mark |
| 13:14:03 | 24 | as Page 3, Page Exhibit 3. |
| 13:14:13 | 25 | /// |

LARRY PAGE - HIGHLY CONFIDENTIAL

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                           |
| 13:14:13 | 2  | (Document marked Page Exhibit 3                          |
| 13:14:21 | 3  | for identification.)                                     |
| 13:14:21 | 4  | MR. BASKIN:  I'll hand you Page Exhibit 3.               |
| 13:14:39 | 5  | MR. MANCINI:  While he reviews the document,             |
| 13:14:41 | 6  | I'm going to renew my continuing objection to a          |
| 13:14:44 | 7  | document that's been asked of at least two prior         |
| 13:14:47 | 8  | witnesses, and we believe violates this Court's order    |
| 13:14:51 | 9  | with respect to this deposition.                         |
| 13:14:52 | 10 | MR. BASKIN:  Q.  Mr. Page, you will see that             |
| 13:14:54 | 11 | you are not a recipient of Exhibit 3.                    |
| 13:14:57 | 12 | Do you see that, sir?                                    |
| 13:14:58 | 13 | A   Yes.                                                 |
| 13:14:58 | 14 | Q   Now, if you go to the bottom of the first            |
| 13:15:00 | 15 | page of Exhibit 3, you will see that Mr. Eun or Eun,     |
| 13:15:05 | 16 | however you pronounce his name, is describing illegal    |
| 13:15:10 | 17 | traffic and piracy on YouTube -- on the YouTube site;    |
| 13:15:14 | 18 | do you see that, sir?                                    |
| 13:15:15 | 19 | MR. MANCINI:  Objection to the                           |
| 13:15:16 | 20 | characterization of the document.                        |
| 13:15:17 | 21 | THE WITNESS:  Sorry.  Would you like me to               |
| 13:15:39 | 22 | review the whole document, or what would you like me     |
| 13:15:42 | 23 | to do?                                                   |
| 13:15:43 | 24 | MR. BASKIN:  Q.  Mr. Page, let me call your              |
| 13:15:45 | 25 | attention to the following paragraph, and I'll have a    |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 13:15:48 | 2 | very simple question about it. |
| 13:15:50 | 3 | "I think we should beat YouTube - and all |
| 13:15:53 | 4 | competitors - but not at all costs.  A large part of |
| 13:15:57 | 5 | their traffic is from pirated content.  When we |
| 13:16:02 | 6 | compare our traffic numbers to theirs, we should |
| 13:16:05 | 7 | acknowledge that we are comparing our 'legal traffic' |
| 13:16:08 | 8 | to their mix of traffic from legal and illegal |
| 13:16:12 | 9 | content.  One senior media executive told me they are |
| 13:16:15 | 10 | monitoring YouTube very closely and referred to them |
| 13:16:19 | 11 | as a 'Video Grokster.'" |
| 13:16:21 | 12 | Do you see that paragraph, sir? |
| 13:16:24 | 13 | A   Uh-huh. |
| 13:16:24 | 14 | Q   Did Mr. Schmidt ever raise the topics set |
| 13:16:33 | 15 | forth in that paragraph with the OC or its |
| 13:16:37 | 16 | predecessor? |
| 13:16:38 | 17 | MR. MANCINI:  Objection; lacks foundation; |
| 13:16:40 | 18 | vague and ambiguous. |
| 13:16:40 | 19 | THE WITNESS:  I don't recall. |
| 13:16:43 | 20 | MR. BASKIN:  Q.  Was there ever a discussion |
| 13:16:45 | 21 | at the OC or its predecessor among the senior |
| 13:16:49 | 22 | executives of Google regarding the extent of pirated |
| 13:16:55 | 23 | content on YouTube? |
| 13:16:56 | 24 | MR. MANCINI:  Objection; lacks foundation; |
| 13:16:58 | 25 | calls for a legal conclusion; vague and ambiguous. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 46

