LARRY PAGE - HIGHLY CONFIDENTIAL

Page 57

|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:08:28 | 2 | Viacom and Google? |
| 14:08:32 | 3 | A   So I don't recall any such detail or |
| 14:08:39 | 4 | anything. |
| 14:08:40 | 5 | Q   Now, did you ever hear of the phrase "Big |
| 14:08:45 | 6 | 6" by the way, "Big 6 Media Companies"? |
| 14:08:50 | 7 | A   I don't recall hearing such a phrase. |
| 14:08:52 | 8 | Q   Did Google's senior management hold weekly |
| 14:09:07 | 9 | meetings to discuss the status of large transactions? |
| 14:09:12 | 10 | MR. MANCINI:  Objection; assumes facts; vague |
| 14:09:15 | 11 | and ambiguous. |
| 14:09:15 | 12 | THE WITNESS:  I mean, seems again a very |
| 14:09:19 | 13 | vague question.  I don't recall. |
| 14:09:20 | 14 | MR. BASKIN:  Q.  Well, for example, was there |
| 14:09:28 | 15 | a no-surprise approach at Google about bringing in |
| 14:09:36 | 16 | deals so that you and Mr. Brin and Mr. Schmidt had to |
| 14:09:41 | 17 | be kept advised regarding the status of negotiations? |
| 14:09:44 | 18 | MR. MANCINI:  Objection; assumes facts; vague |
| 14:09:47 | 19 | and ambiguous. |
| 14:09:47 | 20 | THE WITNESS:  Again, in general, you know, I |
| 14:09:52 | 21 | work hard to make sure I'm apprised of roughly what's |
| 14:09:56 | 22 | going on.  I don't know the details of how that's |
| 14:09:59 | 23 | operated on. |
| 14:10:00 | 24 | MR. BASKIN:  Q.  Well, my question was, was |
| 14:10:02 | 25 | there a no-surprise policy that the three of you could |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 58

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 14:10:05 | 2  | not be surprised regarding the status of negotiations  |
| 14:10:10 | 3  | with big content owners?                               |
| 14:10:12 | 4  | MR. MANCINI:  Objection; asked and just                |
| 14:10:15 | 5  | answered.                                              |
| 14:10:15 | 6  | THE WITNESS:  Yeah, I don't recall of any              |
| 14:10:17 | 7  | such term.                                             |
| 14:10:18 | 8  | MR. BASKIN:  Let me just -- we will mark as            |
| 14:10:33 | 9  | Page 4 -- you got it?                                  |
| 14:10:47 | 10 | (Document marked Page Exhibit 4                        |
| 14:11:09 | 11 | for identification.)                                   |
| 14:11:09 | 12 | MR. BASKIN:  Q.  If it makes your life                 |
| 14:11:50 | 13 | easier, Mr. Page, I'm not really going to ask you any  |
| 14:11:54 | 14 | questions about the document, apart from the first     |
| 14:11:57 | 15 | paragraph.                                             |
| 14:11:57 | 16 | MR. MANCINI:  Just give the -- just give the           |
| 14:11:59 | 17 | witness a moment to review it.                         |
| 14:12:21 | 18 | MR. BASKIN:  Q.  Can you identify, sir,                |
| 14:12:23 | 19 | Exhibit 4 as an e-mail received by you, among others,  |
| 14:12:31 | 20 | on or about September 7th, 2006?                       |
| 14:12:36 | 21 | A   I mean, I don't remember the e-mail, but           |
| 14:12:38 | 22 | I assume that's been produced in document production.  |
| 14:12:47 | 23 | Q   And was there, at Google, a no-surprises           |
| 14:12:50 | 24 | approach to bringing in deals so that you and          |
| 14:12:53 | 25 | Mr. Schmidt and Mr. Brin had to be put on notice on    |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

|          |    |                                                           |
|----------|----|-----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                            |
| 14:13:02 | 2  | deals that were being discussed?                          |
| 14:13:05 | 3  | MR. MANCINI:  Objection; vague and ambiguous;             |
| 14:13:06 | 4  | asked and answered.                                       |
| 14:13:06 | 5  | THE WITNESS:  I mean, this is an e-mail that               |
| 14:13:11 | 6  | was, you know, addressed to me.  But, you know, again,     |
| 14:13:18 | 7  | I have many, many responsibilities at Google, and I'm     |
| 14:13:22 | 8  | not that operationally involved in the deal details.      |
| 14:13:27 | 9  | So I typically probably would not read such an e-mail.    |
| 14:13:34 | 10 | MR. BASKIN:  Q.  I didn't ask you whether you             |
| 14:13:35 | 11 | read the e-mail.  I asked you whether there was a          |
| 14:13:38 | 12 | no-surprise approach to bringing in deals to Google --     |
| 14:13:41 | 13 | MR. MANCINI:  Objection; vague and ambiguous;             |
| 14:13:42 | 14 | asked and answered.                                       |
| 14:13:42 | 15 | MR. BASKIN:  Q.  -- such that -- such that                |
| 14:13:43 | 16 | you and the other two prin -- key executives have to       |
| 14:13:50 | 17 | be advised of ongoing negotiations?                        |
| 14:13:53 | 18 | MR. MANCINI:  Same objections.                            |
| 14:13:54 | 19 | THE WITNESS:  I already stated I had no                    |
| 14:13:57 | 20 | recollection of that term.                                 |
| 14:13:58 | 21 | MR. BASKIN:  Q.  Now, do you recall being                 |
| 14:14:19 | 22 | advised of the content deal terms regarding my client,     |
| 14:14:25 | 23 | Viacom, as the transaction -- as the transaction was       |
| 14:14:32 | 24 | being negotiated?                                          |
| 14:14:33 | 25 | A   No, I don't recall that.                              |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 60

```
                    1           PAGE, L. - HIGHLY CONFIDENTIAL
14:14:36            2           Q    Well, let me hand you, for example, what
14:14:51            3      we'll mark as Page 5.
14:14:55            4               (Document marked Page Exhibit 5
14:15:13            5                for identification.)
14:15:13            6           MR. BASKIN:  Oh, I'm sorry.  Let me see about
14:15:15            7      the others.  You get the marked 5.
14:15:38            8           THE WITNESS:  Sorry.  I seem to have two
14:15:39            9      copies of this.
14:15:41           10           MR. BASKIN:  You can pass one down.
14:16:43           11           Q    Can we agree, sir, that you and Mr. Brin were
14:16:48           12      among the CC recipients of Exhibit 5?
14:16:50           13           MR. MANCINI:  Objection; document speaks for
14:16:52           14      itself.
14:16:53           15           THE WITNESS:  Again, I don't recall the
14:16:54           16      particular e-mail, but I assume that's produced and
14:16:59           17      that that's the case.
14:17:01           18           MR. BASKIN:  Q.  Now, does this document,
14:17:06           19      Exhibit 5, help to refresh your memory, that you were
14:17:12           20      being kept advised of the status of deal terms in the
14:17:18           21      negotiations between Viacom and Google?
14:17:23           22           MR. MANCINI:  Objection to the
14:17:25           23      characterization of the document.
14:17:26           24           THE WITNESS:  I mean, it helps me remember
14:17:28           25      that there's an e-mail that I appear to have gotten
```

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 61

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:17:31 | 2 | about those terms. |
| 14:17:32 | 3 | MR. BASKIN:  Q.  And do you recall whether |
| 14:17:39 | 4 | the senior management of Google had discussed |
| 14:17:54 | 5 | providing over half a billion dollars as a revenue |
| 14:17:59 | 6 | guarantee to Viacom for its content to be displayed |
| 14:18:05 | 7 | over YouTube and Google. |
| 14:18:09 | 8 | A   No, I don't recall.  You said -- in the |
| 14:18:13 | 9 | context again, we have very large commercial |
| 14:18:16 | 10 | relationships with very many large number of |
| 14:18:19 | 11 | companies, and I take it in this case, this one did |
| 14:18:22 | 12 | not get signed by Viacom or by Google, and so I tend |
| 14:18:29 | 13 | to pay more attention to the ones that are in their |
| 14:18:32 | 14 | final processes.  I don't know how far along this was. |
| 14:18:38 | 15 | Q   Well, can you tell us, for the record, of the |
| 14:18:43 | 16 | transactions you do remember, whether there was any |
| 14:18:48 | 17 | other content provider to whom Google offered in |
| 14:18:57 | 18 | excess of half a billion dollars for its content apart |
| 14:19:02 | 19 | from Viacom? |
| 14:19:03 | 20 | MR. MANCINI:  Objection; assumes facts; vague |
| 14:19:05 | 21 | and ambiguous; and once again, I think clearly outside |
| 14:19:06 | 22 | of the scope of Judge Stanton's order. |
| 14:19:09 | 23 | THE WITNESS:  So, again, Google has very |
| 14:19:11 | 24 | large commercial relationships with companies, some of |
| 14:19:15 | 25 | which is much, much larger than this.  That seems not |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 62

|         |    |                                                   |
|---------|----|---------------------------------------------------|
|         | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                    |
| 14:19:19 | 2  | the scope of the current inquiry.                 |
| 14:19:21 | 3  | MR. BASKIN:  Q.  The question I asked you,        |
| 14:19:22 | 4  | Mr. Page, is, can you tell us the name of one content |
| 14:19:31 | 5  | provider, other than Viacom, to whom Google offered in |
| 14:19:39 | 6  | excess of a half billion dollars for its content? |
| 14:19:42 | 7  | MR. MANCINI:  Are you asking whether he has       |
| 14:19:44 | 8  | personal knowledge of this issue?                 |
| 14:19:45 | 9  | MR. BASKIN:  If he knows, yes.                     |
| 14:19:46 | 10 | MR. MANCINI:  Okay.  Same objections.             |
| 14:19:48 | 11 | THE WITNESS:  Again, it would not surprise        |
| 14:19:49 | 12 | me, if that's the case.  Again, I'm not in charge of |
| 14:19:53 | 13 | all those deals and intimately familiar with all of |
| 14:19:57 | 14 | them, so I don't want to speculate on that.       |
| 14:20:00 | 15 | MR. BASKIN:  Well, let me hand you what we        |
| 14:20:10 | 16 | will mark as Page Exhibit 6.                      |
| 14:20:19 | 17 | (Document marked Page Exhibit 6                   |
| 14:21:11 | 18 | for identification.)                              |
| 14:21:11 | 19 | MR. MANCINI:  So while the witness reviews        |
| 14:21:14 | 20 | it, I just want to renew my continuing objection, that |
| 14:21:16 | 21 | these questions go outside the Court's directive. |
| 14:21:20 | 22 | Once again, this is a document on which he is     |
| 14:21:22 | 23 | CCed, so it clearly could not be within his unique |
| 14:21:26 | 24 | knowledge.                                        |
| 14:21:32 | 25 | MR. BASKIN:  Q.  Are you ready, Mr. Page?         |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123    (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 63

|          |    |                                                              |
|----------|----|--------------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                               |
| 14:21:33 | 2  | MR. MANCINI:  Just give him a minute.                        |
| 14:21:35 | 3  | THE WITNESS:  Would you like me to read the                 |
| 14:21:37 | 4  | document?                                                    |
| 14:21:38 | 5  | MR. BASKIN:  I don't think for my questions                 |
| 14:21:39 | 6  | you're really gonna to have to, but you're welcome to       |
| 14:21:41 | 7  | if you want.  It depends how long you want the              |
| 14:21:43 | 8  | deposition to last.                                          |
| 14:21:43 | 9  | MR. MANCINI:  Well, if you can point us,                    |
| 14:21:46 | 10 | Counselor, to some aspect of this document that you'd       |
| 14:21:48 | 11 | like to ask him about, then maybe that would help us        |
| 14:21:51 | 12 | move along.                                                  |
| 14:21:52 | 13 | MR. BASKIN:  Okay.  I really want to focus on               |
| 14:21:53 | 14 | the first paragraph, again.  So why don't you read          |
| 14:21:56 | 15 | that for a second, and I'll pose you a couple of            |
| 14:22:00 | 16 | questions.                                                   |
| 14:22:00 | 17 | MR. MANCINI:  Thank you.                                     |
| 14:22:06 | 18 | MR. BASKIN:  Oh, I'm sorry.                                  |
| 14:22:41 | 19 | THE WITNESS:  Okay.                                          |
| 14:22:45 | 20 | MR. BASKIN:  Q.  First, sir, in and around                  |
| 14:22:47 | 21 | November of 2006, it was Google's view, was it not,         |
| 14:22:54 | 22 | that Viacom had the most valuable content of any other      |
| 14:23:00 | 23 | premium content provider?                                    |
| 14:23:01 | 24 | MR. MANCINI:  Objection; vague and ambiguous;               |
| 14:23:03 | 25 | lacks foundation.                                            |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 64

