ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
VIACOM INTERNATIONAL INC., COMEDY PARTNERS, :
COUNTRY MUSIC TELEVISION, INC., PARAMOUNT
PICTURES CORPORATION, and BLACK :
ENTERTAINMENT TELEVISION LLC,
 :
                                     Plaintiffs,
                                                 :   07 Civ. 2103(LLS)
           -against-
                                                 :
YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE INC.,                                     :

                                     Defendants. :
------------------------------------------------X

**RULING ON VIACOM'S DISPUTED PRIVILEGE CLAIMS**

I have considered the parties' submissions regarding the two claims of privilege asserted by Viacom. In sequence, the decisive issue in each claim is disposed of as follows:

1. Plaintiffs' claim that the statement of Viacom's General Counsel Fricklas that Viacom "Can't say to press that they offered to filter and we decided not to participate" should be redacted from page 75 of Defendants' Opposition to Plaintiffs' Motions for Partial Summary Judgment, and from Schapiro Exhibit 163, is denied. The statement was rendered in a business setting and is business advice, not legal advice.

2. There was no relationship of confidence between Viacom and TagWorld when Viacom advised TagWorld to stop flagging material as "potentially infringing" and TagWorld discontinued that practice. The fact that Viacom's lawyers referred to that discussion in their report to Viacom management does not render the underlying TagWorld-Viacom exchange confidential. Its inclusion in the report

told the reader nothing confidential. The attorney-client privilege protects confidential matters, not mere factual communications.

Its use in defendants' brief respects this distinction: it describes the discussion between Viacom and TagWorld, and makes no argument based on the fact that Viacom's lawyers later referred to it in their report to Viacom management.

The rest of the section of the Capital Appropriation Request (Schapiro Exhibit 115) entitled Legal Department Summary may be redacted, but not the portion quoted on page 52 of Defendants' Opposition to Plaintiffs' Motions for Partial Summary Judgment.

So ordered.

DATED:   New York, New York
         July 28, 2010

                                       /s/ Louis L. Stanton
                                    ―――――――――――――――――――――
                                         LOUIS L. STANTON
                                            U. S. D. J.