ORIGINAL

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIACOM INTERNATIONAL INC., ET AL., )<br>)<br>    Plaintiffs, )<br>    v. )<br>)<br>YOUTUBE, INC., ET AL., )<br>)<br>    Defendants. ) | ECF Case<br><br>Civil No. 07-CV-2103 (LLS) |
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, ET AL., on behalf of themselves and all others similarly situated, )<br>)<br>    Plaintiffs, )<br>    v. )<br>)<br>YOUTUBE, INC., ET AL., )<br>)<br>    Defendants. ) | ECF Case<br><br>Civil No. 07-CV-3582 (LLS) |

### STIPULATION AND ORDER

  WHEREAS, on June 20, 2008, the Court granted Plaintiffs' motion to compel the production of "all videos that were once available for public viewing on YouTube.com but later removed for any reason, or such subsets as plaintiffs designate." June 20, 2008 Order at 9.

  WHEREAS, in the parties' Joint Report of July 15, 2010, YouTube indicated its intent to seek leave to file a motion requesting relief from any continuing obligation of maintaining removed videos by either: (*i*) being permitted to delete the files consistent with its operational interests; or (*ii*) having the cost of maintaining the removed videos, or a subset of them, shifted to Plaintiffs.

  WHEREAS, Plaintiffs took the position that YouTube should be required to continue preserving all removed videos at YouTube's expense pending the resolution of any appeal of the Court's June 23, 2010 Order.

  WHEREAS, on July 26, 2010, the Court indicated a tentative view that Plaintiffs should bear the costs of retaining the removed videos.

WHEREAS, the parties have met and conferred and reached a stipulated resolution regarding the treatment of removed videos.

NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel of record, for the parties hereto, that:

1. During the pendency of any appeal related to the Court's June 23, 2010 Order, YouTube agrees to maintain on magnetic tape one copy of each removed video that was uploaded to and removed from YouTube prior to May 1, 2008.

2. During the pendency of any appeal related to the Court's June 23, 2010 Order, YouTube agrees to maintain on magnetic tape one copy of the video clips identified at Exhibit F of Warren Solow's declaration filed on March 5, 2010.

3. YouTube shall maintain the videos identified in Paragraphs 1-2 using a standard, commercially available magnetic tape vaulting system located at a secured facility, and shall use or has used standard industry-recognized archiving software to transfer or copy the data onto the tape system. For such transfers or copies it has already completed, YouTube confirms that the transfer or copy process was successful. For such transfers or copies not yet completed, YouTube shall notify plaintiffs that the transfer or copy process was successful once the process is complete. The videos will be stored such that the correlation between each video and its corresponding video ID will be maintained. The parties agree that this method is reasonable under the circumstances notwithstanding the possibility of unexpected corruption or loss of data that could take place based on the error rate of the storage media. YouTube offered to maintain a second set of the magnetic tapes for redundancy purposes if Plaintiffs were willing to bear the costs of the second set of tapes. Plaintiffs have declined YouTube's offer.

4. YouTube shall have complete discretion to delete all other copies of the videos identified in Paragraphs 1-2 above consistent with its operational interests, and any videos (and any copies of them) not identified in Paragraphs 1-2 above that are removed from the YouTube website pursuant to YouTube's normal business procedures consistent with its operational interests.

5. Plaintiffs in the *Football Ass'n Premier League Ltd., et al. v. YouTube, Inc., et al.*, Civil No. 07-CV-3582 action will pay for the cost of a storage device for the video clips identified in the September 9, 2009 letter sent from Noah Gitterman to Michael Rubin (the "September 9, 2009 clips"), based on defendants' good faith estimate that the clips can likely be stored on a standard external hard drive. YouTube and plaintiffs in the *Football Ass'n Premier League Ltd., et al. v. YouTube, Inc., et al.*, Civil No. 07-CV-3582 action will work in good faith to agree on the final cost.

6. The parties reserve the right to seek relief from this Stipulation and Order if circumstances warrant.

7. In the event that proceedings on the merits proceed at the district court after appeal, the parties agree to meet and confer regarding the treatment of the videos described in Paragraphs 1-2 above.

AGREED and STIPULATED

*Attorney for Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television, LLC*

August 9, 2010

By: _____

AGREED and STIPULATED

*Attorneys for Lead Plaintiffs The Football Association Premier League Limited and Bourne Co., Named Plaintiffs Murbo Music Publishing, Inc., Cherry Lane Music Publishing Company, Inc., Robert Tur d/b/a Los Angeles News Service, X-Ray Dog Music, Inc., and Fédération Française de Tennis*

By: _____

August 9, 2010

AGREED and STIPULATED

*Attorney for YouTube, Inc., YouTube, LLC and Google Inc.*

August 9, 2010

By: _____

3

SO ORDERED:

*Louis L. Stanton*   8/9/10
Hon. Louis L. Stanton
United States District Judge