**PUBLIC VERSION**
**REDACTED**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIACOM INT'L INC., ET AL., </br></br>　　　　　Plaintiffs, </br></br>　　v. </br></br> YOUTUBE, INC., ET AL., </br></br>　　　　　Defendants. | ECF Case </br> Civil No. 07-CV-2103 (LLS) |

**DEFENDANTS' SUPPLEMENTAL STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

**PUBLIC VERSION**
**REDACTED**

Pursuant to Civil Rule 56.1(a) of the Local Rules of Civil Procedure for the Southern District of New York, Defendants YouTube, Inc., YouTube, LLC, and Google Inc. hereby incorporate by reference their Local Rule 56.1 Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried, filed March 5, 2010, and their Reply To Viacom's Counter-Statement In Response To Defendants' Local Rule 56.1 Statement in Support of Defendants' Motion for Summary Judgment & Response to Viacom's Supplemental Counter-Statement, filed June 14, 2010, and submit the following Supplemental Statement of Material Facts As To Which There Is No Genuine Issue To Be Tried.

172.   Viacom has abandoned its claims concerning videos posted to YouTube after May 2008.  Mem. of Law in Support of Viacom's Mot. for Partial Summ. J. at 2 n.1 (Mar. 5, 2010); Schwartz Ex. 1 (7:7-12).

173.   When he wrote his March 2006 memo, Jawed Karim was no longer a YouTube employee.  Schapiro Opp. Ex. 77 (19:10-25); Schapiro Reply Exs. 80 (October 5, 2005 agreement defining Karim's role as "an independent contractor to perform consulting services"), 82 (110:17-19, 115:16-24).

174.   Viacom continued to upload material to YouTube throughout this litigation.  Rubin Opening Decl. ¶¶ 2, 3 & Exs. 1, 25-26, 29-31, 42, 58-66; Schapiro Opening Ex. 27 (23:3-24:23); Schapiro Opp. Ex. 55.

175.   Viacom and its agents posted to YouTube long excerpts and full episodes of television shows, and scenes from its movies without indicating at the

time that those videos were authorized by Viacom to appear on YouTube. Rubin Reply Decl. ¶ 2 & Ex. 1; Ostrow Decl. ¶¶ 3-4; Schapiro Opening Ex. 142; Schapiro Reply Ex. 8.

176. Even after filing this lawsuit, Viacom continued deliberately allowing clips to remain on YouTube. Rubin Opening Decl. ¶ 2 & Exs. 1, 24, 27-28; Schapiro Opening Ex. 144; Schapiro Reply Exs. 23, 29.

177. Since January 2007, YouTube has restricted ads on pages where videos are watched ("watch-page ads") to those videos expressly claimed by a content partner and designated for monetization. Reider Decl. ¶ 9.

178. Even before limiting watch-page ads to those videos expressly claimed by a content partner and designated for monetization, YouTube received the same rates for such ads regardless of which videos the ads appeared next to. Reider Decl. ¶ 10.

179. In YouTube's syndication agreements with Apple, Sony, Panasonic, Tivo, and AT&T, YouTube enabled third party technologies to access videos stored on YouTube's system. Schapiro Opp. Ex. 325 (36:24-37:17, 39:7-13); Schwartz Ex. 9 (57:2-22); Solomon Opp. Decl. ¶ 3; Hohengarten Exs. 160 (agreement with Apple providing that YouTube will "make all YouTube videos that are available on the YouTube site accessible to Apple during the Term via the YouTube APIs"), 163 (agreement with Sony regarding application "to stream YouTube User Videos accessed through the YouTube APIs"), 165 (agreement with Panasonic re same), 166 (agreement with Tivo re same), 169 (agreement with AT&T providing that

2

"Google will perform, at its expense, all hosting and related operational activities").

180.    Pursuant to the terms of its November 1, 2006 agreement with Verizon Wireless, YouTube manually selected a small number of videos uploaded to its system by YouTube users, took those videos from the YouTube system, and delivered them to Verizon so that Verizon could host those videos from its own system.  Schapiro Opp. Ex. 325 (37:6-38:15); Schwartz Ex. 9 (55:8-56:17); Hohengarten Ex. 167 (YouTube "shall at its own expense deliver the Company Content in a mutually agreed upon format to one or more locations reasonably designated by Verizon").

181.    The November 1, 2006 agreement with Verizon Wireless is the only arrangement pursuant to which YouTube has ever manually selected videos to be hosted on a third party's system.  Schapiro Opp. Ex. 325 (38:12-16, 37:6-19); Schwartz Ex. 9 (53:12-53:16, 70:10-72:11).

PUBLIC VERSION
REDACTED

Dated: December 7, 2012
New York, New York

Respectfully submitted,

*/s/ Andrew H. Schapiro*

Andrew H. Schapiro
David B. Schwartz
QUINN EMANUEL URQUHART &
SULLIVAN LLP
51 Madison Avenue
New York, New York 10010
(212) 849-7000

David H. Kramer
Michael H. Rubin
Brian M. Willen
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants*

4