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                                |
| 13:16:59 | 2  | THE WITNESS: I don't recall.                                 |
| 13:17:03 | 3  | MR. BASKIN: Q. Was there ever a discussion                   |
| 13:17:04 | 4  | that you recall among the senior -- strike that.             |
| 13:17:07 | 5  | Was there ever a discussion of any kind among                |
| 13:17:09 | 6  | the senior executives of Google that YouTube has             |
| 13:17:23 | 7  | pirated an illegal content constituting a large part         |
| 13:17:27 | 8  | of its traffic?                                              |
| 13:17:28 | 9  | MR. MANCINI: Objection; lacks foundation;                    |
| 13:17:30 | 10 | vague and ambiguous; calls for a legal conclusion.           |
| 13:17:31 | 11 | THE WITNESS: Yeah, I don't recall.                           |
| 13:17:35 | 12 | MR. BASKIN: Q. You recall no such                            |
| 13:17:37 | 13 | conversations at any time; is that what you're saying?       |
| 13:17:39 | 14 | MR. MANCINI: Objection; asked and answered.                  |
| 13:17:40 | 15 | THE WITNESS: Sorry. You're asking the same                   |
| 13:17:41 | 16 | question.                                                    |
| 13:17:42 | 17 | MR. BASKIN: Q. You recall no such                            |
| 13:17:43 | 18 | conversations among the senior executives at Google at       |
| 13:17:46 | 19 | any time, right, Mr. Page?                                    |
| 13:17:47 | 20 | MR. MANCINI: Just asked and answered.                        |
| 13:17:49 | 21 | THE WITNESS: I'm sorry. I couldn't quite                     |
| 13:17:52 | 22 | hear what you said between the two.                           |
| 13:17:55 | 23 | MR. BASKIN: Q. I've said -- I said, during                   |
| 13:17:56 | 24 | the course of all the OC meetings that you attended          |
| 13:18:02 | 25 | and its predecessor to the OC, when the senior               |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

1          PAGE, L. - HIGHLY CONFIDENTIAL

13:18:06   2    executives of Google convene, am I right, sir, that is

13:18:14   3    your testimony, that you do not recall an instance

13:18:18   4    where the senior executives of Google discussed that a

13:18:23   5    large part of the traffic in YouTube is pirated

13:18:28   6    content?

13:18:28   7          MR. MANCINI:  So same exact objections.  It's

13:18:31   8    been asked and it's been answered, and although the

13:18:35   9    witness has testified to his lack of knowledge, I also

13:18:37  10    want to object to preserve it to the extent it calls

13:18:40  11    for communications with counsel, and I instruct the

13:18:43  12    client not to answer.

13:18:44  13          THE WITNESS:  I don't recall.

13:19:03  14          MR. BASKIN:  Q.  Now, in the course -- how

13:19:21  15    often, by the way, do you speak to Mr. Schmidt?

13:19:27  16       A   How often do I speak to Mr. Schmidt?

13:19:31  17       Q   Is it a daily event?

13:19:36  18       A   I mean, there's a lot of -- you know, a lot

13:19:40  19    of travel and so on.  Pretty often.

13:19:46  20       Q   And how close are your offices, Mr. Page?

13:19:50  21       A   How close are our offices physically?

13:19:54  22           Five-minute walk.

13:19:58  23       Q   And do you recall Mr. Schmidt communicating

13:20:05  24    to you regarding what he had learned at the May GPS

13:20:13  25    meeting on the topic of Google Video?