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                           |
| 14:23:04 | 2  | THE WITNESS:  I don't recall any such                    |
| 14:23:06 | 3  | conclusion.                                              |
| 14:23:06 | 4  | MR. BASKIN:  Q.  Well, looking, for example,             |
| 14:23:11 | 5  | at Exhibit 6, do you recall receiving Exhibit 6 as a     |
| 14:23:18 | 6  | CC?                                                       |
| 14:23:18 | 7  | A   Again, no, I don't recall this particular            |
| 14:23:21 | 8  | e-mail.                                                  |
| 14:23:21 | 9  | Q   Do you recall -- strike that.                        |
| 14:23:26 | 10 | Does this help refresh your memory again,                |
| 14:23:28 | 11 | that you were being constantly kept apprised of the      |
| 14:23:31 | 12 | status of deal terms in the negotiations between         |
| 14:23:35 | 13 | Viacom and Google?                                       |
| 14:23:36 | 14 | MR. MANCINI:  Objection to the                           |
| 14:23:37 | 15 | characterization; and objection, vague and ambiguous.    |
| 14:23:39 | 16 | THE WITNESS:  I already asked -- I already               |
| 14:23:43 | 17 | answered this.  I don't recollect.                       |
| 14:23:45 | 18 | MR. BASKIN:  Q.  Now, do you recollect that              |
| 14:23:51 | 19 | the proposed minimum guarantee being offered Viacom in   |
| 14:23:56 | 20 | and around November 14th, 2006, was five times the       |
| 14:24:07 | 21 | amount of the minimum guarantee being offered Turner     |
| 14:24:10 | 22 | and eight times the minimum guarantee being offered to   |
| 14:24:18 | 23 | CBS?  Do you recall that, sir?                           |
| 14:24:20 | 24 | MR. MANCINI:  Objection; lacks foundation.               |
| 14:24:23 | 25 | THE WITNESS:  I don't understand any of the              |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 65

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:24:25 | 2 | premises actually of your question.  You showed me two |
| 14:24:30 | 3 | e-mails.  I don't even know if the first e-mail you |
| 14:24:33 | 4 | showed me is before or after this one, and this e-mail |
| 14:24:38 | 5 | is quite vague, so I wouldn't make a conclusion about |
| 14:24:41 | 6 | five times from -- from that set of data, and I don't |
| 14:24:45 | 7 | recall any specifics. |
| 14:24:48 | 8 | MR. BASKIN:  Q.  Read the sentence that |
| 14:24:49 | 9 | begins -- second full sentence that begins "The |
| 14:24:52 | 10 | challenge is that for CBS, Turner and Viacom, we have |
| 14:25:01 | 11 | proposed minimum guarantees of 60 million, 75 million, |
| 14:25:07 | 12 | and 483 million, all of which have been countered with |
| 14:25:13 | 13 | 300 million, 170 million, and plus 700 million, |
| 14:25:19 | 14 | depending on the day respectively. |
| 14:25:21 | 15 | Do you see that? |
| 14:25:24 | 16 | MR. MANCINI:  Objection; document speaks for |
| 14:25:25 | 17 | itself. |
| 14:25:26 | 18 | MR. BASKIN:  Q.  Do you see that? |
| 14:25:27 | 19 | A   I can read the document, yes. |
| 14:25:28 | 20 | Q   Do you understand those words on the |
| 14:25:30 | 21 | document? |
| 14:25:31 | 22 | A   I can understand what is written there. |
| 14:25:36 | 23 | Q   Okay. |
| 14:25:37 | 24 | A   I think deals are pretty complex things.  It |
| 14:25:40 | 25 | doesn't have time frame here or any number of other |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 66

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 14:25:43 | 2  | issues.  It all states in the second paragraph here |
| 14:25:49 | 3  | that CBS and Turner are more focused on building a  |
| 14:25:53 | 4  | real business rather than just getting a large dollar |
| 14:25:54 | 5  | guarantee.                                            |
| 14:25:55 | 6  | So I assume that any deal team negotiations          |
| 14:25:57 | 7  | would have taken that into account.  You're implying |
| 14:26:01 | 8  | value from this, which I think is -- is not something |
| 14:26:04 | 9  | I would agree with.                                   |
| 14:26:06 | 10 | Q   So you would not agree that Google had          |
| 14:26:13 | 11 | offered Viacom five times the amount of -- of -- for a |
| 14:26:18 | 12 | minimum guarantee that it had offered Turner?        |
| 14:26:22 | 13 | MR. MANCINI:  Objection asked and just              |
| 14:26:24 | 14 | answered.                                             |
| 14:26:24 | 15 | THE WITNESS:  I already answered this, that         |
| 14:26:26 | 16 | there's many premises here that aren't clear to me   |
| 14:26:30 | 17 | from these documents, and I have no other            |
| 14:26:33 | 18 | recollection.                                         |
| 14:26:33 | 19 | MR. BASKIN:  Q.  Now, let me show you what          |
| 14:26:39 | 20 | we'll mark as Page 7, Page Exhibit 7.  Strike that.  |
| 14:27:06 | 21 | Did there come a time that you recall,              |
| 14:27:08 | 22 | Mr. Page, that Google offered Viacom a partnership   |
| 14:27:19 | 23 | which Google valued at $592 million?  Do you remember |
| 14:27:24 | 24 | that, sir?                                            |
| 14:27:25 | 25 | MR. MANCINI:  Objection; lacks foundation.          |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 67

|          |    |                                                  |
|----------|----|--------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                   |
| 14:27:27 | 2  | THE WITNESS:  I don't recall.                    |
| 14:27:28 | 3  | MR. BASKIN:  Q.  As you sit here, did -- do      |
| 14:27:44 | 4  | you recall if Google ever offered any content provider |
| 14:27:52 | 5  | even half as much of the $592 million offered to |
| 14:27:59 | 6  | Viacom?                                          |
| 14:27:59 | 7  | MR. MANCINI:  Objection; lacks foundation.       |
| 14:28:03 | 8  | THE WITNESS:  I don't recall, and again, I       |
| 14:28:05 | 9  | just would say that business -- these kinds of   |
| 14:28:07 | 10 | business deals that are done between large companies |
| 14:28:11 | 11 | are hundreds of pages.  There's many, many, many |
| 14:28:15 | 12 | terms.  You're asking about one particular term, but |
| 14:28:17 | 13 | you're not talking about time frame or other parts of |
| 14:28:20 | 14 | the deals or so on.                              |
| 14:28:25 | 15 | MR. BASKIN:  I understood I was talking about    |
| 14:28:27 | 16 | money, sir.  The question is -- let me show you what |
| 14:28:29 | 17 | we'll mark as Exhibit 7, Page Exhibit 7.         |
| 14:28:33 | 18 | (Document marked Page Exhibit 7                  |
| 14:28:54 | 19 | for identification.)                             |
| 14:28:54 | 20 | MR. MANCINI:  Again, I'm going to continue my    |
| 14:28:55 | 21 | same -- same objection as being beyond the scope of |
| 14:29:01 | 22 | the Court's order with respect to this deposition, as |
| 14:29:04 | 23 | this document was only forwarded or copied to this |
| 14:29:07 | 24 | witness after the fact, I might note.            |
| 14:29:11 | 25 | MR. BASKIN:  Q.  Mr. Page, apart from a          |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 68

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:29:14 | 2 | number -- I actually am not going to ask you any |
| 14:29:19 | 3 | questions about this document. |
| 14:29:19 | 4 | Q   Does this document help to remind you that |
| 14:29:21 | 5 | you and Mr. Brin were routinely being kept advised of |
| 14:29:27 | 6 | deal terms regarding negotiations with Viacom? |
| 14:29:33 | 7 | MR. MANCINI:  Objection to the |
| 14:29:34 | 8 | mischaracterization of the document. |
| 14:29:37 | 9 | THE WITNESS:  Again, same answer.  I don't |
| 14:29:39 | 10 | recall. |
| 14:29:39 | 11 | MR. BASKIN:  Q.  And let me ask you then, can |
| 14:29:43 | 12 | you recall, as you sit here today, another media |
| 14:29:51 | 13 | company that was offered even half as much as the |
| 14:29:56 | 14 | $592 million being offered to Viacom in this document? |
| 14:30:00 | 15 | MR. MANCINI:  Objection; asked and answered |
| 14:30:02 | 16 | several times now and lacks foundation. |
| 14:30:04 | 17 | THE WITNESS:  Same answer. |
| 14:30:05 | 18 | MR. BASKIN:  Q.  Which is? |
| 14:30:07 | 19 | A   I don't recall. |
| 14:30:10 | 20 | Q   Now -- by the way, let me show you what we'll |
| 14:30:16 | 21 | mark as Page 8. |
| 14:30:19 | 22 | (Document marked Page Exhibit 8 |
| 14:30:39 | 23 | for identification.) |
| 14:30:39 | 24 | MR. BASKIN:  Q.  And again, so we can get you |
| 14:30:54 | 25 | out of here promptly, I'm only going to be talking to |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 69

|        |    |                                                      |
|--------|----|------------------------------------------------------|
|        | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 14:30:59 | 2 | you about the paragraph marked three.               |
| 14:31:02 | 3 | A    Sorry.  On the first page?                     |
| 14:31:03 | 4 | Q    Yes.                                            |
| 14:31:04 | 5 | A    Okay.                                           |
| 14:31:18 | 6 | Q    My question, sir, since -- by the way, this    |
| 14:31:19 | 7 | is not a document that went to you; correct?        |
| 14:31:25 | 8 | A    I don't know.  I'm just reading the document    |
| 14:31:27 | 9 | like you, so it doesn't appear that I'm on here, no. |
| 14:31:31 | 10 | Q    The document says that --                      |
| 14:31:35 | 11 | MR. MANCINI:  Mr. Baskin, let's just give the       |
| 14:31:37 | 12 | witness a moment.  Make sure he's reviewed it.      |
| 14:31:40 | 13 | MR. BASKIN:  Okay.  I'm just talking about          |
| 14:31:42 | 14 | paragraph three, but you can read the whole thing.  It |
| 14:31:44 | 15 | depends how long we want the deposition to go.      |
| 14:31:47 | 16 | MR. MANCINI:  No, no.  Just to skim it to           |
| 14:31:49 | 17 | give him context.                                   |
| 14:31:58 | 18 | THE WITNESS:  Okay.                                 |
| 14:31:58 | 19 | MR. BASKIN:  Q.  Did you, in fact, say that         |
| 14:32:10 | 20 | the value to Google of getting a license from Viacom |
| 14:32:19 | 21 | was worth $150 million even without any advertising |
| 14:32:24 | 22 | support?                                            |
| 14:32:25 | 23 | MR. MANCINI:  Objection; lacks foundation.          |
| 14:32:28 | 24 | THE WITNESS:  I don't recall.                       |
| 14:32:29 | 25 | MR. BASKIN:  Q.  Well, as you sit here now,         |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 70

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:32:34 | 2 | do you recall, in fact, believing in and around |
| 14:32:39 | 3 | October, November 2006 that Viacom's content, even |
| 14:32:46 | 4 | absent any ads, would have been worth $150 million to |
| 14:32:50 | 5 | Google? |
| 14:32:50 | 6 | MR. MANCINI:  Objection; lacks foundation; |
| 14:32:52 | 7 | vague and ambiguous. |
| 14:32:52 | 8 | THE WITNESS:  Again, I don't recall.  I |
| 14:32:55 | 9 | was -- can I -- let me just state something here about |
| 14:32:57 | 10 | the -- it says with ten ads. |
| 14:33:04 | 11 | This is a note to -- from Tim, looks like.  I |
| 14:33:09 | 12 | should say there's two ways, I think, deals were being |
| 14:33:13 | 13 | contemplated. |
| 14:33:14 | 14 | One was with ads being sold by Google, which |
| 14:33:17 | 15 | Tim is in charge or was in charge of, is no longer in |
| 14:33:20 | 16 | charge of, and the other way was with a partner |
| 14:33:24 | 17 | selling ads. |
| 14:33:25 | 18 | So I assume from Tim's perspective here, that |
| 14:33:28 | 19 | that means that he's saying Viacom would sell the ads, |
| 14:33:33 | 20 | not that there would be no ads. |
| 14:33:37 | 21 | MR. BASKIN:  Q.  Well -- |
| 14:33:37 | 22 | A   Just wanted to make that clear. |
| 14:33:39 | 23 | Q   -- that's the way you read the document? |
| 14:33:41 | 24 | A   That's the way I would read it, yes. |
| 14:33:42 | 25 | Q   Was that, in fact, your position back in |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 71

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:33:45 | 2 | October 2006? |
| 14:33:46 | 3 | A   I don't recall my position. |
| 14:33:48 | 4 | Q   Okay.  Now, you mentioned, I think, before |
| 14:33:51 | 5 | that the negotiation with Viacom failed; is that |
| 14:33:54 | 6 | right, sir?  Meaning, you did not reach an agreement |
| 14:33:57 | 7 | with Viacom; correct? |
| 14:33:58 | 8 | A   As far as I know. |
| 14:33:59 | 9 | Q   And did there come a time, in the |
| 14:34:04 | 10 | negotiations with Viacom, when the senior management |
| 14:34:11 | 11 | of Google decided that Google should pretend to be |
| 14:34:16 | 12 | negotiating with Viacom as a way to buy time while |
| 14:34:22 | 13 | Google completed deals with other content owners? |
| 14:34:26 | 14 | MR. MANCINI:  Objection; lacks foundation; |
| 14:34:28 | 15 | vague and ambiguous. |
| 14:34:28 | 16 | THE WITNESS:  I don't recall, and I add |
| 14:34:31 | 17 | further that we have very strong ethics around not |
| 14:34:35 | 18 | doing such things.  So I would certainly be against |
| 14:34:39 | 19 | that if anything like that had happened. |
| 14:34:41 | 20 | MR. BASKIN:  Q.  Well, did there come a time |
| 14:34:43 | 21 | when the senior management decided that Google should |
| 14:34:50 | 22 | keep Viacom warm while it negotiated transactions with |
| 14:34:56 | 23 | other companies? |
| 14:34:57 | 24 | MR. MANCINI:  Objection; lacks foundation; |
| 14:35:00 | 25 | vague and ambiguous. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 72