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 48

```
                    1          PAGE, L. - HIGHLY CONFIDENTIAL
13:20:16            2          MR. MANCINI:  Objection; lacks foundation;
13:20:17            3    vague and ambiguous.
13:20:18            4          THE WITNESS:  I don't recall.
13:20:19            5          MR. BASKIN:  Q.  Do you recall, for example,
13:20:22            6    whether Mr. Schmidt ever told you that the Google
13:20:39            7    Video team had stated in a deck given to him, that
13:20:52            8    YouTube's business model is completely sustained by
13:20:56            9    pirated content?  They are at the mercy of companies
13:21:01           10    not responding with DCM requests?
13:21:08           11          Do you recall Mr. Schmidt ever telling you he
13:21:10           12    learned that at a GPS meeting regarding the topic of
13:21:15           13    Google Video and YouTube?
13:21:16           14          MR. MANCINI:  Objection; lacks foundation;
13:21:17           15    vague and ambiguous.
13:21:18           16          THE WITNESS:  I don't recall.
13:21:18           17          MR. BASKIN:  Q.  Do you recall Mr. Schmidt
13:21:20           18    ever advising the OC or its predecessor of what he was
13:21:28           19    told at the spring 2006 GPS meeting on the topic of
13:21:34           20    piracy at YouTube?
13:21:35           21          MR. MANCINI:  Objection; lacks foundation;
13:21:37           22    vague and ambiguous and calls for a legal conclusion.
13:21:39           23          THE WITNESS:  I don't recall.
13:21:39           24          MR. BASKIN:  Q.  Do you recall whether the
13:21:42           25    senior executives of Google, prior to the decision to
```

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 49

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:21:47 | 2 | buy YouTube, ever considered the issue of piracy at |
| 13:21:53 | 3 | YouTube? |
| 13:21:53 | 4 | MR. MANCINI:  Objection; vague and ambiguous; |
| 13:21:57 | 5 | calls for a legal conclusion. |
| 13:22:00 | 6 | To the extent it seeks communications with |
| 13:22:01 | 7 | counsel, I instruct the witness not to answer. |
| 13:22:04 | 8 | THE WITNESS:  I won't answer. |
| 13:22:06 | 9 | MR. BASKIN:  Q.  Did you ever consider in |
| 13:22:10 | 10 | your own mind, prior to the acquisition of YouTube by |
| 13:22:13 | 11 | Google, the issue of copyright piracy at YouTube? |
| 13:22:22 | 12 | MR. MANCINI:  Objection; calls for a legal |
| 13:22:24 | 13 | conclusion; vague and ambiguous. |
| 13:22:25 | 14 | THE WITNESS:  I don't recall. |
| 13:22:27 | 15 | MR. BASKIN:  Why don't we take a two-minute |
| 13:22:37 | 16 | break. |
| 13:22:38 | 17 | THE VIDEOGRAPHER:  We are now going off the |
| 13:22:39 | 18 | record. |
| 13:22:39 | 19 | The time is 1:18 p.m. |
| 13:22:41 | 20 | (Lunch break taken 1:18 p.m.) |
| | 21 | ---oOo--- |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 50

|  |  |  |
|--|--|--|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|  | 2 | A F T E R N O O N   S E S S I O N |
| 13:53:39 | 3 | 1:54 p.m. |
| 13:53:39 | 4 |  |
| 13:58:17 | 5 | THE VIDEOGRAPHER:  We're now going back on |
| 13:58:29 | 6 | the record.  The time is 1:54 p.m. |
| 13:58:33 | 7 | MR. BASKIN:  Okay. |
| 13:58:35 | 8 | Q   Mr. Page, am I correct that over the years, |
| 13:58:44 | 9 | Google has held negotiations with major entertainment |
| 13:58:52 | 10 | companies like movie studios and producers of |
| 13:58:56 | 11 | televised content for revenue-sharing deals, whereby |
| 13:59:05 | 12 | the content owners would license their content over |
| 13:59:09 | 13 | YouTube or Google Video and split revenue with Google? |
| 13:59:15 | 14 | MR. MANCINI:  Objection; vague and ambiguous. |
| 13:59:17 | 15 | THE WITNESS:  Yeah, there's a lot of premises |
| 13:59:23 | 16 | there. |
| 13:59:24 | 17 | Can you split it up into multiple questions, |
| 13:59:27 | 18 | maybe? |
| 13:59:28 | 19 | MR. BASKIN:  Q.  Over the years, has Google |
| 13:59:32 | 20 | engaged in negotiations with entertainment companies |
| 13:59:40 | 21 | to license their -- |
| 13:59:41 | 22 | A   Wait.  Can we stop there? |
| 13:59:45 | 23 | Q   -- to license their content? |
| 13:59:47 | 24 | A   Okay.  We have -- there's probably been a |
| 13:59:55 | 25 | number of different deals with entertainment companies |