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:35:01 | 2 | THE WITNESS:  As I said, I don't recall. |
| 14:35:02 | 3 | MR. BASKIN:  Q.  If that was Google's policy |
| 14:35:10 | 4 | to pretend to negotiate with Viacom, or to keep Viacom |
| 14:35:18 | 5 | warm while it negotiated with other companies, would |
| 14:35:22 | 6 | such a policy have required your approval, Mr. Page? |
| 14:35:25 | 7 | MR. MANCINI:  Objection; lacks foundation; |
| 14:35:26 | 8 | vague and ambiguous, and calls for a hypothetical |
| 14:35:28 | 9 | answer. |
| 14:35:31 | 10 | THE WITNESS:  Yeah, you're asking me to |
| 14:35:33 | 11 | speculate on something that I have no recollection of |
| 14:35:36 | 12 | and I have no knowledge of. |
| 14:35:37 | 13 | MR. BASKIN:  Q.  Do you recall whether it was |
| 14:36:01 | 14 | Google's policy and practice, in November 2006, to try |
| 14:36:09 | 15 | to keep Viacom warm in order to buy time in order to |
| 14:36:13 | 16 | complete other deals? |
| 14:36:15 | 17 | MR. MANCINI:  Same exact -- same exact |
| 14:36:17 | 18 | objections, and asked and answered. |
| 14:36:19 | 19 | THE WITNESS:  I don't recall. |
| 14:36:20 | 20 | MR. BASKIN:  Q.  You recall no such |
| 14:36:24 | 21 | discussion among you, and Mr. Page, and Mr. Schmidt? |
| 14:36:27 | 22 | A  I am Mr. Page. |
| 14:36:28 | 23 | MR. MANCINI:  Same objections. |
| 14:36:29 | 24 | MR. BASKIN:  Q.  Sorry? |
| 14:36:30 | 25 | A  I am Mr. Page. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 73

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:36:31 | 2 | Q   Sorry. |
| 14:36:32 | 3 | Among the three of you, you recall no such |
| 14:36:34 | 4 | discussions? |
| 14:36:35 | 5 | MR. MANCINI:  Same objections. |
| 14:36:36 | 6 | THE WITNESS:  Again, I don't recall. |
| 14:36:37 | 7 | MR. BASKIN:  Let's mark as Page 9. |
| 14:36:51 | 8 | (Document marked Page Exhibit 9 |
| 14:37:06 | 9 | for identification.) |
| 14:37:06 | 10 | MR. BASKIN:  Q.  Let me hand you, sir, |
| 14:37:07 | 11 | Page 9. |
| 14:37:18 | 12 | A   Thank you. |
| 14:38:33 | 13 | Q   Mr. Page, can you identify Page Exhibit 9, |
| 14:38:39 | 14 | sir, as an e-mail received by you, along with |
| 14:38:43 | 15 | Mr. Schmidt and Mr. Brin? |
| 14:38:45 | 16 | A   Again, I don't remember specific e-mails, but |
| 14:38:47 | 17 | I assume this was produced by -- by counsel. |
| 14:38:51 | 18 | Q   In other words, if counsel produced it -- you |
| 14:38:53 | 19 | are the Larry Page referenced in the "To" line, are |
| 14:38:57 | 20 | you not, sir? |
| 14:38:57 | 21 | A   Yes. |
| 14:38:58 | 22 | Q   And do you recall your thoughts regarding the |
| 14:39:10 | 23 | strategy set forth in the e-mail from Joan Braddi, |
| 14:39:17 | 24 | B-R-A-D-D-I, in and around November 16th, 2006? |
| 14:39:21 | 25 | MR. MANCINI:  Objection; vague and ambiguous. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 74

|          |    |                                                           |
|----------|----|-----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                             |
| 14:39:23 | 2  | THE WITNESS:  I don't recall.                             |
| 14:39:26 | 3  | MR. BASKIN:  Q.  Do you recall responding to              |
| 14:39:28 | 4  | Mr. Kordestani's inquiry of you and Mr. Schmidt and       |
| 14:39:33 | 5  | Mr. Brin for your thoughts regarding the strategy set     |
| 14:39:37 | 6  | forth in Exhibit 9?                                        |
| 14:39:37 | 7  | MR. MANCINI:  Objection; mischaracterizes the             |
| 14:39:39 | 8  | document; vague and ambiguous.                            |
| 14:39:45 | 9  | THE WITNESS:  I don't recall.                             |
| 14:39:45 | 10 | MR. BASKIN:  Q.  Do you recall ever                       |
| 14:39:46 | 11 | discussing, with the other two most-senior people at      |
| 14:39:52 | 12 | Google, Eric's request to keep them warm?                 |
| 14:40:02 | 13 | A   I do not recall.                                       |
| 14:40:03 | 14 | MR. MANCINI:  Objection; same objections.                 |
| 14:40:04 | 15 | MR. BASKIN:  Q.  How -- how about the                     |
| 14:40:06 | 16 | strategy of buying us time in order to complete other     |
| 14:40:10 | 17 | deals through negotiations with Viacom?                   |
| 14:40:13 | 18 | MR. MANCINI:  Same --                                     |
| 14:40:13 | 19 | MR. BASKIN:  Q.  Do you recall that,                      |
| 14:40:14 | 20 | Mr. Page?                                                  |
| 14:40:15 | 21 | MR. MANCINI:  Same objections.                            |
| 14:40:15 | 22 | THE WITNESS:  I don't recall that, and I                  |
| 14:40:17 | 23 | would state -- I mean, I believe the exact opposite       |
| 14:40:19 | 24 | case is made by this e-mail that you just produced.       |
| 14:40:23 | 25 | I mean, it says here "On Viacom, they are not             |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 75

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:40:30 | 2 | moving and we are not either.  The goal is to keep |
| 14:40:32 | 3 | them engaged (as tough as it might be).... |
| 14:40:37 | 4 | MR. BASKIN:  Q.  Well, actually, why don't |
| 14:40:39 | 5 | you read the end of that sentence you just read, |
| 14:40:41 | 6 | Mr. Page.  Why don't you read the whole sentence for |
| 14:40:43 | 7 | the jury; would you? |
| 14:40:44 | 8 | A   I -- |
| 14:40:46 | 9 | MR. MANCINI:  First of all, I object to |
| 14:40:48 | 10 | continual references to a non-present jury and the |
| 14:40:51 | 11 | document speaks for itself.  That's not why we're here |
| 14:40:54 | 12 | to have this witness read documents. |
| 14:40:57 | 13 | MR. BASKIN:  He cut off his -- he read a |
| 14:40:59 | 14 | sentence and cut it off halfway. |
| 14:41:01 | 15 | Q   Why don't you finish the sentence, Mr. Page. |
| 14:41:04 | 16 | MR. MANCINI:  Same objections. |
| 14:41:05 | 17 | THE WITNESS:  Okay.  I'm happy to read the |
| 14:41:08 | 18 | sentence, as I believe it still states my point. |
| 14:41:13 | 19 | And "focus on getting one of the other deals |
| 14:41:17 | 20 | done."  I don't think that there's any reason why |
| 14:41:23 | 21 | these deals would be exclusive; and, in fact, Google's |
| 14:41:26 | 22 | policy has always been to do deals with all content |
| 14:41:30 | 23 | providers. |
| 14:41:32 | 24 | MR. BASKIN:  Q.  Now, the very next |
| 14:41:34 | 25 | parenthetical on that document following what you just |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 76

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:41:38 | 2 | cut off reading says that "Larry and Sergey are on |
| 14:41:43 | 3 | board with this as well." |
| 14:41:46 | 4 | Were you, in fact, on board with the |
| 14:41:48 | 5 | strategy, Mr. Page, back in October, November, 2006? |
| 14:41:53 | 6 | MR. MANCINI:  Objection to the |
| 14:41:54 | 7 | characterization of the document. |
| 14:41:55 | 8 | THE WITNESS:  I don't recall the details |
| 14:41:57 | 9 | here. |
| 14:41:57 | 10 | MR. BASKIN:  Now, let me show you what we |
| 14:42:09 | 11 | will mark as 10. |
| 14:42:19 | 12 | (Document marked Page Exhibit 10 |
| 14:42:34 | 13 | for identification.) |
| 14:42:34 | 14 | MR. MANCINI:  Handing you Exhibit 10. |
| 14:42:41 | 15 | THE WITNESS:  Thanks. |
| 14:42:43 | 16 | MR. BASKIN:  Q.  First, Mr. Page, can you |
| 14:43:32 | 17 | identify Exhibit 10 as an e-mail received by you as a |
| 14:43:35 | 18 | CC in and around November 16th, 2006? |
| 14:43:38 | 19 | MR. MANCINI:  Objection; the document speaks |
| 14:43:41 | 20 | for itself. |
| 14:43:42 | 21 | THE WITNESS:  My e-mail address is on here, |
| 14:43:44 | 22 | yes. |
| 14:43:44 | 23 | MR. BASKIN:  Q.  Do you remember this |
| 14:43:44 | 24 | document? |
| 14:43:45 | 25 | A   I do not recall this document. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

|           |    |                                                        |
|-----------|----|--------------------------------------------------------|
|           | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 14:43:49  | 2  | Q   Do you remember whether it was Google's            |
| 14:43:54  | 3  | strategy, in and around November 16th, 2006, to be     |
| 14:44:01  | 4  | more generous to CBS and Turner and to keep Viacom     |
| 14:44:07  | 5  | engaged until we sign one of the other two?  Do you    |
| 14:44:11  | 6  | recall that, sir?                                      |
| 14:44:11  | 7  | MR. MANCINI:  Objection; lacks foundation;             |
| 14:44:13  | 8  | vague and ambiguous.                                   |
| 14:44:13  | 9  | THE WITNESS:  I don't recall that, no.                 |
| 14:44:16  | 10 | MR. BASKIN:  Q.  Do you recall whether in              |
| 14:44:26  | 11 | your own mind you believed on November 16, 2006, that  |
| 14:44:34  | 12 | Google's practice tactics with respect to Viacom were  |
| 14:44:37  | 13 | in good faith?                                         |
| 14:44:38  | 14 | MR. MANCINI:  Objection; lacks foundation;             |
| 14:44:39  | 15 | calls for speculation.                                 |
| 14:44:42  | 16 | THE WITNESS:  I don't recall any specifics             |
| 14:44:43  | 17 | about Viacom.                                          |
| 14:44:44  | 18 | MR. BASKIN:  Q.  I take it these last two              |
| 14:44:48  | 19 | e-mails sent to you called "Deal review call," or Chat |
| 14:44:57  | 20 | with Eric on Media Deals," that is 9 and 10, do not    |
| 14:45:02  | 21 | refresh your recollection that you were being kept     |
| 14:45:05  | 22 | apprised of negotiations with Viacom?                  |
| 14:45:09  | 23 | MR. MANCINI:  Objection; lacks foundation.             |
| 14:45:11  | 24 | THE WITNESS:  Yeah, again, I don't recall.             |
| 14:45:13  | 25 | MR. BASKIN:  Q.  Now, you recall, do you not,          |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 78

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:45:22 | 2 | that during the same time period Google was |
| 14:45:31 | 3 | negotiating with other film studio and TV producers, |
| 14:45:37 | 4 | were they not, Mr. Page? |
| 14:45:39 | 5 | A    I don't recall any specifics there. |
| 14:45:41 | 6 | Q    Well, do you recall, for example, whether |
| 14:45:47 | 7 | Google had ongoing negotiations to acquire Turner's |
| 14:45:51 | 8 | content, Turner Broadcasting, Inc.'s content to show |
| 14:45:57 | 9 | that on YouTube with a valid license?  Do you recall |
| 14:46:03 | 10 | such negotiations? |
| 14:46:04 | 11 | MR. MANCINI:  Objection; lacks foundation; |
| 14:46:06 | 12 | vague and ambiguous. |
| 14:46:06 | 13 | THE WITNESS:  I don't recall. |
| 14:46:10 | 14 | MR. BASKIN:  Q.  How about with Walt Disney |
| 14:46:12 | 15 | Company?  Do you recall, Mr. Page, whether in and |
| 14:46:18 | 16 | around December 2006 you were being advised of |
| 14:46:25 | 17 | negotiate -- the status of negotiations with Walt |
| 14:46:28 | 18 | Disney and Google regarding acquiring Walt Disney's |
| 14:46:33 | 19 | content to be displayed on YouTube? |
| 14:46:35 | 20 | MR. MANCINI:  Objection; lacks foundation; |
| 14:46:37 | 21 | vague and ambiguous. |
| 14:46:41 | 22 | THE WITNESS:  I don't recall. |
| 14:46:41 | 23 | MR. BASKIN:  Q.  Or how about a record |
| 14:46:43 | 24 | company called EMI?  Do you recall actually |
| 14:46:45 | 25 | consummating a transaction with them? |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 79