a4869a54-831a-469e-8188-29b2aa8a3e2f

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 13:59:57 | 2 | around content. |
| 14:00:00 | 3 | Q   And am I right that the way these deals |
| 14:00:04 | 4 | function is that Google would receive a license to use |
| 14:00:13 | 5 | the content on Google Video or YouTube and |
| 14:00:19 | 6 | advertisements -- advertising revenues surrounding |
| 14:00:24 | 7 | that content would be shared between Google and the |
| 14:00:27 | 8 | entertainment companies? |
| 14:00:29 | 9 | MR. MANCINI:  Objection; assumes facts; vague |
| 14:00:31 | 10 | and ambiguous. |
| 14:00:31 | 11 | THE WITNESS:  Yeah, again, there's a lot of |
| 14:00:35 | 12 | assumptions there.  Can you split that again into |
| 14:00:37 | 13 | multiple questions? |
| 14:00:38 | 14 | MR. BASKIN:  Q.  Was it a key element of |
| 14:00:42 | 15 | Google's negotiations with movie studios and TV |
| 14:00:49 | 16 | companies that the TV companies would license their |
| 14:00:55 | 17 | content on Google Video and YouTube? |
| 14:00:57 | 18 | MR. MANCINI:  Objection; vague and ambiguous. |
| 14:00:58 | 19 | THE WITNESS:  Can you restate that? |
| 14:01:04 | 20 | MR. BASKIN:  Q.  You didn't understand my |
| 14:01:06 | 21 | words, Mr. Page? |
| 14:01:08 | 22 | A   Well, I think it's very important that I |
| 14:01:09 | 23 | answer accurately, so I'd like you to restate the |
| 14:01:12 | 24 | question. |
| 14:01:14 | 25 | Q   Am I correct, sir, that a key element of |

a4869a54-831a-469e-8188-29b2aa8a3e2f

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                           |
| 14:01:20 | 2  | Google's negotiations with movie studios and TV         |
| 14:01:23 | 3  | companies is for Google to acquire a license to         |
| 14:01:30 | 4  | display their content on Google Video or YouTube?       |
| 14:01:34 | 5  | MR. MANCINI:  Objection; vague and ambiguous.           |
| 14:01:41 | 6  | THE WITNESS:  Sorry.  I guess I'm -- I'm                |
| 14:01:44 | 7  | confused about the definition of "key element."         |
| 14:01:49 | 8  | MR. BASKIN:  Q.  Which word are you having              |
| 14:01:51 | 9  | problems with, Mr. Page?  The word "key" or "element"?  |
| 14:01:56 | 10 | MR. MANCINI:  I'm actually confused by the              |
| 14:01:58 | 11 | terms myself, Mr. Baskin.  There's probably a better    |
| 14:02:01 | 12 | way to ask that question.                               |
| 14:02:02 | 13 | MR. BASKIN:  Q.  Which word confuses you,               |
| 14:02:04 | 14 | Mr. Page, key or element?                               |
| 14:02:06 | 15 | A    The combination of the two words.                  |
| 14:02:07 | 16 | Q    That combination is confusing to you, sir?         |
| 14:02:11 | 17 | Is that right?                                          |
| 14:02:13 | 18 | A    You know, business deals between large             |
| 14:02:15 | 19 | companies are pretty complex things involving many      |
| 14:02:20 | 20 | different aspects.  There's many possible companies     |
| 14:02:25 | 21 | represented by your question.  It's a difficult         |
| 14:02:27 | 22 | question to answer.                                     |
| 14:02:32 | 23 | Q    When Google has held negotiations with movie       |
| 14:02:35 | 24 | studios and television -- producers of television       |
| 14:02:41 | 25 | content, has Google sought to obtain a license to       |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 53