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:46:48 | 2 | MR. MANCINI:  Objection; lacks foundation. |
| 14:46:52 | 3 | THE WITNESS:  I know we have deals with -- |
| 14:46:54 | 4 | with a number of major record labels. |
| 14:46:56 | 5 | MR. BASKIN:  Q.  Mr. Page, is it a fact that |
| 14:47:09 | 6 | in Google's negotiations with all of these film |
| 14:47:16 | 7 | studios, and TV programmers, and record companies in |
| 14:47:23 | 8 | and around the end of 2006 and early 2007, that the |
| 14:47:33 | 9 | package being offered by Google to these companies |
| 14:47:38 | 10 | included fingerprinting and filtering for copyright |
| 14:47:42 | 11 | materials on the YouTube site? |
| 14:47:45 | 12 | MR. MANCINI:  Objection; vague and ambiguous. |
| 14:47:46 | 13 | THE WITNESS:  I don't recall. |
| 14:47:51 | 14 | MR. BASKIN:  Q.  Well, assuming that YouTube |
| 14:47:53 | 15 | and Google, at the end of 2006 and early 2007, was |
| 14:48:03 | 16 | offering fingerprinting and filtering for copyright |
| 14:48:06 | 17 | violations to studios and content providers who signed |
| 14:48:16 | 18 | deals with YouTube, would such a policy had to have |
| 14:48:21 | 19 | been approved by you? |
| 14:48:22 | 20 | MR. MANCINI:  Objection; lacks foundation; |
| 14:48:24 | 21 | hypothetical; vague and ambiguous. |
| 14:48:25 | 22 | THE WITNESS:  Seems like you're -- you're |
| 14:48:32 | 23 | wanting me to hypothetically state whether such a |
| 14:48:34 | 24 | thing, if it existed, would have to have been approved |
| 14:48:39 | 25 | by me. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 80

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 14:48:40 | 2 | I don't know. |
| 14:48:40 | 3 | MR. BASKIN:  Well, let's -- let me hand you, |
| 14:48:48 | 4 | for example, what we will mark as Page 11. |
| 14:48:51 | 5 | (Document marked Page Exhibit 11 |
| 14:49:26 | 6 | for identification.) |
| 14:49:26 | 7 | MR. MANCINI:  So, Mr. Baskin, while the |
| 14:49:28 | 8 | witness reviews this document previously shown to |
| 14:49:30 | 9 | Mr. Drummond as an exhibit, I want to state my |
| 14:49:33 | 10 | continuing objection that we've gone far afield of |
| 14:49:35 | 11 | what the judge had indicated would be the ground rules |
| 14:49:40 | 12 | of this deposition.  I'll ask -- allow you to ask a |
| 14:49:44 | 13 | question and ask that you proceed with some haste |
| 14:49:49 | 14 | here. |
| 14:49:49 | 15 | MR. BASKIN:  Sure. |
| 14:49:51 | 16 | Q   Mr. Page, with respect to Page 11 -- Page |
| 14:50:02 | 17 | Exhibit 11, I want you to turn to page four of that |
| 14:50:05 | 18 | document. |
| 14:50:06 | 19 | MR. MANCINI:  Just give the witness a moment |
| 14:50:07 | 20 | to familiarize himself generally with it. |
| 14:50:27 | 21 | MR. BASKIN:  Q.  And, in particular, on |
| 14:50:29 | 22 | page four, sir, there's a section called "Audio |
| 14:50:33 | 23 | Fingerprinting & Claiming Turner Content Uploaded By |
| 14:50:37 | 24 | Users." |
| 14:50:39 | 25 | Do you see that, sir, in the second box on |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 81

|          |    |                                                     |
|----------|----|-----------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                      |
| 14:50:43 | 2  | the page?                                           |
| 14:51:02 | 3  | A    Okay.                                           |
| 14:51:03 | 4  | Q    Now, does this help refresh your memory that   |
| 14:51:05 | 5  | in and around October 2006, YouTube was offering    |
| 14:51:10 | 6  | Turner audio fingerprinting and metadata searches and |
| 14:51:22 | 7  | some other techniques as part of a license transaction |
| 14:51:28 | 8  | with Turner?                                        |
| 14:51:31 | 9  | MR. MANCINI:  Objection; lacks foundation;          |
| 14:51:32 | 10 | mischaracterizes the document; vague and ambiguous. |
| 14:51:34 | 11 | THE WITNESS:  So I know very little about           |
| 14:51:37 | 12 | this document, whether it was signed or not, or any of |
| 14:51:40 | 13 | those things, so it's hard to answer that question. |
| 14:51:43 | 14 | MR. BASKIN:  Q.  Well, the question I do want       |
| 14:51:45 | 15 | you to answer though is this:  Assuming that, in fact, |
| 14:51:49 | 16 | YouTube was offering Turner Broadcasting            |
| 14:51:56 | 17 | fingerprinting and other filtering techniques in and |
| 14:51:59 | 18 | around October 2006 as part of a revenue-sharing    |
| 14:52:04 | 19 | agreement, would such a provision had to have been  |
| 14:52:08 | 20 | approved by you, Mr. Page?                          |
| 14:52:09 | 21 | MR. MANCINI:  Objection; lacks foundation;          |
| 14:52:11 | 22 | vague and ambiguous.                                |
| 14:52:11 | 23 | THE WITNESS:  Well, again, this is a                |
| 14:52:15 | 24 | hypothetical deal which I'm not sure of the status of, |
| 14:52:18 | 25 | and I have no idea.                                 |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 82

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 14:52:19 | 2 | MR. BASKIN: Q. You have no idea whether it |
| 14:52:20 | 3 | would have had to have been approved by you? |
| 14:52:25 | 4 | A Well, it's not like the company is really |
| 14:52:26 | 5 | obvious like we should approve everything, so no, I |
| 14:52:29 | 6 | don't know if that should be approved by me or not. |
| 14:52:31 | 7 | Q What about if a similar provision -- strike |
| 14:52:38 | 8 | that. |
| 14:52:39 | 9 | You'll agree with me that Walt Disney |
| 14:52:41 | 10 | Companies is one of the largest entertainment |
| 14:52:44 | 11 | companies on the face of the earth? Is that right, |
| 14:52:48 | 12 | Mr. Page? |
| 14:52:48 | 13 | A I agree that Walt Disney is a large |
| 14:52:52 | 14 | entertainment company. |
| 14:52:52 | 15 | Q In fact, you actually visited with them from |
| 14:52:55 | 16 | time to time; did you not? |
| 14:52:55 | 17 | A I recall visiting Walt Disney at least once. |
| 14:52:59 | 18 | Q And were you being kept apprised of the |
| 14:53:02 | 19 | status of the negotiations between Google and Walt |
| 14:53:05 | 20 | Disney in and around December 2006? |
| 14:53:09 | 21 | A I don't recall. |
| 14:53:09 | 22 | Q Well, let me hand you, for example -- |
| 14:53:16 | 23 | MR. ALGER: Let's take a break. Let's take a |
| 14:53:16 | 24 | break. |
| 14:53:19 | 25 | MR. BASKIN: No, I'm in the middle of a |

DAVID FELDMAN WORLDWIDE, INC.

450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 83

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 14:53:20 | 2  | question.                                            |
| 14:53:20 | 3  | MR. ALGER:  I'm asking for a break.                  |
| 14:53:22 | 4  | MR. BASKIN:  Excuse me.  When I'm done with          |
| 14:53:23 | 5  | my line of questioning.                              |
| 14:53:24 | 6  | MR. ALGER:  There's no question pending right        |
| 14:53:26 | 7  | now, that's why I asked for a break right now.       |
| 14:53:27 | 8  | MR. BASKIN:  There's no question, because you        |
| 14:53:28 | 9  | just interrupted me in the middle of the question.   |
| 14:53:30 | 10 | MR. ALGER:  You haven't handed the witness an        |
| 14:53:34 | 11 | exhibit, so we're going to take a five-minute break  |
| 14:53:36 | 12 | right now.                                           |
| 14:53:37 | 13 | Off the record.                                      |
| 14:53:39 | 14 | THE VIDEOGRAPHER:  This is the ending of tape        |
| 14:53:41 | 15 | number one of the video deposition of Larry Page.    |
| 14:53:44 | 16 | We're now going off the record.                      |
| 14:53:45 | 17 | The time is 2:49 p.m.                                |
| 14:53:51 | 18 | (Recess taken.)                                      |
| 15:04:07 | 19 | THE VIDEOGRAPHER:  This is the beginning of          |
| 15:04:08 | 20 | recording number two of the video deposition of Larry|
| 15:04:10 | 21 | Page.                                                |
| 15:04:11 | 22 | We are now back on the record.                       |
| 15:04:13 | 23 | The time is 3:00 p.m.                                |
| 15:04:17 | 24 | MR. MANCINI:  What is this marked as?                |
| 15:04:21 | 25 | MR. BASKIN:  I've lost track.                         |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 84

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:04:24 | 2 | THE REPORTER:  12. |
| 15:04:24 | 3 | MR. BASKIN:  12. |
| 15:04:25 | 4 | MR. MANCINI:  So, Mr. Baskin, while the |
| 15:04:26 | 5 | witness is reviewing this one -- |
| 15:04:27 | 6 | THE WITNESS:  Actually, I don't have a copy |
| 15:04:42 | 7 | yet. |
| 15:04:42 | 8 | (Document marked Page Exhibit 12 |
| 15:04:43 | 9 | for identification.) |
| 15:04:43 | 10 | MR. MANCINI:  I want to re -- restate my |
| 15:04:44 | 11 | continuing objection and at this point, alarm, over |
| 15:04:49 | 12 | the fact, yet again, he's being showed a document that |
| 15:04:52 | 13 | was previously, in fact, shown and marked as an |
| 15:04:54 | 14 | exhibit to another witness in stark violation of this |
| 15:04:58 | 15 | Court's order, which I'm now compelled to read into |
| 15:05:01 | 16 | the record. |
| 15:05:01 | 17 | Judge Stanton in the order for this |
| 15:05:03 | 18 | deposition says on October -- sorry -- April 2nd, |
| 15:05:07 | 19 | 2009, on page eight, line 24, "First, no one is going |
| 15:05:12 | 20 | to spend any time during these depositions on matters |
| 15:05:15 | 21 | which are non-controversial and can be obtained in |
| 15:05:20 | 22 | another way. |
| 15:05:21 | 23 | "For example a witness's biography, the jobs |
| 15:05:24 | 24 | he held, his responsibilities then and now.  Matters |
| 15:05:28 | 25 | of that sort can all be finished by an affidavit |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 85

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 15:05:32 | 2 | prepared for the executive by others.  Proceed |
| 15:05:33 | 3 | immediately -- this is now directed to the |
| 15:05:37 | 4 | plaintiff -- to what is necessary and only obtainable |
| 15:05:41 | 5 | from this witness." |
| 15:05:42 | 6 | We've given you incredible leeway today. |
| 15:05:42 | 7 | This witness, one of the most senior executives at |
| 15:05:46 | 8 | Google, has spent an incredible amount of time being |
| 15:05:49 | 9 | asked questions that other people have, in fact, been |
| 15:05:49 | 10 | deposed about and never has there been a showing made |
| 15:05:55 | 11 | that it is either necessary or only obtainable from |
| 15:05:56 | 12 | this witness, and if we can't move on, Mr. Baskin, at |
| 15:06:00 | 13 | some point we're going to have to shut this down -- |
| 15:06:02 | 14 | MR. BASKIN:  Well -- |
| 15:06:02 | 15 | MR. MANCINI:  -- in direct violation of this |
| 15:06:04 | 16 | Court's order. |
| 15:06:05 | 17 | MR. BASKIN:  I totally disagree.  I'm going |
| 15:06:08 | 18 | ask him about his knowledge and the senior |
| 15:06:10 | 19 | management's knowledge of policies and practices. |
| 15:06:13 | 20 | MR. MANCINI:  You're allowed to ask him about |
| 15:06:15 | 21 | his knowledge. |
| 15:06:17 | 22 | MR. BASKIN:  That's what I'm going to do. |
| 15:06:18 | 23 | MR. MANCINI:  Thank you. |
| 15:06:19 | 24 | MR. BASKIN:  And that's what I've been doing. |
| 15:06:21 | 25 | And again, if you want to -- we're going to finish |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 86