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:02:49 | 2 | display their content on YouTube or Google Video? |
| 14:02:56 | 3 | A    Again, the first part of the question, movie |
| 14:03:01 | 4 | studios or?  You want to remind me of the question? |
| 14:03:08 | 5 | Your -- your corporate entities were movie studios or? |
| 14:03:12 | 6 | Q    Are you having problems understanding me, |
| 14:03:15 | 7 | Mr. Baskin? |
| 14:03:16 | 8 | MR. MANCINI:  Mr. Baskin, he just wants to be |
| 14:03:19 | 9 | precise.  He wants you to break down the question. |
| 14:03:21 | 10 | MR. BASKIN:  Q.  When Google has had |
| 14:03:22 | 11 | discussions with movie studios, has Google sought to |
| 14:03:26 | 12 | negotiate to get a license to display their |
| 14:03:32 | 13 | copyrighted content on YouTube and Google Video? |
| 14:03:36 | 14 | MR. MANCINI:  Objection; vague and ambiguous. |
| 14:03:37 | 15 | THE WITNESS:  Yeah, I don't recall. |
| 14:03:43 | 16 | MR. BASKIN:  Q.  Well, do you recall when |
| 14:03:44 | 17 | Google has had discussions with -- with television |
| 14:03:47 | 18 | producing companies like MTV Networks or Turner |
| 14:03:53 | 19 | Broadcasting, did Google seek to negotiate to get a |
| 14:04:00 | 20 | license to display their copyrighted content on |
| 14:04:04 | 21 | YouTube and Google Video? |
| 14:04:05 | 22 | MR. MANCINI:  Same objections; objection to |
| 14:04:08 | 23 | the extent it seeks a legal conclusion, and continuing |
| 14:04:11 | 24 | objection as it being beyond the scope of Judge |
| 14:04:14 | 25 | Stanton's order for this deposition, but you can |

a4869a54-831a-469e-8188-29b2aa8a3e2f

## LARRY PAGE - HIGHLY CONFIDENTIAL

Page 54

|  |  |
|---|---|
|  | 1 |
| 14:04:19 | 2 |
| 14:04:20 | 3 |
| 14:04:24 | 4 |
| 14:04:30 | 5 |
| 14:04:33 | 6 |
| 14:04:40 | 7 |
| 14:04:43 | 8 |
| 14:04:43 | 9 |
| 14:04:50 | 10 |
| 14:04:53 | 11 |
| 14:04:58 | 12 |
| 14:05:04 | 13 |
| 14:05:07 | 14 |
| 14:05:10 | 15 |
| 14:05:11 | 16 |
| 14:05:14 | 17 |
| 14:05:15 | 18 |
| 14:05:17 | 19 |
| 14:05:19 | 20 |
| 14:05:23 | 21 |
| 14:05:26 | 22 |
| 14:05:27 | 23 |
| 14:05:31 | 24 |
| 14:05:37 | 25 |

1          PAGE, L. - HIGHLY CONFIDENTIAL

2     answer if you recall.

3          THE WITNESS:  Again, there's a lot of detail

4     in those arrangements and a lot of complexity, and so

5     the -- the definition of all those terms is -- is

6     relevant to how I would answer the question.  You're

7     asking me a very, very specific question which I then

8     can't recall.

9          MR. BASKIN:  Q.  Now, when Google or YouTube

10    personnel -- well, let's break it down first.

11         When YouTube personnel have held negotiations

12    with major entertainment companies, have you been kept

13    advised regarding the status of the negotiation?

14         MR. MANCINI:  Objection; lacks foundation.

15         Do you have a time period in mind,

16    Mr. Baskin?

17         MR. BASKIN:  Q.  What's your answer,

18    Mr. Page?

19     A    In general, for all Google businesses, you

20    know, I try to keep apprised of what's happening, but

21    there's a tremendous number of deals going on and

22    things going on.