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 15:06:24 | 2  | well within the four hours if he continues to          |
| 15:06:25 | 3  | cooperate, and let's -- let's go forward.              |
| 15:06:31 | 4  | Q   Sir, I've handed you now what's been marked        |
| 15:06:34 | 5  | as Page Exhibit 12.                                    |
| 15:06:36 | 6  | Do you see that, sir?                                  |
| 15:06:37 | 7  | A   Yes.                                               |
| 15:06:37 | 8  | Q   If you turn to the last page of Page               |
| 15:06:40 | 9  | Exhibit 12, you will see that in and around           |
| 15:06:51 | 10 | December 21st, 2006, that Google was offering to      |
| 15:06:55 | 11 | provide to the Walt Disney companies --               |
| 15:06:59 | 12 | A   Sorry.  You're asking me about the last page?     |
| 15:07:01 | 13 | Q   Yes.  The -- the page marked five of five on      |
| 15:07:04 | 14 | the bottom.                                            |
| 15:07:04 | 15 | A   Okay.                                              |
| 15:07:05 | 16 | Q   And the very last paragraph, you want to read     |
| 15:07:07 | 17 | that for a second, sir.                               |
| 15:07:12 | 18 | A   Sure.  Okay.                                       |
| 15:07:46 | 19 | Q   You will see in that last paragraph on Page       |
| 15:07:50 | 20 | Exhibit 12, that Google, in and around December 21st, |
| 15:07:57 | 21 | 2006, was offering the Walt Disney Company audio      |
| 15:08:01 | 22 | fingerprinting and various other tools to protect     |
| 15:08:07 | 23 | their content as part of a license transaction.       |
| 15:08:10 | 24 | Do you see that, sir?                                  |
| 15:08:11 | 25 | MR. MANCINI:  Objection; document speaks for          |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 87

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 15:08:12 | 2  | itself.                                             |
| 15:08:13 | 3  | THE WITNESS:  Sorry.  I'm not -- I don't            |
| 15:08:15 | 4  | recall this document, and I don't know if it's -- was |
| 15:08:19 | 5  | presented to them or not, so I don't know if this was |
| 15:08:22 | 6  | an internal document or whatever.                   |
| 15:08:24 | 7  | MR. BASKIN:  Okay.                                  |
| 15:08:25 | 8  | Q   So my question is, first of all, did you have    |
| 15:08:29 | 9  | knowledge that Google was offering the Walt Disney  |
| 15:08:34 | 10 | company, in and around December 2006, fingerprinting |
| 15:08:38 | 11 | and other tools as part of a revenue-sharing        |
| 15:08:45 | 12 | agreement?                                          |
| 15:08:47 | 13 | A   I don't -- I don't recall, and also I'll just    |
| 15:08:51 | 14 | state -- I just stated several times, Google is     |
| 15:08:58 | 15 | offering audio fingerprinting.  Both documents they  |
| 15:09:01 | 16 | presented, as I'm reading the document now, just say |
| 15:09:04 | 17 | that the -- Google shall -- sorry -- Google shall, on |
| 15:09:11 | 18 | behalf -- on behalf of Walt Disney Company pay an    |
| 15:09:14 | 19 | audio fingerprinting vendor.                        |
| 15:09:14 | 20 | Q   Right.                                          |
| 15:09:14 | 21 | A   So that seems a little bit of a                  |
| 15:09:16 | 22 | mischaracterization of the document.                |
| 15:09:18 | 23 | Q   Accepting your reading, which is exactly         |
| 15:09:20 | 24 | right, did you have knowledge in and around 2006,    |
| 15:09:25 | 25 | December 2006, Google was offering to pay a -- a     |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 88

|  |  |  |
|--|--|--|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:09:30 | 2 | fingerprinting vendor to check for Walt Disney's |
| 15:09:34 | 3 | content on the Google web -- on the YouTube website? |
| 15:09:37 | 4 | A   I don't recall. |
| 15:09:37 | 5 | MR. MANCINI:  Objection; lacks foundation. |
| 15:09:39 | 6 | MR. BASKIN:  Q.  And assuming that that, in |
| 15:09:41 | 7 | fact, happened as set forth in Exhibit 12, would the |
| 15:09:49 | 8 | decision to provide fingerprinting and like techniques |
| 15:09:54 | 9 | to a large content provider like Walt Disney had to |
| 15:09:58 | 10 | have had your approval, sir? |
| 15:10:00 | 11 | MR. MANCINI:  Objection; asked and answered |
| 15:10:01 | 12 | several times. |
| 15:10:03 | 13 | THE WITNESS:  Again, same hypothetical |
| 15:10:05 | 14 | question.  I don't know. |
| 15:10:06 | 15 | MR. BASKIN:  Q.  Well, let me show you just |
| 15:10:08 | 16 | one more, and then we'll move on.  This one happens to |
| 15:10:11 | 17 | be my client. |
| 15:10:24 | 18 | (Document marked Page Exhibit 13 |
| 15:10:27 | 19 | for identification.) |
| 15:10:27 | 20 | MR. BASKIN:  Let's mark as Page 13. |
| 15:11:06 | 21 | Q   I will, in particular, sir, ask you to look |
| 15:11:09 | 22 | at a section called "UGV Content Claiming/Association |
| 15:11:12 | 23 | Process," and it's on the page Bates stamp with the |
| 15:11:18 | 24 | last four digits of the Bates stamp being '2081. |
| 15:11:24 | 25 | MR. MANCINI:  I just want to repeat my |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:11:25 | 2 | continuing objections and hope we'll move on quickly. |
| 15:12:13 | 3 | MR. BASKIN: Q. Mr. Page, can you identify |
| 15:12:15 | 4 | for us Exhibit 13? |
| 15:12:19 | 5 | A I'm looking at Exhibit 13, yes. |
| 15:12:21 | 6 | Q Oh. |
| 15:12:24 | 7 | What I'm asking is, do you recall in and |
| 15:12:30 | 8 | around December 2006 being shown the proposed term |
| 15:12:33 | 9 | sheet for a transaction between MTV Networks, a Viacom |
| 15:12:40 | 10 | Company, and Google? |
| 15:12:41 | 11 | A No, I don't recall that. |
| 15:12:42 | 12 | Q Do you recall, sir, being advised, having |
| 15:12:46 | 13 | knowledge in and around December 14th, 2006, that as |
| 15:12:50 | 14 | part of a license contract, proposed license agreement |
| 15:12:56 | 15 | between Viacom's MTV Networks and Google, Google was |
| 15:13:01 | 16 | offering to provide audio fingerprinting services to |
| 15:13:06 | 17 | Viacom with respect to the YouTube website? |
| 15:13:08 | 18 | MR. MANCINI: Objection; lacks foundation; |
| 15:13:10 | 19 | vague and ambiguous; and to the extent it calls for |
| 15:13:14 | 20 | communications with counsel, instruct the client, not |
| 15:13:17 | 21 | the witness, on attorney-client -- not to testify on |
| 15:13:20 | 22 | attorney-client privilege ground. |
| 15:13:21 | 23 | THE WITNESS: I don't recall. |
| 15:13:22 | 24 | MR. BASKIN: If, in fact -- strike that. |
| 15:13:28 | 25 | Q If Google and YouTube were -- was offering |

a4869a54-831a-469e-8188-29b2aa8a3e2f

|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:13:35 | 2 | fingerprinting and other filtering techniques to all |
| 15:13:38 | 3 | of these media companies in and around November and |
| 15:13:41 | 4 | December 2006, would the senior management of Google |
| 15:13:47 | 5 | have been advised of that, sir? |
| 15:13:50 | 6 | MR. MANCINI:  Objection; asked and answered |
| 15:13:53 | 7 | several times today. |
| 15:13:54 | 8 | THE WITNESS:  The premise of your question |
| 15:13:56 | 9 | doesn't make sense to me. |
| 15:13:57 | 10 | MR. BASKIN:  Q.  Would the senior management |
| 15:14:01 | 11 | of Google have been advised and -- strike that. |
| 15:14:06 | 12 | Would senior management of Google have to |
| 15:14:09 | 13 | have approved the provision of audio fingerprinting |
| 15:14:14 | 14 | services to would-be content partners in exchange for |
| 15:14:20 | 15 | a license agreement? |
| 15:14:21 | 16 | MR. MANCINI:  Objection; lacks foundation; |
| 15:14:23 | 17 | asked and answered several times today. |
| 15:14:26 | 18 | THE WITNESS:  Again, don't agree with the |
| 15:14:28 | 19 | premise of your question. |
| 15:14:29 | 20 | MR. BASKIN:  Q.  Which part of the premise |
| 15:14:32 | 21 | don't you agree, sir? |
| 15:14:35 | 22 | A   You have a long string of hypothetical |
| 15:14:37 | 23 | things. |
| 15:14:39 | 24 | Q   Well, assuming that the jury believes that |
| 15:14:43 | 25 | Google did offer audio fingerprinting to Turner, to |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 91

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 15:14:50 | 2 | MTV, to Walt Disney Company, at the end of 2006 as |
| 15:14:56 | 3 | part of a license agreement, should the jury conclude |
| 15:15:00 | 4 | that such a -- that such audio fingerprinting had to |
| 15:15:02 | 5 | have been approved by the senior management of Google, |
| 15:15:05 | 6 | sir? |
| 15:15:05 | 7 | MR. MANCINI:  Objection. |
| 15:15:06 | 8 | So that is clearly a question intended for no |
| 15:15:12 | 9 | other purpose than to harass this witness.  There is |
| 15:15:14 | 10 | no jury here.  It is clearly intended for that purpose |
| 15:15:18 | 11 | and that purpose only, Mr. Baskin, and you know that. |
| 15:15:21 | 12 | If your question is posed differently, I'll allow him |
| 15:15:24 | 13 | to answer that question.  That is purely harassment. |
| 15:15:26 | 14 | MR. BASKIN:  It's not harassment. |
| 15:15:27 | 15 | Q    But you've now seen, sir, proposed term |
| 15:15:30 | 16 | sheets for three companies, all of which contain the |
| 15:15:33 | 17 | provision of audio fingerprinting.  Would such |
| 15:15:35 | 18 | provisions had to have had the approval of senior |
| 15:15:37 | 19 | management of Google? |
| 15:15:38 | 20 | MR. MANCINI:  Objection; lacks foundation and |
| 15:15:42 | 21 | asked and answered numerous times. |
| 15:15:43 | 22 | THE WITNESS:  Again, I don't know if these |
| 15:15:44 | 23 | deals were consummated or not in this form; and as I |
| 15:15:47 | 24 | already stated also, it didn't look like that was just |
| 15:15:50 | 25 | a third-party vendor that was being paid as part of |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 92

| | | |
|---|---|---|
| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:15:53 | 2 | this deal. |
| 15:15:53 | 3 | MR. BASKIN:  Q.  And would you have had to |
| 15:15:56 | 4 | have approved such a provision, Mr. Page? |
| 15:15:58 | 5 | A   I also already stated -- |
| 15:16:00 | 6 | MR. MANCINI:  Same objections. |
| 15:16:01 | 7 | THE WITNESS:  I also already stated that |
| 15:16:03 | 8 | companies are complicated things, and whether or not I |
| 15:16:06 | 9 | would have had to approve it is not -- is not a |
| 15:16:08 | 10 | reasonable thing to -- to opine on. |
| 15:16:10 | 11 | MR. BASKIN:  In the event -- strike that. |
| 15:16:19 | 12 | Q    In this time period, Mr. Page, was it the |
| 15:16:27 | 13 | express policy of Google's senior management not to |
| 15:16:31 | 14 | offer fingerprinting or filtering to content owners |
| 15:16:37 | 15 | unless they entered into a revenue-sharing agreement |
| 15:16:40 | 16 | with Google? |
| 15:16:41 | 17 | MR. MANCINI:  Objection. |
| 15:16:41 | 18 | So once again, this is the same question |
| 15:16:44 | 19 | asked probably in ten different ways today to which |
| 15:16:47 | 20 | the witness has clearly said he doesn't have knowledge |
| 15:16:49 | 21 | of this subject. |
| 15:16:50 | 22 | Therefore, we're clearly in violation of the |
| 15:16:52 | 23 | Court's order, and it is clearly for no purpose any |
| 15:16:55 | 24 | longer that I can see other than to harass this |
| 15:16:58 | 25 | witness. |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 93

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 15:16:59 | 2 | MR. BASKIN:  Sorry.  Sir, let me reread the |
| 15:17:01 | 3 | question again.  I need your answer. |
| 15:17:03 | 4 | Q    In this time period, Mr. Page, was it the |
| 15:17:06 | 5 | express policy of Google's senior management not to |
| 15:17:09 | 6 | offer fingerprinting or filtering to content owners |
| 15:17:15 | 7 | unless they entered into a revenue-sharing agreement |
| 15:17:17 | 8 | with Google? |
| 15:17:18 | 9 | MR. MANCINI:  Same objections.  Plus, lacks |
| 15:17:20 | 10 | foundation and vague and ambiguous. |
| 15:17:21 | 11 | THE WITNESS:  I don't recall. |
| 15:17:24 | 12 | MR. BASKIN:  Q.  Do you recall discussing |
| 15:17:25 | 13 | with senior management, sir, the fact that Google |
| 15:17:30 | 14 | would not offer fingerprinting to any content owner in |
| 15:17:32 | 15 | the absence of a license? |
| 15:17:34 | 16 | MR. MANCINI:  Same exact objections. |
| 15:17:37 | 17 | THE WITNESS:  I don't recall that. |
| 15:17:41 | 18 | MR. BASKIN:  Q.  Now, as president of |
| 15:18:12 | 19 | products, isn't that your title, Mr. Page? |
| 15:18:14 | 20 | A    And cofounder. |
| 15:18:15 | 21 | Q    Yes. |
| 15:18:16 | 22 | As president of products and cofounder, was |
| 15:18:20 | 23 | one of the products that you were president over of |
| 15:18:23 | 24 | YouTube? |
| 15:18:23 | 25 | MR. MANCINI:  Objection; asked and answered. |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 94