23     Q    Well, my question is, particularly in the

24    negotiations with big movie studios, like Viacom

25    Paramount, or Walt Disney, or Turner, or NBC

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 55

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 14:05:44 | 2  | Universal, were you being kept apprised of the status |
| 14:05:48 | 3  | of the negotiations?                                 |
| 14:05:51 | 4  | A    Again, I said, in general, I'm kept apprised    |
| 14:05:53 | 5  | of major happenings in the company.                 |
| 14:05:57 | 6  | Are you asking a specific question about a           |
| 14:06:01 | 7  | specific deal or just in general?                   |
| 14:06:03 | 8  | Q    Let me ask it again.  Listen very carefully    |
| 14:06:05 | 9  | to the question, okay, Mr. Page.                    |
| 14:06:07 | 10 | Here's the question:  Particularly in the           |
| 14:06:12 | 11 | negotiations with big movie studios like Viacom,    |
| 14:06:17 | 12 | Paramount, or Walt Disney, or Turner, or NBC        |
| 14:06:24 | 13 | Universal, were you being kept apprised of the status |
| 14:06:29 | 14 | of the negotiations?                                 |
| 14:06:30 | 15 | MR. MANCINI:  Objection; compound question.         |
| 14:06:33 | 16 | THE WITNESS:  I wouldn't say particularly.          |
| 14:06:40 | 17 | MR. BASKIN:  Q.  And when you say you               |
| 14:06:52 | 18 | wouldn't be -- say "particularly," you mean -- what do |
| 14:06:54 | 19 | you mean by that, sir?                               |
| 14:06:56 | 20 | A    It seems like you're trying to imply in the    |
| 14:06:58 | 21 | complicated question form that I was particularly    |
| 14:07:00 | 22 | apprised of such deals.  I already told you, in     |
| 14:07:03 | 23 | general, I'm apprised of what's going on.  I don't  |
| 14:07:05 | 24 | think it was any different with these kinds of deals. |
| 14:07:09 | 25 | Q    Now, at any point in time, did you -- were     |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 56

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:07:13 | 2 | you being advised of the terms being offered to Viacom |
| 14:07:22 | 3 | in connection with negotiations for a license to |
| 14:07:27 | 4 | display Viacom content over YouTube? |
| 14:07:30 | 5 | MR. MANCINI:  Objection; vague and ambiguous. |
| 14:07:35 | 6 | MR. DEIXLER:  May I note for the record and |
| 14:07:37 | 7 | note my objection to the witness's repeated looking at |
| 14:07:41 | 8 | the transcript of the questions and answers.  I |
| 14:07:43 | 9 | believe it's irregular and improper, and I ask that |
| 14:07:46 | 10 | that aide to his testimony be taken from him. |
| 14:07:50 | 11 | MR. MANCINI:  So I just want to note for the |
| 14:07:51 | 12 | record that I said very specifically at the beginning |
| 14:07:52 | 13 | of this deposition that this monitor, which is for my |
| 14:07:54 | 14 | benefit, was close in proximity to the witness, and I |
| 14:07:58 | 15 | didn't hear an objection to that because of the setup |
| 14:08:00 | 16 | of this room. |
| 14:08:01 | 17 | I'm happy to move it, Mr. Baskin, if you |
| 14:08:04 | 18 | think it's somehow improperly aiding this witness. |
| 14:08:07 | 19 | MR. BASKIN:  To be honest with you, I love |
| 14:08:11 | 20 | the fact he's videotaped watching the monitor, so |
| 14:08:13 | 21 | you're welcome to look at the monitors, as far as I'm |
| 14:08:13 | 22 | concerned, but I understand his objection. |
| 14:08:17 | 23 | Q   Now -- so let me ask you again, Mr. Page. |
| 14:08:20 | 24 | In connection with Viacom, were you being |
| 14:08:24 | 25 | apprised of the terms of the negotiations between |

a4869a54-831a-469e-8188-29b2aa8a3e2f