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:18:26 | 2 | THE WITNESS:  Like I stated, Google has a |
| 15:18:28 | 3 | wide variety of products. |
| 15:18:32 | 4 | MR. BASKIN:  Mark as Exhibit 14. |
| 15:18:33 | 5 | (Document marked Page Exhibit 14 |
| 15:18:38 | 6 | for identification.) |
| 15:18:38 | 7 | MR. MANCINI:  While the witness is looking at |
| 15:18:40 | 8 | that, can we just get a time check when you get a |
| 15:18:43 | 9 | moment. |
| 15:18:44 | 10 | THE VIDEOGRAPHER:  Sure. |
| 15:18:45 | 11 | MR. BASKIN:  We just happened to have him do |
| 15:18:48 | 12 | that.  Before the break you guys called, we were under |
| 15:18:52 | 13 | two hours. |
| 15:18:53 | 14 | MR. MANCINI:  Okay. |
| 15:19:01 | 15 | THE VIDEOGRAPHER:  We're at 124 minutes. |
| 15:19:03 | 16 | 124. |
| 15:19:04 | 17 | MR. MANCINI:  Thank you. |
| 15:19:09 | 18 | While this witness is reviewing this |
| 15:19:41 | 19 | document, I want to renew my continuing objection and |
| 15:19:43 | 20 | increasing concern over the apparent intentional |
| 15:19:49 | 21 | disavowence of this Court's order. |
| 15:19:52 | 22 | This document is, on its face, marked as |
| 15:19:54 | 23 | having been presented to Mr. Schmidt at his |
| 15:19:58 | 24 | deposition, and we're asking this witness again, |
| 15:20:00 | 25 | again, about something that's been asked about before, |

a4869a54-831a-469e-8188-29b2aa8a3e2f

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 15:20:04 | 2  | but I hope we'll move on quickly.                    |
| 15:20:06 | 3  | MR. BASKIN:  We are.  We're gonna ask him            |
| 15:20:08 | 4  | about his knowledge and authorization.               |
| 15:20:10 | 5  | Q   Mr. -- Mr. Page, who is Mr. Eun, E-U-N?           |
| 15:20:14 | 6  | MR. MANCINI:  Objection; asked and answered          |
| 15:20:15 | 7  | several times.                                       |
| 15:20:15 | 8  | THE WITNESS:  Some sort of business person           |
| 15:20:17 | 9  | working for Google.                                  |
| 15:20:19 | 10 | MR. BASKIN:  Q.  Now, you will see in Page           |
| 15:20:22 | 11 | Exhibit 14, this is an e-mail that you have no reason |
| 15:20:26 | 12 | to believe you received; right, sir?                 |
| 15:20:28 | 13 | A   No.  My name isn't anywhere on it.               |
| 15:20:31 | 14 | Q   But Mr. Eun refers to -- the bottom of the       |
| 15:20:35 | 15 | page -- to the new CYC system, which includes audio  |
| 15:20:42 | 16 | fingerprinting using Audible Magic's database and    |
| 15:20:48 | 17 | other tools.                                         |
| 15:20:49 | 18 | And then you'll see, sir, in the first --            |
| 15:20:56 | 19 | it's really the second paragraph I guess, at the top |
| 15:20:58 | 20 | of the page, he says "Our CYC tools are now live and |
| 15:21:03 | 21 | well and are only offered to partners who enter into a |
| 15:21:08 | 22 | revenue deal with us."                               |
| 15:21:11 | 23 | Do you see that, Mr. Page?                           |
| 15:21:13 | 24 | MR. MANCINI:  Objection; it mischaracterizes         |
| 15:21:16 | 25 | the document.                                        |

LARRY PAGE - HIGHLY CONFIDENTIAL

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                           |
| 15:21:17 | 2  | THE WITNESS:  I'm reading the document, too.            |
| 15:21:20 | 3  | Yes.                                                     |
| 15:21:22 | 4  | MR. BASKIN:  Q.  Now, is Mr. Eun's recital of           |
| 15:21:28 | 5  | Google's policy as only offering the CYC tools to       |
| 15:21:34 | 6  | partners who enter into a revenue deal, was that an     |
| 15:21:38 | 7  | accurate portrayal of Google's policies and practices   |
| 15:21:43 | 8  | as authorized by senior management in and around        |
| 15:21:46 | 9  | February 2007, Mr. Page?                                 |
| 15:21:47 | 10 | MR. MANCINI:  Objection; lacks foundation;              |
| 15:21:48 | 11 | vague and ambiguous.                                     |
| 15:21:49 | 12 | THE WITNESS:  I have no recollection of that.           |
| 15:21:53 | 13 | MR. BASKIN:  Q.  Do you recall being advised,           |
| 15:21:54 | 14 | in and around February 2007, that that is Google's      |
| 15:21:57 | 15 | policy?                                                  |
| 15:21:58 | 16 | MR. MANCINI:  Same objections; and to the               |
| 15:22:00 | 17 | extent, although I don't think it is, it's seeking      |
| 15:22:02 | 18 | advice of counsel.  Instruct the witness not to         |
| 15:22:04 | 19 | answer.                                                  |
| 15:22:05 | 20 | THE WITNESS:  Yeah, I don't -- I don't recall           |
| 15:22:08 | 21 | that.                                                    |
| 15:22:08 | 22 | MR. BASKIN:  Q.  And assuming that Mr. Eun              |
| 15:22:11 | 23 | has it right and this was Google's policy, sir, could   |
| 15:22:15 | 24 | this have been Google's policy without the              |
| 15:22:17 | 25 | authorization approval of the senior management of the  |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 97

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                            |
| 15:22:20 | 2  | company?                                                 |
| 15:22:21 | 3  | MR. MANCINI:  Objection; lacks foundation;               |
| 15:22:22 | 4  | hypothetical; vague and ambiguous.                       |
| 15:22:25 | 5  | I do suggest we move on, Mr. Baskin.                     |
| 15:22:28 | 6  | THE WITNESS:  Yeah.  I'll state this e-mail              |
| 15:22:30 | 7  | appears to have never been sent, except to himself.      |
| 15:22:34 | 8  | MR. BASKIN:  Q.  My question is, sir, if his             |
| 15:22:37 | 9  | characterization of the policy is accurate as set        |
| 15:22:40 | 10 | forth in Exhibit 14, could this have been Google's       |
| 15:22:42 | 11 | policy without the authorization and approval of the     |
| 15:22:45 | 12 | senior management of the company?                        |
| 15:22:47 | 13 | MR. MANCINI:  Objection; lacks foundation;               |
| 15:22:48 | 14 | hypothetical; vague and ambiguous.                       |
| 15:22:52 | 15 | THE WITNESS:  Yeah, I don't -- I don't                   |
| 15:22:53 | 16 | recall.                                                  |
| 15:22:53 | 17 | MR. BASKIN:  Q.  Now -- by the way, as you               |
| 15:23:13 | 18 | sit here today, sir, do you know even one example        |
| 15:23:29 | 19 | where in the end of 2006 or January, February, March,    |
| 15:23:37 | 20 | April 2007 where Google provided filtering and           |
| 15:23:42 | 21 | fingerprinting to any studio or TV producer in the       |
| 15:23:46 | 22 | absence of a revenue-sharing deal?                       |
| 15:23:48 | 23 | MR. MANCINI:  Objection; lacks foundation;               |
| 15:23:50 | 24 | vague and ambiguous; asked and answered several times.   |
| 15:23:55 | 25 | THE WITNESS:  I have no knowledge of that.               |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 98

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:23:56 | 2 | MR. BASKIN:  Q.  Now, do you recall whether |
| 15:24:03 | 3 | senior management, in fact, discussed that it would be |
| 15:24:14 | 4 | Google's practice not to provide for -- strike that. |
| 15:24:17 | 5 | Now, was David Drummond a member of the OC? |
| 15:24:32 | 6 | A    David Drummond is a member of the OC. |
| 15:24:35 | 7 | Q    That is to say he's a member of the senior |
| 15:24:38 | 8 | management of the company, right, sir? He sits in the |
| 15:24:44 | 9 | OC meetings. |
| 15:24:45 | 10 | A    That's correct. |
| 15:24:45 | 11 | Q    Did Mr. Drummond advise the senior management |
| 15:24:55 | 12 | of the company that he had received letters from the |
| 15:25:02 | 13 | general counsel of Viacom and the general counsel of |
| 15:25:06 | 14 | NBC Universal, in and around February 2007, requesting |
| 15:25:14 | 15 | that Google cooperate with those two companies to |
| 15:25:17 | 16 | utilize filtering and fingerprinting to -- on the |
| 15:25:20 | 17 | YouTube website? |
| 15:25:21 | 18 | MR. MANCINI:  So objection, and instruct the |
| 15:25:23 | 19 | witness not to answer to the extent it's seeking |
| 15:25:26 | 20 | communications with counsel, which it seems that it |
| 15:25:28 | 21 | clearly indeed is. |
| 15:25:30 | 22 | MR. BASKIN:  Your position is that if you |
| 15:25:35 | 23 | communicate and he got a letter it is a privileged |
| 15:25:38 | 24 | communication? |
| 15:25:38 | 25 | MR. MANCINI:  You're asking about the |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 99

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:25:39 | 2 | communication itself. |
| 15:25:40 | 3 | MR. BASKIN:  Okay.  Let's do it the hard way. |
| 15:25:46 | 4 | Let's have exhibit -- where are we? |
| 15:25:48 | 5 | THE REPORTER:  14. |
| 15:25:49 | 6 | MR. BASKIN:  14? |
| 15:25:50 | 7 | THE REPORTER:  15. |
| 15:25:51 | 8 | MR. BASKIN:  Let me hand you, sir, what we |
| 15:25:56 | 9 | will mark as Exhibit 14. |
| 15:25:58 | 10 | MR. DEIXLER:  15. |
| 15:26:00 | 11 | MR. BASKIN:  15 is it? |
| 15:26:01 | 12 | THE REPORTER:  Yes. |
| 15:26:02 | 13 | MR. BASKIN:  I'm sorry. |
| 15:26:02 | 14 | MR. MANCINI:  15. |
| 15:26:04 | 15 | MR. BASKIN:  Which purports to be a letter |
| 15:26:06 | 16 | from Michael Fricklas at Viacom to David Drummond, |
| 15:26:10 | 17 | Kent Walker of Google. |
| 15:26:11 | 18 | (Document marked Page Exhibit 15 |
| 15:26:21 | 19 | for identification.) |
| 15:26:21 | 20 | MR. BASKIN:  And just to make our life easier |
| 15:26:23 | 21 | again, why don't we go to Exhibit 16. |
| 15:26:28 | 22 | MR. MANCINI:  Do you mean 15? |
| 15:26:29 | 23 | MR. BASKIN:  I thought the other one is 15. |
| 15:26:31 | 24 | This is now 16; is that right? |
| 15:26:33 | 25 | THE REPORTER:  Yes. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 100

|          |    |                                                          |
|----------|----|----------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                           |
| 15:26:35 | 2  | MR. BASKIN:  The Viacom letter is 15.  The              |
| 15:26:37 | 3  | NBC letter is 16.                                        |
| 15:26:41 | 4  | MR. MCGILL:  He's introducing the second                |
| 15:26:44 | 5  | exhibit at the same time.                                |
| 15:26:44 | 6  | MR. BASKIN:  I'm introducing two exhibits.              |
| 15:26:46 | 7  | MR. MANCINI:  Go ahead.                                  |
| 15:26:47 | 8  | (Document marked Page Exhibit 16                        |
| 15:27:48 | 9  | for identification.)                                     |
| 15:27:48 | 10 | MR. MANCINI:  Is there a question pending,              |
| 15:27:50 | 11 | Counselor?                                                |
| 15:27:51 | 12 | MR. BASKIN:  Q.  Are you ready?                         |
| 15:27:54 | 13 | Mr. Page, you received Exhibits 15 and 16               |
| 15:28:07 | 14 | prior to today, sir?                                     |
| 15:28:10 | 15 | A    I don't recall ever seeing them.                    |
| 15:28:12 | 16 | Q    In the course of the OC meetings or other          |
| 15:28:15 | 17 | meetings between senior management, did David Drummond   |
| 15:28:19 | 18 | ever tell you and the other OC members that he          |
| 15:28:28 | 19 | received Exhibit 15 from the general counsel of Viacom  |
| 15:28:31 | 20 | and Exhibit 16 from the general counsel of NBC          |
| 15:28:35 | 21 | Universal both in February of 2007?                      |
| 15:28:38 | 22 | MR. MANCINI:  So I'll permit the witness to            |
| 15:28:41 | 23 | answer what appears to be a question directed at        |
| 15:28:44 | 24 | whether or not Mr. Drummond indicated that these        |
| 15:28:48 | 25 | documents were received, but just so we're cautious,    |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123    (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 101

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:28:52 | 2 | instruct the witness not to communicate any |
| 15:28:55 | 3 | communications from Mr. Drummond about the content or |
| 15:28:58 | 4 | discussions surrounding these documents to the extent |
| 15:29:01 | 5 | there were any and if Mr. Page was even present for |
| 15:29:04 | 6 | those. |
| 15:29:05 | 7 | THE WITNESS:  I don't recall. |
| 15:29:05 | 8 | MR. BASKIN:  Q.  Do you recall the senior |
| 15:29:11 | 9 | management of the company of the OC at this time ever |
| 15:29:20 | 10 | giving consideration to cooperating with Viacom or NBC |
| 15:29:28 | 11 | and to use fingerprinting to keep their content off |
| 15:29:33 | 12 | the YouTube website in and around February 2007? |
| 15:29:36 | 13 | MR. MANCINI:  Objection; vague and ambiguous; |
| 15:29:38 | 14 | compound question. |
| 15:29:40 | 15 | THE WITNESS:  I -- I don't recall. |
| 15:29:42 | 16 | MR. BASKIN:  Q.  Sorry? |
| 15:29:43 | 17 | A   I don't recall. |
| 15:29:44 | 18 | Q   You recall no discussion about cooperating |
| 15:29:46 | 19 | with these two companies at all, is that right, |
| 15:29:50 | 20 | Mr. Page? |
| 15:29:50 | 21 | MR. MANCINI:  Objection; asked and just |
| 15:29:52 | 22 | answered. |
| 15:29:52 | 23 | THE WITNESS:  Sorry.  That's a different |
| 15:29:53 | 24 | question. |
| 15:29:54 | 25 | MR. BASKIN:  Q.  Do you recall the senior |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 102

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 15:29:58 | 2  | management at the company, including you, ever giving  |
| 15:30:01 | 3  | consideration to cooperating with Viacom and NBC in    |
| 15:30:07 | 4  | February 2007 to use filtering techniques to keep      |
| 15:30:11 | 5  | their content off the YouTube website?                 |
| 15:30:13 | 6  | MR. MANCINI: Objection; vague and ambiguous;           |
| 15:30:15 | 7  | asked and just answered.                               |
| 15:30:17 | 8  | THE WITNESS: I don't recall.                           |
| 15:30:17 | 9  | MR. BASKIN: Q. You know, if two of the                 |
| 15:30:44 | 10 | largest entertainment companies in the world are       |
| 15:30:48 | 11 | simultaneously communicating with Mr. Drummond to      |
| 15:30:52 | 12 | request YouTube's cooperation, is that the sort of     |
| 15:30:55 | 13 | topic that you would expect to be considered by the OC |
| 15:31:00 | 14 | and the senior management of the company, sir?         |
| 15:31:02 | 15 | MR. MANCINI: Objection; calls for                      |
| 15:31:04 | 16 | speculation.                                           |
| 15:31:10 | 17 | THE WITNESS: I don't recall any such                   |
| 15:31:13 | 18 | discussion.                                            |
| 15:31:13 | 19 | MR. BASKIN: Now, let me hand you, sir, what            |
| 15:32:32 | 20 | we'll mark as Exhibit 17.                              |
| 15:32:41 | 21 | (Document marked Page Exhibit 17                       |
| 15:32:46 | 22 | for identification.)                                   |
| 15:32:46 | 23 | MR. BASKIN: Q. Sir, this is a very long                |
| 15:33:31 | 24 | document. What I'm going to ask you to do, first of    |
| 15:33:35 | 25 | all so we can, again, try to get you out in a timely   |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 103

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 15:33:39 | 2  | fashion, is to simply have you verify that you are the |
| 15:33:42 | 3  | Larry Page to whom this document was sent, and then    |
| 15:33:45 | 4  | I'm going to ask you to turn to what's page 25 of the  |
| 15:33:51 | 5  | document, and I have -- actually page -- the page      |
| 15:33:56 | 6  | preceding 25 and page 25, and I have a few questions   |
| 15:33:58 | 7  | about that.                                            |
| 15:33:59 | 8  | MR. MANCINI:  So let's take that one at a              |
| 15:34:02 | 9  | time when you're ready.                                |
| 15:34:03 | 10 | THE WITNESS:  My name is on the document,              |
| 15:34:05 | 11 | yes.  Sorry.  I don't seem -- oh.                      |
| 15:35:22 | 12 | MR. BASKIN:  Q.  So, first of all, who is              |
| 15:35:23 | 13 | Jonathan Rosenberg?                                    |
| 15:35:26 | 14 | MR. MANCINI:  Same continuing objections to           |
| 15:35:27 | 15 | the violation of the Court's order.                    |
| 15:35:29 | 16 | THE WITNESS:  He's one of our executive vice          |
| 15:35:34 | 17 | presidents or whatever we call them.  I don't know     |
| 15:35:35 | 18 | exactly.                                               |
| 15:35:36 | 19 | MR. BASKIN:  Q.  And do you recall him                 |
| 15:35:40 | 20 | sending Exhibit 17 to you and Mr. Schmidt and          |
| 15:35:43 | 21 | Mr. Brin?                                              |
| 15:35:45 | 22 | A  No, I don't recall that, sir.                       |
| 15:35:46 | 23 | Q  And when you turn to that page that I               |
| 15:35:50 | 24 | referenced, page 25 --                                 |
| 15:35:54 | 25 | A  I should probably say I get hundreds of such        |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 104

| | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 15:35:58 | 2 | things. |
| 15:35:58 | 3 | Q    If you turn to the page preceding page 25, |
| 15:36:01 | 4 | the actual -- the -- it says "How to get more content |
| 15:36:06 | 5 | digitization"; do you see that, sir? |
| 15:36:12 | 6 | A    Sorry.  I've been looking at page 25, so -- |
| 15:36:14 | 7 | okay. |
| 15:36:14 | 8 | Q    Okay.  Then we turn to page 25. |
| 15:36:18 | 9 | Do you recall you and Mr. Brin and |
| 15:36:23 | 10 | Mr. Schmidt discussing any of the points made on |
| 15:36:32 | 11 | page 25 of Page Exhibit 17? |
| 15:36:36 | 12 | MR. MANCINI:  Objection; lacks foundation; |
| 15:36:38 | 13 | vague and ambiguous. |
| 15:36:39 | 14 | THE WITNESS:  I don't recall discussing |
| 15:36:47 | 15 | page 25. |
| 15:36:48 | 16 | MR. BASKIN:  Q.  Well, how about the items on |
| 15:36:50 | 17 | page 25, sir?  Do you recall you and -- you, |
| 15:36:52 | 18 | Mr. Page -- you and Mr. Brin and Mr. Schmidt, |
| 15:36:56 | 19 | discussing the items found on page 25? |
| 15:36:58 | 20 | MR. MANCINI:  Same objections. |
| 15:37:00 | 21 | THE WITNESS:  Same answer. |
| 15:37:01 | 22 | MR. BASKIN:  Q.  No; is that the answer? |
| 15:37:04 | 23 | MR. MANCINI:  No.  I believe the witness |
| 15:37:08 | 24 | said, "I don't recall." |
| 15:37:09 | 25 | THE WITNESS:  Yeah. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

|            |    |                                                        |
|------------|----|--------------------------------------------------------|
|            | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 15:37:09   | 2  | MR. BASKIN:  Q.  So, for example, do you               |
| 15:37:20   | 3  | recall the three senior management of Google discussed |
| 15:37:26   | 4  | whether they should threaten a change in copyright     |
| 15:37:29   | 5  | policy as a threat to get standard deal sign-ups with  |
| 15:37:36   | 6  | content owners?                                        |
| 15:37:37   | 7  | MR. MANCINI:  So, Mr. Baskin, besides the              |
| 15:37:39   | 8  | fact that you're mischaracterizing the document, he's  |
| 15:37:41   | 9  | just answered that question.                           |
| 15:37:42   | 10 | If you want to read him each of the bullet             |
| 15:37:45   | 11 | points in the hopes you might get a different answer,  |
| 15:37:47   | 12 | I don't know how we're doing anything other than       |
| 15:37:49   | 13 | wasting this witness's time.                           |
| 15:37:51   | 14 | MR. BASKIN:  Q.  Did you hear my question,             |
| 15:37:53   | 15 | sir?                                                   |
| 15:37:55   | 16 | Do you recall discussing with the other two            |
| 15:37:56   | 17 | top senior executives of the company whether Google    |
| 15:38:00   | 18 | should threaten a change in its copyright policy as a  |
| 15:38:04   | 19 | threat to get a standard deal sign-up with content     |
| 15:38:06   | 20 | owners?                                                |
| 15:38:06   | 21 | MR. MANCINI:  Same objections, and lacks               |
| 15:38:08   | 22 | foundation, and vague and ambiguous.                   |
| 15:38:09   | 23 | THE WITNESS:  Again, I don't recall.                   |
| 15:38:13   | 24 | MR. BASKIN:  Q.  Do you recall being advised,          |
| 15:38:36   | 25 | in 2007, that entire movies were being uploaded onto   |

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 106

|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
|---|---|---|
| 15:38:45 | 2 | YouTube? |
| 15:38:45 | 3 | MR. MANCINI:  Objection; lacks foundation; |
| 15:38:49 | 4 | vague and ambiguous. |
| 15:38:49 | 5 | THE WITNESS:  No, I don't recall. |
| 15:38:50 | 6 | MR. BASKIN:  Let me give you the names of |
| 15:38:59 | 7 | some movies, and tell me if you recall being told if |
| 15:39:03 | 8 | they were being uploaded in their entirety onto |
| 15:39:05 | 9 | YouTube. |
| 15:39:07 | 10 | Q    How about Sicko, a movie released by |
| 15:39:13 | 11 | Weinstein Company?  Were you advised of that, sir? |
| 15:39:25 | 12 | A    Privileged information. |
| 15:39:30 | 13 | Q    How about Spider Man III? |
| 15:39:35 | 14 | MR. MANCINI:  So to the extent it calls for |
| 15:39:37 | 15 | communications with counsel, instruct the witness not |
| 15:39:39 | 16 | to answer to the extent it seeks to reveal |
| 15:39:41 | 17 | attorney-client communications. |
| 15:39:42 | 18 | THE WITNESS:  I don't recall. |
| 15:39:46 | 19 | MR. BASKIN:  Q.  How about Blood Diamond? |
| 15:39:48 | 20 | MR. MANCINI:  Same objection and instruction. |
| 15:39:49 | 21 | THE WITNESS:  I won't answer. |
| 15:39:54 | 22 | MR. BASKIN:  Q.  How about the Walt Disney |
| 15:40:03 | 23 | picture Cars? |
| 15:40:04 | 24 | MR. MANCINI:  Same objection and instruction. |
| 15:40:06 | 25 | THE WITNESS:  I don't recall. |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 107

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 15:40:06 | 2  | MR. BASKIN:  Q.  How about Meet The                 |
| 15:40:08 | 3  | Robinsons?                                           |
| 15:40:09 | 4  | MR. MANCINI:  Same objection and instruction.       |
| 15:40:10 | 5  | THE WITNESS:  I don't recall.                       |
| 15:40:11 | 6  | MR. BASKIN:  Q.  How about Pans Labyrinth?          |
| 15:40:17 | 7  | MR. MANCINI:  Same objection and instruction.       |
| 15:40:18 | 8  | THE WITNESS:  I don't recall.                       |
| 15:40:25 | 9  | MR. BASKIN:  Q.  Is it your testimony that          |
| 15:40:27 | 10 | you do not recall -- strike that.                   |
| 15:40:28 | 11 | Is it your testimony, as you sit here today,        |
| 15:40:31 | 12 | that you do not recall being advised of any movie   |
| 15:40:34 | 13 | up -- uploaded in its entirety onto YouTube in 2007?|
| 15:40:40 | 14 | MR. MANCINI:  Objection; mischaracterizes his       |
| 15:40:41 | 15 | testimony.                                           |
| 15:40:41 | 16 | THE WITNESS:  I don't recall.                       |
| 15:40:42 | 17 | MR. BASKIN:  Q.  Well, do you recall the            |
| 15:40:55 | 18 | senior management of the company discussing what to do |
| 15:41:05 | 19 | about entire movies being uploaded onto YouTube in  |
| 15:41:09 | 20 | 2007?                                                |
| 15:41:10 | 21 | MR. MANCINI:  Objection; lacks foundation,          |
| 15:41:11 | 22 | and objection and instruction not to answer to the  |
| 15:41:15 | 23 | extent it seeks attorney-client privileged          |
| 15:41:17 | 24 | communications.                                      |
| 15:41:17 | 25 | THE WITNESS:  I don't recall.                       |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123  (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 108

|          |    |                                                      |
|----------|----|------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                       |
| 15:41:19 | 2  | MR. BASKIN:  Q.  Were you aware that Google          |
| 15:41:37 | 3  | was -- strike that.                                  |
| 15:41:42 | 4  | I take it, sir, that senior management was           |
| 15:41:45 | 5  | very aware that Google was in discussions with the   |
| 15:41:48 | 6  | MPAA, the Motion Picture Association, regarding      |
| 15:41:54 | 7  | copyright compliance issues?                         |
| 15:41:55 | 8  | MR. MANCINI:  Objection.                             |
| 15:41:56 | 9  | MR. BASKIN:  Q.  Are you aware of that?              |
| 15:41:57 | 10 | MR. MANCINI:  Objection; vague and ambiguous;       |
| 15:41:58 | 11 | lacks foundation; calls for a legal conclusion.     |
| 15:42:05 | 12 | THE WITNESS:  I don't recollect that.               |
| 15:42:12 | 13 | MR. BASKIN:  Okay.                                   |
| 15:42:29 | 14 | Q   Did the senior management of the company,        |
| 15:42:34 | 15 | sir, authorize Google personnel to tell the MPAA that|
| 15:42:40 | 16 | Google would refuse to filter or use fingerprinting  |
| 15:42:47 | 17 | technologies in and around February 2007 in the      |
| 15:42:52 | 18 | absence of a license deal with members of the MPAA?  |
| 15:42:56 | 19 | MR. MANCINI:  Objection; lacks foundation;          |
| 15:42:58 | 20 | vague and ambiguous, and continuing objection to the |
| 15:43:01 | 21 | expressed disavowance of this Court's order with     |
| 15:43:05 | 22 | respect to this deposition.                          |
| 15:43:06 | 23 | THE WITNESS:  I don't recall.                        |
| 15:43:22 | 24 | MR. BASKIN:  Q.  If the MPAA was so advised,         |
| 15:43:26 | 25 | could that have been done, sir, without the express  |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 109

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:43:29 | 2 | authorization and permission of the senior management |
| 15:43:31 | 3 | of Google? |
| 15:43:32 | 4 | MR. MANCINI:  Same exact objections. |
| 15:43:34 | 5 | THE WITNESS:  Again, I feel like the same |
| 15:43:39 | 6 | hypothetical question.  You're asking me if, |
| 15:43:43 | 7 | hypothetically, should they have authorization or not |
| 15:43:47 | 8 | for that.  I think it's an unclear statement for a |
| 15:43:50 | 9 | company. |
| 15:43:57 | 10 | MR. BASKIN:  Q.  Now, you learned, did you |
| 15:43:59 | 11 | not, that there came a time in February 2007 where |
| 15:44:04 | 12 | Viacom did a very substantial takedown of its content |
| 15:44:10 | 13 | off of the YouTube website? |
| 15:44:12 | 14 | MR. MANCINI:  Objection; vague and ambiguous. |
| 15:44:13 | 15 | THE WITNESS:  I'm sorry.  Could you restate |
| 15:44:16 | 16 | the question? |
| 15:44:17 | 17 | MR. BASKIN:  Q.  Did there come a time when |
| 15:44:22 | 18 | you learned in February 2007 that my client, Viacom, |
| 15:44:27 | 19 | did a very substantial takedown of its content off of |
| 15:44:31 | 20 | the YouTube website? |
| 15:44:33 | 21 | MR. MANCINI:  Same objections. |
| 15:44:34 | 22 | THE WITNESS:  I don't recall. |
| 15:44:34 | 23 | MR. BASKIN:  Q.  Let me show you -- you don't |
| 15:44:57 | 24 | recall being advised that Viacom had done a massive |
| 15:45:00 | 25 | takedown off of the YouTube website in or around |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 110

|  |  |  |
|---|---|---|
|  | 1 | PAGE, L. - HIGHLY CONFIDENTIAL |
| 15:45:03 | 2 | February 2007? |
| 15:45:04 | 3 | MR. MANCINI:  Same objections; asked and |
| 15:45:04 | 4 | answered. |
| 15:45:06 | 5 | THE WITNESS:  I already said I don't recall. |
| 15:45:09 | 6 | MR. BASKIN:  Let's have what we will mark as |
| 15:45:29 | 7 | Exhibit 18. |
| 15:45:31 | 8 | (Document marked Page Exhibit 18 |
| 15:47:16 | 9 | for identification.) |
| 15:47:16 | 10 | THE WITNESS:  Do you want me to read the |
| 15:47:19 | 11 | whole document? |
| 15:47:20 | 12 | MR. BASKIN:  No.  In fact, let me just tell |
| 15:47:23 | 13 | you, first, let's just first authenticate it first, |
| 15:47:26 | 14 | and I'll ask you a very simple question. |
| 15:47:28 | 15 | Q   Sir, Exhibit 18, on its face, appears to be a |
| 15:47:32 | 16 | document, an e-mail chain, the top of which |
| 15:47:35 | 17 | Mr. Kordestani is sending the rest of the e-mail chain |
| 15:47:40 | 18 | expressly to you and Mr. Schmidt and Mr. Brin.  Do you |
| 15:47:46 | 19 | see that, sir? |
| 15:47:47 | 20 | A   Yes.  My name is on this, yes. |
| 15:47:49 | 21 | Q   Do you recall, in fact, receiving Exhibit 18? |
| 15:47:51 | 22 | A   No, I do not recall. |
| 15:47:52 | 23 | Q   Does this refresh your recollection, in and |
| 15:47:53 | 24 | around February 2007, that Viacom had performed a |
| 15:47:57 | 25 | massive takedown of its content off of YouTube? |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 111

|          |    |                                                        |
|----------|----|--------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                         |
| 15:48:01 | 2  | MR. MANCINI:  Objection; vague and ambiguous.          |
| 15:48:02 | 3  | THE WITNESS:  I don't recall.                          |
| 15:48:03 | 4  | MR. BASKIN:  Q.  Now, I just have one                  |
| 15:48:11 | 5  | question for you, sir.                                 |
| 15:48:12 | 6  | Are you familiar with the ways in which                |
| 15:48:26 | 7  | YouTube could perform a takedown off of the -- off --  |
| 15:48:28 | 8  | off of the website?  Is that is anything you of        |
| 15:48:33 | 9  | familiarity with as president of products?             |
| 15:48:35 | 10 | A    Again, we have a very large number of             |
| 15:48:38 | 11 | products.  I'm not the operational person.  I assume   |
| 15:48:41 | 12 | we have people who are very knowledgeable about those  |
| 15:48:44 | 13 | topics.                                                |
| 15:48:46 | 14 | Q    Okay.  So how a takedown might be performed       |
| 15:48:48 | 15 | is not something that you feel qualified to talk       |
| 15:48:54 | 16 | about?                                                 |
| 15:48:55 | 17 | A    Is there a question?                              |
| 15:48:56 | 18 | MR. MANCINI:  And objection; continuing                |
| 15:48:57 | 19 | objection that it violates the Court's order.          |
| 15:49:00 | 20 | MR. BASKIN:  Okay.                                     |
| 15:49:01 | 21 | Q    In particular, you see that Mr. Kordestani --     |
| 15:49:07 | 22 | can you give him back the document, please.            |
| 15:49:17 | 23 | You'll see, if you go, sir, to the page two,           |
| 15:49:22 | 24 | the Bates stamp '3153 of Exhibit 18, Mr. Kordestani    |
| 15:49:35 | 25 | puts forth two ways in which the takedown might be     |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 112

|            |    |                                                           |
|------------|----|-----------------------------------------------------------|
|            | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                            |
| 15:49:40   | 2  | done.                                                     |
| 15:49:41   | 3  | One way was for Viacom to give specific URLs             |
| 15:49:47   | 4  | to YouTube, and the other is if Viacom only gave         |
| 15:49:52   | 5  | search terms or program names; do you see those two      |
| 15:49:54   | 6  | sentences, sir?                                          |
| 15:49:55   | 7  | MR. MANCINI:  Objection; document speaks for             |
| 15:49:57   | 8  | itself.                                                  |
| 15:49:59   | 9  | Mr. Baskin, I really hope, now, we're getting            |
| 15:50:02   | 10 | to a question that is within this witness's knowledge.   |
| 15:50:05   | 11 | THE WITNESS:  Yeah, I have no specific                   |
| 15:50:07   | 12 | knowledge of that.                                       |
| 15:50:08   | 13 | MR. BASKIN:  Okay.  That wasn't question.                |
| 15:50:09   | 14 | Q   You have no -- and this topic was not                |
| 15:50:10   | 15 | discussed, I take it, among you and Mr. Schmidt and      |
| 15:50:13   | 16 | Mr. Brin after you received Exhibit 18 --                |
| 15:50:18   | 17 | MR. MANCINI:  Objection; lacks foundation;               |
| 15:50:19   | 18 | vague and ambiguous.                                     |
| 15:50:20   | 19 | MR. BASKIN:  Q.  -- the manner in which                  |
| 15:50:21   | 20 | YouTube could implement a takedown?                      |
| 15:50:23   | 21 | MR. MANCINI:  Same objections.                           |
| 15:50:24   | 22 | THE WITNESS:  I don't recall.                            |
| 15:50:25   | 23 | MR. BASKIN:  Okay.                                       |
| 15:50:36   | 24 | Q   Have you used the YouTube website, Mr. Page?         |
| 15:50:39   | 25 | A   Yes.                                                 |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 113

|          |    |                                                                |
|----------|----|----------------------------------------------------------------|
|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL                                  |
| 15:50:39 | 2  | Q   And let me ask you, when -- you're a computer              |
| 15:51:18 | 3  | engineer; are you not?                                          |
| 15:51:19 | 4  | A   I have a computer engineering degree.                      |
| 15:51:22 | 5  | Q   So when a clip is uploaded onto YouTube by an              |
| 15:51:34 | 6  | outsider, by an uploader, am I correct that YouTube           |
| 15:51:38 | 7  | makes a copy of -- of it and stores that copy on              |
| 15:51:43 | 8  | YouTube's server?                                              |
| 15:51:44 | 9  | MR. MANCINI:  Objection; vague and ambiguous.                 |
| 15:51:46 | 10 | THE WITNESS:  I'm not familiar with exactly                   |
| 15:51:51 | 11 | what YouTube does with uploads.                               |
| 15:51:53 | 12 | MR. MANCINI:  And I just want to continue my                  |
| 15:51:55 | 13 | objection as now being way beyond the Court's                 |
| 15:51:57 | 14 | instruction that this be limited to the witness's             |
| 15:52:00 | 15 | knowledge, who has already testified to lacking               |
| 15:52:03 | 16 | operational knowledge of YouTube, by the way.                 |
| 15:52:06 | 17 | MR. BASKIN:  Q.  Do you know whether YouTube,                 |
| 15:52:11 | 18 | in order to encourage browsing, creates a searchable          |
| 15:52:17 | 19 | index on the site?                                            |
| 15:52:20 | 20 | MR. MANCINI:  Same exact objections.                          |
| 15:52:22 | 21 | THE WITNESS:  I have no specific knowledge of                 |
| 15:52:26 | 22 | that.                                                          |
| 15:52:26 | 23 | MR. BASKIN:  Q.  Well, you do know, for                      |
| 15:52:28 | 24 | example, do you not, that YouTube sorts and indexes           |
| 15:52:40 | 25 | videos to encourage browsing?  Isn't that right?             |

a4869a54-831a-469e-8188-29b2aa8a3e2f

LARRY PAGE - HIGHLY CONFIDENTIAL

Page 114

|          | 1  | PAGE, L. - HIGHLY CONFIDENTIAL |
|----------|----|--------------------------------|
| 15:52:44 | 2  | MR. MANCINI:  So, Stu, this is really a point |
| 15:52:47 | 3  | we should really cut this off, because we're going way |
| 15:52:50 | 4  | beyond Judge Stanton's instructions here. |
| 15:52:50 | 5  | MR. BASKIN:  You know, the deposition |
| 15:52:52 | 6  | would -- could been done well short of four hours. |
| 15:52:52 | 7  | Probably would have been done short of two hours, but |
| 15:52:58 | 8  | for all the objections.  I'm asking him things within |
| 15:52:59 | 9  | his knowledge.  If he doesn't know, he doesn't know. |
| 15:52:59 | 10 | MR. MANCINI:  He said -- He said -- how many |
| 15:52:59 | 11 | times you want to ask him.  He says he doesn't have |
| 15:53:01 | 12 | this operational knowledge. |
| 15:53:03 | 13 | MR. BASKIN:  Q.  You do know, sir, that |
| 15:53:05 | 14 | YouTube's website has distribution contracts with |
| 15:53:09 | 15 | various parties; do you not? |
| 15:53:12 | 16 | MR. MANCINI:  Objection; vague and ambiguous, |
| 15:53:13 | 17 | and same continuing objections. |
| 15:53:17 | 18 | THE WITNESS:  I'm not sure what "distribution |
| 15:53:20 | 19 | contracts" mean. |
| 15:53:21 | 20 | MR. BASKIN:  Q.  You're serious?  You don't |
| 15:53:22 | 21 | know what a distribution contract means? |
| 15:53:23 | 22 | MR. MANCINI:  Same objections. |
| 15:53:24 | 23 | THE WITNESS:  Well, it could mean many |
| 15:53:27 | 24 | things. |
| 15:53:27 | 25 | MR. BASKIN:  Q.  Did you tell the securities |

DAVID FELDMAN WORLDWIDE, INC.
450 Seventh Avenue - Ste 2803, New York, NY 10123   (212)705-8585

a4869a54-831a-469e-8188-29b2aa8a3e2f